**LAW OFFICES OF CRAIG V. WINSLOW**
CRAIG V. WINSLOW, Cal. Bar No. 73196
630 N. San Mateo Drive
San Mateo, California 94401
Telephone: (650) 347-5445
Facsimile: (650) 347-4411
Email: craig@cvwlaw.com

**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorney for Plaintiffs
DALE GARDNER and MELISSA GARDNER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>      Debtor.<br><br>_____<br><br>DALE GARDNER, an individual; and MELISSA GARDNER, an individual,<br><br>      Plaintiffs,<br><br>v.<br><br>MORDECHAI KOKA, an individual, and GREEN BAY BUILDERS, INC., a California corporation,<br><br>      Defendants. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br><br><br>AP Case No.: _____<br><br>**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILTY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6)** |

- 1 -

Plaintiffs DALE GARDNER and MELISSA GARDNER (collectively "Plaintiffs"), hereby allege as follows:

**JURISDICTION, VENUE, AND CORE ALLEGATIONS**

1. Defendant, MORDECHAI KOKA, is the debtor in a case filed under Title 11, Chapter 11 of the United States Code on March 10, 2020, which is presently pending before the United States Bankruptcy Court for the Northern District of California, San Jose Division, Case Number 20-50469-SLJ (the "Bankruptcy Case").

2. This Court has subject matter jurisdiction over these proceedings pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. §157(a) as this adversary proceeding arises in, arises under, and/or relates to the Bankruptcy Case.

3. This is a core proceeding in the Bankruptcy Case over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(I), such that this Court has jurisdiction to hear and determine this proceeding and to enter an appropriate order and judgment.

4. To the extent necessary, Plaintiffs consents to entry of a final order or judgment by this Court pursuant to Bankruptcy Local Rule 7008-1.

5. Venue is proper in this district because the Bankruptcy Case is currently pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division.

6. This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001, Federal Rules of Bankruptcy Procedure.

**PARTIES**

7. Plaintiffs are individuals and creditors of Defendant, and at all relevant times, resided in Santa Clara County, California.

8. Defendant, MORDECHAI KOKA, is an individual, and at all relevant times, resided in Santa Clara County, California.

9. Defendant, GREEN BAY BUILDERS, INC., is a California corporation, allegedly with offices in Lafayette, Contra Costa County, California, and at all relevant times was engaged in the remodeling of residential housing in Santa Clara County, California.

10. At all times herein relevant, the Defendants were the agents, servants, and/or

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

employees of each other. The Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto and all acts and omissions herein complained of were performed within the course and scope of said employment, service, agency, common scheme, plan, and/or policy.

11. The Defendants, and each of them, were the principal, agent (actual or ostensible), co-conspirator, or employee of each other and in acting as such principal or within the course and scope of such employment, agency, or conspiracy, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed herein.

12. Plaintiffs are informed and believe and based thereon assert that the corporate form of Defendant, GREEN BAY BUILDERS, INC., was utilized by Defendant, MORDECHAI KOKA, in order to accomplish the objective of defrauding the Plaintiffs. Plaintiffs are further informed and believe and based thereon assert although Defendant, MORDECHAI KOKA, used the corporate name "Green Bay Builders, Inc." said corporation was a mere shell, instrumentality, and/or conduit from which Defendant, MORDECHAI KOKA, carried on a construction business as if Defendant, GREEN BAY BUILDERS, INC., did not exist, to such an extent that any individuality or separateness of Defendant, GREEN BAY BUILDERS, INC., never existed and that the activities of said corporation were carried out without the required holding of directors' or shareholders' meetings, and not records or minutes of any corporate proceedings were maintained. Plaintiffs are further informed and believe and based thereon assert that Defendant, GREEN BAY BUILDERS, INC., was grossly undercapitalized, heavily indebted to various creditors, was lacking assets and working capital with which to do business. Plaintiffs are informed and believe and based thereon assert that Defendant, MORDECHAI KOKA, was the alter ego of Defendant, GREEN BAY BUILDERS, INC.

- 3 -

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

## GENERAL ALLEGATIONS

13. On April 24, 2019, Plaintiff MELISSA GARDNER, entered into a contract (the "Contract") with the Defendants for the remodeling of 442 Fulton Court, Santa Clara, California (the "Property").

14. At the time the Contract was entered into, Plaintiff MELISSA GARDNER was 67 years old and Plaintiff DALE GARDNER was 80 years old, and suffered from diabetes, lung disease, COPD, and heart issues.

15. At the time the Contract was entered into, and at all times thereafter, Plaintiffs both resided in the Property. Plaintiff DALE GARDNER is bedridden and was and is continuously physically located in Property.

16. The Contract provided for completion of the remodeling of the Property on or before October 8, 2019.

17. On May 2, 2019, Plaintiffs paid to Defendants the sum of Thirty-One Thousand Dollars ($31,000.00).

18. In early May 2019, Defendants demolished the kitchen in the Property, but otherwise and not performed any further work to the kitchen.

19. The Plaintiffs have been required to live in the Property without a kitchen or any functioning appliances since May 2019.

