ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: 408-641-9966
Fax: 408-866-7334
Emails: farsadlaw1@gmail.com;
nancy@farsadlaw.com

Attorneys for Debtor / debtor-in-possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MORDECHAI KOKA,<br><br>Debtor / debtor-in-possession. | Case No.: 20-50469 SLJ<br>Chapter 11<br><br>**MORDECHAI KOKA'S MOTION FOR AUTHORITY TO: (I) ENTER INTO PURCHASE AND SALE AGREEMENT FOR REAL PROPERTY, SUBJECT TO OVERBID; (II) PAY FEES, COSTS, TAXES AND COMMISSIONS RELATED TO SALE OF REAL PROPERTY; AND (III) STRIKE THE DEFAULT INTEREST FROM THE PRIMARY LIENHOLDER'S PAYOFF QUOTE**<br><br>Date: August 5, 2020<br>Time: 2:00 p.m.<br>Place: 280 South 1st St., Courtroom 9<br>San Jose, CA 95113<br><br>Before: Hon. Stephen L. Johnson |

**TO THE HONORABLE JUDGE STEPHEN L. JOHNSON, THE UNITED STATES TRUSTEE'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL CREDITORS / PARTIES IN INTEREST, AND THEIR RESPECTIVE COUNSEL(S) OF RECORD:** Now Comes Mordechai Koka, the debtor-in-possession

1

("DIP") of the bankruptcy estate of Mordechai Koka ("Debtor"), by and through his counsel of record, Farsad Law Office, P.C., and hereby moves the Court for an order authorizing him to:

(a) enter into an agreement to sell real property commonly referred to as located at 3190 Vichy Avenue, Napa, CA 94558 ("Property") to <u>JAMES NEAD and ISABELLA STRAKA</u> or its assigns ("Buyer"), for **<u>$790,000.00,</u>** subject to overbid;

(b) pay liens asserted against the Property, costs of sale, commissions, taxes and related costs; and

(c) to strike the wrongfully added default interest from the primary lienholder's (FCI Lender Services, Inc's) current payoff quote.

In the event that there is an overbid, an overbid auction will take place at the office of the DIP's Broker, Rick Dahnken / Castlemont Realty, by Zoom on:

<u>**Time:** **Jul 22, 2020, 05:00 PM Pacific Time (US and Canada)**</u>
<u>**Join Zoom Meeting:**</u>
<u>**https://us02web.zoom.us/j/81289928398?pwd=VnZQbHBxYzJ1NUttdFRQWFpiWmpWZz09**</u>
<u>**Meeting ID:** **812 8992 8398**</u>
<u>**Password:** **0g1K73**</u>

By this Motion, the DIP seeks Bankruptcy Court approval to enter into the agreement to sell the Property, pay liens, costs, taxes, fees, commissions, and also strike the default interest claimed in the primary lienholder's payoff quote.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing on the DIP's motion to sell the Property will take place on <u>**August 5, 2020**</u> at <u>**2:00 p.m.**</u> before the <u>**Honorable Stephen L. Johnson**</u> in <u>**Courtroom 9**</u> at the United States Bankruptcy Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, California 95113. <u>**Note:**</u> due to the COVID-19 restrictions currently in place, as well as the Bankruptcy Court's General Order(s), this hearing will take place telephonically and arrangements to appear on the phone can be made at www.courtcall.com.

## I. BACKGROUND

1. This case was commenced with the filing of a petition under Chapter 11 on March 10, 2020. The Debtor filed the instant case to stop the non-judicial foreclosure of his real property located at 858 Acalanes Road, Lafayette, CA 94549.

2. In addition to the Acalanes, the Debtor owns 1702 Paru Street, Alameda, CA 94501 and the subject Property that is asking for Court permission to sell.

3. All three properties have equity in them.

4. The Debtor's plan is to sell two or all three properties to pay off his personal debts owed. He has personally guaranteed business debt (from his FORMER construction business, Green Bay Builders, Inc.), as well as personal debts / bills.

5. Fortunately, the equity should cover all bills in this case. As for the instant Motion, at the time of the filing of the petition, the Debtor was the record owner of the Property.

6. The net proceeds from the sale of the Property (if approved by the Court) will be placed in the Debtor's DIP account to be disbursed pursuant to a Chapter 11 Plan of Reorganization. (Soon to be filed.)

