ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: 408-641-9966
Fax: 408-866-7334
Emails: farsadlaw1@gmail.com;
nancy@farsadlaw.com

Attorneys for Debtor / debtor-in-possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

MORDECHAI KOKA,

Debtor / debtor-in-possession.

Case No.: 20-50469 SLJ
Chapter 11

**DECLARATION OF NANCY WENG RE: CREDITOR'S RESPONSE TO OBJECTION TO CLAIM NO. 9 (JEFF AND AMALIA HANNA)**

Date: October 21, 2020
Time: 2:00 p.m.
Place: 280 South 1st St., Courtroom 9
San Jose, CA 95113

**Before: Hon. Judge Stephen L. Johnson**

I, Nancy Weng, am counsel for Mr. Mordechai Koka, the Debtor / debtor-in-possession in the instant case. I have personal knowledge of the information contained herein and, if called upon to testify, could and would do so competently. I hereby declare as follows:

1. This case was filed on March 10, 2020.

2. On April 17, 2020, I engaged in a phone call with counsel for creditors Jeff and Amalia Hanna -- attorneys Julyn Park and Leslie Hanks.

3. On that phone call, I tried to explain as best I could the individual Chapter 11 process and how it differs from other chapters under the bankruptcy code and what the hopeful plan of reorganization was for this particular case. I explained that the goal was to try pay all bona-

fide creditors as much as possible (likely 100% refunds) regarding the Debtor's former construction company. I explained that the Debtor had personal real property that he planned to liquidate in order to pay off the bona-fide claimants.

4. I am confident that I told both of them that they needed to file a standard Proof of Claim with the Court. They told me that they had an outstanding demand to the Debtor / his former company, and I said that "you can attach your demand to your proof of claim."

5. I then advised them of the Proof of Claim filing deadline in the case.

6. At no time did I advise Ms. Park or Ms. Hanks that they did not need to file a Proof of Claim. In fact, I emailed them a blank Proof of Claim (as they admit) at the end of that phone call and actually waited until they confirmed they had received it. This was not sent to them as they suggest, to help them with their demand that was already drafted.

7. I spent a significant amount of time discussing basic bankruptcy law / procedure to them at no cost to the estate or to their office.

8. Later, in lieu of sending a completed Proof of Claim form with their demand attached, they emailed our office the demand dated June 17, 2020 (i.e., an updated demand from the pre-petition one that they had mentioned) with language stating "Accordingly, Jeffrey and Amalia Hanna hereby make a formal demand for payment of each and every one of the above damages enumerated above, in the total amount of $147,611.00."

9. I did not respond to this post-petition demand for payment. The Hannas / their counsel cannot make a post-petition demand. They needed to do what I told them to do: To attach their pre-petition demand letter to a Proof of Claim and file it with the Court.

10. I did receive a few calls from Ms. Hanks (who, we understand now, no longer works at their office) asking for case updates. I did not have time to respond and, honestly, we did not have any updates to provide at that point.

11. I expected or anticipated a timely filed Proof of Claim appearing on the Claims Register.

12. I **did not** engage in any "gamesmanship", as Counsel for the Hanna's is now stating. I am a professional attorney, a member in good standing with the State Bar of California, and would never engage in such behavior. They should have hired (fortunately, they did recently) bankruptcy counsel to assist them if they did not know how to file a Proof of Claim or did not understand what I meant re: attaching their pre-petition demand to a standard Proof of Claim.

DECLARATION OF NANCY WENG
RE: CREDITOR'S RESPONSE TO OBJECTION TO
CLAIM NO. 9 (JEFF AND AMALIA HANNA)

2

13. Regardless, to show the Debtor's as well as our office's good faith in proceeding, we are willing to Stipulate to Claim Treatment at the listed claim amount of $80,000.00.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>October 9, 2020,</u> at <u>San Jose</u>, California.

RESPECTFULLY SUBMITTED,

FARSAD LAW OFFICE, P.C.

<u>/s/ Nancy Weng</u>
NANCY WENG, ESQ.
Attorneys for Debtor

DECLARATION OF NANCY WENG
RE: CREDITOR'S RESPONSE TO OBJECTION TO
CLAIM NO. 9 (JEFF AND AMALIA HANNA)

3

DECLARATION OF NANCY WENG
RE: CREDITOR'S RESPONSE TO OBJECTION TO
CLAIM NO. 9 (JEFF AND AMALIA HANNA)

4