Arasto Farsad, Esq. (SBN # 273118)
Nancy Weng, Esq. (SBN # 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda Suite 525
San Jose CA 95126
Tel: (408) 641-9966
Fax: (408) 866-7334
Email addresses: farsadlaw1@gmail.com;
nancy@farsadlaw.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MORDECHAI KOKA,<br><br>  Debtor / debtor in possession. | Case No. 20-50469 SLJ<br>Chapter 11<br><br>**INTERIM APPLICATION FOR COMPENSATION**<br><br>Date: December 2, 2020<br>Time: 1:30 p.m.<br>Place: **Hearing to be conducted by Tele / Video Conference (see page 2 below for instructions on how to arrange your appearance)<br><br>**Judge: Hon. Stephen L. Johnson** |

TO THE HONORABLE JUDGE STEPHEN L. JOHNSON, THE UNITED STATES TRUSTEE'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES IN INTEREST, AND THEIR RESPECTIVE COUNSEL(S) OF RECORD:

Now Comes the Farsad Law Office, P.C., hereinafter, the "Firm" or "Applicant", and hereby submits the instant Interim Application for Compensation ("Application") in connection

1 – Interim Application for Compensation

with its representation of the Debtor, Mordechai Koka ("Debtor"), in the above captioned Chapter 11 case. The Firm seeks approval of interim compensation totaling $26,670.00 plus costs of $100.00 for post-petition services to the Debtor for the period covering March 10, 2020 to October 19, 2020 (the "Billing Period") for a total award of $26,770.00.

This Application is being submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "Northern District Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Files Under 11 U.S.C. §330 (the "UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

This Application is based upon the instant Application and its Exhibits, the Declaration of Nancy Weng filed concurrently herewith, the pleadings, papers, and records on file in the case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

**Employment of the Firm and Order Authorizing Employment of Counsel**

1. The Debtor retained the firm on or about February 13, 2020. An order approving employment of the Firm was entered on March 30, 2020 (Docket No. 33). Arasto Farsad and Nancy Weng were the primary attorneys throughout the pendency of Debtor's Chapter 11 case. There was no double billing at any time, even if both attorneys worked on the case at the same time.

## I. INTRODUCTION

A. **Statement of Compliance with Rule 2016**

2. No agreement or understanding exists between the Firm (or its members) and any other persons or entities for the sharing of compensation received or to be received for services rendered in connection with this case.

2 – Interim Application for Compensation

### B. Retainer

3. The Debtor paid the Firm $12,500.00 plus the court filing fee of $1,717.00. This filing fee was paid to the Court on the date of filing the instant case. At the time of the filing of the petition, there remained $8,000.00 in the Firm's operational account from the initial retainer and this amount remains in the Firm's account. The Firm's Fee Agreement with the Debtor provides that the Firm will apply for fees and expenses to be paid from the Debtor's estate. (Such as via the instant application.)

### II. Narrative
### A. Pre-Bankruptcy Events

4. The Debtor primarily filed the instant case to stop the non-judicial foreclosure of his real property located at 858 Acalanes Road, Lafayette, CA 94549 ("Acalanes"). In addition to the Property, the Debtor owns 1702 Paru Street, Alameda, CA 94501 ("Paru") and 3190 Vichy Avenue, Napa, CA 94558 ("Vichy").

5. The Debtor's intended chapter 11 plan (as discussed previously with the Honorable Court) is to sell his real property to pay off debts owed. Most of these debts arise from the Debtor's failed prior construction business, Green Bay Builders, Inc. The Debtor accordingly seeks to liquidate his assets in order to pay his creditors off and move on / retire.

### B. Significant Events In The Bankruptcy

6. The Debtor filed an application to employ general bankruptcy counsel on March 17, 2020 at case docket number 17. An order was entered employing said counsel on March 30, 2020.

7. The Debtor (through his general bankruptcy counsel) negotiated and reached a Stipulation to Claim Treatment with attorney Kelly Raftery for her client, secured creditor, Deutsche Bank National Trust Company, as Indenture Trustee for the Impact CMB Trust Series 2007-A, and an Order approving said Stipulation was entered on June 15, 2020, at case docket number 54.

