**LAW OFFICES OF CRAIG V. WINSLOW**
CRAIG V. WINSLOW, Cal. Bar No. 73196
630 N. San Mateo Drive
San Mateo, California 94401
Telephone: (650) 347-5445
Facsimile: (650) 347-4411
Email: craig@cvwlaw.com

**MEYER LAW GROUP LLP**
 A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>Debtor. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br>**OPPOSITION TO: (1) POST-PETITION TRANSFER OF PROPERTY OF THE ESTATE FOR PAYMENT OF RETAINER; AND (2) CONVERSION OF CHAPTER 11 CASE TO SUB-CHAPTER V**<br><br>Date: [NONE SCHEDULED]<br>Time:<br>Location: Telephonic / Videoconference<br>Judge: Honorable Stephen L. Johnson |

- 1 -
BK CASE NO. 20-50469-SLJ
OPPOSITION TO: (1) POST-PETITION TRANSFER OF PROPERTY OF THE ESTATE FOR PAYMENT OF RETAINER; AND (2) CONVERSION OF CHAPTER 11 CASE TO SUB-CHAPTER V

Case: 20-50469    Doc# 120    Filed: 05/03/21    Entered: 05/03/21 16:21:13    Page 1 of 6

Creditors Dale Gardener and Melissa Gardner ("Creditors") hereby submit this opposition (the "Opposition") to the *Application for Order Authorizing Employment and Retention of the Fuller Law Firm, P.C. as Attorneys for Debtor* (the "Application") [Dkt. No. 119] filed the Fuller Law Firm, P.C. (the "Applicant") in the above-captioned matter.

First, in the declaration submitted in support of the Application, Applicant asserted that "[t]his firm has not received any retainer from Debtor or anyone else. This firm intends to apply to the Court for an order directing Farsad Law Offices, P.C. to transfer to The Fuller Law Firm, P.C. trust account $30,000 of estate funds currently held in the Farsad Law Offices, P.C. attorney-client trust account." See Dkt. No. 119-1, ¶ 5.

As this Court is well aware, the funds currently held in the IOLTA Trust Account for Farsad Law Offices, P.C. are the net proceeds of sale from real property commonly known as 3190 Vichy Avenue, Napa, California (the "Napa Property") in the approximate amount of $148,502.31. There are significant concerns that Debtor purchased the Napa Property through embezzlement (or other misappropriation of funds) from Green Bay Builders, Inc. ("GBBI"), for which Creditor would have an entitlement to a constructive trust over these proceeds for sale.

Further, there are serious concerns with Debtor using property of the estate for payment of a post-petition retainer more than 12 months after this Bankruptcy Case was originally filed, which would reduce the return to creditors in this insolvent estate.

As such, Creditor respectfully requests that the Court decline to approve payment and transfer of a post-petition retainer (in any amount) to Applicant as requested in the Application. Alternatively, consistent with the request below, Creditor requests that the Court set a briefing schedule and hearing on the propriety of allowance of a post-petition retainer in this matter.

Second, in the Application, "Debtor contends that this is a small business case that qualifies under Subchapter V and intends to re-designate the case and promptly file his own plan." See Dkt. No. 119, ¶ 12.

Creditor has significant concerns regarding the propriety to "re-designate" this Bankruptcy Case under Sub-Chapter V because Debtor has not taken any meaningful steps to confirm (or file) a Plan of Reorganization in over a year, because it appears that Debtor

strategically elected to venue the Bankruptcy Case in the San Jose Division although Debtor's alleged residence is located in Lafayette, California (see Dkt. No. 119, fn. 1) as Debtor's prior counsel apparently had prior difficulties before courts in the Oakland Division, because an arrest warrant for Debtor was issued on April 1, 2021 based on criminal conduct operating GBBI and there are serious concerns regarding Debtor's ability to remain in possession of the estate (see **Exhibit A** attached), and because Debtor strategically now seeks to convert to Sub-Chapter V solely in an attempt to defeat the Creditor's Plan of Reorganization (see Dkt. No. 114) although this is an insolvent estate and there is no legitimate benefit to Debtor remaining in possession of the estate and consummating a plan of reorganization.

