**LAW OFFICES OF CRAIG V. WINSLOW**
CRAIG V. WINSLOW, Cal. Bar No. 73196
630 N. San Mateo Drive
San Mateo, California 94401
Telephone: (650) 347-5445
Facsimile: (650) 347-4411
Email: craig@cvwlaw.com

**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>Debtor. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION TO:<br>(1) SET BRIEFING SCHEDULE ON CONVERSION TO SUB-CHAPTER V;<br>(2) DELAY APPOINTMENT OF SUB-CHAPTER V TRUSTEE**<br><br>Date: [NONE SCHEDULED]<br>Time:<br>Location: Telephonic / Videoconference<br>Judge: Honorable Stephen L. Johnson |

- 1 -

BK CASE NO. 20-50469-SLJ

*EX PARTE* APPLICATION TO: (1) SET BRIEFING SCHEDULE ON CONVERSION TO SUB-CHAPTER V; (2) DELAY APPOINTMENT OF SUB-CHAPTER V TRUSTEE

Creditors Dale Gardener and Melissa Gardner ("Creditors") hereby file this *ex parte* application to: (1) establish a briefing schedule and set a hearing regarding the propriety and eligibility for Debtor to convert the Bankruptcy Case to Sub-Chapter V; and (2) delay appointment of a Sub-Chapter V Trustee pending resolution of all objections to conversion (collectively, the "Application") in the above-referenced matter.

I. **FACTUAL BACKGROUND**

All relevant facts necessary to resolve this Application are fully set forth in the CM/ECF Docket, and for purposes of judicial economy, Creditors will not rehash these facts, as the Court is well aware of all operative facts in this matter.

II. **LEGAL ARGUMENT**

There are at least five prudential reasons why Debtor should not be authorized to convert this Bankruptcy Case to Sub-Chapter V at this time.

A. **Debtor is Not Eligible for Sub-Chapter V**

As originally enacted, section 1182(1)(A) provided that the term "debtor" … "means a person engaged in commercial or business activities … that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than [$2,725,625] … not less than 50 percent of which arose from the commercial or business activities of the debtor." 11 U.S.C. § 1182(1)(A).

However, effective for all cases under Title 11, Chapter 11 of the United States Code filed on or after March 27, 2020, and pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), the debt limit for Sub-Chapter V increased to $7,500,000.

Here, there are two reasons why Debtor is not eligible to proceed under Sub-Chapter V.

First, Debtor filed the Bankruptcy Case on March 10, 2020, 17 days *before* enactment of the CARES Act, and as such, the debt limit for eligibility under Sub-Chapter V as of the Petition Date was $2,725,625. See Dkt. No. 1; 11 U.S.C. § 1182(1)(A).

Here, although Debtor conveniently scheduled claims at $2,463,061 as of the Petition Dates (see Dkt. No. 27), there are serious questions regarding the accuracy of these schedules, and the actual amount of all allowed non-contingent secured and unsecured claims against the

- 2 -

BK CASE NO. 20-50469-SLJ

*EX PARTE* APPLICATION TO: (1) SET BRIEFING SCHEDULE ON CONVERSION TO SUB-CHAPTER V; (2) DELAY APPOINTMENT OF SUB-CHAPTER V TRUSTEE

Case: 20-50469   Doc# 126   Filed: 05/04/21   Entered: 05/04/21 23:13:26   Page 2 of 8

estate exceeds $4,077,538.87. See Dkt. Nos. 26, 57; Claims Nos. 1-9.

Given that Debtor did not accurately and in good faith schedule all debts against the estate, this Court is not bound by the Bankruptcy Schedules for purposes of eligibility and can review the propriety of all filed claims. See In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001) ("We now simply and explicitly state the rule for determining Chapter 13 eligibility under § 109(e) to be that eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith.").

Under the circumstances, the aggregate amount of all non-contingent liquidated secured and unsecured debts as of the Petition Date was at least $4,077,538.87, which was well in excess of the statutory limit ($2,725,625) as of March 10, 2020, and the CARES Act is not retroactive. As such, Debtor is ineligible to proceed under Sub-Chapter V.

Second, pursuant to section 1182(A)(1), "*not less than 50 percent* of which arose from the *commercial or business activities* of the debtor." 11 U.S.C. § 1182(A)(1) (emphasis added).

Here, there are serious questions regarding the "commercial" or "business" activity of Debtor (Mr. Koka individually), but it appears that Debtor will argue that he operates a real estate rental and/or sale business. Assuming *argumentum* that this is the legitimate "business" activity of Mr. Debtor, more than 50% of his debts did not arise from this business activity.

