

1  LARS T. FULLER (No. 141270)
   SAM TAHERIAN (No. 170953)
2  JOYCE K. LAU (No. 267839)
   THE FULLER LAW FIRM, PC
3  60 No. Keeble Ave.
   San Jose, CA 95126
4  Telephone: (408)295-5595
   Facsimile: (408) 295-9852
5

**Not Signed: May 5, 2021**

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

6  Attorneys for Debtor

7                                                                   * See comments below

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12  In re                                  CASE NO.: 20-50469-SLJ

13  MORDECHAI KOKA                         **ORDER APPROVING EMPLOYMENT AND RETENTION OF THE FULLER LAW FIRM, P.C. AS ATTORNEYS FOR DEBTOR**
14
        Debtor
15

16                                         CHAPTER 11

17

18                                         Date:   None Set
                                           Time:   None Set
19                                         Ctrm.:  9

20

21      Upon the Application of debtor seeking an order authorizing the employment and retention

22  of The Fuller Law Firm, P.C. as its attorney and upon the declaration of Lars Fuller in support

23  thereof, and it satisfactorily appearing that none of the attorneys of The Fuller Law Firm, P.C. nor

24  The Fuller Law Firm, P.C. represent or hold any interest adverse to the debtor or the estate in the

25  matters upon which The Fuller Law Firm, P.C. is to be engaged and that the employment will be

26  in the best interest of the estate and no adverse interest being represented, it is

27

28

ORDERED that debtor be and hereby is authorized to employ The Fuller Law Firm, P.C. as debtor's Chapter 11 bankruptcy attorney (including the herein case if re-designated as a Subchapter V) under the terms set forth in the Application for Employment to perform the following services through the earlier of the date of confirmation, dismissal or conversion to another chapter:

    a. Advise the debtor with respect to his powers and duties as debtor-in-possession in the continued management and operation of his assets;

    b. Attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in Chapter 11.

    c. Take all necessary actions to protect and preserve the debtor's estate including the defense of any actions commenced against the debtor, negotiations concerning all litigation in which the debtor is involved and objections to claims filed against the estate.

    d. Prepare on behalf of debtor all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate and to review but not prepare the monthly operating reports prepared by the debtor.

    e. Negotiate and prepare on debtor's behalf a plan of reorganization, disclosure statement, all related agreements and/or documents and take any necessary action on behalf of the debtor to obtain confirmation of such plan.

    f. Advise the debtor with respect to the retention of assets;

    g. Appear before this Court and the U.S. Trustee to protect the interests of the debtor's estate;

h. Perform all other necessary legal services and provide all other necessary legal advice to the debtor in connection with this Chapter 11 through the date of confirmation but not in any converted case.

IT IS FURTHER ORDERED that The Fuller Law Firm, P.C. shall make further application to the Court before receiving any further compensation.

IT IS FURTHER ORDERED that employment shall be effective as of the date The Fuller Law Firm, P.C. substituted into the case.

***END OF ORDER***

\* The application requests $30,000 of estate funds from the sale proceeds of the Napa County to be turned over to applicant as a post-petition retainer, but the declaration of Mr. Fuller states that he "intends to apply" for such an order. Thus, it is unclear to the court if the application seeks approval of the postpetition retainer and whether the employment is contingent on the approval of the postpetition retainer. Two parties objected to the post-petition retainer.
 If Mr. Fuller seeks only approval of employment at this time and such employment is not dependent on the award of the postpetition retainer, Mr. Fuller may upload another order approving the employment but include language that approval does not include any post-petition retainer, which Mr. Fuller may request in another noticed hearing.
Otherwise, if the application itself seeks a postpetition retainer, it needs to be set for noticed hearing on 21 days and include briefing on the issue. See In re Plaza Hotel Corp., 111 B.R. 882, 884 (Bankr. E.D.Cal. 1990).

**COURT SERVICE LIST**

No parties to be served

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595