**LAW OFFICES OF CRAIG V. WINSLOW**
CRAIG V. WINSLOW, Cal. Bar No. 73196
630 N. San Mateo Drive
San Mateo, California 94401
Telephone:  (650) 347-5445
Facsimile:  (650) 347-4411
Email:  craig@cvwlaw.com

**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:  (415) 765-1588
Facsimile:  (415) 762-5277
Email:  brent@meyerllp.com

Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>Debtor. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br>**OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO OAKLAND DIVISION**<br><br>Date:      June 22, 2021<br>Time:      2:00 p.m.<br>Location:  Telephonic / Videoconference<br>Judge:     Honorable Stephen L. Johnson |

Creditors Dale Gardener and Melissa Gardner ("Creditors") hereby object (the "Objection") to the exemption pursuant to California Code of Civil Procedure § 704.730(a) (the "Homestead Exemption") claimed by debtor Mordechai Koka ("Debtor") in real property commonly known as 858 Acalanes Road, Lafayette, California 94549 (the "Lafayette Property) in the above-captioned matter.

Alternatively, assuming *argumentum* that this Court is inclined to allow Debtor to claim a lawful homestead exemption in the Lafayette Property notwithstanding that Debtor admittedly did not reside in the Lafayette Property as of the Petition Date (March 10, 2020), Creditors hereby move (the "Motion") this Court to transfer this Bankruptcy Case to the Oakland Division because Debtor, in bad-faith, appears to have impermissibly manufactured venue for this Bankruptcy Case in the San Jose Division as Debtor did not have any legitimate residence within the San Jose Division for purposes of 28 U.S.C. § 1408 and B.L.R. 1002-1(a).

This Objection and Motion are based upon the Notice of Objection and Motion, the supporting Memorandum of Points and Authorities set forth below, the supporting Request for Judicial Notice ("RJN") and all exhibits attached thereto, all other pleadings on file herein, and such other and further arguments and authority as may be presented at the hearing.

I. **FACTUAL BACKGROUND**

On March 10, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Code (the "Bankruptcy Case"). See Dkt. No. 1.

On Question 5 of the *Voluntary Petition*, Debtor admitted that he lived at 1409 Enderby Way, Sunnyvale, California 94087 (the "Sunnyvale Property") as follows:

> 5. Where you live
> 1409 Enderby Way
> Sunnyvale, CA 94087
> Number, Street, City, State & ZIP Code
> Santa Clara
> County
> If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.
>
> Number, P.O. Box, Street, City, State & ZIP Code
>
> If Debtor 2 lives at a different address:
>
> Number, Street, City, State & ZIP Code
>
> County
>
> If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.
>
> Number, P.O. Box, Street, City, State & ZIP Code

See Dkt. No. 1, p. 2.

- 2 -

BK CASE NO. 20-50469-SLJ

OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO OAKLAND DIVISION

Case: 20-50469   Doc# 145   Filed: 05/25/21   Entered: 05/25/21 19:27:18   Page 2 of 10

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

1  Based on Debtor's representation, made under penalty of perjury, that the Sunnyvale Property was his residence (or domicile), the Clerk of the Court automatically assigned the Bankruptcy Case to the San Jose Division pursuant to B.L.R. 10021-(a).  See CM/ECF *generally*.

On March 27, 2020, Debtor filed *Schedule J: Your Income*, and in Question 24, admitted that "Debtor has no rental/home expense as he has been living with a close family friend since December, 2019," based on the following:

> **24. Do you expect an increase or decrease in your expenses within the year after you file this form?**
> For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
> ■ No.
> ☐ Yes. Explain here: **The Debtor has no rental/home expense as he has been living with a close family friend since December, 2019**

See Dkt. No. 27, p. 30.

On March 27, 2020, Debtor also filed a *Statement of Financial Affairs for Individuals Filing for Bankruptcy*, and on Question 2, Debtor admitted that he ceased residing in the Lafayette Property in or about December 2019 based on the following:

> **2. During the last 3 years, have you lived anywhere other than where you live now?**
> ☐ No
> ■ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.
>
> | Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
> |---|---|---|---|
> | 858 Acalanes Road Lafayette, CA 94549 | From-To: 2012 to December, 2019 | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 From-To: |

See Dkt. No. 28, p. 1.

