LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, PC
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA<br><br>Debtor | CASE No. 20-50469-SLJ<br><br>Chapter 11<br>(Subchapter V)<br><br>**OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT CONTAINED IN DALE GARDNER'S AND MELISSA GARDNER'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED APRIL 16, 2021**<br><br>Date: June 3, 2021<br>Time: 1:30 PM<br>Court: Telephonic or Video Only |

COMES NOW Debtor Mordechai Koka and respectfully objects to approval of the Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021.

### I. CASE BACKGROUND

Pre-petition, debtor was the owner of Green Bay Builders, Inc., a general contractor. Green Bay Builders, Inc. designated, as is common and permitted in the construction business, a Responsible Managing Officer (RMO) with a contractor's license to oversee jobs. Green Bay

1
Objection to Approval of Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021

Case: 20-50469    Doc# 148    Filed: 05/26/21    Entered: 05/26/21 18:04:56    Page 1 of 9

Builders, Inc. contracted with Home Advisors for paid leads. It also had internal sales people to sign up projects. Debtor contends that Green Bay Builders, Inc. grew too fast and the RMO was not sufficiently involved resulting in performance problems with subcontractors. A multitude of change orders resulted in further disruptions. Some jobs were not completed.

The Gardner's version of the facts is very different suggesting that Green Bay Builders simply took customer money and failed to complete projects. Debtor disagrees in that progress payments were made all along, payments which would not logically be made for a new phase if the prior phase had not been completed.

Debtor, distraught that Green Bay Builder's Inc.'s customer's projects were not completed, wanted to make the customers whole. Hence he was willing to sell his rental properties, one of which has almost $1,000,000 in gross equity before costs of sale and tax consequences of sale. It was acquired long before Green Bay Builders, Inc. was incorporated. From the proceeds of sale, Debtor contemplated to pay the owners for their unfinished projects to make them whole.

At the time of the filing of the petition, Debtor was and remains in the business of operating rental properties. At the time of the filing of the petition, Debtor was the owner of the following properties:

1702 Paru St., Alameda, CA ("Alameda Property")

| | | |
|---|---|---|
| Value | | $1,752,013 |
| 1st Deutsche Bank | 824,544 | |
| 2nd-Citibank | 150,000 | |
| Gross Equity | | $974,544 |

858 Acalanes Rd., Lafayette, CA ("Lafayette Property")

| | | |
|---|---|---|
| Value | | 1,475,332 |
| 1st – Mr. Cooper | 965,096 | |
| Gross Equity | | $510,236 |

2

Objection to Approval of Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021

Case: 20-50469    Doc# 148    Filed: 05/26/21    Entered: 05/26/21 18:04:56    Page 2 of 9

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

<u>3190 Vicky Lane, Napa, CA ("Napa Property)</u>

| | |
|---|---|
| Value | $790,000 |
| 1st - FCI Lender Services, Inc. $528,000 | |
| Gross Equity | $262,000 |

The Lafayette Property consists of a house and two accessory dwelling units (ADU's). The two ADUs are occupied by Debtor's adult children. They do not pay rent. Debtor occupied the main house at the Lafayette property until just before the bankruptcy filing.

Debtor, represented by Farsad Law Office, P.C. filed the herein case on March 10, 2020 to stay the non-judicial foreclosure sale of the Lafayette Property. After the petition was filed, Debtor and Dale and Melissa Gardner (hereinafter "the Gardners") proceeded to mediation through the BDRP program to resolve the Gardeners' claims, including claims pending in an adversary proceeding. In the BDRP, the parties agreed that the Gardners' claim would be allowed in the amount of $1,335,810.91, but that upon payment of the sum of $450,000 by April 15, 2020 (*sic*)[1] the Gardners' proof of claim would be reduced to $450,000.[2]

Debtor sold one of his properties for $790,000 resulting in net sale proceeds of $198,502.31 which were remitted to Farsad Law Office, P.C. to be held in trust. As set forth below, the amount held in trust is now far less, all as approved by the Court.

