SELWYN D. WHITEHEAD, ESQ. (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510) 632-7444
Fax: (510) 856-5180
Email: selwynwhitehead@yahoo.com

JULYN M. PARK (CSB No. 213429)
DEIRDRE M. DIGRANDE (CSB No. 199766)
**LOCKHART PARK, LLP**
4655 Old Ironsides Drive, Suite 250
Santa Clara, CA 95054-1854
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
ddigrande@lockhartpark.com

Attorneys for Creditors
JEFF HANNA and AMALIA HANNA

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re: | Bk. Case No. 20-50469-SLJ |
| MORDECHAI KOKA, | Chapter 11 |
| Debtor. | **OBJECTION OF CREDITORS JEFF AND AMALIA HANNA TO JOINT EX PARTE APPLICATION FOR ORDER EXTENDING BRIEFING SCHEDULE RE JOINT PLAN OF REORGANIZATION** |

Creditors Jeff Hanna and Amalia Hanna ("the Hannas") submit this objection to the joint ex parte application of Debtor and creditors Dale and Melissa Gardner ("the Gardners") to extend the briefing schedule set forth by the Court in its order dated June 23, 2021 [Dkt. No. 179]. Debtor and the Gardners seek to extend the briefing schedule in order to have sufficient time to produce a joint plan of reorganization under chapter 11. The Hannas object to any plan that is devised in collaboration with Debtor – whether a joint or individual submission – for the following reasons.

- 1 -

A.  **Debtor's Prior Bad Faith Acts Disqualify Him As a Proponent of a Confirmable Plan**

A debtor such as Mr. Koka, who has been determined by this Court to have acted in bad faith during his prosecution of the pending case, cannot put forth a plan that is confirmable, jointly or on his own, with the requisite "good faith."

1.  <u>The "Good Faith" Requirement</u>

Section 1129(a)(3) of the Bankruptcy Code requires that the plan be "proposed in good faith and not by any means forbidden by law."[1] "Good faith" is not defined in the Code. While the Code requires good faith in different contexts – *e.g.*, sale of the debtor's assets under Section 363, confirmation of a plan under Section 1129, and confirmation of a plan under section 1325 – it does not mean the same thing in each of those contexts.[2] A debtor bears the burden of showing good faith.[3]

"To meet the 'good faith' requirement of section 1129(a)(3), many courts have held that a reorganization plan must bear some relation to the statutory objective of resuscitating a financially troubled corporation."[4] Good faith means that there "exists 'a reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.'"[5] The inquiry allows the court to consider whether the plan "constitutes an abuse of the provisions, purpose or spirit of the Code."[6] Some courts have stated that a plan that is proposed with a "legitimate and honest purpose" to reorganize and "has a reasonable hope of success" meets the good faith standard of Section 1129(a)(3).[7] Nonetheless, the good faith analysis is an open-ended one. Courts have recognized the inquiry is fact specific – enabling them, as one court put it, to "deal with chicanery."[8] Some indicators of good faith include the testimony regarding the parties' conduct during the case, the court's assessment of the parties' conduct during the course of the

---

[1] 11 U.S.C. § 1129(a)(3) (2014).
[2] *In re Abbotts Dairies of Pa.*, 788 F.2d 143, 150 n.5 (3d Cir. 1986).
[3] *In re PPI Enters. (U.S.), Inc.*, 324 F.3d 197, 211 (3d Cir. 2003).
[4] *In re Coastal Cable T.V., Inc.*, 709 F.2d 762, 765 (1st Cir. 1983); *In re Schaitz*, 913 F.2d 452, 453 (7th Cir. 1990).
[5] *In re Madison Hotel Assocs.*, 749 F.2d 410, 425 (7th Cir. 1984); *see also In re W.R. Grace & Co.*, 729 F.3d 332 (3d Cir. 2013).
[6] *In re J&J Oilfield Servs., Inc.*, 2015 BL 186903, at *12 (Bankr. D.N.D. June 12, 2015).
[7] *In re Village at Camp Bowie I, L.P.*, 710 F.3d 239, 247 (5th Cir. 2013).
[8] *Id.*

- 2 -

bankruptcy proceedings, and the overwhelming support of the debtors' creditors.[9] Although a plain reading of section 1129(a)(3) suggests that its good faith test only applies to the plan, the Second, Third, and Fifth Circuits have insinuated that the court may test the good faith of the filing of a chapter 11 case itself under Section 1129(a)(3). The Eleventh Circuit in *In re Natural Land Corp.*[10] has gone further, noting that a chapter 11 case that was not filed in good faith means that the plan could never meet the requirements of Section 1129(a)(3). In effect, the taint of a bad faith filing continues throughout the case. The Eleventh Circuit noted that there are several factors to take into account when determining whether a case was filed in good faith, including

