SELWYN D. WHITEHEAD, ESQ. (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510) 632-7444
Fax: (510) 856-5180
Email: selwynwhitehead@yahoo.com

JULYN M. PARK (CSB No. 213429)
DEIRDRE M. DIGRANDE (CSB No. 199766)
**LOCKHART PARK, LLP**
4655 Old Ironsides Drive, Suite 250
Santa Clara, CA 95054-1854
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
ddigrande@lockhartpark.com

Attorneys for Creditors
JEFF HANNA and AMALIA HANNA

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MORDECHAI KOKA,<br><br>    Debtor. | Bk. Case No. 20-50469-SLJ<br><br>Chapter 11<br><br>**MOTION OF CREDITORS JEFF AND AMALIA HANNA FOR APPOINTMENT OF A LIQUIDATING CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a) AND FRBP 2007.1(a) AND 9014**<br><br>Date: August 3, 2021<br>Time: 2:00 p.m.<br>Location: Videoconference/Teleconference<br>Judge: The Hon. Stephen L. Johnson |

**TO THE HONORABLE STEPHEN L. JOHNSON, JUDGE OF THE UNITED STATES BANKRUPTCY COURT:**

Creditors Jeff Hanna and Amalia Hanna ("the Hannas"), by and through their counsel of record, hereby move the Court for the appointment of a liquidating Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) and Rules 2007.1(a) and 9014 of the Federal Rules of Bankruptcy

-1-

LAW OFFICES OF SELWYN D. WHITEHEAD
4650 Scotia Avenue
Oakland, CA 94605
Phone: 510.632.7444

Procedure. Cause exists for, and the interests of creditors and the estate would be served by, such an appointment for the reasons set forth below.

## I. INTRODUCTION

This is a case where the Debtor has had every opportunity to deal with his creditors honestly and forthrightly by putting forth a plan to liquidate most or all of his real property so that his pre-petition customers, such as the Hannas, are partially compensated for the pain and suffering they have endured during and after the Debtor's mismanaged and slipshod remodeling of their home. Instead, the Debtor has decided to utilize the protection of this honorable Court to foot-drag and play games, to the frustration and distress of his creditors. Bankruptcy court is not a playground, but a serious forum for the honest, but unfortunate, debtor looking for a fresh start and willing to exchange non-exempt assets as part of the bargain. As such, and because of his conduct during this case, if there ever was a case where the Debtor should be removed as debtor-in-possession and replaced with a trustee, this is it.

## II. STATEMENT OF FACTS

1. Prior to filing for bankruptcy protection, the debtor, Mordechai Koka (the "Debtor"), operated Green Bay Builders, Inc. ("GBB"), a general contracting company. The Hannas and co-creditors Dale and Melissa Gardner (the "Gardners") at different times entered into home improvement contracts with GBB. The Hannas and Gardners allege that GBB either performed substandard work or failed to perform at all, thereby causing them to incur substantial damages.

2. On March 10, 2020, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [Dkt. No. 1].

3. In the ensuing year while the Debtor remained in possession of the bankruptcy estate, he undertook no appreciable action towards presenting a plan for reorganizing and minimal action to liquidate the assets of the bankruptcy estate [Dkt. Nos. 2-138[1]].

---

[1] On or about July 6, 2020, the Debtor did move the Court for permission to sell one of his three properties held by the bankruptcy estate, the Napa property [Dkt. Nos. 60-66]. That motion was granted by the court on August 8, 2020 [Dkt.No. 76]. On June 22, 2021, the Debtor filed a motion to sell the second of his three real properties (the Alameda property, which is currently pending [Dkt. No. 177].

4. On April 16, 2021, the Gardners filed their own proposed plan of reorganization and set the matter for hearing on June 3, 3021 [Dkt. No. 114; 115].

5. On May 3, 2021, prior to the hearing on the Gardners' proposed plan, the Debtor filed an amended petition to proceed under Chapter 11, Subchapter V. [Dkt. No. 121].

6. On May 3, 2021, the Gardners, joined by the Hannas on May 3, 2021, filed an opposition to designation of this case under Subchapter V. [Dkt. Nos. 120[2]; 124.]

7. On May 6, 2021, the Office of the U.S. Trustee appointed Christopher Hayes as the Subchapter V Trustee. [Dkt. 128.]

8. On May 7, 2021, the Court reset the Debtor's 341(a) meeting of creditors for June 1, 2021.

9. On May 13, 2021, the Debtor filed his Subchapter V Plan of Reorganization. [Dkt. No. 138.]

10. On May 25, 2021, the Gardners, joined by the Hannas on June, 8 2021, filed an objection to designation of this case under Subchapter V or, alternatively a motion to remove Debtor from possession and/or convert to Chapter 7 ("Subchapter V Designation Objection") [Dkt. No. 143[3]; 159].

