**LAW OFFICES OF CRAIG V. WINSLOW**
CRAIG V. WINSLOW, Cal. Bar No. 73196
630 N. San Mateo Drive
San Mateo, California 94401
Telephone: (650) 347-5445
Facsimile: (650) 347-4411
Email: craig@cvwlaw.com

**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>Debtor. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION OF CREDITORS JEFF AND AMALIA HANNA FOR APPOINTMENT OF LIQUIDATING CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(A) AND FRBP 2007.1(A) AND 9014**<br><br>Date: August 3, 2021<br>Time: 2:00 p.m.<br>Location: Telephonic / Videoconference<br>Judge: Honorable Stephen L. Johnson |


BK CASE NO. 20-50469-SLJ
- 1 -
OPPOSITION TO MOTION OF CREDITORS JEFF AND AMALIA HANNA FOR APPOINTMENT OF LIQUIDATING CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(A) AND FRBP 2007.1(A) AND 9014

Case: 20-50469    Doc# 197    Filed: 07/20/21    Entered: 07/20/21 21:44:29    Page 1 of 3

1     Creditors Dale Gardener and Melissa Gardner (the "Gardners") hereby submit opposition (the "Opposition") to the *Motion of Creditors Jeff and Amalia Hanna for Appointment of Liquidating Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) and FRBP 2007.1(a) and 9014* (the "Motion") [Dkt. No. 190] filed by creditors Jeff Hanna and Amalia Hanna (the "Hannas") in the above-captioned matter.

    In the Motion, the Hannas assert that there is cause to appoint a trustee pursuant to section 1104(a)(1) and (a)(2) of the Bankruptcy Code, and further assert that "[t]he costs associated with appointing a liquidating trustee in this case are *inconsequential* compared to the risk of further mismanagement by the Debtor." (Dkt. No. 190, 8:22-23).

    The Gardners respectfully disagree that appointment of a Chapter 11 Trustee is in the best interest of the estate, and further disagree that the costs associated with appointment of a Chapter 11 Trustee will be *inconsequential* compared to the risk of leaving Debtor in possession.

    First, since a Chapter 11 Trustee is entitled to compensation pursuant to the sliding-scale provided for in section 326(a) of the Bankruptcy Code, it is anticipated that the administrative costs associated with liquidation of all non-exempt assets, including the Paru Property and the Acalanes Property, will likely exceed $126,700. See Dkt. No. 193, p. 17. Further, once accounting for the administrative expenses of the Trustee's other professionals, including attorneys and accountants, it is anticipated that the costs of appointing a Chapter 11 Trustee will exceed $275,000. Id. Regrettably, these administrative claims will reduce dollar-for-dollar estate assets which otherwise would be available to pay allowed claims of the Gardners and the Hannas, and under the circumstances, constitute an extraordinary cost of administration.

    Second, on July 20, 2021, Debtor and the Gardners filed a *Joint Chapter 11 Plan of Reorganization* [Dkt. No. 193] (the "Joint Plan"), which in relevant part: (a) provides for immediate liquidation of the Paru Property; (b) provides for immediate payment of all net proceeds of sale from the Paru Property and the Vichy Property to general unsecured creditors; (c) requires all proceeds of sale to be maintained and distributed by Debtor's counsel (Lars Fuller); (d) virtually eliminates the incurrence of any additional administrative expenses with implementation of the plan; (e) eliminates uncertainty and risks associated with a Chapter 11

- 2 -

BK CASE NO. 20-50469-SLJ

OPPOSITION TO MOTION OF CREDITORS JEFF AND AMALIA HANNA FOR APPOINTMENT OF LIQUIDATING CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(A) AND FRBP 2007.1(A) AND 9014

Case: 20-50469    Doc# 197    Filed: 07/20/21    Entered: 07/20/21 21:44:29    Page 2 of 3



1 Trustee (or Chapter 7 Trustee); and (f) provides a dividend to general unsecured creditors that will far exceed the dividend available from liquidation of all non-exempt assets by a Chapter 11 Trustee (or Chapter 7 Trustee).  See Dkt. No. 193.

Third, although the Court is well aware of prior allegations made by the Gardners against Debtor in prior pleadings, concerns regarding Debtor's conduct or malfeasance are significantly tempered in the Joint Plan because: (a) Debtor is only required to liquidate the Paru Property in order to satisfy the allowed claims of general unsecured creditors; (b) all net proceeds of sale from the Paru Property and the Vichy Property will be held in the IOLTA attorney-client trust account for Debtor's counsel (Lars Fuller); (c) Debtor's counsel (Lars Fuller) will make all disbursements to creditors; and (d) Debtor has a very real incentive to promptly perform all obligations (without fail) in order to retain the Acalanes Property.

Based on the foregoing, the Gardners assert that although there may be "cause" to appoint a Chapter 11 Trustee, given the favorable terms of the Joint Plan for all general unsecured creditors of the estate, at this time, it is not in the best interest of the estate or creditors to appoint a Chapter 11 Trustee.  As such, the Gardners respectfully request that the Court deny the Motion and allow Debtor and the Gardners to seek confirmation of the Joint Plan.

Dated: July 20, 2021                                      **MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
Brent D. Meyer
Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER



MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 20-50469-SLJ

- 3 -

OPPOSITION TO MOTION OF CREDITORS JEFF AND AMALIA HANNA FOR APPOINTMENT OF LIQUIDATING CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a) AND FRBP 2007.1(a) AND 9014