**United States Bankruptcy Court**
**Northern District of California**

In re:                                    Case No. 20-50469-SLJ
**MORDECHAI KOKA**
                                          Chapter 11

_____/

**CREDITORS AMALIA AND JEFF HANNA'S[PROPOSED] COMBINED PLAN OF REORGANIZATION**
**AND[TENTATIVELY APPROVED] DISCLOSURE STATEMENT**
**(August 10, 2021)**

**INTRODUCTION**

This is Amalia and Jeff Hanna's (the Plan Proponent") Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the "Plan"). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date]. The court will hold a hearing on confirmation of the Plan on [date] at [time]. However, the court will first determine if the disclosure aspects of this Plan provide sufficient information to the parties in interest at a hearing currently scheduled for September 7, 2021 at 2:00 P.M.

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 1 of 23

required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PART 1: TREATMENT OF SECURED CREDITORS

**Debtor to Make Regular Payments and Pay Arrears Over Time.**
1702 Paru Street, Alameda, California 94501

| Class | 1(A) | | |
|---|---|---|---|
| Name of Creditor | Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007-A | | |
| Collateral | 1702 Paru Street (1st DOT) Alameda, California 94501 | | |
| Amount Due | $824,534.99 | | |
| Regular Monthly Payment | $4,662.02 [Stipulation Re Payment Dkt. No. 36.] | | |
| Estimated Value | $1,625,833 | | |
| Estimated Arrears | $4,662.02   [Per POC #5-1] | | |
| Interest Rate on Arrears | 0.00% | | |

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                          (Version: 7/30/12)
August 10, 2021

-2-

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 2 of 23

| Monthly Payment on Arrears | Single lump-sum payment due on or before 90 days after the Effective Date from income produced by two rental units. | | |
|---|---|---|---|

Debtor will retain the above collateral [the aforementioned collateral and pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges), on the 15th day of the month, starting in the month following the Effective Date.

On April 27, 2020, Debtor and Class 1(A) Claimant Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007-A ("Deutsche Bank") entered into a Stipulation for Plan Treatment on First Lien Secured by Real Property Located at 1702 Paru Street, Alameda, CA 94501, (the Alameda Property"),(the "Deutsche Bank Stipulation") [Dkt. No. 38], with respect to the treatment of the Class 1(A) claim of Deutsche Bank, which is incorporated herein by reference. Further, the terms and conditions of the Deutsche Bank Stipulation shall govern, supersede, and replace any inconsistent or contrary provision set forth in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c). **These secured claims are impaired and entitled to vote on confirmation of the Plan.**

1702 Paru Street, Alameda, California 94501

| Class | 1(B) | | |
|---|---|---|---|
| Name of Creditor | Citibank West, FSB | | |
| Collateral | 1702 Paru Street ($^{(}$1st DOT)<br>Alameda, California 94501 | | |
| Amount Due | $153,000.00 | | |
| Regular Monthly Payment | $643 [30 year fixed rate 2.880%] | | |
| Estimated Value | $1,625,833 | | |
| Estimated Arrears | | | |
| Interest Rate on Arrears | 2.880% | | |

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 3 of 23

| Monthly Payment on Arrears | Single lump-sum payment due on or before 180 days after the Effective Date from a new loan commitment or sale of the property. | | |
|---|---|---|---|

Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) with interest in one (1) payment, due 180 days after the Effective Date on the above secured claims. To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the amount. Creditors in these classes shall retain their interest in the collateral until paid in full.

Pending the refinance of the Alameda Property and the payment in full to Citibank West, FSB, ("Citibank") Debtor shall make Adequate Protection payments to Citibank in the amount of $643.00 due on the 15th day of the month, starting in the month following the Effective Date. The Adequate Protection amount is based on a 30-year 2.880% fixed rate loan for a $155,000.00.

