SELWYN D. WHITEHEAD, ESQ. (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510) 632-7444
Fax: (510) 856-5180
Email: selwynwhitehead@yahoo.com

JULYN M. PARK (CSB No. 213429)
DEIRDRE M. DIGRANDE (CSB No. 199766)
**LOCKHART PARK, LLP**
4655 Old Ironsides Drive, Suite 250
Santa Clara, CA 95054-1854
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
ddigrande@lockhartpark.com

Attorneys for Creditors
JEFF HANNA and AMALIA HANNA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>MORDECHAI KOKA,<br><br>　　　Debtor. | Bk. Case No. 20-50469-SLJ<br><br>Chapter 11<br><br>**CREDITORS JEFF AND AMALIA HANNA'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON APPROVAL OF THE DISCLOSURE STATEMENT CONTAINED IN THEIR PROPOSED COMBINED PLAN OF REORGANIZATION FILED ON AUGUST 10, 2021** |

Creditors Jeff Hanna and Amalia Hanna ("the Hannas") submit this ex parte application for an order shortening time for a hearing on approval of the Disclosure Statement contained in their Proposed Combined Plan of Reorganization filed on August 10, 2021 ("the Hannas' Plan") [Dkt. No. 212]. For the reasons set forth below, the Hannas request that the hearing on approval of their Disclosure Statement coincide with the hearing on the Disclosure Statement contained in the Joint Proposed Combined Plan of Reorganization filed by Debtor and creditors Dale and

- 1 -

Melissa Gardner ("the Gardners") [Dkt. No. 193], which is currently scheduled to occur on September 2, 2021 at 1:30 p.m. [Dkt. No. 195].

**RELEVANT FACTS**

1. Debtor and the Gardners filed their Joint Proposed Combined Plan of Reorganization and Disclosure Statement on July 20, 2021 ("Joint Plan") [Dkt. No. 193].

2. The Joint Plan proposes to pay the Gardners, the Hannas, and other unsecured creditors approximately 40.66 percent of their allowed claim amounts from a POT of approximately **$495,934.36** composed of the $172,478.38 residual of the proceeds of the sale of Debtor's real property located at 3190 Vichy, Napa, California ("Napa Property") and an estimated $323,456.00 in proceeds from the sale of the real property located at 1702 Paru Street, Alameda, California ("Alameda Property").

3. Debtor and the Hannas previously stipulated to a claim amount of $84,941.50 following hearing on Debtor's Objection to the Hannas' Late Filed Proof of Claim [Dkt No. 90], which was approved by the Court on October 22, 2020 [Dkt. No. 91]. However, under the treatment proposed in the Joint Plan, the Hannas would only receive approximately $34,539.33 if and only if there is any residue remaining after ALL the cost of sales and other expenses related to and called for in the contract to sale the Alameda Property.[1]

4. After comparing the claimed estimated sales price of the Alameda Property set forth in the Joint Plan with the estimated sales price range available on Zillow.com and Trulia.com, the Hannas' Counsel Whitehead engaged a real estate valuation expert, who has opined in a sworn statement submitted to the Court that the Joint Plan grossly undervalues the Lafayette Property by approximately $682,960.00 and Alameda Property by approximately $400,000.00 [Dkt. No. 213].

5. This revelation prompted the Hannas to file their own Plan [Dkt. No. 212], which

---

[1] For example, at Addendum No. 1 to the Residential Income Property Purchase Agreement and Joint Escrow Instructions at Dkt No. 202-1, p. 23, there is a provision that will allow the Seller/Debtor to negotiate "cash for keys" with the remaining tenants, with the negotiated amount to come from the sales proceeds. This will diminish the amount left in the POT for the unsecured creditors and will in effect allow the Debtor to use the assets of the bankruptcy estate to sell the Alameda Property, with all the benefit inuring to the Debtor and the purchaser, and not the unsecured creditors.

provides, among other things, that the Hannas and other unsecured creditors excluding the Gardners receive approximately 90 percent of the claim amounts, while the Gardners receive the 40.66 percent or the $627,812.59 they agreed to receive in the Joint Plan.

6. The Hannas' Plan was served on August 10, 2021, which is 23 days before September 2, 2021, their requested hearing date. Therefore, any persons or entities opposing the Hannas' Plan will have 15 days in which to file written objections.

7. It is submitted that the interests of justice, fair treatment of all unsecured creditors, and judicial economy will be best served by setting the hearing on approval of the parties' respective Disclosure Statements to occur on September 2, 2021 at 1:30 p.m.

WHEREFORE, the Hannas request entry of an order shortening time to allow hearing on approval of their Disclosure Statement to coincide with the Disclosure Statement contained in the Joint Plan.

Respectfully submitted,

Dated: August 11, 2021  LAW OFFICES OF SELWYN D. WHITEHEAD

/s/ *Selwyn D. Whitehead*
Selwyn D. Whitehead
Attorney for Creditors
JEFF HANNA and AMALIA HANNA

Dated: August 11, 2021  LOCKHART PARK, LLP

/s/ *Deirdre M. Digrande*
Deirdre M. Digrande
Attorneys for Creditors
JEFF HANNA and AMALIA HANNA

- 3 -
The Hannas' Ex Parte Application for Order Shortening Time for Hearing on Disclosure Statement
Case No. 20-50469-SLJ

Case: 20-50469    Doc# 215    Filed: 08/11/21    Entered: 08/11/21 21:53:52    Page 3 of 3