SELWYN D. WHITEHEAD, ESQ. (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510) 632-7444
Fax: (510) 856-5180
Email: selwynwhitehead@yahoo.com

JULYN M. PARK (CSB No. 213429)
DEIRDRE M. DIGRANDE (CSB No. 199766)
**LOCKHART PARK, LLP**
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
ddigrande@lockhartpark.com

Attorneys for Creditors
JEFF HANNA and AMALIA HANNA

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

In re:

**MORDECHAI KOKA,**

Debtor-in-Possession.

Case No.: **20-50469-SLJ**
Chapter: 11

**CREDITORS JEFF AND AMALIA HANNA'S OBJECTION TO THE DISCLOSURE STATEMENT ASPECTS OF MORDECHAI KOKA, DALE GARDNER AND MELISSA GARDNER'S JOINT PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (JULY 20, 2021) [DKT. NO. 193; CERTIFICATE OF SERVICE**

**[11 USCA §§ 1122, 1123, 1125, 1129; F.R.B.P. 3016 and LBR §§ 3017-1 and 3020-1]]**

**HEARING:**
Date: September 2, 2021
Time: 1:30 p.m.
Location: Telephonic/Videoconference
Judge: Hon. Stephen L. Johnson

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 1

Case: 20-50469 Doc# 223 Filed: 08/26/21 Entered: 08/26/21 14:22:56 Page 1 of 10

**TO THE HONORABLE STEPHEN L. JOHNSON, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, CREDITORS, AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

## I. INTRODUCTION

**COMES NOW** Creditors Jeff Hanna and Amalia Hanna (hereinafter, "The Hannas"), by and through their below-stated counsel of record, to lodge their *Objection (*hereinafter, "the Objection"*) to the Disclosure Aspects of Mordechai Koka, Dales Gardner and Melissa Gardner's Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021*), (hereinafter, "the Joint Proposed Plan and Disclosure Statement")[1]. [See Dkt. No. 193.] The relief requested by The Hannas is based on the record of this matter, this Objection, the Joint Plan and Disclosure Statement, and whatever additional evidence this Court deems fit to entertain.

## II. THE REQUIREMENTS FOR APPROVAL OF THE DISCLOSURE STATEMENT ASPECTS OF THE JOINT PROPOSED PLAN AND DISCLOSURE STATEMENT HAVE NOT BEEN MET.

Pursuant to 11 U.S.C. Section 1125, a proponent of a plan of reorganization soliciting acceptance of its plan is required to provide "adequate information" to holders of claims and interests. Section 1125 (a)(1) of the code defines "adequate information" as:

> [1]information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

**11 U.S.C. § 1125(a)(1)** (2013)

---

[1] And inasmuch as the associated Plan of Reorganization is based on the vague and/or inaccurate facts and analysis contained in the Disclosure Aspects, The Hannas also Object to the resulting Plan of Reorganization as being unsubstantiated with adequate proofs.

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 2

Case: 20-50469 Doc# 223 Filed: 08/26/21 Entered: 08/26/21 14:22:56 Page 2 of 10

Essentially, adequate information means all material information that creditors and interest holders affected by a proposed plan need in order to make an informed decision whether to vote for or against a chapter 11 plan.[1]

Information required in a disclosure statement will vary with each case. Case law regarding adequate information under Bankruptcy Code Section 1125(a)(1) has identified a pertinent but non-exhaustive list of factors that constitute adequate information, See *In re Metrocraft Pub. Services, Inc*., 39 B.R. 567, 568 (Bankr. N. D. Ga. 1984). Additionally, the United States Trustee, Region 17, has published Guidelines (hereinafter, the "Trustee Guidelines") respecting the contents of disclosure statements, which is similar to those in *Metrocraft* but not identical.

The following list is not exclusive but includes items generally recommended for inclusion in a plan disclosure statement:

> (a) PURPOSE OF THE DISCLOSURE STATEMENT; (b) DESCRIPTION OF BUSINESS; (c) REASONS FOR FINANCIAL DIFFICULTIES AND CORRECTIONS MADE; (d) HISTORICAL AND CURRENT FINANCIAL INFORMATION; (e) MATERIAL POST-PETITION EVENTS: (f) LEGAL PROCEEDINGS; (g) ASSETS: (h) LIABILITIES; (i) DESCRIPTION OF THE PLAN; (j) MEANS OF EFFECTUATING THE PLAN; (k) CASH REQUIREMENTS AND ADMINISTRATIVE EXPENSES; (l) LIQUIDATION ANALYSIS; (m) PROJECTIONS; (n) MANAGEMENT COMPENSATION; (o) INSIDER CLAIMS; (p) STOCK ISSUED FOR DEBT; (q) VOTING; and, (r) SIGNATURE.

