**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:  (415) 765-1588
Facsimile:   (415) 762-5277
Email:       brent@meyerllp.com

Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>Debtor in Possession. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br>**OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (AUGUST 10, 2021)**<br><br>Date:       September 2, 2021<br>Time:      1:30 p.m.<br>Location:  Telephonic / Videoconference[1]<br>Judge:     Hon. Stephen L. Johnson |

---

[1] Paragraph 10 of General Order 38 (Seventh Amended) provides that "[u]nless otherwise ordered by the presiding judge, all notices of any motion or application filed with the court and served on any party which sets a hearing date for the motion or application must state that the hearing will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video, and include the following language: 'All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.'" See *https://www.canb.uscourts.gov/sites/default/files/generalorders/Seventh AmendedGO38.pdf.*

- 1 -

BK CASE NO. 20-50469-SLJ
OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (AUGUST 10, 2021)

Creditors Dale Gardner and Melissa Gardner (the "Gardners") hereby object (the "Objection") to approval of the disclosure statement set forth in the *Creditors Amalia and Jeff Hanna's Proposed Combined Plan of Reorganization and Disclosure Statement (August 10, 2021)* (the "Proposed Plan") [Dkt. No. 212] filed in the above-captioned matter.

### I. The Proposed Plan Impermissibly Gerrymandered Class 2(B) and Impermissibly Separately Classifies the Gardners' Claim in Class 3(C)

Section 1122(a) of the Bankruptcy Code provides in relevant part that "a plan may place a claim or an interest in a particular class only if such claim or interest is *substantially similar* to the other claims or interests of such class." 11 U.S.C. § 1122(a) (emphasis added). However, the Bankruptcy Code also specifically prohibits separately classifying certain claims solely to satisfy the requirement of section 1129(a)(10) that at least one impaired class of claims votes to accept the plan. See Steelcase, Inc. v. Johnston (In re Johnston), 140 B.R. 526, 529 (B.A.P. 9th Cir. 1992) *aff'd* 21 F.3d 323 (9th Cir. 1994); see also Barakat v. Life Insurance Co. of Virginia (In re Barakat), 99 F.3d 1520, 1525 (9th Cir. 1996) ("[a]lthough noting that similar claims may be placed in different classes, the court in Greystone found that '[there is] one clear rule that emerges from otherwise muddled caselaw on § 1122 claims classification: thou shalt not classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan.'") (citations omitted).

Here, a cursory review of the Proposed Plan clearly demonstrates that Jeff Hanna and Amalia Hanna (the "Plan Proponent") separately classified substantially similar general unsecured claims of homeowners that contracted with Green Bay Builders Inc. (Debtor's company) in order to accomplish two impermissible goals: (1) gerrymander an affirmative vote on a plan of reorganization (from Class 2(B) claimants); and (2) provide a substantially larger dividend (90.00%) to the Plan Proponent to the detriment of the Gardners (40.66%).

This impermissible gerrymandering is readily apparent given that the Plan Proponent specifically included *all* non-convenience general unsecured claims (including credit card debt, trade debt, and collection debt) in Class 2(B), but remarkably, and without any legitimate basis, separately classified the claim of the Gardners in Class 2(C) of the Proposed Plan.


BK CASE NO. 20-50469-SLJ

- 2 -

OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (AUGUST 10, 2021)

Case: 20-50469    Doc# 225    Filed: 08/30/21    Entered: 08/30/21 13:50:00    Page 2 of 4

Given that the Gardners did not (and do not) agree with the classification of its claim in Class 2(C) or to be paid the "agreed-to value of their claim" as set forth in the Proposed Plan, given that the Gardners will vote to reject the Proposed Plan, and given that the Proposed Plan artificially gerrymanders classes of similarly situated general unsecured creditors for no legitimate purpose, the Proposed Plan is patently unconfirmable, and at this time, and the Court should decline to approve the disclosure statement set forth therein.