20. From and after May 2, 2019 and through July 8, 2019, Plaintiffs paid Defendants an additional Two Hundred and Ten Thousand Six Hundred Dollars ($210,600). On September 11, 2019, Plaintiffs made an additional payment of Twelve Thousand Five Hundred Dollars ($12,500) to Defendants. Each of these payments were made at the Property when Defendant, MORDECHAI KOKA, accompanied by two or three other men, would appear at Property and would confront Plaintiff MELISSA GARDNER demanding payment of additional funds. Defendant, MORDECHAI KOKA'S, conduct physically intimidated Plaintiff MELISSA GARDNER causing her to be fearful for her own safety. Defendant, MORDECHAI KOKA'S, actions and conduct were such that Plaintiff MELISSA GARDNER believed if she did not make immediate payment of funds, Defendant would cease working on the remodeling of the Property.

Plaintiff was vulnerable to Defendant, MORDECHAI KOKA's, intimidating tactics as she needed to expedite the completion of the remodel of the Property since she had no kitchen and was fearful for her husband's well-being if the remodeling was drawn out.

21  Although Defendants were paid Two Hundred and Fifty-Four Thousand One Hundred Dollars ($254,100), the Property is not habitable.  Due to Plaintiffs' limited financial resources, Plaintiffs are compelled to remain in the Property despite the deplorable condition of the Property and lack of a functioning kitchen.

22. Plaintiffs have been informed by Defendants' workers, and based on that information, Plaintiffs allege that at least One Hundred Thousand Dollars ($100,000) of the Two Hundred and Fifty-Four Thousand One Hundred Dollars ($254,100) paid to Defendants was used by Defendant, MORDECHAI KOKA, to purchase a single-family residence in Santa Clara, California.

## FIRST CLAIM FOR RELIEF
### [Dischargeability of Debt - Fraud]
### [11 U.S.C. § 523(a)(2)]

23. Plaintiffs incorporate the allegations contained in paragraphs 1 through 22 above, as though set fully forth herein.

24. On or about April 24, 2019, Defendants represented that they possessed the knowledge, skill, and expertise sufficient to allow them to fulfill the Contract and they further represented that the remodeling of the Property would be completed on or before October 8, 2019.

25. In reliance upon Defendants' representation, Plaintiffs paid Defendants the sum of Two Hundred and Fifty-Four Thousand One Hundred Dollars ($254,100).

26. The representations were made by Defendants with the intent to defraud Plaintiffs and to induce Plaintiffs to enter the Contract and to induce Plaintiffs to pay the sum of Two Hundred and Fifty-Four Thousand One Hundred Dollars ($254,100).



27. At the time that Defendants made these representations to Plaintiffs, the representations were in fact false as Defendants did not possess the requisite skill required to fulfill the Contract, and as of the date of entry into the Contract, Defendants had no intent to complete the remodeling of the Property.

28. Plaintiffs, at the time the representations were made and at the time Plaintiffs took the actions herein alleged, reasonably believed Defendants' representations to be true.

29. Had Plaintiffs known the actual facts, they would not have entered into the Contract nor would they have paid Two Hundred and Fifty-Four Thousand One Hundred Dollars ($254,100) to the Defendants for remodeling the Property.

30. As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs have been damaged in the amount as shown according to proof at time of trial, together with interest on said sum.

31. Defendants' actions and conduct in connection with entry into the Contract and in connection with the payment of funds constituted a taking of the Plaintiffs' money by fraud and therefore the debt is non-dischargeable under 11 U.S.C. §523(a)(2).

## SECOND CLAIM FOR RELIEF
### [Dischargeability of Debt - Embezzlement]
### [11 U.S.C. § 523(a)(4)]

32. Plaintiffs incorporates the allegations contained in paragraphs 1 through 31 as though set fully forth herein.

33. Plaintiffs paid Defendants the sum of Two Hundred and Fifty-Four Thousand One Hundred Dollars ($254,100), which were to be utilized in the remodeling of the Property.

34. Defendants did not utilize the Two Hundred and Fifty-Four Thousand One Hundred Dollars ($254,100) in the remodeling of the Property. Rather, Plaintiffs are informed and believe and based thereon allege, that Defendant, MORDECHAI KOKA, spent at least One Hundred Thousand Dollars ($100,000) to acquire real property in Santa Clara, California.

- 6 -

35. As a proximate result of the embezzlement on the part of Defendants as herein alleged, Plaintiffs have been damaged in the amount as shown according to proof at time of trial, together with interest on said sum.

36. Defendants' actions and conduct in connection with the One Hundred Thousand Dollar ($100,000) payment constituted a taking of the Plaintiffs' money by embezzlement and therefore the debt is non-dischargeable under 11 U.S.C. § 523(a)(4).