## II. PURCHASE OFFER

7. The DIP has accepted an offer of **$790,000.00** from the Buyer for all of the estate's right, title, and interest in and to the Property, subject to overbid and Court approval. See, **Purchase Agreement, attached as Exhibit A.**

8. Under the terms of the Agreement, the sale of the Property is "as is, where is," without representations or warranties of any kind. The sale of the Property is subject to overbid. The overbid terms are set forth below. The Buyer has requested, and the DIP seeks herein, a finding that the Buyer is a good faith purchaser pursuant to 11 U.S.C. § 363(m).

9. In the event that there is an overbidder, the Trustee anticipates that the overbidder, too, will seek a Section 363(m) finding.

3

## III. LIENS, ENCUMBRANCES AND COSTS
### A. Primary Mortgage Lien, Real Estate Taxes, and Other Costs

10. The Property is encumbered by a note ["First Note"] secured by a first trust deed ["First Trust Deed"] in favor of FCI Lender Services, Inc. ("FCI") recorded against the Property in Napa County on November 25, 2019 as Document No. 2019-0024307. The Debtor is the obligor of the First Note and the trustor under the First Trust Deed.

**11. The balance owed to FCI Lender Services, Inc. is $560,149.33. See, Estimated HUD-1, attached as <u>Exhibit B</u>.**

12. The claimed "default interest penalty" to FCI Lender Services, Inc. began accruing on the day of filing of the instant case (March 10, 2020) and the Debtor respectfully requests that the sale be consummated without the additional default interest in the amount of $29,978.67. **This is line of the HUD-1 identified with "**" (Exh. B).**

13. Under 11 U.S.C. § 1123(d), after the bankruptcy was filed, "as long as the stay remains in place, the borrower as a chapter 11 debtor-in-possession can propose a plan that decelerates a defaulted loan, "cures" any defaults (with certain exceptions), and reinstates the original terms of the debt—in effect, "roll[ing] back the clock to the time before the default existed." *MW Post Portfolio Fund Ltd. v. Norwest Bank Minn., N.A. (In re Onco Inv. Co.)*, 316 B.R. 163, 167 (Bankr. D. Del. 2004); *see also* 11 U.S.C. § 1123(a)(5)(G) (providing that a plan shall provide adequate means for its implementation, such as "curing or waiving of any default").

14. Debtor's current counsel has been in negotiations with FCI to have them voluntarily waive the $29,978.67 lump sum penalty default interest -- and they appear open to doing so. They are conducting their own research on the issue. As shown on the HUD-1 attached hereto as **<u>Exhibit B</u>**, they are receiving plenty of interest on this First Note / Trust Deed without including this additional $29,978.67.

15. The DIP accordingly respectfully requests a Court Order that pays FCI their current payoff amount *sans* the $29,978.67 default interest that was tacked on as of the date of filing of the instant case in violation of 11 U.S.C. § 1123(d).

16. As for the DIP's Realtor / Broker, the DIP brought an application to Employ Richard Dahnken (CA DRE License No. 01225792) of Castlemont Realty to list the Property for sale. An order of employment for Mr. Dahnken was entered on June 1, 2020 (Docket No. 49).

17. Neither the Seller nor any of the Seller's principals are related to the Purchaser, purchaser's agent, or Broker.

18. **The estimated costs of sale are as follows:**

| | |
|---|---|
| Commissions-Castlemont | $11,850.00[1] |
| Title and Escrow | $100.00 |
| County Taxes | $200.16 |
| Recording | $869.00 |
| Total | $13,019.16 |

19. **The estimated proceeds of sale are as follows:**

| | |
|---|---|
| Sales Price | $790,000.00 |
| **Costs of sale:** | |
| Est payoff 1st | $528,000.00 |
| Default interest(requested, not allowed) | $32,149.33 |
| Recording fee | $198.00 |
| Tax to Napa Cty. Tax Collector | $6,208.02 |
| Tax installment to Napa Cty | $807.25 |
| Subtotal | $567.362.60 |
| **Net Proceeds to DIP** | **$209,618.24** |

---

[1] Castlemont Realty is NOT double ending the transaction and only taking **2%** as agreed in the Listing Agreement. As for the Buyer / Buyer's Agent, the Buyer has a Broker's License and has requested a reduction of price by his commission amount which is reflected in the current sale price. A letter from the Buyer stating his desire for a reduction in the sale price in lieu of commission is attached hereto as **Exhibit C**.

5

## IV. SALE SUBJECT TO OVERBID

The sale of the Property is subject to overbid. In the event that there is an overbid for the Property, the overbid auction will take place via a Zoom meeting with the DIP's Broker, Mr. Rick Dahnken of Castlemont Realty.