3 – Interim Application for Compensation

8. The Debtor employed (via an ex parte application) Realtor Rick Dahnken to assist him in marketing and selling the real properties that he intends to sell to fund the plan on May 12, 2020, at case docket 41. An order authorizing employment of the Realtor was entered on June 1, 2020 at case docket 49.

9. The Debtor marketed and sold his Vichy property via a formal Motion to Authorize the Sale filed on July 6, 2020, at case docket number 60. The funds from the sale were put into general bankruptcy counsel's IOLTA account with Wells Fargo Bank and remain there. Case docket number 76 was the Order authorizing the sale.

10. On June 6, 2020, an adversary complaint was filed by creditors Dale and Melissa Gardner with an assigned case number of 20-05030. The Gardners also filed a Proof of Claim (claim # 7) for over $1.3 million dollars and the Debtor and his counsel promptly filed an answer to the adversary complaint as well as an Objection to the Proof of Claim. The objection is identified as case docket number 71.

11. On June 6, 2020 as well, creditors Jeff and Amalia Hanna filed a Proof of Claim that exceeded the amount the Debtor had listed by nearly double and so the Debtor filed an Objection to this Claim which is set for hearing on October 21, 2020, in this Court. This objection is identified as case docket number 73.

12. With regard to the adversary case of the Gardners / Claim # 7, as stated above, The Debtor has filed an Answer (on July 20, 2020 at AP case docket No. 9) generally denying all of the allegations.

13. The Debtor and the Gardners then agreed to participate in the Court's Bankruptcy Dispute Resolution Program ("BDRP") and were able to obtain the services of Mr. Michael Sweet to assist.

14. The initial mediation session was held on October 9, 2020, and was then continued (as the parties were close to settlement) to October 12, 2020. Mediator, Mr. Sweet, was very helpful in assessing and assisting the Parties in reaching a settlement in principal which is in the process of being finalized now.

4 – Interim Application for Compensation

15. Significant work has been performed to date and the case is on track for confirmation. The Debtor and his counsel are also working on settling the Hanna claim as well (if possible).

16. The Debtor needs to sell one (if not both) of his remaining properties and is in the process of cleaning them up to do so and should be able to propose a disclosure statement for tentative approval in approximately 90 days.

### III. PROJECT BILLING AND NARRATIVE OF SERVICES RENDERED

In accordance with the Northern District Guidelines and the Local Rules, the Firm has classified all services performed for which compensation is sought into categories. The firm has established the following billing categories:

1. Initial Debtor Interview and Section 341 Meeting Preparation and Attendance;
2. Case Administration;
3. Claims and Asset Analysis;
4. Client Communications / Correspondence;
5. Taxes, Accounting, and Monthly Operating Reports;
6. Retention of Professionals (Applications to Employ, etc.);
7. Drafting of the Chapter 11 Plan and Disclosure Statement(s);
8. Drafting of Fee Application(s); and
9. Costs.

**Exhibit A** to the Declaration of Nancy Weng provides a detailed breakdown of the time entries incurred during the Billing Period. The Firm employs a paralegal for document collection and filing, and did not charge for any paralegal or attorney time for administrative services such as copying or filing documents. The Firm also did not charge for any travel time to and from hearings.

5 – Interim Application for Compensation

### A. Initial Debtor Interview and Section 341 Meeting Preparation and Attendance

Time billed to this category primarily relates to responding to the U.S. Trustee's Office requests for documents / information for the Initial Debtor Interview. This included gathering and reviewing documents from the Debtor for the Initial Debtor Interview; and preparation and attending the Initial Debtor Interview.

Time was also billed for the Section 341 Meeting of Creditors (preparation / document submission and attendance and all follow-up document and information requests by the U.S. Trustee's Office and its respective staff attorneys).

Total Hours: 10        Total Fees: $3,500.00

### B. Case Administration

Time billed to this category primarily relates to the legal work necessary to keep the case running smoothly in Chapter 11, including drafting Chapter 11 Status Conference Statements, attending the Chapter 11 status conferences, responding to the U.S. Trustee's requests for additional information (non-IDI or 341 requests as listed above in Section A). For this case, the Debtor needed to employ a broker and also a motion to authorize the sale of real property. The relevant motions were filed with the Court in this category.