Under the circumstances, there are serious and legitimate concerns regarding: (1) the good-faith of Debtor; and (2) the unfair prejudice to creditors of the estate, both of which are guiding principles on whether conversion to Sub-Chapter V is warranted. See In re Bonert, 2020 WL 3635869 (Bankr. C.D. Cal. 2020) (permitting re-designation provided that no party will be unduly prejudiced); In re Blanchard, 2020 WL 4032411 (Bankr. E.D. La. 2020) (no creditors came forward with a due process argument asserting that their interest would be jeopardized by an SBRA conversion); In re Ventura, 2020 WL 1867898 (Bankr. E.D.N.Y. 2020) (allowing conversion to SBRA because, *inter alia*, it would not unduly prejudice the objecting creditor; rather, creditor would maintain many of the rights he had at the inception of the case).

Creditor objects to conversion of this Bankruptcy Case to Sub-Chapter V and requests that, at a minimum, the Bankruptcy Court set a briefing schedule and hold a hearing to determine the propriety of Debtor's proposed conversion and allow all other creditors to provide this Court with evidence to determine whether Debtor is acting in good-faith and whether conversion to Sub-Chapter V will unfairly prejudice creditors.

Based on the foregoing, given that Debtor apparently will be seeking authority for both of these requests on an *ex parte* basis, and without a meaningful opportunity for briefing and hearing, Creditor has provided its concerns in the context of opposition to the Application, which is the first pleading filed by Applicant in the Bankruptcy Case that mentions these items. However, as set forth above, there are significant issues that must be resolved by this Court


BK CASE NO. 20-50469-SLJ
- 3 -
OPPOSITION TO: (1) POST-PETITION TRANSFER OF PROPERTY OF THE ESTATE FOR PAYMENT OF RETAINER; AND (2) CONVERSION OF CHAPTER 11 CASE TO SUB-CHAPTER V

Case: 20-50469    Doc# 120    Filed: 05/03/21    Entered: 05/03/21 16:21:13    Page 3 of 6

*before* evaluating the propriety of either of these requests, none of which are appropriate on an *ex-parte* request, and Creditor hereby requests that the Court set a briefing schedule and appropriate hearings to duly consider both of these requests.

Dated: May 3, 2021

**MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
Brent D. Meyer
Attorneys for Plaintiffs
DALE GARDNER and
MELISSA GARDNER

BK CASE NO. 20-50469-SLJ

- 4 -

OPPOSITION TO: (1) POST-PETITION TRANSFER OF PROPERTY OF THE ESTATE FOR PAYMENT OF RETAINER; AND (2) CONVERSION OF CHAPTER 11 CASE TO SUB-CHAPTER V

Case: 20-50469    Doc# 120    Filed: 05/03/21    Entered: 05/03/21 16:21:13    Page 4 of 6

# EXHIBIT A

# County of Santa Clara

Office of the District Attorney

County Government Center, West Wing
70 West Hedding Street
San Jose, California 95110
(408) 299-7400
www.santaclara-da.org



**Jeffrey F. Rosen**
District Attorney

Moti Koka
858 Acalances Rd.
Lafayette, Ca 94549

April 1, 2021

RE: Arrest Warrant

Dear Moti,

This letter is to advise you that a warrant has been issued for your arrest because of an investigation conducted by the California Contractors State License Board. As such, any contact with law enforcement could result in your immediate arrest.

For more information regarding the nature of your case, please contact Inv. David Shue with the California Contractor's State License Board at (800) 321-2752. Further, you may have your attorney contact this office at (408) 299-3099; reference case #RF-2010-28024 to arrange for release of discovery documents relating to your case (investigative report, evidence). The pending charges on this matter are: Insurance Code: 11880(a)- Willfully misrepresent facts to obtain state comp insurance fund. Penal Code: 484b- diversion of funds. Business and Profession Code: 7159.5(a)(5)- Accepting payment exceeding work performed, 7159.5 (a)(3)- Excessive down payment. Your bail is $0.00.

You can self surrender at any local police department or sheriff's office where you will be booked into custody, provided with a court date, and if you desire, released on bail after coordination with a bail bondsman.

Respectfully,

F. Del Moral
Criminal Investigator
Santa Clara Co. DA
Bureau of Investigation

Scanned with CamScanner