Specifically, as conveniently set forth in the *Application to Employ the Fuller Law Firm P.C.*, and for the very first time, Debtor admits that he impermissibly manufactured venue in the San Jose Division to avoid filing in the Oakland Division. See Dkt. No. 119, fn. 1 ("Debtor was temporarily staying with a relative in Sunnyvale at the time of the filing of the case but always intended to return to his Lafayette home which remained vacant").

As such, given that the aggregate debt ($965,095.64) on real property known as 858 Acalanes Road, Lafayette, California 94549 (the "Lafayette Property") was Debtor's "primary residence," and thus not debt that arose from a "business" activity, combined with all debt owed to five customers[1] based on Debtor's intentional tortious misconduct (fraud, conversion,

---

[1] The five sets of customers that have participated in this Bankruptcy Case and filed duly allowed claims are: (1) Jeff and Amalia Hanna; (2) Allan and Nicole Hulgan; (3) Daniel and Thanh-Tam Morgan; (4) Mai T. Hoang; and (5) Dale and Melissa Gardner.

BK CASE NO. 20-50469-SLJ - 3 -

*EX PARTE* APPLICATION TO: (1) SET BRIEFING SCHEDULE ON CONVERSION TO SUB-CHAPTER V; (2) DELAY APPOINTMENT OF SUB-CHAPTER V TRUSTEE

embezzlement), in which his personal liability arose from willful misconduct and not operation of any business, is in the aggregate amount of $1,543,959.77.  See Claim Nos. 3, 6, 7, 8, 9.

Under the circumstances, at least $2,509,055.41 ($965,095.64 + $1,543,959.77) of the aggregate debt ($4,077,538.87) that Debtor owed as of the Petition Date did not arise from a legitimate "business" activity.  As such, Debtor is ineligible to proceed under Sub-Chapter V.

**B.     Debtor Cannot Propose a Plan Under Sub-Chapter V**

Pursuant to section 1189(b), "[t]he debtor shall file a plan *not later than 90 days after the order for relief under this chapter*, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."  11 U.S.C. § 1189(b) (emphasis added).

Section 348(b) only modifies the date "the order for relief under this chapter" for 13 enumerated sections of the Bankruptcy Code, and section 1189(b) is not one those enumerated sections.  See 11 U.S.C. § 348(b).  As such, irrespective of whether Debtor's request is a "re-classification" or "conversion" to Sub-Chapter V, "the order for relief under this chapter" is the original petition date and not the date of "re-classification" or "conversion." Id.

Here, Debtor filed this Bankruptcy Case on March 10, 2020 and the deadline to file a plan pursuant to section 1189(b) was May 8, 2020.  See Dkt. No. 1; 11 U.S.C. § 1189(b). Further, given that Debtor has operated as the debtor in possession for in excess of 13 months, there does not appear to be any legitimate justification for the Court to extend the deadline under section 1189(b), as Debtor should be "held accountable" for his actions and in-actions.

As such, assuming *argumentum* that Debtor is authorized to temporarily "re-classify" or "convert" the Bankruptcy Case to Sub-Chapter V, no legitimate purposes would be served because the deadline for Debtor to propose a plan has expired (see 11 U.S.C. § 1189(b)), and because Creditors cannot propose a plan (see 11 U.S.C. § 1189(a)).  Therefore, given this procedural quagmire, the Bankruptcy Case almost certainly would be re-converted Chapter 11.

**C.     Debtor Does Not Have an Absolute Right to Convert to Sub-Chapter V**

As briefly set forth in the *Opposition to: (1) Post-Petition Transfer of Property of the Estate for Payment of Retainer; and (2) Conversion of Chapter 11 Case to Sub-Chapter V* (the

- 4 -

BK CASE NO. 20-50469-SLJ

*EX PARTE* APPLICATION TO: (1) SET BRIEFING SCHEDULE ON CONVERSION TO SUB-CHAPTER V; (2) DELAY APPOINTMENT OF SUB-CHAPTER V TRUSTEE

Case: 20-50469    Doc# 126    Filed: 05/04/21    Entered: 05/04/21 23:13:26    Page 4 of 8

"Opposition") [Dkt. No. 120], which Creditors filed *before* Debtor sought to convert to Sub-Chapter V, Debtor does not have the absolute right to convert to Sub-Chapter V.