Debtor has prosecuted this Bankruptcy Case for more than 14 months, and *never* asserted that the Lafayette Property was his residence or domicile, and during this entire period, Debtor also *never* asserted a homestead exemption in the Lafayette Property.  See CM/ECF *generally*. Rather, consistent with his story that he did not reside in the Lafayette Property, Debtor elected to claim exemptions pursuant to California Code of Civil Procedure §§ 703.010 *et seq*. in all of his personal property assets.  See Dkt. No. 27, p. 11-13.

On April 16, 2021, and after Debtor failed to comply with the terms of the Settlement Agreement (Dkt. No. 92), Creditors filed a Plan of Reorganization.  See Dkt. No. 114.  In response, Debtor immediately terminated Farsad Law Office, P.C. and substituted in the Fuller Law Firm, P.C. as counsel of record in the Bankruptcy Case.  See Dkt. No. 116.

BK CASE NO. 20-50469-SLJ  - 3 -
OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO OAKLAND DIVISION

Case: 20-50469   Doc# 145   Filed: 05/25/21   Entered: 05/25/21 19:27:18   Page 3 of 10

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

On May 3, 2021, in the *Application for Order Under 11 U.S.C. § 327(a) Authorizing Employment and Retention of the Fuller Law Firm, P.C. as Attorney for Debtor*, for the very first time, Debtor now admits **in a footnote** that "Debtor was temporarily staying with a relative in Sunnyvale at the time of the filing of the case but always intended to return to his Lafayette home which remained vacant." See Dkt. No. 119, p. 2, fn. 1.

Thereafter, also on May 3, 2021, and in an effort to thwart confirmation of the Creditors Chapter 11 Plan, Debtor filed an *Amended Voluntary Petition* and purported to re-designate the Bankruptcy Case under Sub-Chapter V. See Dkt. No. 121. However, in the *Amended Voluntary Petition*, Debtor continues to acknowledge that he does not live at the Lafayette Property, but rather, lives at the Sunnyvale Property, based on the following:

> 5. Where you live
> 
> 1409 Enderby Way
> Sunnyvale, CA 94087-4014
> Number, Street, City, State & ZIP Code
> 
> Santa Clara
> County
> 
> If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.
> 
> Number, P.O. Box, Street, City, State & ZIP Code
> 
> If Debtor 2 lives at a different address:
> 
> Number, Street, City, State & ZIP Code
> 
> County
> 
> If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.
> 
> Number, P.O. Box, Street, City, State & ZIP Code

See Dkt. No. 121, p. 2.

Remarkably, despite repeated judicial admissions (all made under penalty of perjury) that Debtor did not reside at the Lafayette Property on the Petition Date (March 10, 2020), on May 14, 2021, conveniently, Debtor filed an *Amended Schedule C: Property You Claim as Exempt*, and for the very first time, claimed a $75,000 automatic homestead exemption in the Lafayette Property pursuant to California Code of Civil Procedure § 704.730(a) (the "Homestead Exemption") See Dkt. No. 140.

Creditors hereby object to Debtor's asserted Homestead Exemption.

## II. LEGAL ARGUMENT

### A. Debtor Not Entitled to Homestead Exemption in the Lafayette Property

Pursuant to section 522(b)(2), each state has authority to "opt out" of the exemption scheme provided for under the Bankruptcy Code, and pursuant to California Code of Civil

BK CASE NO. 20-50469-SLJ - 4 -

OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO OAKLAND DIVISION

Case: 20-50469    Doc# 145    Filed: 05/25/21    Entered: 05/25/21 19:27:18    Page 4 of 10

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

Procedure 703.130, California opted out of the Bankruptcy Code exemptions. See 11 U.S.C. § 522(b)(2); Cal. Code Civ. P. § 703.130. As such, California law control resolution of Debtor's asserted homestead exemption. In re Elliott, 523 B.R. 188, 192 (B.A.P. 9th Cir. 2014) (*citing* Kelley v. Locke (In re Kelley), 300 B.R. 11, 16 (B.A.P. 9th Cir. 2003)).