Debtor listed but was unable to timely sell another Property. Hence, he was in default on the terms of the settlement agreement, resulting in the Gardners' $1,335,810.91 claim being

---

[1] The parties clearly intended that the date be April 15, 2021.

[2] The Gardners received a $50,000 payment so their current claim is $1,285,810.91.

3
Objection to Approval of Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021

Case: 20-50469    Doc# 148    Filed: 05/26/21    Entered: 05/26/21 18:04:56    Page 3 of 9

allowed. Debtor disagrees that this represents actual damages sustained by the Gardners. But Mr. Meyer did a fine job representing his client. A deal is a deal and the Gardners claim stands. Unfortunately, with such claim allowance, Debtor can no longer propose a 100% plan. On April 16, 2021, one day after the deadline to pay the $450,000, the Gardners filed this liquidating creditor combined plan.

On April 20, 2021, The Fuller Law Firm, PC's substituted into this case and re-designated it as a Subchapter V case. Amended Schedule C was filed to assert a homestead. Debtor filed his own plan under Subchapter V of Chapter 11 on May 13, 2021.

## II. ARGUMENT

### A. ONLY THE DEBTOR MAY FILE A SUBCHAPTER V PLAN

On April 16, 2021 Debtor filed an amended bankruptcy petition re-designating the case as a Subchapter V. A voluntary petition may be amended as a matter of course. Bankruptcy Rule 1009. In Subchapter V, only the debtor may file a Subchapter V plan. 11 U.S.C. §1189(a). On that basis, the Combined Plan filed by the Gardners should not be considered.

### B. THE COMBINED PLAN PRESENTS A ONE-SIDED STORY ABOUT THE EVENTS LEADING TO THE FILING OF THE PETITION

The Gardners Plan paints Debtor as a "bad guy" criminal without presenting Debtor's version of the facts. Indeed, Debtor wanted to repay creditors in full. He worked diligently on projects but because of change orders, mismanagement and subcontractor problems, was unable to finish a few projects. But the contracts provided for payments in installments and prior phases

4

Objection to Approval of Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021

Case: 20-50469    Doc# 148    Filed: 05/26/21    Entered: 05/26/21 18:04:56    Page 4 of 9

were completed before payment was requested. The disclosure statement should also disclose debtor's perspective.

### C. THE GARDNERS' COMBINED PLAN LACKS ADEQUATE DISCUSSION REGARDING THE ADVERSARY PROCEEDING AND STIPULATION

Debtor contends that the Gardners are not truly owed the amount of their claim, but concede that the claim is liquidated. Creditors should be informed, at a minimum, about the adversary complaint and the mediation through which the claim was liquidated. Other general unsecured creditors dividend is diluted by the overwhelming Gardner claim.

### D. THE PROCEEDS ON HAND FROM THE SALE OF THE NAPA PROPERTY ARE FAR LESS THAN SCHEDULED IN THE LIQUIDATION ANALYSIS

Debtor was the owner of real property at 3190 Vichy Ave., Napa, CA 94558 ("Napa Property" hereinafter). Debtor with approval from this court sold the Napa Property. Escrow closed and funds were disbursed on August 24, 2020. Though the net proceeds of sale were properly disclosed as $198,502.31, since that date, with approval from this Court, various disbursements were made as follows:

| | | |
|---|---|---|
| Escrow proceeds | | $198,502.31 |
| Farsad Law Ofc. Interim Ap. for fees & costs | $18,670 | |
| Gardner Distribution per settlement agreement | <u>$50,000</u> | |
| Balance | | $129,832.31 |

### E. THE PROPOSED PLAN SIGNIFICANTLY UNDER-ESTIMATES

5
Objection to Approval of Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021

Case: 20-50469    Doc# 148    Filed: 05/26/21    Entered: 05/26/21 18:04:56    Page 5 of 9