- "the lack of a realistic possibility of an effective reorganization;"[11]
- "evidence that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights;"[12]
- "whether the debtor is seeking to use the bankruptcy provisions to create and organize a new business, not to reorganize or rehabilitate an existing enterprise or to preserve going concern values of a viable or existing business,"[13] and
- "the timing of the debtor's relevant actions."[14],[15]

2. <u>The Court Has Already Adjudged Debtor to Have Acted in Bad Faith</u>

At the June 22, 2021 hearing, the Court has already determined that Debtor's prior acts of bad faith precluded him from continuing as the debtor-in possession, leaving the Court to conclude that in order to protect the integrity of the case, it must either immediately convert or dismiss the case, whichever was in the best interest of the creditors. However, as a result of (1) Debtor informing the Court that he would be filing a motion to convert coupled with (2) the Hannas' request for time to file a motion to appoint a chapter 11 trustee, the Court agreed to

---

[9] *Id.* (citing *In re Jasik*, 727 F.2d 1379, 1383 (5th Cir. 1984) (internal quotations omitted)); *In re Monticello Realty Invs., LLC*, 526 B.R. 902, 914 (Bankr. M.D. Fla. 2015) ("A plan's good faith is determined by considering the totality of the circumstances.").

[10] *See In re SGL Carbon Corp.*, 200 F.3d 154, 167 n.19 (3d Cir. 1999) (citing *In re Metropolitan Realty Corp.*, 433 F.2d 676, 679 (5th Cir. 1970)); *In re Committee of Asbestos-Related Litigants*, 749 F.2d 3, 5 (2d Cir. 1984).

[11] *Id.* (internal quotations and citations omitted).
[12] *Id.* (internal quotations and citations omitted).
[13] *Id.* (internal quotations and citations omitted).
[14] *Id.* (internal quotations and citations omitted).
[15] *Bloomberg Law Bankruptcy Treatise, Part V: Reorganization, Chapter 178: Bankruptcy Code § 1129 - Confirmation of Plan.*

provide a very short briefing schedule for Debtor and any creditor so inclined to file their motions in advance of the August 3, 2021 hearing.

As such, it is the Hannas' position that the Court's indulgence of the parties to allow them a very short timeframe to put forth one or more logical and legally-based remedies under the Code to solve a situation where an unsuitable debtor remains in possession of valuable estate assets, some of which are nonperforming due to Debtor's negligence as the estates' fiduciary,[16] should not be used as a license to give him more time to have yet another chance to attempt to manipulate the Code and this Court by filing yet another unconfirmable plan.

**B.  The *Law of the Case Doctrine* Precludes Debtor From Any Participation in Submitting a Plan of Reorganization**

    1.  <u>The Law of the Case Doctrine Precludes the Parties From Relitigating the Same Issues and Directs the Court to Adhere to Its Prior Decisions</u>

"Under the law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."[17] "A [trial] court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."[18]

    2.  <u>The Law of the Case Doctrine Mandates That the Present Briefing Schedule Remain in Place</u>

The Court determined at the June 22, 2021 hearing on the Gardners' and Hannas' Objections to Debtor's re-designation of the case to Subchapter V that Debtor had thus far acted in bad faith during the prosecution of the case. This ruling along with the Court's decision to give Debtor and the creditors a short timeframe within which to submit briefs on the merits of either

---

[16] An example is Debtor's decision to allow himself and his children to live rent-free at the Lafayette real property. See vol. 1, p. 21, lns. 1-7 of the transcript from the § 341(a) meeting of creditors held on June 1, 2021.

[17] *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (citing *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)); *Minidoka Irrigation Dist. v. Dep't of Interior of United States*, 406 F.3d 567, 573 (9th Cir. 2005).

[18] *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005), citing *Lower Elwha Band of S'Klallams v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000).

- 4 -

The Hannas' Objection to Joint Ex Parte Application for Order Extending Briefing Schedule
Case No. 20-50469-SLJ

Case: 20-50469    Doc# 185    Filed: 07/01/21    Entered: 07/01/21 15:51:58    Page 4 of 5

converting the case to a chapter 7 or appointing some flavor of chapter 11 trustee, as stated above, **is the law of this case** and, as such, must be upheld lest Debtor use this ex parte application to extend time in order to continue his dilatory tactics.

Respectfully submitted,

Dated: July 1, 2021            LAW OFFICES OF SELWYN D. WHITEHEAD

/s/ *Selwyn D. Whitehead*
Selwyn D. Whitehead
Attorney for Creditors
JEFF HANNA and AMALIA HANNA

Dated: July 1, 2021            LOCKHART PARK, LLP

/s/ *Deirdre M. Digrande*
Deirdre M. Digrande
Attorneys for Creditors
JEFF HANNA and AMALIA HANNA