11. At the meeting of creditors held on June 1, 2021, the Debtor admitted that his intent was to keep Lafayette Property, an asset he valued at approximately $1.7 million.[4]

12. At the June 22, 2021 hearing on the Gardners' Subchapter V Designation Objection, the Court articulated its finding that in filing an amended petition to proceed under Subchapter V, the Debtor had acted in bad faith.[5]

---

[2] Opposition to (1) Post-Petition Transfer of Property of the Estate for Payment of Retainer; and (2) Conversion of Chapter 11 Case to Sub-Chapter V.

[3] Objection to Designation Under Sub-Chapter V Pursuant to Federal Rule of Bankruptcy Procedure 1020(B) and in the Alternative, Motion to: (1) Remove Debtor in Possession Pursuant to 11 U.S.C. § 1185; (2) Convert Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(B).

[4] Transcript from the Meeting of Creditors on June 1, 2021 ("Creditors Meeting Transcript") at p. 22, lns. 4-9: "Q. — … What is fair market value of the Lafayette property? A. I would say 1.5, 1.7 maybe. Q. What's the basis of that? A. This is what my knowledge was going on in the market here."

[5] See p. 24, lns.17-19; p. 25, lns. 14-15 of the transcript of proceedings held on June 22, 2021 ("Hearing Transcript").

LAW OFFICES OF SELWYN D. WHITEHEAD
4650 Scotia Avenue
Oakland, CA 94605
Phone: 510.632.7444

13. In making this determination, the Court noted the inconsistencies and contradictions between the Debtor's original Schedules E and F and the amended schedules, including Debtor's re-characterizing the court-approved stipulated debt to the Hannas as now disputed, contingent, and unliquidated.[6] The Court found this to be a breach of the stipulation between the Hannas and the Debtor and "*egregious behavior, blatant manipulation of the schedules*."[7]

14. As of July 7, 2021, no trustee has as yet been appointed and Debtor remains in possession.[8] No official committee of unsecured creditors has been formed.

15. The Hannas therefore submit that the appointment of an independent liquidating trustee is necessary to supervise the expeditious liquidation of Debtor's Bankruptcy Estate and is in the best interest of the creditors.

### III. JURISDICTION, STATUTORY AUTHORITY, AND STANDING

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), so the Court has jurisdiction to decide this matter.

The statutory bases for the relief requested herein are 11 U.S.C. § 1104(a)(1) and (2) and Rules 2007.1(a) and 9014 of the Federal Rules of Bankruptcy Procedure.

As creditors of the Debtor, the Hannas qualify as "part[ies] in interest" under 11 U.S.C. § 1104(a)(1) and thus have standing to bring this motion.

The Hannas confirm their consent for the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the court, absent consent of the

---

[6] See Hearing Transcript 8:25-9:9.

[7] The full text reads: "Under the circumstances, I consider the removal of the Hulgans' from E and F and the breach of the Hanna stipulation to be egregious behavior, blatant manipulation of the schedules. The general right to amend under Rule 1009(a) does not excuse misrepresentations and omissions in the schedules signed under penalty of perjury and submitted to the Court. Although the Debtor filed the third amended Schedule E and F, the original and previous amended Schedules E and F still retain some evidentiary effect as they were signed under penalty of perjury… The Debtor provided no reason, let alone any credible reason, for the discrepancies between the latest Schedules E and F and all of the prior versions. The Debtor testified at the recent 341 Meeting that he had reviewed the petition and schedules and signed them, and he did not allege that the information in the petition and the previous versions of Schedule E and F were the mistake – were a result of mistake or inadvertence." Hearing Transcript 21:25-22-19.

[8] At a hearing on June 22, 2021, this Court made a determination that the Debtor has acted in bad faith during the prosecution of this case and is therefore unsuitable to continue as a debtor-in-possession.

-4-

parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## IV. RELIEF REQUESTED

By this motion, the Hannas respectfully request that the Court enter an order substantially in the form filed herewith appointing a liquidating trustee pursuant to 11 U.S.C. § 1104(a) to supervise the liquidation of the bankruptcy estate as ample cause exists and it is in interest of the creditors in this case.