To the extent that Debtor is unable to obtain a loan commitment or other funds sufficient to pay off all the outstanding arrears owed to Citibank in full within 120 days after the Effective Date, then Debtor shall promptly list, market, and sell the Subject Property to pay the creditors in this class in full, and escrow for such sale shall close no later than 220 days after the Effective Date. Unless the court orders otherwise, a lienholder whose lien is not in bona fide dispute may credit bid the amount of its lien at the sale. Any deficiency claim is a general unsecured claim treated in Part 2.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and entitled to vote on confirmation of the Plan.**

**Property to be Sold.**
858 Acalanes Road, Lafayette, CA 94549

| Class1(C) | | | |
|---|---|---|---|
| Name of Creditor | HSBC Bank USA, National Association as Trustee for Merrill Lynch Mortgage Investors, Inc., Mortgage Pass-Through Certificates, MANA Series 2007-AF1 | | |

| Collateral | 858 Acalanes Ro<sup>ad</sup> (1st DOT), Lafayette, California 94549 | | |
|---|---|---|---|
| Value of Collateral | $2,168,000.00 | | |
| Amount Due | $965,095.64 | | |
| Estimated Arrears | $428,325.78 | | |
| Monthly Payment | $5,238.29 | | |

Debtor will sell the above collateral within 90 days of the Effective Date, paying secured creditors from the proceeds of the sale.  Debtor will file a motion for approval of any such sale on 28 days notice to lien holders.  Unless the court orders otherwise, a lienholder whose lien is not in bona fide dispute may credit bid the amount of its lien at the sale.  Any deficiency claim is a general unsecured claim treated in Part 2.

Debtor will make the above monthly payments pending the closing of the sale, due the [15th] day of the month, starting in the month following the Effective Date.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**
**Class 2(a).   Small Claims.**

| Name of Creditor | Amount of Claim | Amount to be Paid |
|---|---|---|
| Credit Collection | $193.00 | $183.35 |
| Franchise Tax Board | $399.51 | $379.53 |
| **Total** | **$592.51** | **$562.88** |

This class includes any creditor whose allowed claim is $ 399.51 or less, and any creditor in Class 2(b) whose allowed claim is larger than $ 399.51 but agrees to reduce its claim to $ 399.51.  Each creditor will receive on the Effective Date of the Plan a single payment equal to [select one] [the lesser of its allowed claim or $ [number]] [lesser of 95% of its allowed claim or $ 379.53].
///
///

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement          (Version: 7/30/12)
August 10, 2021
-5-

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 5 of 23

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Claimants in this class are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.**

**Class 2(b). [Other] General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Effective Date Payment | Estimated Total Amount to be Paid |
|---|---|---|---|---|
| CBA Collection Bureau | $ 2,530.00 | N | | $ 2,277.00 |
| Citi Visa (Costco) | $ 4,490.00 | N | | $ 4,041.00 |
| Houzz | $ 2,000.00 | N | | $ 1,800.00 |
| Sales Force | $ 7,000.00 | N | | $ 6,300.00 |
| United Site Services | $ 7,000.00 | N | | $ 6,300.00 |
| Amalia and Jeff Hanna | $ 84,941.50 | N | | $ 76,447.35 |
| Nicole and Allan Hulgan | $ 54,400.00 | N | | $ 48,960.00 |
| Thanh-Tam and Daniel Morgan | $100,682.36 | N | | $ 90,614.12 |
| Mai T. Hoang | $ 18,125.00 | N | | $ 16,312.50 |
| **Total** | **$281,168.86** | | | **$253,051.96** |

Allowed claims of general unsecured creditors [not treated as small claims in 2A, above or special class claims in accord with their agreement for lessor treatment pursuant to 11 U.S.C. Section 1123(a)(4), below.(including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

**Pot Plan.** Creditors will receive a pro-rata share of a fund projected to total approximately $255,000,00, and created by the sales proceeds from the sale of Debtor's real property commonly known as and located at 858 Acalanes Road, Lafayette, California 94549 (the "Lafayette Property"), which will be sold within 90 days of the Effective Date. The fund proceeds available to this class of unsecured creditors will be that residue derived after the payment in full of: (i) the secured claim provided for in Part 1 attached to the Lafayette Property (Class 1C); (ii) all reasonable and customary costs, fees, and other charges incurred by the Debtor's Estate from liquidating the Lafayette Property

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021

—6—

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 6 of 23

under this Plan and from property previously liquidated by Debtor, 3190 Vichy Avenue, Napa California 94548 (the "Napa Property") (not including capital gains taxes); (iii) all claims provided for in Class 2(a); (iv) all administrative claims provided for in Part 3(a)-(c); and (v) any withdrawals or distributions previously ordered by the Court from the net proceeds of sale from the Property.