Here, the Joint Proposed Plan and Disclosure Statement has not adequately addressed several_ of the eighteen of the elements set forth in the Trustee Guidelines.[2] However, for brevity's sake, The Hannas will focus only on those elements that make the Debtor's Disclosure Statement Aspects unreliable and unfit for approval.,

///

///

///

///

---

[1] *In re California Fid., Inc.,* **198 B.R. 567**, **571** (B.A.P. 9th Cir. 1996) ("The purpose of a disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan.").

[2] Trustee Guidelines 7(o) and 7(p) are not applicable in Debtor's case.

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 3

Case: 20-50469 Doc# 223 Filed: 08/26/21 Entered: 08/26/21 14:22:56 Page 3 of 10

**A. Debtor Has Not Fully Disclosed His Historical and Present Financial Information.**[1]

**1. The Proposed Joint Plan Does Not Provide a Reliable Source of Income for Debtor's Ongoing Expenses**.

The Joint Proposed Plan and Disclosure Statement calls for 1702 Paru Street, Alameda, California 94501, (hereinafter, "the Alameda Property") to be sold and the proceeds used to satisfy the unsecured creditors. This factor alone renders the Joint Proposed Plan and Disclosure Statement unfeasible because the Alameda Property provides Debtor with his only verifiable historically-based source of income – the rents collected from tenants – with which to pay his ongoing expenses. As this court has noted, the Debtor's claims of future employment/independent contractor and/or rental income from his children has no historically-based paper trail and as such is speculative at best and inappropriate as the basis for a serious disclosure statement..

**B. Debtor Has Not Accurately Set Forth a Description of the Available Assets and Their Value.**[2]

**1.** The Proposed Joint Proposed Plan and Disclosure Statement Does Not Call for Sale of the More Valuable Lafayette Property**.**

According to The Hannas' Expert, Emaia, the estimated sale value of 858 Acalanes Road, Lafayette, California 94549, (hereinafter, "the Lafayette Property") exceeds that of the Alameda Property by $557,571[3]; thus, its, the Lafayette Property's, sale would generate more funds to satisfy the amounts claimed by the unsecured creditors. The Joint Proposed Plan and Disclosure Statement nevertheless calls for Debtor to *retain* the Lafayette Property as his residence, despite the fact that he admittedly resided elsewhere, at 1409 Enderby Way, Sunnyvale, CA 94087, at the time of filing the case on March 10, 2020 in order to obtain venue in San Jose, and stayed in Sunnyvale until some date uncertain, but on or about May 3, 2021 when he claimed for the first time that he always intended to return to the Lafayette Property in order to obtain a homestead exemption in the Lafayette Property. [See Dkt. Nos. 1, 119, p2, fn1 and 121.]

---

[1] Trustee Guidelines, 7(d).

[2] Trustee Guidelines, 7(g).

[3] $2,184,000 - $1,626,429 = $557,571. See Dkt. No. 213, p2;l25-28-p3;l-20.

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 4

2. Sale of the Alameda Property Will Unreasonably Delay Distribution of the Bankruptcy Estate.

The Joint Proposed Plan and Disclosure Statement calls for the Alameda Property to be delivered to the buyer vacant. [See Dkt. Nos. 202, 209 and 210.] Since the two remaining tenants still inhabit the property, the Alameda Property cannot be sold until the state-wide eviction moratorium expires on September 30, 2021 at the earliest, even if under the circumstances exclusive on the eviction moratorium, the tenants could legally be evicted. However, given the current threat to public health caused by the rapid spread of the Covid-19 Delta variant, the eviction moratorium will likely be extended. As such, in order for the property to be sold vacant, some party will have to buy the tenants out of their existing tenancy, which as discussed in Section D, below, will greatly reduce the net present value of the Alameda Property to the bankruptcy estate and cause unnecessary and unreasonable delay in funding the Debtor's reorganization.

**C. Debtor Has Not Accurately Disclosed the Means of Effectuating the Plan.**[1]

Although the Debtor purports to explain the source of funding for the 40.66 percent dividend to the unsecured creditors in the Joint Plan and Disclosure Statement at a footnote * to Exhibit 2 , wherein the plan proponents state that "[t]he estimated dividend to the general unsecured creditors is based on the anticipated sale price of $1,650,000 for the … [Alameda] Property, and to the extent that the property is sold in excess of this amount, then the actual dividend that the general unsecured creditor in Class 2(B) will receive under this Plan may be greater than the estimated dividend (40.66%) set forth in this analysis."