**II.     Other Material Issues with the Proposed Plan that Prohibit Confirmation**

Notwithstanding the artificial and impermissible gerrymandering of the classes of general unsecured claims, there are other material issues with the Proposed Plan, such that the Court should decline to approve the disclosures set forth therein, including but not limited to:

- Class 1(B) fails to identify the correct arrearage amount of the secured claim, provides for an interest rate (2.88%) below even the lowest applicable rate under Till (3.25%), and requires Debtor to affirmatively obtain a refinance of the loan without any disclosure how obtaining such loan within 120 days is feasible;

- Class 1(C) requires Debtor to affirmatively sell the Lafyette Property within 90 days and relocate to the Alameda Property, although Debtor has steadfastly maintained his desire to retain the Lafyette Property, his residence of 20+ years, which if the plan confirmed, will certainly result in a material default pursuant to Section 6(c) and the inevitable conversion to Chapter 7;

- Class 2(B) provides for a 90% dividend payment, which is higher than the liquidation amount (70%) in Exhibit 2, but provides for a lower dividend payment (40.66%) to Class 2(C) in violation of 11 U.S.C. § 1129(a)(7);

- Class 2(C) impermissibly provides that the claim of the Gardners is "unimpaired" and "not entitled to vote on confirmation of the Plan" notwithstanding that the claim of the Gardners is clearly impaired pursuant to 11 U.S.C. § 1124;

- Class 2(C) impermissibly asserts that the Gardners will receive "the agreed-to value of their claim" although the allowed amount of their claim ($1,285,810.91) is not paid in full under the plan;

- The Proposed Plan does not identify how *pro-rata* distributions will be made between Class 2(B) and Class 2(C) claimants if the sale proceeds from the Lafyette Property and/or the Alameda Property are different from the amounts set forth in the plan;

- Section 8(b) is inconsistent with respect to the identified properties;

- Section 8(c) impermissibly requires The Fuller Law Firm, P.C. to act as a post-petition disbursing agent for payment of claims without just compensation;



BK CASE NO. 20-50469-SLJ - 3 -
OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT, AUGUST 30, 2021

Case: 20-50469    Doc# 225    Filed: 08/30/21    Entered: 08/30/21 13:50:00    Page 3 of 4

- Section 8(d) is internally inconsistent with identification of classes of claims and does not provide adequate disclosure how Debtor shall remit payments between holders of Class 2(B) and Class 2(C) claims;

- Section 8(e) impermissibly requires distribution to holders of Class 2(B) and Class 2(C) claims notwithstanding applicable capital gains taxes due and owing to the Internal Revenue Service and Franchise Tax Board, which could result in higher than required dividends to these classes;

- Exhibit 2 impermissibly asserts that Debtor is not entitled to his homestead exemption ($100,000) in the Lafayette Property although the Plan Proponent did not timely file an objection to Debtor's claim of exemption; and

- The Gardners will vote to reject the Proposed Plan, and as such, the Plan Proponents cannot satisfy the requirement of 11 U.S.C. § 1129(b)(2)(B).

Although the desire of the Plan Proponents is understandable, unfortunately, they have elected to pursue confirmation of a Chapter 11 Plan of Reorganization that is patently unconfirmable, and for this reason, the disclosure statement set forth in the Proposed Plan should not be approved. Further, although it appears that the Gardners' allowed claim will render it impossible for the Plan Proponent to confirm a Chapter 11 Plan that is not fully supported by the Gardners, the Plan Proponent refused to heed the advice of this Court and declined to negotiate a consensual resolution of this Bankruptcy Case with Debtors and/or the Gardners in good faith and consistent with the facts and requirements of the Bankruptcy Code.

The Court should decline to approve the disclosure statement because the Proposed Plan does not satisfy all requirements of section 1129(a) and (b) of the Bankruptcy Code.

### III. CONCLUSION

Based on the foregoing, the Gardners respectfully request that the Court enter an order sustaining the Objection in its entirety, declining to approve the disclosure statement set forth in the Proposed Plan, and granting such other and further relief that is just and warranted.

Dated: August 30, 2021

**MEYER LAW GROUP, LLP**

By: /s/ BRENT D. MEYER
    Brent D. Meyer
    Attorneys for Creditors
    DALE GARDNER and
    MELISSA GARDNER

- 4 -

BK CASE NO. 20-50469-SLJ

OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (AUGUST 10, 2021)

Case: 20-50469    Doc# 225    Filed: 08/30/21    Entered: 08/30/21 13:50:00    Page 4 of 4