### THIRD CLAIM FOR RELIEF
### [Discharpeability of Debt – Willful and Malicious Injury)
### [11 U.S.C. § 523(a)(6)]

37. Plaintiffs incorporate the allegations contained in paragraphs 1 through 36 as though set fully forth herein.

38. Plaintiffs allege that Defendants deliberately and intentionally failed to complete the remodeling of the Property.

39. Defendants requested and obtained funds from Plaintiffs to be used for the completion of the remodeling of the Property; Plaintiffs allege that said funds were converted to Defendant, MORDECHAI KOKA'S, own uses or purposes including, without limitation, the purchase of real property in Santa Clara, California.

40. Defendants' conduct and actions as alleged herein were willful as that term is used in 11 U.S.C. §523(a)(6).

41. Defendants' conduct and actions were done in conscious disregard of Defendants' obligations under the Contract and without just cause or excuse and were therefore malicious as that term is used in 11 U.S.C. §523(a)(6).

42. At all relevant times set forth herein, Defendants' conduct and actions were undertaken with the subjective intent to cause harm to Plaintiffs, and as alleged herein, caused actual harm to Plaintiffs, and therefore the debt is non-dischargeable under 11 U.S.C. §523(a)(6).


MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

# FOURTH CLAIM FOR RELIEF
## [Dischargeability of Debt - WILLFUL AND MALICIOUS INJURY]
## [11 U.S.C. § 523(a)(6)]

43. Plaintiffs incorporate the allegations contained in paragraphs 1 through 42 as though set fully forth herein.

44. Plaintiff DALE GARDNER was born March 22, 1939 and was 80 years old at the time the Contract was entered into and at the time of the wrongful actions and conduct of the Defendants as alleged herein.

45. Plaintiff MELISSA GARDNER was born November 27, 1952, and was 66 years old at the time the Contract was entered into and at the time of the wrongful actions and conduct of the Defendant as alleged herein.

46. Under California law, elder abuse occurs when a person or entity takes, appropriates or obtains or retains real or personal property of an elder ... for a wrongful use or with the intent to defraud or both. Elder abuse also occurs when a person or entity assists in doing so. See California Welfare and Institutions Code §15610.30(a)(2). A person or entity is deemed to have taken or obtained or retained the property if the person or entity knew or should have known that this conduct is likely to be harmful to the elder.

47. California Welfare and Institutions Code §15610.30(a)(1) has been determined appropriate for stating a cause of action for financial elder abuse for wrongfully taking funds from an elder by using deceptive practices to deplete accumulated funds of that elder. See Negretev. Fidelity and Guaranty Life Ins. Co, (2006) 444 F.Supp.2d 998.

48. Defendants fraudulently obtained funds from Plaintiffs that were to be used for remodeling of the Property but were in fact utilized for Defendant, MORDECHAI KOKA'S, own purposes.

49. The taking and misappropriation of the funds of Plaintiffs as identified in this complaint was undertaken by Defendants with the intent to defraud and were unlawful pursuant to California Welfare and Institutions Code § 15610.30(a)(1).

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

50. The conduct and actions of the Defendants as alleged herein are an unconscionable and despicable fraud upon the Plaintiffs.

51. The conduct of Defendants as alleged herein constitutes financial abuse as defined in California Welfare and Institutions Code § 15610.30(a)(1).

52. Defendants are guilty of recklessness, oppression, fraud and malice in the commission of the financial abuse of Plaintiffs as alleged herein.

53. Pursuant to California Welfare and Institutions Code § 15657(a), Defendants are liable for reasonable attorney fees and costs including reasonable attorney fees for rendered to Plaintiffs in the litigation of this claim.

54. In committing the actions and conduct alleged herein, Defendants acted with recklessness, oppression, fraud and malice as those terms are used in California Welfare and Institutions Code § 15657.5 thereby entitling Plaintiffs to recover remedies set forth by statute, including attorney fees, costs and treble damages.

55. Defendants' conduct and actions as alleged herein were willful and malicious and were undertaken with the subjective intent to cause injury to the Plaintiffs.

### **PRAYER**

**WHEREFORE**, Plaintiffs prays for entry of a judgment in Plaintiffs' favor and against Defendants as follows:

1. For general and special damages in an amount to be proven at trial;
2. For pre-judgment interest on any converted property from the date such amounts were due and owing to Plaintiffs;
3. For reasonable attorney's fees and for costs of suit incurred;
4. For equitable relief in the nature of disgorgement, and restitution, and creating a constructive trust to remedy Defendants' unjust enrichment;
5. For disgorgement of any profits earned by Defendants' wrongful use of property converted and unlawfully taken from Plaintiff;
6. For punitive damages in an amount that will punish and deter Defendants from engaging in, condoning, and failing to end the retaliatory practices and treatment;



MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

7. For treble damages pursuant to applicable law, including but not limited to California Civil Code § 3345;

8. For a determination that the entirety of any judgment entered against Defendants is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6);

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court deems just and proper.

Dated: June 6, 2020

**LAW OFFICES OF CRAIG V. WINSLOW**
**MEYER LAW GROUP LLP**

By: /s/ CRAIG V. WINSLOW
Craig V. Winslow
Brent D. Meyer
Attorneys for Plaintiffs
DALE GARDNER and
MELISSA GARDNER



- 10 -