<u>**Time:**</u> **<u>Jul 22, 2020, 05:00 PM Pacific Time (US and Canada)</u>**
<u>**Join Zoom Meeting:**</u>
**<u>https://us02web.zoom.us/j/81289928398?pwd=VnZQbHBxYzJ1NUttdFRQWFpiWmpWZz09</u>**
<u>**Meeting ID:**</u> **812 8992 8398**
<u>**Password:**</u> **0g1K73**

The following terms shall apply to all parties seeking to make an overbid offer for the Property:

14. On or before **<u>Tuesday, July 19, 2020 by 5:00 PM</u>**, bidders **must** (i) provide evidence to the DIP's counsel (Arasto Farsad) at **<u>farsadlaw1@gmail.com</u>**, that they can close and pay the purchase price in cash, (ii) deliver to the Escrow Agent, a $24,150.00 deposit ("Deposit"), and (iii) agree to be bound by the terms of the Agreement (except the amount of the purchase price, which amount will be the amount of a party's highest offer). The Deposit must be delivered to:

**Lynn Serchia, Officer/Escrow Officer:
First American Title Company
189 Sir Francis Drake Blvd, Suite B
Greenbrae, CA 94904
Phone: (415) 461-7570 / Fax: (866) 875-4903
*Escrow File No.: 2103-6227028***

15. **The initial overbid must be at least $7,900.00 greater than the Buyer's offer – i.e. $797,900.00.** Thereafter, additional bidding shall proceed in minimum increments of $5,000.00.

16. In the event that a qualified bidder is not the successful bidder, it may act as a backup bidder at its last highest offer. The Deposit will be promptly returned to bidders who

6

Case: 20-50469    Doc# 60    Filed: 07/06/20    Entered: 07/06/20 15:02:11    Page 6 of 8

do not want to act as back-up bidders. Bids may not contain any contingencies, whatsoever, including, but not limited to, any loan contingencies and inspection contingencies. The bidders must agree and acknowledge that they are purchasing the Property, "as is, where is" with all faults and defects and with no representations or warranties. **All bids are cash only offers.**

17. In the event there is an overbid, the overbid auction will occur at the office of the DIP's broker, DIP's Broker, Mr. Rick Dahnken of Castlemont Realty via Zoom as stated above. Prior to the start of the auction, the DIP's counsel will (i) identify any party or parties that have made a qualified bid for the Property and (ii) set forth the auction rules on the record, and may amend, modify or alter any bid procedure, rule or provision as the DIP deems necessary, just or appropriate. The DIP reserves the right, in his sole and absolute discretion, to refuse bids that do not, in his sole opinion, conform with the terms of the sale, to modify the terms and conditions of the sale or auction, to continue the sale from time to time. Only qualified bid participants may attend the overbid auction. **All disputes with regard to the sale or auction will be resolved by the U.S. Bankruptcy Court.** At the conclusion of the auction, the DIP, in his sole discretion, will determine the highest and best bid and make a recommendation to the Bankruptcy Court to approve the sale of the Property.

18. The successful bidder for the Property must close escrow by tendering the entire purchase price to the Title Company, less a credit for any deposit held by escrow, not later than fifteen (15) days after the sale order is entered. If the successful bidder fails to timely close, it will forfeit its deposit to the estate for all purposes. In the event of such a default, the DIP will, without further order of the Court, be free to sell the Property to another party at the back-up bidder's last highest offer. The back-up bid shall have seven (7) business days, from the date that his/her/its counsel/agent has been notified by email by the DIP's counsel of the default by the original successful bidder, to close escrow. Should the back-up bidder fail to timely tender the purchase price for any reason, they shall be in default, and the deposit that they have tendered to the DIP shall be forfeited to the estate for all purposes.

# V. OBJECTIONS

**PLEASE TAKE FURTHER NOTICE THAT** if anyone wishes to object to the proposed sale, they must do so in conformity with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California. Rule 9014-1 requires an objecting party to file a written objection with the Clerk of the U.S. Bankruptcy Court, San Jose Division, Clerk of the Bankruptcy Court, 280 S. First Street, Room 3035, San Jose, CA 95113, and to serve a copy on counsel for the DIP at the address noted above no later than 14 days prior to the hearing date / July 22, 2020. Objections should show the hearing date, time, and place. Rule 9014-1 also requires an objecting party to file and serve with its objection any legal memorandum and evidence (submitted by declaration) which it wants the Court to consider in support of its objection.

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

Dated: July 3, 2020

                                                FARSAD LAW OFFICE, P.C.

                                                By: /s/ *Nancy Weng*
                                                NANCY WENG
                                                Attorneys for the Debtor