For this billing period, the Firm had to draft and file necessary amendments to the schedules, status conference statements; and attend the status conferences to keep the Court apprised of the developments in the case as well to keep the case moving in the right direction.

Total Hours: 14.2        Total Fees: $4,970.00

### C. Claims and Asset Analysis

Time billed to this category related to the review and analysis of proofs of claim. Time billed to this category also relates to the legal work necessary to effect a financial work up of the Debtor's assets and properties, including review, analysis, negotiation with secured lenders, review of letters and other correspondence with creditors, including handling relief from stay

6 – Interim Application for Compensation

motions. Debtor's counsel also needed to handle claims objections (which took a significant amount of time) and related motions associated with creditors in this category.

      Total Hours: 41                                Total Fees: $14,350.00

### D. Client Communications / Correspondence

Time billed to this category primarily relates to meetings with the Debtor concerning the Debtor's finances and debts and the Chapter 11 Plan. This also included other communications to ensure documents were filed timely with the Court and to keep the Debtor apprised of dates and the status of negotiations with the creditor. **The Firm DID NOT bill for this category.** All of the phone calls, meetings, emails, etc. that would normally fall into this category are being waived.

      Total Hours: Waived.                    Total Fees: $0.00

### E. Taxes, Accounting, and Monthly Operating Reports

Time billed to this category relates to the review (and assistance with preparation) of Monthly Operating Reports on behalf of the Debtor, as well as financial document (bank statements, mortgage statement(s), etc.) review for the Chapter 11 Plan of Reorganization. The Firm has no "accountants" on staff, and accordingly did not do any actual accounting for the Debtor's MORs. The Firm did however, assist the Debtor in going over the OUST instructions for preparation of the MORs, and reviewed the reports to make sure that items were categorized properly and that the excel spreadsheet fields were accurate. There was no time billed for the actual filing of the reports in this category.

      Total Hours: 4.5                               Total Fees: $1,575.00

### F. Retention of Professionals (Applications to Employ, etc.)

7 – Interim Application for Compensation

Time billed to this category for this period relates to the preparation of applications to employ professionals in the case on behalf of the Chapter 11 estate. This case needed the employment of the instant firm and a realtor.

Total Hours: 4.5        Total Fees: $1,575.00

**G. Drafting of the Chapter 11 Plan and Disclosure Statement(s)**

Time billed to this category includes the drafting and analysis needed for work up of the Debtor's Disclosure Statement and Chapter 11 Plan of Reorganization for approval by the Court. (As well as Creditors and the United States Trustees Office.) It also includes drafting any additional documents needed to get the Plan and Disclosure Statement approved.

Total Hours: 0.00        Total Fees: $0.00

**H. Drafting of Fee Application(s)**

Time billed to this category primarily relates to the preparation of this Application and represents roughly 3% of the total amount of fees and costs requested in this Application, including any waived fees.

Total Hours: 2        Total Fees: $700.00

**I. Costs**

In addition to the fees incurred, the Firm advanced the sum of $100.00 for payment of the mediation fee for which it requests reimbursement. Any other servicing costs are waived.

Total Costs: $100.00

8 – Interim Application for Compensation

### III. Client Review of Billing Statements

Pursuant to the Northern District Guidelines, a cover letter for this the Application was sent to the Debtor concurrently with the filing of this Application. This letter invites the Debtor to discuss with the Firm or with the U.S. Trustee's Office any objections, concerns, or questions the Debtor may have with regard to the requested compensation and reimbursement in the instant Application. A copy of this letter is attached to the Declaration of Nancy Weng as **Exhibit B**.

### Notice of this Application and Hearing

A Notice of Hearing on this Application will be served upon the Debtor, the U.S. Trustees Office for the Northern District of California, and all other parties requesting special notice in this case.