Specifically, after attempting to meet and confer, Debtor asserts that his right to convert to Sub-Chapter V is based on Federal Rule of Bankruptcy Procedure 1009, which allows for Debtor to amend a voluntary petition "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a).

However, a closer reading of Federal Rule of Bankruptcy Procedure 1009(a) also provides that "[o]n motion of a party in interest, after notice and a hearing, *the court may order any voluntary petition*, list, schedule, or statement *to be amended* and the clerk shall give notice of the amendment to entities designated by the court." Id. (emphasis added). As such, even by the very rule that Debtor cites as authority for an "absolute" right to amend the voluntarily petition, this Court may decline to authorize such amendment. Id.

Here, by way of this Application, Creditors are requesting that the Court set a briefing schedule and hearing to determine whether cause exists to authorize Debtor to file the Amended Voluntary Petition (Dkt. No. 121) and elect to proceed under Sub-Chapter V pursuant to Federal Rule of Bankruptcy Procedure 1009(a).

Further, although the Bankruptcy Code and the Federal Rules of Bankruptcy Rules do not clearly and neatly set forth applicable procedure for conversion of a Chapter 11 case to Sub-Chapter V, there is significant authority that holds such right is not absolute.

The guiding principles for determining whether conversion to Sub-Chapter V is warranted are: (1) the good-faith of the debtor; and (2) the unfair prejudice to creditors of the estate. See In re Bonert, 2020 WL 3635869 (Bankr. C.D. Cal. 2020) (permitting re-designation provided that no party will be unduly prejudiced); In re Blanchard, 2020 WL 4032411 (Bankr. E.D. La. 2020) (no creditors came forward with a due process argument asserting that their interest would be jeopardized by an SBRA conversion); In re Ventura, 2020 WL 1867898 (Bankr. E.D.N.Y. 2020) (allowing conversion to SBRA because, *inter alia*, it would not unduly prejudice the objecting creditor; rather, creditor would maintain many of the rights he had at the inception of the case).



BK CASE NO. 20-50469-SLJ

- 5 -

*EX PARTE* APPLICATION TO: (1) SET BRIEFING SCHEDULE ON CONVERSION TO SUB-CHAPTER V; (2) DELAY APPOINTMENT OF SUB-CHAPTER V TRUSTEE

Case: 20-50469    Doc# 126    Filed: 05/04/21    Entered: 05/04/21 23:13:26    Page 5 of 8

Here, as set forth in the Objection, there are legitimate concerns regarding both the good-faith of Debtor and the unfair prejudice to creditors of estate, including but not limited to, that Debtor has not taken any meaningful steps to confirm (or file) a Plan of Reorganization in over a year, that Debtor strategically elected to venue the Bankruptcy Case in the San Jose Division although Debtor's alleged residence is located in Lafayette, California (see Dkt. No. 119, fn. 1) based in part on Debtor's prior counsel apparent prior difficulties before courts in the Oakland Division, that an arrest warrant for Debtor was issued on April 1, 2021 based on criminal conduct operating Green Bay Builders, Inc. and there are serious concerns regarding Debtor's ability to remain in possession of the estate (see Dkt. No. 120, Ehx. A), and that Debtor strategically now seeks to convert to Sub-Chapter V solely in an attempt to defeat the Creditors' Plan of Reorganization (see Dkt. No. 114) although this is an insolvent estate and there is no legitimate benefit to Debtor remaining in possession of the estate and consummating a plan of reorganization. See Dkt. No. 120.

Based on the foregoing, there would be significant unintended and harmful consequences if Debtor could convert to Sub-Chapter V on an *ex parte* basis, and at any time prior to closure of the case, simply by filing an amended Voluntary Petition pursuant to Federal Rule of Bankruptcy Procedure 1009(b) and electing to proceed under Sub-Chapter V.

Further, given that this Court almost certainly would not allow *ex parte* conversion to Sub-Chapter V *after* confirmation of the Creditors' Plan of Reorganization (Dkt. No. 114), there are clearly temporal limits (and practical consideration) on the propriety of a request to convert a case to Sub-Chapter V, and it is only reasonable that Creditors and Debtor should be provided a full and fair opportunity to brief the issue, so that this Court can decide the appropriate procedures and circumstances for conversion to Sub-Chapter V (if any).

### D. Significant and Unnecessary Increase in Administrative Costs

For the reasons set forth in Section II.A-C above, there are justified concerns with the propriety of Debtor seeking to convert this Bankruptcy Case to Sub-Chapter V at this time, especially considering that there is a legitimate plan or reorganization filed by Creditors, which will provide an immediate and material payment to all creditors on the Effective Date, and

thereafter, will liquidate the remaining two properties (Lafyette Property and Alameda Property) to make a *pro-rata* distribution to the general unsecured creditors. See Dkt. No. 114.