For purposes of California's Article 4 homestead exemption (the Automatic Homestead), "homestead" is defined as the debtor's "principal dwelling," and in turn, "dwelling" is defined as the "place where a person resides." Cal. Code. Civ. P. §§ 704.710(a), (c). "The automatic homestead exemption protects a debtor from a forced sale and requires that the debtor reside in the homestead property at the time of a forced sale." Redwood Empire Prod. Credit Ass'n v. Anderson (In re Anderson), 824 F.2d 754, 757 (9th Cir.1987); see also Cal. Civ. Proc. Code §§ 704.710(a)-(c), 704.720, 704.730, 704.740. The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption. Kelley, 300 B.R. at 21.

"Under California law, the relevant factors for determining if a debtor resides in a property are the physical fact of the occupancy of the property and the debtor's intention to live there." Kelley, 300 B.R at 21 (*citing* Ellsworth v. Marshall, 196 Cal.App.2d 471, 474 (1961)); see also In re Diaz, 547 B.R. 329, 335 (B.A.P. 9th Cir. 2016).

If the debtor does not reside at the claimed homestead on the petition date, then the debtor is not authorized to claim an automatic homestead exemption in that property. See In re Lehr, 479 B.R. at 101; see also In re Kelley, 300 B.R. at 20 ("[t]he Article 4 automatic homestead exemption protects a debtor's homestead from forced sale without a prior court order … [and] we have determined that the filing of a bankruptcy petition constitutes such a forced sale in the bankruptcy context"); In re Anderson, 824 F.2d at 757 ("debtors are not entitled to the benefits of the Article 4 exemption … [as] [t]he "automatic" homestead exemption can only be claimed by a debtor who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the dwelling").

Here, given the continuous and systematic representations to this Court that Debtor moved out of the Lafayette Property in December 2019 (see Dkt. No. 28, p. 1), that Debtor did not reside in the Lafayette Property on the Petition Date (March 10, 2019) (see Dkt. No. 1, p. 2;

- 5 -

BK CASE NO. 20-50469-SLJ

OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO OAKLAND DIVISION

Case: 20-50469    Doc# 145    Filed: 05/25/21    Entered: 05/25/21 19:27:18    Page 5 of 10

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

Dkt. No. 27, p. 3), and that Debtor did not reside in the Lafayette Property on May 3, 2021 when he filed the *Amended Voluntary Petition* (see Dkt. No. 121, p. 2), Debtor readily concedes that he does not reside in the Lafayette Property. As such, Debtor is not entitled to claim a homestead exemption in the Lafayette Property (in any amount) pursuant to the automatic homestead under California Code of Civil Procedure § 704.730(a).

**B. Debtor Bears Burden to Establish Allowance of Homestead Exemption**

Pursuant to California law, the general burden regarding California exemptions is that "the exemption claimant has the burden of proof." Cal. Code Civ. P. § 703.580(b). However, there is a more nuanced burden with respect to homestead exemptions. "The claimant has the burden on the sum exemptible; but the objector has the burden to show the property is not a homestead if county tax assessor records contain a current homeowner's or disabled veteran's property tax exemption. If not, the claimant has the burden of proof. In re Tallerico, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015) (*citing* Cal. Code Civ. P. § 704.780(a)).

As recognized by the Bankruptcy Appellate Panel, "where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation." In re Diaz, 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016); see also In re Tallerico, 532 B.R. at 788; In re Pashenee, 531 B.R. 834, 837 (Bankr. E.D. Cal. 2015); In re Barnes, 275 B.R. 889, 898 n. 2 (Bankr. E.D. Cal. 2002).

Here, Debtor bears the burden of proof to establish, among other things, that Debtor: (i) physically occupied the Lafayette Property; and (ii) had an actual intent to reside in the Lafayette Property. However, as set forth in detail in Section II.A. above, Debtor has made continuous and systematic representations to this Court that he did not reside in the Lafayette Property on the Petition Date (March 10, 2020) and that the Lafayette Property was vacant on the Petition Date (March 10, 2020), and as such, Debtor cannot satisfy his burden to establish a valid homestead exemption in the Lafayette Property pursuant to California Code of Civil Procedure 704.730(a).

Further, to the extent that Debtor attempts to take a counter position in opposition to this Objection, principles of judicial estoppel preclude Debtor from now conveniently attempting to

change his story in an impermissible attempt to claim a valid homestead exemption in the Lafayette Property pursuant to California Code of Civil Procedure 704.730(a). See Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990) (Courts invoke judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts."); Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-01 (9th Cir. 1996) ("[j]udicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position").