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

# THE CHAPTER 11 ADMINISTRATIVE CLAIMS

This firm has requested a retainer of $30,000 from estate funds. Though opposed by the Gardners, if the retainer is allowed (or if the fees are allowed in a subsequent application for compensation) such fees need to be subtracted from the proceeds available to general unsecured creditors. Notwithstanding the retainer, given the adversarial nature of this case, the better estimate of such fees is $40,000-$45,000. The Meyer Law Group is estimating fees of $15,000. Though the Plan Proponent estimates Farsad Law Office will be owed an additional $5,000 (and may oppose such compensation), Farsad Law Offices continues to represent Debtor in the pending adversary proceeding and will seek employment to represent Debtor in criminal proceedings. The Farsad Law Offices fees are estimated at $35,000. To the extent that such employment benefits the estate, such fees must also be deducted from the net proceeds to determine the dividend to general unsecured creditors. Debtor contends that this case is properly in Subchapter V and as such fees will be owed to the Subchapter V Trustee. However, even if this case were not to remain in Subchapter V, the Subchapter V Trustee will have an administrative claim against the estate in the estimated amount of at least $5,000 for work performed. Hence, $65,000-$110,000 is a better estimate of Chapter 11 administrative costs rather than $35,670 proposed in the Gardners Combined Plan.

## F. THE PROPOSED PLAN FAILS TO CONSIDER THE TAX CONSEQUENCES OF SALE

Though the Plan proponent probably lacked data relating to the tax consequences of the liquidating plan, the consequences are substantial and must be factored into any liquidation analysis. Debtor calculates the tax consequence of sales as follows:

**1702 Paru St. Alameda, CA (Paid 405K in 2000;)**

| | |
|---|---:|
| Value | 1752013 |
| Cost of sale at 6% | 105120.8 |
| | 1646892 |
| Purchase Price | 405,000 |

6

Objection to Approval of Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021

Case: 20-50469    Doc# 148    Filed: 05/26/21    Entered: 05/26/21 18:04:56    Page 6 of 9

| | |
|---|---:|
| Gain | 1,241,892 |
| Depreciation recapture | 26,389 |
| Total taxable gain and depreciation | 1,268,281 |
| California Capital gain (13.3%) | 168681.4 |
| Federal Capital Gain (20%) | 248378.4 |
| | |
| Total taxable gain and depreciation | 417059.85 |
| | |
| **858 Acalanes Rd Lafayette ( Paid 850K 2008-9)** | 1475332 |
| Cost of sale @ 6% | 88519.92 |
| | 1386812 |
| Purchase Price | 850000 |
| Net Proceeds | 536812.1 |
| Improvements | 0 |
| Net gain | 536812.1 |
| Exclusion | 250000 |
| Gain | 286812.1 |
| Depreciation Recapture | 8598 |
| Total amount subject to tax | 295410.1 |
| California Capital gain (13.3%) | 39289.54 |
| Federal Capital Gain (20%) | 59082.02 |
| Total tax | 98371.56 |
| | |
| **3190 Vichy Ave. Napa, CA (Paid 700K)** | |
| Sales Price | 790000 |
| Costs of sale | 11850 |
| Net Proceeds | 778150 |
| Purchase Price | 700000 |
| Gain | 78150 |
| California Capital gain (13.3%) | 10393.95 |
| Federal Capital Gain (20%) | 15630 |
| Total tax consequences | 26023.95 |
| | |
| **Total Tax Consequences of Sale** | **$541,455** |

G. <u>THE PROPOSED PLAN DENIES DEBTOR THE HOMESTEAD EXEMPTION</u>

The property at 858 Acalanes Rd. Lafayette, CA ("Lafayette Property") consists of a single