## V. ARGUMENT

### A. Statutory Requirements

#### 1. The Hannas Satisfy the Requirements for Requesting Appointment of a Chapter 11 Trustee

Section 1104(a) sets forth the prerequisites for requesting the appointment of a trustee: a pending Chapter 11 case with no appointed trustee or confirmed plan requested by a "party in interest" or the U.S. Trustee. 11 U.S.C. § 1104(a). These conditions are clearly satisfied in the instant matter – no trustee has been appointed, no plan has been confirmed, and as creditors, the Hannas qualify as interested parties.

#### 2. The Debtor in Possession May Be Replaced With a Trustee Upon a Showing of Cause or That the Interests of the Creditors Would Be Served by Such an Appointment

The Bankruptcy Code provides two bases for the appointment of a trustee in a Chapter 11 case. First, under Section 1104(a)(1), the Court **must** appoint a trustee if a movant, after notice and a hearing, demonstrates "cause." 11 U.S.C. § 1104(a)(1) ("[T]he court shall order the appointment of a trustee . . .") (emphasis added). There are four non-exclusive circumstances constituting "cause," "including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . ." *Id*.

Section 1104(a)(2) authorizes a bankruptcy court to appoint a Chapter 11 trustee without a showing of cause "if such appointment is in the interests of creditors, any equity security

holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor." 11 U.S.C. § 1104(a)(2), *Fukutomi v. United States Trustee* (*In re Bibo, Inc.*) (9th Cir. 1996) 76 F.3d 256, 258. *See also* 7 Collier on Bankruptcy at ¶ 1104.02[1]. Whether cause exists for appointment is within the court's discretion. *Lowenschuss v. Selnick* (*In re Lowenschuss*), 171 F.3d 673, 685 (9th Cir. 1999). The Court has "particularly wide discretion" to appoint a trustee even absent wrongdoing or mismanagement. *In re Bellevue Place Associates*, 171 B.R. 615, 623 (N.D. Ill. 1994). Where the Court finds either that cause exists or that appointment is in the interest of the parties, an order for the appointment of a trustee is mandatory. *Official Comm. of Asbestos Pers. Injury Claimants v. Sealed Air Corp.* (*In re W.R. Grace & Co.*), 285 B.R. 148, 158 (Bankr. D. Del. 2002).

### B. Cause Exists for Appointment of a Trustee

In assessing whether cause exists, the Court may consider pre- as well as post-petition conduct. *In re Microwave Prods. of Am., Inc.*, 102 B.R. 666, 671 (Bankr. W.D. Tenn. 1989) (courts may consider pre-petition, as well as post-petition conduct in determining the necessity of a trustee). The determination of whether cause exists must be taken on a case-by-case basis, taking into account all relevant factors. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir. 1989). Pre-petition conduct alone may provide the basis for a court to appoint a trustee. *See In re Rivermeadows Assocs., Ltd.*, 185 B.R. 615, 619 (Bankr. D. Wyo. 1995).

Here, there is ample evidence to warrant replacement of the Debtor with disinterested trustee.

**First**, the Debtor has been less that honest in dealing with the creditors and in his representations to the Court. With regard to the Hannas, pre-petition the Debtor was willing to settle their dispute for $80,000.00 [Dkt. No. 83-2], only to reverse his position and assert their claim as disputed [Dkt. No. 73], thereby obligating them to file an opposition supported by many declarations and exhibits at considerable expense [Dkt. No. 83]. The Debtor then changed course again: stipulating to a greater claim amount [Dkt. No. 90] and withdrawing his objection [Dkt. No. 99].

-6-

MOTION OF CREDITORS JEFF AND AMALIA HANNA FOR APPOINTMENT OF LIQUIDATING CHAPTER 11 TRUSTEE
KOKA/CASE NO.: 20-50469

Case: 20-50469    Doc# 190    Filed: 07/07/21    Entered: 07/07/21 23:42:09    Page 6 of 9

Furthermore, in filing the amended petition for Subchapter V treatment and amended Schedules E and F, the Court determined that the Debtor had acted in bad faith. The Court took pains to point out the many inconsistencies and contradictions between the Debtor's original schedules and the amended schedules, leading to the Court's concluding that the schedules had been manipulated to get below the debt limit.[9]

**Second**, the Debtor is guilty of, at the very least, incompetence. Until prompted to do so by the filings of various creditors, the Debtor had taken no steps to present a confirmable plan and had only liquidated the one of estate's assets: the "Napa Property." Instead, he has stalled the proceedings by launching unfounded objections to valid proofs of claim [Dkt. Nos. 71, 73] and by seeking to re-designate this case under Subchapter V, but falling far short of the requirements.[10] Furthermore, the Debtor has failed to maximize the value of estate assets. He admitted that the principal asset of the bankruptcy estate – the "Lafayette Property" – has been partially occupied by his children (in ancillary units) rent-free while the main house remained empty for approximately one year.[11]