Pro-rata means the entire amount of the fund divided by the entire amount owed to creditors with allowed claims in this class.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**Class 2(c). Special Class of General Unsecured Claims Pursuant to 11 U.S.C Section 1123(a)(4).**

| Name of Creditor | Amount of Claim | Disputed Y/N | Effective Date Payment | Estimated Total Amount to be Paid |
|---|---|---|---|---|
| Melissa and Dale Gardner | $1,285,810.91 | N | $22,842.82 | $522,842.82 |
| **Total** | **$1,285,810.91** | | **$22,842.82** | **$522,842.82** |

**Percent Plan.** Creditors will receive **40.66** percent of their agreed-to claim of $522,842.82 created by the sales proceeds from the sale of Debtor's real property commonly known as and located at 858 Acalanes Road, Lafayette, California 94549 (the "Lafayette Property"), which will be sold within 90 days of the Effective Date. Creditors will receive the agreed-to value of their claim in 2 payments; 1 payment of $22,371.06 on the Effective Date and the balance of $500,000,00 from the residue derived after the payment in full of: (i) the secured claim provided for in Part 1 attached to the Lafayette Property (Class 1C); (ii) all reasonable and customary costs, fees, and other charges incurred by the Debtor's Estate from liquidating the Lafayette Property under this Plan and from property previously liquidated by Debtor, 3190 Vichy Avenue, Napa California 94548 (the "Napa Property") (not including capital gains taxes); (iii) all claims provided for in Class 2(a); (iv) all administrative claims provided for in Part 3(a)-(c); and (v) any withdrawals or distributions previously ordered by the Court from the net proceeds of sale from the Property.

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021

-7-

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 7 of 23

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is unimpaired and is not entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**

(a)  <u>Professional Fees</u>.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Farsad Law Offices, P.C. [Former Counsel for Debtor | $   5,000.00 |
| The Fuller Law Firm, P.C. [Counsel for Debtor] | $  15,000.00 |
| Christopher Hayes [Former Sub-Chapter V Trustee] | $   9,717.00 |

(b)  <u>Other Administrative Claims</u>.  Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below).  All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor[1] | Estimated Amount of Claim |
|---|---|

---

[1] In conjunction with confirmation of the Plan, the Law Offices of Selwyn D. Whitehead and the Meyer Law Group, LLP shall file a motion for a substantial contribution pursuant to 11 U.S.C. §§ 503(b)(3)(D) and (b)(4) prior to receiving any funds from Debtor's estate.

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021

-8-

| | |
|---|---|
| Law Offices of Selwyn D. Whitehead [Counsel for Plan Proponents, The Hanna's] | $15,000.00 |
| Meyer Law Group, LLP [Counsel for The Gardners] | $20,000.00 |

(c) <u>Tax Claims</u>. Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year]. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| Internal Revenue Service | $1,670.00 | 3.00% | $1,670.00 | 1 |
| Franchise Tax Board | $1,598.05 | 3.00% | $1,598.05 | 1 |

(d) Priority Security Deposits. Debtor will pay allowed claims entitled to priority under section 507(a)(7) after the creditor surrenders possession of their leasehold interest to Debtor consistent with applicable California law.

| Name of Creditor | Property with the Security Deposit Interest | Amount of Deposit |
|---|---|---|
| Alexander Beuscher Scott Beuscher | Residential Lease for 1702 Paru Street Alameda, CA 94501 | $1,895.00 |
| Manol Penarada Erlina Penaranda Arnaldo Catolos Tate Arron Catolos | Residential Lease for 1702 Paru Street Alameda, CA 94501 | $3,000.00 |

**PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation

obligations will be paid as they come due.  Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| Alexander Beuscher<br>Scott Beuscher | Residential Lease for 1702 Paru Street<br>Alameda, CA 94501 |
| Manol Penarada<br>Erlina Penaranda<br>Arnaldo Catolos<br>Tate Arron Catolos | Residential Lease for 1702 Paru Street<br>Alameda, CA 94501 |

(b) Executory Contracts/Unexpired Leases Rejected.  Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court.  Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| [NONE] | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed [select one] [assumed/rejected].