However, a review of the plan proponents' very same analysis at Exhibit 2 shows that the Debtor believes that the sale of the Alameda Property will only generate **$323,456** in net proceeds. [See Dkt. No 193, page 16 of 23.] And if true, would only produce a pro rate dividend for the unsecured creditor of 20.63 percent. Furthermore, if the plan proponents actually meant to state that the funding source for the dividends was a combined net sales proceeds of the Alameda Property ($323,456) and the already sold 3190 Vichy Avenue, Napa, California 94558, (hereinafter, "the Napa Property") (**$172,478.36**) this would only produce a pro rate dividend for

[1] Trustee Guidelines, 7(j).

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 5

the unsecured creditor of 31.63 percent.[1] Further still, the pending Residential Income Property Purchase Agreement and Joint Escrow Instructions (hereinafter, the "Sales Contract" or "R.P.A.") for the Alameda Property reveals that the sales proceeds of the combined sales would likely be substantially less for two reasons:

1. The pending Sales Contract states that the buyer's offer to purchase the Alameda Property is contingent on the two remaining tenants vacating their units upon or shortly after escrow. [See Dkt. No. 202-1, page 9 of 25 Section 6.]; and,

2. Addendum #1, to the Sales Contract states, "[i]n order to meet the terms of Section 6 of the R.P.A., Seller [the Debtor] will negotiate a cash for keys for possession of the property from current top and bottom floor Tenants by close of escrow. Payment to said ***Tenants to be forwarded via sale proceeds at the close of escrow***. [See Dkt. No. 202-1, page 23 of 25, para.4.]

These contract provisions clearly state that the funds used to pay the two remaining tenants will come from the sales proceeds and inasmuch as the amount required to legally obtain possession of rental property bears a direct relationship to the age of the tenant to be ousted, duration of their tenancy and the amount needed to fund their move out; the amount needed to buyout tenants could be substantial. As such, The Hannas object to the vagaries and overall insufficiency of information provided regarding the funding of the Joint Plan and Disclosure Statement.

**D. Debtor Has Not Sufficiently Disclosed the Estimated Return to Creditors under a Chapter 7 Liquidation.[2]**

As articulated herein, the plan proponents have not sufficiently addressed the issues of the estimated return to creditors under a Chapter 7 liquidation in the Liquidation Analysis section of the Joint Plan and Disclosure Statement at Exhibit 2. Using the plan proponents' own figures, and stated source of funding to the Debtor's unsecured creditors as articulated in the *What Creditors Would Receive if the Case Were Converted to a Chapter 7*, the net proceeds of (a) the Napa Property (generating $172,478.36) and (b) the Alameda Property (generating $323,456.00) without an accounting for a substantial portion of the Alameda Property's proceeds being

[1] ($323,456 + 172,478.36) = $495,934.36/$1,567,572 = 31.63%

[2] Trustee Guidelines, 7(l).

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 6

siphoned off to fund the "cash for keys" gambit that will enhance the purchase price and long-term value *to the buyer* **at the expense of the unsecured creditors**, The Hannas content that the purported best interests of the creditors test is faulty, at best. According to the Joint Plan and Disclosure statement, the total unsecured debt owed by the Debtor is $1,543,959.77, with a total dividend payout of 40.66 percent or $627,812.59 being generated by the liquidation of the Napa and Alameda Properties. [See Part 2: Treatment of General Unsecured Creditors, Class 2(b). General Unsecured Claims, Dkt 198, Page 5 of 23.] However, according to the plan proponents own figures, the sale of the Napa and Alameda Properties will only generate **$495,934.36** in net proceeds and therefore only a 32.12[1] before accounting for the additional cut into the dividend to pay for the "cash for keys" to the existing tenants. And while the plan proponents will likely respond that the Sales Contract is for $1,750,000.00, $100,000 more than the $1,650,000, as it is not unheard of for long-term and/or tenants over 65 years of age to ask for and receive buyouts in the rage of several thousands of dollars for each year of their tenancies. As such, in some high-value neighborhoods in the Bay Area, such as in Alameda, much like in San Francisco and parts of Oakland, $100,000 earmarked for tenant buy outs in a multi-unit building does not go very far. So, the plan proponents should be forced to clearly articulate just how far the $100,000 will go in this instance.

      As such and for the reasons stated above, the Debtor and his plan proponents at the very minimum should provide the creditors with more information, including the terms of the buyout agreements with the two remaining tenants. Otherwise the creditors will not have sufficient information with which to make informed decision about whether to support or reject the Joint Proposed Plan and Disclosure Statement.