### Evaluation of Requests for Compensation

Pursuant to Bankruptcy Code Section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual necessary expenses incurred. As set forth above, the fees for which the Firm requests compensation are for actual and necessary services rendered. In determining the amount of allowable fees under Bankruptcy Code Section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." Burgess v. Klenske (In re Manoa Finance Co., Inc.), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976):

  (1) the time and labor required,
  (2) the novelty and difficulty of the questions,
  (3) the skill requisite to perform the service properly,

9 – Interim Application for Compensation

(4) the preclusion of other employment by the professional due to acceptance of the case,

(5) the customary fee,

(6) whether fee is fixed or contingent,

(7) time limitations imposed by the client or the circumstances,

(8) the amount involved and the results obtained,

(9) the experience, reputation, and ability of the professionals,

(10) the undesirability of the case,

(11) the nature and length of the professional relationship with the client, and

(12) awards in similar cases. See <u>American Benefit Life Ins. Co. v. Baddock</u> (<u>In re First Colonial Corp. of America</u>), 544 F.2d 1291 (5th Cir. 1977) (<u>Johnson</u> criteria applicable in bankruptcy cases.)

The time for which compensation is sought is detailed in **Exhibit A** attached to the Declaration of Nancy Weng. The services and time expenditures are reasonable in light of the labor required in this case. The firm charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the area for professionals of like skill and experience. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm under similar circumstances.

**Section 330(a)(3) Factors**

Bankruptcy Code Section 330(a)(3) sets forth five (5) factors to be considered by the Court. (11 U.S.C. § 330(a)(3).) Although several of these factors (such as the time involved, the timeliness of the firm's performance, and the complexity of the case) were addressed above, the Firm believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code Section 330(a)(3)(C) requires that the professional services be necessary to the administration of and/or beneficial at the time at which the service was rendered toward completion of the case.

The Firm believes the facts of this case (or the work performed thus far) make it evident that the Firm's services are necessary and beneficial. The Firm's efforts were essential to the

10 – Interim Application for Compensation

current organization and operations of the Debtor's estate, and, as stated above, the Firm provided advice, counsel and direction to the Debtor to assist him in working with the United States Trustee's Office, as well as all of the active creditors.

Second, Bankruptcy Code Section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

### RESPONSIBLE PERSONNEL (Nancy Weng and Arasto Farsad)

Nancy Weng, the primary attorney working on this case, is a California lawyer licensed for twelve years. Nancy Weng's $350.00 per hour rate is reasonable in the area for services of attorneys of like skill and experience, and is commensurate with counterparts engaged in non-bankruptcy specialties of the law.

Arasto Farsad, the lead member of the Firm, has been a practicing bankruptcy attorney in the Northern, Eastern, Central and Southern Districts of California since 2010, and has successfully overseen hundreds of Chapter 7 and Chapter 13 cases to discharge / completion. Mr. Farsad has also confirmed close to 20 individual Chapter 11 cases. Mr. Farsad's $350.00 per hour rate should also be deemed reasonable in the area for services for attorneys of like skill and experience and is also commensurate with other reasonably experienced local counsel(s).

Taking into consideration the time and labor required, the novelty and difficulty of the issues, the skills required to perform the legal services properly, the preclusion of other employment by the Firm due to the acceptance of the case, and the customary fee(s) for similarly experienced counsel, as well as the time limitations imposed by the client, the fees (and costs) requested should be deemed reasonable and awarded.

### CONCLUSION

Wherefore, the Firm prays that the Court, after the noticed hearing on this Application, award the Firm with its requested **interim** compensation in this case of: $26,770.00 (which includes costs). **The Firm respectfully requests that it be allowed to take $8,000.00 being held in its operational account, and for an Order from the Court for the Debtor's estate to**

11 – Interim Application for Compensation

pay the remaining $18,770.00 in attorney's fees to the Firm (to be taken from estate funds being held in the Firm's IOLTA account.)

Respectfully submitted,

Executed on **October 20, 2020**, at **San Jose**, California

FARSAD LAW OFFICE, P.C.
**/s/ Nancy Weng, Esq.**
Nancy Weng
Attorneys for Debtor

12 – Interim Application for Compensation