As this Court is well aware, Debtor has not taken any meaningful steps to prosecute this Bankruptcy Case since the Petition Date (March 10, 2020), and conversion to Sub-Chapter V will simply delay payments to all creditors of the estate, and also consume significant resources of the estate in administrative fees and costs to thwart implementation of the Creditors' Plan of Reorganization (Dkt. No. 114) and all other associated litigation.

Further, and more importantly, there is no legitimate purpose that will be served by conversion to Sub-Chapter V, because Debtor is still required to meet the best interest of creditors (11 U.S.C. 1129(a)(7)(ii)), because in order to satisfy the best interests of creditors Debtor will be required to liquidate both the Lafyette Property and Alameda Property, because this is an insolvent estate and Debtor will not personally receive any surplus funds from liquidation of the Lafyette Property and Alameda Property, and because in the Bankruptcy Case Debtor has already showed an ineptitude to satisfy his duties and liquidate property of the estate required to satisfy allowed claims. See 11 U.S.C. § 1191(b); see also Dkt. No. 97.

### E. Debtor Should be Removed as Fiduciary of the Bankruptcy Estate

Finally, as set forth in the Objection and Section II.C. above, on April 1, 2021, the Office of the District Attorney for Santa Clara County issued an arrest warrant for Debtor based on criminal conduct operating Green Bay Builders, Inc., which included the misappropriation of client funds, among other criminal conduct. See Dkt. No. 120, Exh. A. Under these circumstances, there is no legitimate basis or justification that Debtor should be authorized to remain in possession of this Bankruptcy Estate, and conversion to Sub-Chapter V will just enable Debtor further opportunity to misappropriate estate asserts.

To the extent that Debtor is authorized to convert this Bankruptcy Case to Sub-Chapter V notwithstanding each of those issues identified in this Application, in order to divest Debtor over all control of estate assets, Creditors will: (1) move to re-convert the case to Chapter 11 and seek to confirm the Creditors' Plan of Reorganization (Dkt. No. 114); (2) move to re-convert the case to Chapter 11 and obtain appointment of a Chapter 11 Trustee; (3) seek to remove Debtor as the

BK CASE NO. 20-50469-SLJ - 7 -
*EX PARTE* APPLICATION TO: (1) SET BRIEFING SCHEDULE ON CONVERSION TO SUB-CHAPTER V; (2) DELAY APPOINTMENT OF SUB-CHAPTER V TRUSTEE

Case: 20-50469    Doc# 126    Filed: 05/04/21    Entered: 05/04/21 23:13:26    Page 7 of 8

debtor in possession pursuant to section 1185(a); or (4) convert this case to Chapter 7.

As such, given the almost certain futility of Debtor's ability to remain in possession of the estate and control the ultimate dispositive of the estate asserts, the Court should decline Debtor's request to convert the Bankruptcy Case to Sub-Chapter V, as this will ultimately result in the unnecessary accrual of administrative claims (including claims of the Sub-Chapter V Trustee and counsel for Debtor) to the detriment of creditors during the short-lived pendency of the Bankruptcy Case in Sub-Chapter V with Debtor serving as the debtor in possession.

## III. CONCLUSION

Based on the foregoing, pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 1009(b), Federal Rule of Bankruptcy Procedure 1020(b), and all other authority set forth in this Application, Creditors respectfully request that the Court: (1) establish a briefing schedule to determine the propriety and eligibility for Debtor to convert the Bankruptcy Case to Sub-Chapter V; (2) set a hearing on all of the legal issues raised in this Application; and (3) issue an order instructing the Office of the United States Trustee to abstain from appointing a Sub-Chapter V Trustee pending further order of this Court.

Dated: May 4, 2021            **MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
    Brent D. Meyer
    Attorneys for Plaintiffs
    DALE GARDNER and
    MELISSA GARDNER

BK CASE NO. 20-50469-SLJ      - 8 -

*EX PARTE* APPLICATION TO: (1) SET BRIEFING SCHEDULE ON CONVERSION TO SUB-CHAPTER V; (2) DELAY APPOINTMENT OF SUB-CHAPTER V TRUSTEE

Case: 20-50469    Doc# 126    Filed: 05/04/21    Entered: 05/04/21 23:13:26    Page 8 of 8