### C. Bankruptcy Case Should be Transferred to the Oakland Division

Assuming *argumentum* that Debtor can satisfy his burden and establish entitlement to a lawful homestead exemption in the Lafayette Property, the Court should transfer the Bankruptcy Case to the Oakland Division as it appears that Debtor impermissibly manufactured venue in the San Jose Division because Debtor did not legitimately reside within the San Jose Division for purposes of 28 U.S.C. § 1408 and B.L.R. 1002-1(a).

In order to appreciate the gamesmanship that Debtor has employed in this Bankruptcy Case, it is important for the Court to understand why Debtor would "temporarily" move to the Sunnyvale Property, merely 50 miles from the Lafayette Property, and artificially manufacture venue in the San Jose Division.

In or about the middle of 2018, attorneys associated with the law firm previously representing Debtor in the Bankruptcy Case (Farsad Law Office, P.C.) began experiencing difficulties and scrutiny representing clients in cases filed under Title 11, Chapter 11 of the United States Code in the Oakland Division.

Specifically, on August 29, 2018, in In re Penny Patino, Case No. 17-43082-RLE, at the hearing on an objection to employment, attorney Nancy Weng orally withdrew her employment application after the Honorable Roger L. Efresmky indicated that he was not inclined to approve her employment in the case. See RJN ¶ 1, Exh. A.

- 7 -

BK CASE NO. 20-50469-SLJ

OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO OAKLAND DIVISION

Case: 20-50469   Doc# 145   Filed: 05/25/21   Entered: 05/25/21 19:27:18   Page 7 of 10

Thereafter, on February 9, 2019, in In re Janet Carsula Ortiz, Case No. 18-42942-RLE and In re Rofel Grace Moreno and Joseph Valdez, Case No. 18-42758-WJL, the Honorable Roger L. Efremsky and the Honorable William J. Lafferty scheduled a joint hearing on pending employment applications submitted by Farsad Law Offices, P.C. See RJN ¶¶ 2-3, Exhs. B, D. However, before commencement of the joint hearings, Farsad Law Offices, P.C. strategically withdrew both of its pending employment applications. See RJN ¶¶ 2-3, Exhs. C, E.

Finally, on July 3, 2019, in In re Eric Daniel Arbucci, the Honorable Roger L. Efresmky issued monetary sanctions jointly against attorney Arasto Farsad and his client (Mr. Arbucci) in the aggregate amount of $30,750 as a result of the debtor's bad-faith bankruptcy filing. See RJN ¶ 4, Exh. F-G; see also In re Arbucci, 2019 WL 2896609, at *4 (Bankr. N.D. Cal. 2019) ("neither Debtor nor Debtor's Counsel set forth any meritorious reasons why Debtor's Counsel Arasto Farsad, who signed the petition along with the Debtor, should not be jointly liable for any sanctions with Debtor").

As a result of these monetary sanctions and heavy scrutiny by the Court related to employment under section 327(a) of the Bankruptcy Code in the Oakland Division, among other issues, it appears that attorneys Arasto Farsad and Nancy Weng have not filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Code on behalf of any debtor in the Oakland Division since January 1, 2019 (and perhaps earlier). See RJN ¶¶ 5-6, Exhs. H-I.[1]

Here, as of the Petition Date (March 10, 2020), Debtor owned three parcels of real property: (1) 858 Acalanes Road, Lafayette, California 94549; (2) 1702 Paru Street, Alameda, California 94501; and (3) 3190 Vichy Avenue, Napa, California 94558. See Dkt. No. 27. None of these properties are located within a county that is part of the San Jose Division, but rather, all properties are located within the Oakland Division and the Santa Rosa Division.

Further, according to *Schedule A/B: Property*, Debtor did not list or otherwise disclose that any of his personal property assets are located within a county that is within the geographical

---

[1] There were two cases in which attorney Araso Farsad appeared as counsel associated with a case filed under Title 11, Chapter 11 in the Oakland Division on or after January 1, 2019: (1) In re Steve Chou, BK Case No. 20-41504; and (2) In re Cardinal Care Management, LLC, BK Case No. 20-41557, but in each of these cases, it appears that Mr. Farsad represents creditors and not the debtor.