7
Objection to Approval of Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021

Case: 20-50469    Doc# 148    Filed: 05/26/21    Entered: 05/26/21 18:04:56    Page 7 of 9

family residence and two ADU's. Debtor's 2017-2020 tax returns reflects that Debtor resided in the Lafayette Property. At all times relevant to the present, Debtor's adult children reside in the ADUs at the Lafayette Property.[3] At the Subchapter V IDI Debtor stated that he moved out of the Lafayette Property just before the filing of the petition to stay with a friend because of stress and the fear of foreclosure, but always intended to return to the Lafayette Property if it could be saved.[4]

California courts have long held that a lack of physical occupancy does not preclude a party from establishing actual residency and claiming the homestead, if the claimant intends to return. See, e.g., Michelman v. Frye, 238 Cal.App.2d 698, 703–04, 48 Cal.Rptr. 142 (1965) Under California law, the relevant factors for determining if a debtor resides in a property are the physical fact of the occupancy of the property and the debtor's intention to live there. Kelley v. Locke, 300 B.R. 11, 21 (9th Cir. BAP 2003) (citing Ellsworth v. Marshall, 196 Cal.App.2d 471, 474, 16 Cal.Rptr. 588 (1961) ). California courts have long held that a lack of physical occupancy does not preclude a party from establishing actual residency and claiming the homestead, if the claimant intends to return. See, e.g., Michelman v. Frye, 238 Cal.App.2d 698, 703–04, 48 Cal.Rptr. 142 (1965). The 9th Circuit has adopted the In re Kelley approach. Diaz v. Kosmala (In re Diaz), 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016).

H.  THE REQUIREMENTS OF 1129(a)(11) ARE NOT MET

A plan of reorganization may be confirmed only if "confirmation of the plan is not likely to be followed by liquidation, or the need for further financial reorganization, of the debtor…" 11 U.S.C. 1129(a)(11). The purpose of subsection 1129(a)(11) is to avoid confirmation of visionary

---

[3] Though the adult children did not pay rent, Debtor's proposed Subchapter V plan projects $3,500 in future rental income from the ADUs.

[4] The Gardners suggest forum shopping.

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

schemes which promise creditors more under a proposed plan than the debtor can possibly attain after confirmation. In re Matter of Pizza of Hawaii, 761 F.2d 1374, (9th Cir. 1985). Though feasibility may be a confirmation issue, here the discrepancy is about $650,000 rendering the plan not feasible on its face. The Gardners' disclosure statement sells creditors on a false promise of a dividend that can never be achieved. By promising a sweat deal and painting Debtor as evil, the Gardners seek support for their proposed Combined Plan.

### III. CONCLUSION

Because the instant case is in Subchapter V, creditors cannot propose a plan. Though there may be no bar for a creditor to file a disclosure statement, no disclosure statement was ordered to be filed. Even if so ordered, the disclosure statement aspects are inadequate and misleading.

Debtor has proposed a plan that is conditioned on his ability to secure employment and rental revenue from the ADU's. It would allow debtor to retain his residence. By contrast, the Gardners propose a liquidating plan. Chapter 7 Trustees are best suited to deal with a liquidating plan, not private trustees. So too, Chapter 7 code provisions ensure that tax consequences of sale are paid by the estate. The Gardners Combined Plan grossly over-estimates the proceeds to general unsecured creditors, giving them false hope to support a plan which promises unattainable results.

A liquidating Creditor Chapter 11 plan is inappropriate.

Respectfully submitted,

Dated: May 26, 2021

                                                THE FULLER LAW FIRM, P.C.

                                                By:  /s/ Lars T. Fuller
                                                       LARS T. FULLER
                                                       Attorneys for Debtor

9
Objection to Approval of Disclosure Statement Contained in Dale Gardner's and Melissa Gardner's Proposed Combined Plan of Reorganization and Disclosure Statement Dated April 16, 2021

Case: 20-50469    Doc# 148    Filed: 05/26/21    Entered: 05/26/21 18:04:56    Page 9 of 9