**Third**, the Debtor's aforementioned actions and inactions render him unfit to act as a fiduciary. Where a debtor cannot or will not fulfill its fiduciary duties to creditors, the inability is cause for the appointment of a Chapter 11 trustee under Section 1104(a). The usual presumption in favor of allowing a Chapter 11 debtor to remain in possession vanishes completely when management does not or cannot perform its fiduciary duties. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) ("[t]he willingness of courts to leave debtors in possession is premised upon an assurance that the officers and managing

---

[9] In the original schedules, "the Debtor is over the maximum debt limit…. None of that debt was listed as contingent or unliquidated….The amended Schedules E and F, in contrast, indicate that many of the debts are contingent or unliquidated; some are disputed and has [sic] changed the number of many of the debts, and the Debtor now argues that with those changes, the Debtor is below the debt limit. That may be true if the amended schedules were chapter and verse on this topic, but they are not…. [This] situation is very similar to a case called *In re … Soderland* at 236 BR 271, a BAP case from 1999, in which the debtors filed multiple versions of the schedules in an effort to get below a debt limit." Hearing Transcript 7:1-20.
[10] Hearing Transcript 17:19-21.
[11] Creditors Meeting Transcript at 8:25-9:20; 20:15-22:1.

-7-
MOTION OF CREDITORS JEFF AND AMALIA HANNA FOR APPOINTMENT OF LIQUIDATING CHAPTER 11 TRUSTEE
KOKA/CASE NO.: 20-50469

Case: 20-50469    Doc# 190    Filed: 07/07/21    Entered: 07/07/21 23:42:09    Page 7 of 9

employees can be depended upon to carry out the fiduciary responsibilities of a trustee.") (quoting *Wolf v. Weinstein*, 372 U.S. 633, 651 (1963)).

### C. Appointment of a Trustee Serves the Interest of the Creditors and the Estate

In determining whether the appointment of a trustee is in the best interests of creditors, a bankruptcy court must necessarily resort to its broad equity powers. Moreover, equitable remedies are a special blend of what is necessary, what is fair and what is workable. *Schuster v. Dragone*, 266 B.R. 268, 272-73. (D. Conn. 2001) (quotations omitted).

The factors considered by courts in assessing motions brought under this subsection include: (1) the trustworthiness of the debtor, (2) the debtor's past and present performance and prospects for rehabilitation, (3) the confidence – or lack thereof – of the business community and of creditors in present management, and (4) the benefits derived from the appointment of a trustee, balanced against the cost of the appointment. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007).

The appointment of a trustee in the instant case is in the best interests of the creditors and the estate. The most crucial factor weighing in favor of the appointment of a trustee under Section 1104(a)(2) is the need for creditors to have confidence that an independent trustee will take charge of the estate's management and proceed with its liquidation. Absent an independent fiduciary, the Hannas and the other creditors should not be asked to risk jeopardizing whatever chances are left to realize the potential value of the Lafayette Property and other estate assets, if any. The appointment of a trustee will provide them with the necessary independent scrutiny and transparency needed to conclude this case and distribute the assets in an equitable and expeditions manner. The costs associated with appointing a liquidating trustee in this case are inconsequential compared to the risk of further mismanagement by the Debtor.

////
////
////
////
////

-8-

MOTION OF CREDITORS JEFF AND AMALIA HANNA FOR APPOINTMENT OF LIQUIDATING CHAPTER 11 TRUSTEE
KOKA/CASE NO.: 20-50469

Case: 20-50469    Doc# 190    Filed: 07/07/21    Entered: 07/07/21 23:42:09    Page 8 of 9

## VI. CONCLUSION

For all of the foregoing reasons, the Hannas respectfully request that the Court order the appointment of a disinterested trustee to promptly liquidate the Debtor's estate.

Respectfully submitted,

Dated: July 7, 2021

LAW OFFICES OF SELWYN D. WHITEHEAD

/s/ *Selwyn D. Whitehead*
Selwyn D. Whitehead
Attorney for Creditors
JEFF HANNA and AMALIA HANNA

Dated: July 7, 2021

LOCKHART PARK, LLP

/s/ *Deirdre M. Digrande*
Deirdre M. Digrande
Attorneys for Creditors
JEFF HANNA and AMALIA HANNA