**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**
(a)  Discharge.  Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b)  Vesting of Property.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c)  Plan Creates New Obligations.  Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                         (Version: 7/30/12)
August 10, 2021

undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a)  <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b)  <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c)  <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.
///
///
///
///

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 11 of 23

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) <u>Retention of Jurisdiction</u>. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.


**PART 7: GENERAL PROVISIONS**

(a) <u>Effective Date of Plan</u>. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement          (Version: 7/30/12)
August 10, 2021

-12-

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 12 of 23

(b)  Disolved Claim Reserve.  Debtor will create a reserve for
disputed claims.  Each time Debtor makes a distribution to the
holders of allowed claims, Debtor will place into a reserve the
amount that would have been distributed to the holders of
disputed claims if such claims had been allowed in the full
amount claimed.  If a disputed claim becomes an allowed claim,
Debtor shall immediately distribute to the claimant from the
reserve an amount equal to all distributions due to date under
the plan calculated using the amount of the allowed claim.  Any
funds no longer needed in reserve shall be [select one] [returned
to Debtor] [distributed pro-rata among allowed claims in this
class].

(c)  Cramdown.  Pursuant to section 1129(b) of the Bankruptcy
Code, Debtor reserves the right to seek confirmation of the Plan
despite the rejection of the Plan by one or more classes of
creditors.

(d)  Severability.  If any provision in the Plan is determined to
be unenforceable, the determination will in no way limit or
affect the enforceability and operative effect of any other
provision of the Plan.

(e)  Governing Law.  Except to the extent a federal rule of
decision or procedure applies, the laws of the State of
California govern the Plan.

(f)  Lawsuits.

    Debtor believes that causes of action for fraudulent
transfers, voidable preferences, or other claims for relief exist
against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| [NONE] | | | | |

(g)  Notices.  Any notice to the Debtor shall be in writing, and
will be deemed to have been given three days after the date sent
by first-class mail, postage prepaid and addressed as follows:
///
///
///
///

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021

-13-
Case: 20-50469    Doc# 212    Filed: 08/10/21    Entered: 08/10/21 14:52:47    Page 13 of
23

**Plan Proponent Plan**       **Proponent's Counsel**
Amalia Hanna                  Law Offices of Selwyn D. Whitehead
Jeff Hanna                    Attn: Selwyn D. Whitehead, Esq.
161 Cherry Avenue             4650 Scotia Avenue
Campbell, CA 95008            Oakland, CA 94605

(h)  Post-Confirmation United States Trustee Fees.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: August 10, 2021       /s/**Selwyn D. Whitehead**_____
                             SELWYN D. WHITEHEAD
                             Attorney for Plan Proponent
                             Amalia and Jeff Hanna

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 14 of 23

**Attorney Certification**

I, <u>Selwyn D. Whitehead</u>, am legal counsel for the Plan Proponents, Amalia and Jeff Hanna in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Attached hereto as "Exhibit A" is a redline copy identifying all alternations and modifications to any provision of the Standard-Form Plan.

I declare that the foregoing is true and correct. Executed this <u>10th</u> day of <u>August</u>, 20<u>21</u>.

/s/**_Selwyn D. Whitehead_**
SELWYN D, WHITEHEAD, ESQ.
Attorney for Plan Proponents, Amalia and Jeff Hanna

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021
-15-

Case: 20-50469    Doc# 212    Filed: 08/10/21    Entered: 08/10/21 14:52:47    Page 15 of 23

**Exhibit 1 – What Follows Are the Events That Led To Bankruptcy, As Alleged by the Debtor in His Plan Dated July 20, 2021.**

"*Pursuant to the Status Conference Statement filed by Debtor on April 27, 2020, "[t]his case was commenced with the filing of a petition under Chapter 11 on March 10, 2020" and "[t]he Debtor filed the instant case to stop the non-judicial foreclosure of his real property located at 858 Acalanes Road, Lafayette, CA 94549. See Dkt. No. 39.*