      **E.    Debtor Has Not Disclosed the Accurate Financial Information, Data; Valuations or Projections Relevant to the Creditors' Decision to Accept or Reject the Chapter Plan 13.[2]**

      On the whole, the Joint Proposed Plan and Disclosure Statement fails to provide the financial information, data, valuations and projections necessary for and relevant to the creditors' decision to accept or reject the Chapter 11 plan.

---

[1] $495,934.36/$1,543,959.77 = $32.12%
[2] Trustee Guidelines, 7(q).

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193;
Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 7

## III. CONCLUSION

All the requirements for approval of the Disclosure Statement aspects of Joint Plan and Disclosure Statement have not been met; most significantly those that are most germane to placing the value of the assets to be used to fund the Debtor's exit from this bankruptcy.. Until all the requirement for the approval of Disclosure Statement aspects of the Joint Plan and Disclosure Statement have been met the Plan of Reorganization portion of the Joint Plan and Disclosure Statement cannot be intelligently or adequately addressed.

Therefore, The Hanna requests that this Court deny the approval of Disclosure Statement aspects of Joint Proposed Plan and Disclosure Statement until the plan proponents provide sufficient and accurate information correcting the deficiencies detailed above.

DATED: August 26, 2021

Respectfully Submitted by:
LAW OFFICES OF SELWYN D. WHITEHEAD

By: /s/ Selwyn D. Whitehead, Esq.
SELWYN D. WHITEHEAD, Esq.
Attorneys for Creditors
JEFF and AMALIA HANNA

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 8

**CERTIFICATE OF SERVICE**

I, Selwyn D. Whitehead the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue Oakland, CA 94605. On the date stated below, I served the following document(s):

1. **CREDITORS JEFF AND AMALIA HANNA'S OBJECTION TO THE DISCLOSURE STATEMENT ASPECTS OF MORDECHAI KOKA, DALE GARDNER AND MELISSA GARDNER'S JOINT PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (JULY 20, 2021) [DKT. NO. 193]; ; AND,**
2. **THIS CERTIFICATE OF SERVICE**

on each party listed below requesting or requiring special notice in the manner or manners described below:

***VIA THE COURT'S ECF SYSTEM ONLY:***

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / SJjared.a.day@usdoj.gov

Deirdre M. Digrande on behalf of Creditor Amalia Hannaddigrande@lockhartpark.com, ddigrande@yahoo.com

Arasto Farsad on behalf of Defendant Mordechai Kokafarsadecf@gmail.com, farsadecf@ecf.courtdrive.com

Lars T. Fuller on behalf of Debtor Mordechai KokaFullerlawfirmecf@aol.com, Larsfullerecf@aol.com

Christopher Hayes on behalf of Trustee Christopher Hayeschayestrustee@gmail.com, ecf.alert+Hayes@titlexi.com

David S. Hoffman on behalf of Requestor Allan Hulgandshoffmanesq@aol.com

Kelly Marie Kaufmann on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series2007-Abknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

Christopher M. McDermott on behalf of Creditor HSBC Bank USA, National Associationecfcanb@aldridgepite.com, CMM@ecf.inforuptcy.com

Brent D. Meyer on behalf of Creditor Dale Gardnerbrent@meyerllp.com

Office of the U.S. Trustee / SJUSTPRegion17.SJ.ECF@usdoj.gov

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 9

Case: 20-50469 Doc# 223 Filed: 08/26/21 Entered: 08/26/21 14:22:56 Page 9 of 10

Edward A. Treder on behalf of Creditor HSBC Bank USA, National Associationndcaecf@BDFGroup.com

Nancy Weng on behalf of Defendant Mordechai Kokanancy@farsadlaw.com

Selwyn D. Whitehead on behalf of Creditor Amalia Hannaselwynwhitehead@yahoo.com

Craig V Winslow on behalf of Plaintiff Dale Gardnercraig@cvwlaw.com

Jennifer C. Wong on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007-Abknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead, for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail and/or electronic service via personal or business email and/or via the Court's ECF System, as indicated above.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of August 2021 at Oakland, Alameda County, California.

/s/ Selwyn D. Whitehead, Esq.
SELWYN D. WHITEHAD, ESQ.

Creditors Jeff and Amalia Hanna's Objection to the Disclosure Statement Aspects of Mordechai Koka, Dale Gardner and Melissa Gardner's Gardner Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021), Dkt. No. 193; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJ
Page 10