BK CASE NO. 20-50469-SLJ - 8 -
OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO OAKLAND DIVISION

Case: 20-50469  Doc# 145  Filed: 05/25/21  Entered: 05/25/21 19:27:18  Page 8 of 10

boundaries of the San Jose Division. See Dkt. No. 27, p. 3-10.

Curiously, however, although Debtor continuously resided in the Lafayette Property from 2012 to December 2019, just over 90 days before the Petition Date (March 10, 2020), Debtor conveniently moved into the Sunnyvale Property "with a close family friend." See Dkt. No. 27, p. 30. Even more remarkably, Debtor has failed to provide any legitimate explanation (or any explanation whatsoever) why he would abandon his homestead in the Lafayette Property (where he continuously resided for nearly 8 years), allow the Lafayette Property to remain vacant without renting the property or paying any post-petition mortgage payments possibly in dereliction of fiduciary duties to the bankruptcy estate, and "temporarily" reside in the Sunnyvale Property merely 50 miles from the Lafayette Property. See Dkt. No. 119, p. 2, fn. 1.

The circumstantial evidence strongly suggests that Debtor, perhaps on the advice and counsel of attorneys at Farsad Law Offices, P.C., strategically elected to "temporarily" reside in the Sunnyvale Property for slightly more than 90 days to artificially manufacturer venue for this Bankruptcy Case in the San Jose Division, so that Farsad Law Offices, P.C. could avoid the scrutiny of its employment application by judges in the Oakland Division and earn substantial fees representing Debtor in the San Jose Division.[2] This type of gamesmanship has the potential to seriously undermine the integrity of the entire bankruptcy process.

Otherwise, there does not appear to be any legitimate explanation or reason why Debtor would voluntarily abandon his homestead exemption ($75,000) in the Lafayette Property, and "temporarily" reside in the Sunnyvale Property, while leaving the Lafayette Property vacant in possible dereliction of fiduciary obligations to the bankruptcy estate.

---

[2] To the extent that this Court draws a reasonable inference from the overwhelming circumstantial evidence that Farsad Law Offices, P.C. unfairly manipulated the Bankruptcy Code to personally derive an economic benefit (employment in this Bankruptcy Case and collection of attorney's fees and costs) to the detriment of Debtor and the bankruptcy estate (waiver of an otherwise allowed homestead exemption in the Lafayette Property), there may have been an undisclosed actual conflict of interest between Farsad Law Offices, P.C. and Debtor. As such, if a conflict of interest actually existed, there would be legitimate questions regarding the propriety of the employment of Farsad Law Offices, P.C. as counsel for the bankruptcy estate because it appears that Farsad Law Offices, P.C. may not have been "disinterested" pursuant to the standards required by 11 U.S.C. § 327(a), and there are also legitimate questions regarding whether Farsad Law Offices, P.C. should be required to disgorge fees and costs previously awarded by this Court pursuant to 11 U.S.C. § 330.

Based on the foregoing, assuming *argumentum* that Debtor is authorized to claim a lawful homestead exemption in the Lafayette Property, the Court should transfer this Bankruptcy Case to the Oakland Division as it appears that Debtor impermissibly manufactured venue in the San Jose Division because Debtor did not have any legitimate residency within the San Jose Division for purposes of 28 U.S.C. § 1408 and B.L.R. 1002-1(a).

### III. CONCLUSION

Based on the foregoing, Creditors respectfully request that the Court enter an order sustaining the Objection in its entirety, disallowing Debtor from claiming any exemption in the Lafayette Property pursuant to California Code of Civil Procedure § 704.730(a), and for such other and further relief that is just and proper under the circumstances.

Alternatively, if the Court authorizes Debtor to claim a lawful exemption in the Lafayette Property pursuant to California Code of Civil Procedure § 704.730(a), then Creditors respectfully request that the Court transfer the Bankruptcy Case to the Oakland Division because it appears that Debtor did not have any legitimate residency within the San Jose Division for purposes of 28 U.S.C. § 1408 and B.L.R. 1002-1(a) as of the Petition Date.

Dated: May 25, 2021

**MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
Brent D. Meyer
Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 20-50469-SLJ

- 10 -

OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION, AND IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE TO OAKLAND DIVISION

Case: 20-50469    Doc# 145    Filed: 05/25/21    Entered: 05/25/21 19:27:18    Page 10 of 10