*As many of the creditors of this case are well aware, Debtor was the sole shareholder of Green Bay Builders, Inc. ("GBBI"), which operated a business as a general contraction under California Contractors State License Board ("CSLB") License No. 1015144. Though Debtor represents that he holds a general contractor license, rather than use his license, he utilized the license of another general contractor (as RMO) to conduct business.*

*As a result of at least two complaints filed against GBBI and Debtor for its unlawful business practices, on August 19, 2020, CSLB issued a citation against GBBI for: (1) violation of California Business & Professions Code § 7159 and issued a civil penalty of $500 for this violation; (2) violation of California Business & Professions Code § 7159.5 and issued a civil penalty of $750 for this violation; and (3) violation of California Business & Professions Code § 7161(b) and issued a civil penalty of $750 for this violation. See CSLB Citation No. 2 2020 1159 (the "CSLB Citation"). Debtor has remitted payment in full to the CSLB for each of these fines.*

*Further, on April 1, 2021, the Office of the District Attorney for the County of Santa Clara issued an arrest warrant of Debtor based on the investigation conducted by the CSLB. In particular, the pending charges against Debtor are: (1) violation of California Insurance Code § 11880(a) for willfully misrepresenting facts to obtain state compensation insurance fund; (2) violation of California Penal Code § 484(b) for unlawful diversion of funds; (3) violation of California Business & Professions Code § 7159.5(a)(5) for accepting payment exceeding work performed; and (4) violation of California Business & Professions Code § 7159.3(a)(3) for receiving an excessive down payment. See Case No. RF-2010-28024 (the "Criminal Case").*

*Debtor does not believe the CSLB Citation or the Criminal Case will have any material impact on his ability to perform each of those obligations and duties required by the Plan.*"

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021

-16-

Case: 20-50469   Doc# 212   Filed: 08/10/21   Entered: 08/10/21 14:52:47   Page 16 of 23

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 1702 Paru Street, Alameda, CA 94501

| Fair Market Value | Liens | | Cost of Sale | Estimated Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| ~$1,625,833 | 1st | $824,544 | $99,000 | $250,000 | $    0.00 | $299,289.00 |
| | 2nd | $153,000 | | | | |

    The Alameda Property is listed at **$1,899,000** and is likely worth more. However, the Creditors' real estate agent needs to review each unit's layout and characteristics before she can determine the valuation.

Real Property #2: 858 Acalanes Road, Lafayette, CA 94549

| Fair Market Value | Liens | | Cost of Sale | Estimated Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| $2,184,000 | 1st | $965,096 | $131,040 | $135,000 | $0.00 | $952,864.00 |

Real Property #1: 3190 Vichy Avenue, Napa, CA 94558*

| Fair Market Value | Liens | | Cost of Sale | Estimated Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|---|
| | 1st | | | $26,023.95 | | $172,478.36 |

    The Napa Property sold on August 24, 2020, and the Net Proceeds represent the amount deposited in the IOLTA Trust Account for Farsad Law Office, P.C. at close of escrow, less the estimated capital gains tax of $26,023.95.

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | $ 11,198.00 | $    0.00 | $    0.00 | $11,198.00 |
| Automobile #1 | $ 17,000.00 | $    0.00 | $3,325.00 | $13,675.00 |
| Automobile #2 | $  3,000.00 | $    0.00 | $    0.00 | $ 3,000.00 |
| Automobile #3 | $  3,000.00 | $    0.00 | $    0.00 | $ 3,000.00 |
| Household Furnishings | $  5,300.00 | $    0.00 | $5,300.00 | $    0.00 |
| Jewelry | $     0.00 | $    0.00 | $    0.00 | $    0.00 |
| Stocks / Investments | $     0.00 | $    0.00 | $    0.00 | $    0.00 |
| Other Personal Property | $  2,850.00 | $    0.00 | $    0.00 | $ 2,850.00 |
| TOTAL | | | | $33,723.00 |

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021

-17-

Case: 20-50469    Doc# 212    Filed: 08/10/21    Entered: 08/10/21 14:52:47    Page 17 of 23

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | $1,458,354.36 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | $      0.00 |
| Chapter 7 Administrative Claim [SUBTRAC] | $      0.00 |
| Chapter 11 Administrative Claims [SUBTRACT] | $   64,717.00 |
| Priority Claims [SUBTRACT] | $    3,268.00 |
| Chapter 7 Trustee Fees [SUBTRACT] | $  126,705.00 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | $  155,000.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | $1,108,664.36 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims | $1,567,572.00 |
| Percent Distribution to Class 2B Unsecured Creditors Under Proposed Plan (~**$264,298.73**). | 90% |
| Percent Distribution to Class 2C Unsecured Creditors who Agreed to Treatment Pursuant to 11 U.S.C. Section 1112(a)(4) Under Proposed Plan (**$522,842.82**). | 44.66% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 71% |

Case: 20-50469    Doc# 212    Filed: 08/10/21    Entered: 08/10/21 14:52:47    Page 18 of 23

**Exhibit 3 - Monthly Income and Expenses**
Prior to the Sale of the Lafayette Property

| Income | Amount |
|---|---|
| Gross Employment Income | $15,000.00 |
| Gross Business Income | $ 3,500.00 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $    0.00 |
| **A. Total Monthly Income** | $18,500.00 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | $3,000.00 |
| Retirement Contributions (401k, IRA, PSP) | $    0.00 |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities) (Total Arrearages on New Principal Residence, 1702 Paru, Alameda, CA are $UNKNOWND) | $  704.00 |
| Household Expenses (food) | $  500,00 |
| Transportation Expenses (car payments, insurance, fuel) | $  524.00 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | $  500.00 |
| Building Maintenance | $  500.00 |
| Other Expenses | $   59.00 |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | $2,153.31 |
| **B. Total Monthly Expenses** | $7,940.31 |

| **C. Disposable Income** (Line A - Line B) | $10,559.69 |
|---|---|

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Class 1(A), Deutsche Bank | $4,662.02 |
| Class 1(B), Citibank West | $  643.00 |
| Class 1(C), HSBC Bank USA, NA | $5,238.29 |
| **D. Total Plan Payments** | $10,543.31 |

| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $   56.38 |
|---|---|

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                    (Version: 7/30/12)
August 10, 2021

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | | $106,090.00 |
|   Payments on Effective Date | | |
|     Administrative Expense Claims | $64,717.00 | |
|     Priority Claims | $ 3,268.05 | |
|     Unsecured Small Claims (Class 2(a) | $   562.88 | |
|     Unsecured Special Class Pursuant to U.S.C. Section 1123(a)(4) (Class 2(C)) | $22,842.82 | |
|     U.S. Trustee Fees | $   650.00 | |
| B. Total Payments on Effective Date | | $ 91,391.20 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) | | $ 14,698.80 |

In re: Koka Individual Chapter 11, Case No.: 20-50469
Combined Plan & Disclosure Statement                                    (Version: 7/30/12)
August 10, 2021

-20-

Case: 20-50469    Doc# 212    Filed: 08/10/21    Entered: 08/10/21 14:52:47    Page 20 of 23

**Exhibit 5 - Investment Property Analysis**

**Properties with Negative Monthly Cash-Flow:**
Real Property #1 New Residence and Income: 1702 Paru Street, Alameda, CA 94501

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $4,890.00 | 1st $4,662.02 | N/A | N/A | N/A | -$415.02 |
| | 2nd  $ 643 | | | | |

 Debtor shall vacate the Lafayette Property as soon as practicable and move into the vacate 5bed/2bath unit in this, the Alameda Property.

Real Property #1 Income: 858 Acalanes Road, Lafayette, CA 94549

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $3,500 | 1st $5,238.29 | N/A | N/A | N/A | -$1,738.29 |

 Debtor shall vacate the Lafayette Property as soon as practicable and move into the vacate 5bed/2bath unit in the Alameda Property.  Debtor shall then sell the Lafayette Property for the benefit of creditors. In the interim, the Debtor shall pay the rental income cash collateral to the mortgagee, HSBC Bank USA, NA as adequate protection.

| **B. Total Negative Cash Flow** | -$2,153.31 |
|---|---|

Case: 20-50469    Doc# 212    Filed: 08/10/21    Entered: 08/10/21 14:52:47    Page 21 of 23

**Exhibit 6 – Additional Plan Provisions**

**PART 8. MEANS OF EXECUTION OF PLAN**

(a) Transfer Net Proceed of Sale from Napa Property.
    Immediately after entry of an order confirming the Plan, the Farsad Law Offices P.C. shall turn over to The Fuller Law Firm, P.C. all funds (approximately $99,732.31) held in its IOLTA attorney-client trust account from the sale of real property commonly known as and located at 3190 Vichy Avenue, Napa, California 94558 as authorized by Paragraph (15) of the Order Authorizing Sale of Real Property [Dkt. No. 76], and The Fuller Law Firm, P.C. shall deposit these funds in its IOLTA attorney-client trust account. The Fuller Law Firm P.C. shall hold these funds in trust for the benefit of creditors provided for by the terms of the Plan.

(b) Deposit of Net Proceeds of Sale from the Lafayette Property.
    All net proceeds of sale from real property commonly known as and located at 1702 Paru Street, Alameda, California 94501 shall be deposited directly into the IOLTA attorney-client trust account for the Fuller Law Firm, P.C. and shall not be transferred directly to Debtor or deposited into any account maintained by Debtor. The Fuller Law Firm P.C. shall hold these funds in trust for the benefit of creditors provided for by the terms of the Plan.

(c) The Fuller Law Firm P.C. as Sole Disbursing Agent. The Fuller Law Firm P.C. shall act as the sole disbursing agent for purposes of remitting all payments due and owing to creditors provided for by the terms and conditions of the Plan.

(d) Payment of Class 2(B) Claims.
    The Fuller Law Firm P.C. shall make pro-rata distributions to creditors in Class 2(B) based on the allowed amount of their claim as follows:

    (i) Effective Date Payment. On the Effective Date, The Fuller Law Firm P.C. shall disburse to each creditor in Class 2(C) a single pro-rata distribution based on the allowed amount of their claim the remaining balance of the net proceeds of sale from real property commonly known as and located at 3190 Vichey Avenue, Napa, California 94558 after payment of the claims provided for in Class 2(a), Part 3(a), Part 3(b), and Part 3(c) of the Plan (estimated at $$22,842.82).

    (ii) Sale of Lafayette Property. Within thirty (30) days

after receipt of the net proceeds of sale from real property commonly known as and located at 858 Acalanes Road, Lafayette, California 94549, (estimated to be $952,891.00), The Fuller Law Firm P.C. shall disburse to each creditor in Classes 2(B) and 2(C) a single pro-rata distribution based on the allowed amount of their claim.

(e) Capital Gains Taxes.

Debtor shall be solely responsible for any and all post petition tax obligations, including but not limited to, capital gains taxes due and owing to the Internal Revenue Service (IRS) and California Franchise Tax Board (FTB) resultant from the sale of any real property and personal property after the petition date (March 10, 2020).

For clarification and avoidance of all doubt, Debtor shall not reduce or otherwise deduct any taxes due and owing to any applicable taxing authority (including capital gains) incurred from the sale of 3190 Vichy Avenue, Napa, California 94558 or 858 Acalanes Road, Lafayette, California 94549 in calculating the net proceeds of sale that shall be remitted to creditors provided for in Class 2(B) of the Plan.

(f) Encumbrances on Alameda Property.

Except to obtain a loan in an amount sufficient to satisfy the full amount of the second lien held by Citibank West and any arrearage claims related to 1702 Paru Street, Alameda, California 94501 as provided for in Class 1(B) of the Plan, until entry of discharge, Debtor shall not sell, transfer, lease, or otherwise encumber the real property commonly known as and located 1702 Paru Street, Alameda, California 94501 without obtaining:

(i)  written approval from Amalia and Jeff Hanna; and

(ii) entry of an order from the court approving the proposed transaction.