SELWYN D. WHITEHEAD, ESQ. (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510) 632-7444
Fax: (510) 856-5180
Email: selwynwhitehead@yahoo.com

JULYN M. PARK (CSB No. 213429)
DEIRDRE M. DIGRANDE (CSB No. 199766)
**LOCKHART PARK, LLP**
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
       ddigrande@lockhartpark.com

Attorneys for Creditors
JEFF HANNA and AMALIA HANNA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

**MORDECHAI KOKA,**

Debtor-in-Possession.

Case No.: **20-50469-SLJ**
Chapter: 11

**CREDITORS JEFF AND AMALIA HANNA'S COMBINED REBUTTAL TO THE KOKA-GARDNER OBJECTIONS TO THE DISCLOSURE STATEMENT CONTAINED IN AMALIA AND JEEF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED AUGUST 10, 2021, [DKT NOS. 224 AND 225]; CERTIFICATE OF SERVICE**

**[11 USCA §§ 1122, 1123 and 1124]**

**HEARING:**
Date: September 2, 2021
Time: 1:30 p.m.
Location: Telephonic/Videoconference
Judge: Hon. Stephen L. Johnson

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 1

Case: 20-50469   Doc# 228   Filed: 09/01/21   Entered: 09/01/21 12:36:11   Page 1 of 10

TO THE HONORABLE STEPHEN L. JOHNSON, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, CREDITORS, AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:

**COMES NOW** Creditors Jeff Hanna and Amalia Hanna (hereinafter, "the Hannas"), by and through their below-stated counsel of record, to respond in Rebuttal to the *Objection to Approval of Disclosure Statement Contained in Amalia and Jeff Hanna's Proposed Combined Plan of Reorganization and Disclosure Statement Dated August 10, 2021* lodged by Mordechai Koka (hereinafter, "the Debtor") on August 27, 2021, and the *Objection to Approval of Disclosures Statement Set Forth in Creditors Amalia and Jeff Hanna's Proposed Combined Plan of Reorganization and Disclosure Statement (August 10, 2021*) lodged by Dale and Melissa Gardner (hereinafter, "the Gardeners") on August 30, 2021 (hereinafter, jointly, the "Joint Objections"). [See Dkt. Nos. 224 and 225.]

## I.

## PRELIMINARY STATEMENT

Inasmuch as the primary issues raised in the Joint Objections cover the same territory, the classification and treatment of the Gardener's unsecured claim in the amount of $1,335,810.91; for briefly sake, the Hannas will hone in on and limit their Rebuttal to the Joint Objections' allegations of gerrymandering and impermissible claims classification.

## II.

**THE HANNAS HAVE NOT GERRYMANDERED THE GARDNERS' CLAIM INTO CLASS 2C SOLEY TO SATISFY THE REQUIREMENTS OF SECTION 1129(A)(10), BUT INSTEAD HAVE DONE SO BECAUSE THE GARDNERS' CLAIM IS DISTINCT AND DIFFERENT FROM THE UNSECURED CLAIMS THE HANNAS CLASSIFIED IN CLASS 2B**

A.  **Governing Law**

   1. **Section 1122(a) Does Not Require That All "Substantially Similar" Claims Must Be Placed in the Same Class**

   Notwithstanding that the wording of section 1122(a) may imply otherwise, most courts take section 1122(a) at face value, determining that the provision only "applies to ensure that

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 2

Case: 20-50469    Doc# 228    Filed: 09/01/21    Entered: 09/01/21 12:36:11    Page 2 of 10

different types of claims aren't bunched together in the same class."[1] As such, the converse of section 1122(a) is not necessarily true—i.e. the Code does not *per se* prohibit separate classification of substantially similar claims.[2] Though the majority of courts find that substantially similar claims may be classified separately, they also hold that the Code does not provide a plan proponent carte blanche to classify similar claims separately.[3] As the United States Bankruptcy Court for the Southern District of New York explained:

> Although section 1122(a), by its terms, doesn't require that all similarly-situated claims be classified together, case law has made clear that separate classification of substantially similar unsecured claims is permissible only when there is a reasonable basis for doing so or when the decision to separately classify "does not offend one's sensibility of due process and fair play."[4]

The Ninth Circuit has a two-step analysis for determining whether claims have been permissibly separated into different classes.[5] First, the court should determine whether the claims are substantially similar, and second, if so, whether there is a business justification for separately classifying them.[1] If the claims are not substantially similar, their separate classification is not only permissible, but required under section 1122(a). If the claims are substantially similar, that implicates the gerrymandering concern, but the debtor [or plan proponent] may still separately

---

[1] *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 246 (Bankr. S.D.N.Y. 2007).

[2] *In re Dow Corning Corp.*, 280 F.3d 648 , 661 (6th Cir. 2002) ("This circuit has recognized that section 1122(a) 'by its express language, only addresses the problem of dissimilar claims being included in the same class.'") (citing *In re United States Truck Co.*, 800 F.2d 581 , 585 (6th Cir. 1986); *In re Barakat*, 99 F.3d 1520 , 1524 (9th Cir. 1996) ("The argument for permitting separate classification of similar claims is simply that the Code does not forbid it expressly."); *In re Charles St. African Methodist Episcopal Church of Boston*, 499 B.R. 66, 95 (Bankr. D. Mass. 2013) ("[The Bankruptcy Code] does not require that substantially similar claims be joined together in the same class."); *In re SM 104 Ltd.*, 160 B.R. 202, 216–17 (Bankr. S.D. Fla. 1994) ("Section 1122(a) expressly provides that only substantially similar claims may be placed in the same class. It does not expressly require that all substantially similar claims be placed in the same class, nor does it expressly prohibit substantially similar claims from being classified separately." (citing *In re Bryson Props. XVIII*, 961 F.2d 496 , 502 (4th Cir.), cert. denied , 506 U.S. 866 (1992)).

[3] *John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Assocs.*, 987 F.2d 154 , 158 (3d Cir. 1993) ("Unfortunately, the Code does not expressly address the question presented by such a scheme. The provision of the Code that sets out the general rule regarding the classification of claims, Section 1122(a), expressly provides only that claims that are not 'substantially similar' may not be placed in the same class; Section 1122(a) does not expressly provide that 'substantially similar' claims may not be placed in separate classes. Nevertheless, it seems clear that the Code was not meant to allow a debtor complete freedom to place substantially similar claims in separate classes.").

[4] *In re Adelphia Commc'ns*, 368 B.R. at 246–47 (quoting *In re One Times Square Assocs. Ltd. P'ship*, 159 B.R. 695, 703 (Bankr. S.D.N.Y. 1993)).

[5] *Wells Fargo Bank, N.A. v. Loop 76 LLC* (In re Loop 76, LLC), 465 B.R. 525, 536–37 (B.A.P. 9th Cir. 2012)

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 3

Case: 20-50469    Doc# 228    Filed: 09/01/21    Entered: 09/01/21 12:36:11    Page 3 of 10

classify them "if the debtor [or plan proponent] can show a business or economic justification for doing so."[2] Other courts have held that "to withstand challenge, a plan proponent must show that the separately classified claims at issue are sufficiently dissimilar as bearing a legal difference, or prove an underlying business reason for the separation." [3]

Again, the mere fact that a classification scheme improves the odds of plan confirmation does not make it necessarily improper.[4] To pass muster, the classification scheme "must be justified by a legitimate business reason or some legitimate difference in the treatment of creditors that are classified separately under a debtor's plan of reorganization."[5] The legitimacy of the asserted business reason must be supported by credible proof.[6] However, provided the plan proponent's business justifications are supported by credible proof, courts have recognized a variety of circumstances in which segregation of substantially similar claims into separate classes is permissible. [7]

**B. Analysis**

**1. The Gardners' Claim 2(C) is not "Substantially Similar" to the Class 2(B) Claims Held by the Other Unsecured Creditors**

Here, the Hannas have segregated the Gardners' claim into a separate class for two reasons:

Firstly, the Gardners' claim is distinct and different from the other general unsecured creditors' claims, in that the Gardners' claim was and remains the subject of pending litigation in this court in the matter of *Gardner, et. al, v. Koka, et*. al, AP No. 20-05030-SLJ, an action by the Gardners against the Debtor seeking a judgment of non-dischargeability of the Gardners'

---

[1] *Id.*
[2] *Marlow Manor Downtown, LLC v. Wells Fargo Bank* (*In re Downtown*), 2015 BL 31871, at *10 (B.A.P. 9th Cir.Feb. 6, 2015).
[3] *In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 247 (Bankr. S.D.N.Y. 2007).
[4] *In re Village of Camp Bowie I, L.P.*, 454 B.R. 702, 711 (Bankr. N.D. Tex. 2011) ("Debtor has simply used the tools created by Congress to structure a reorganization plan that is likely to succeed."), aff'd, 710 F.3d 239 (5th Cir. 2013).
[5] *In re D&W Realty Corp.*, 165 B.R. 127, 128 (S.D.N.Y. 1994); see also *In re John Hancock*, 987 F.2d at 159–60; *In re Bryson Props., XVIII*, 961 F.2d 496 , 502 (4th Cir.), cert. denied, 506 U.S. 866 (1992).
[6] *In re Chateaugay Corp.*, 89 F.3d 942 (2d Cir. 1996) (holding that the debtor was justified in treating claims of unpaid workers differently than those of its insurer because the failure to pay the workers' compensation claims could hinder the debtor's ability to secure contracts with labor unions); *In re Boston Post Rd. Ltd. P'ship*, 21 F.3d 477 , 483 (2d Cir. 1994).
[7] Bloomberg Law Bankruptcy Treatise, Part V: Reorganization, Chapter 173: Bankruptcy Code § 1124 - Impairment of Claims or Interests

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 4

Case: 20-50469    Doc# 228    Filed: 09/01/21    Entered: 09/01/21 12:36:11    Page 4 of 10

$1,335,810.91 claim under sections 523(a)(2), (4) and (6) of the Code for Breach of Contract, Embezzlement/Conversion, Intentional Inflection of Emotional Distress, Prejudgment Interest, Treble Damages/Punitive Damages and yet to be determined Attorney's Fees and Costs. And in light of the fact that the Debtor defaulted in the parties Settlement Agreement, at Dkt. No. 95; the litigation has not as yet been finally adjudicated as to the totality of the non-dischargeability to the claim. As such, this ongoing litigation places the Gardners in a class by themselves.

Secondly, even if *arguendo*, this court were to find that the Gardners' claim is "substantially similar" to the Class 2(b) claims held by the other unsecured creditors, there is sufficient business justification to classify the Gardners' claim separately from those other unsecured creditors. This is because courts have generally recognized that legitimate reasons exist for separate classification of contingent, unliquidated claims, and general unsecured claims.[1] In many cases, these unliquidated, contingent claims are tort claims against the debtor that have yet to be fully and finally adjudicated. One justification for this disparate treatment is that separate classification insulates unsecured claimants with liquidated claims, like trade claimants, from the risk that reserves set aside to satisfy contingent or unliquidated claims are inadequate because such claims are "not capable of precise estimation."[2]

In addition to the need to separate the Gardners litigation-based unliquidated claim from the liquidated unsecured creditors in Class 2(B) is that unlike the other unsecured creditors in Class 2(B), the Gardners have a vested interest in having the Debtor maintain control over as many of his assets, as possible,[3] such that they, the Gardners, may be able to attach and encumber these undistributed assets as compensation for a future judgment or settlement in their

---

[1] See *In re United States Mineral Prods. Co.*, 2005 BL 106783 (Bankr. D. Del. Nov. 29, 2005) ("The Plan properly classifies Litigation Claims in a separate class.") (citations omitted); *In re Dow Corning Corp.*, 244 B.R. 634, 647 (Bankr. E.D. Mich. 1999) ("Moreover, there seems to be little dispute that unsecured claims can be substantially dissimilar in nature. In this case for instance, there is no question that while disputed and unliquidated personal injury breast-implant claims and undisputed and liquidated commercial claims are both unsecured, they may be separately classified."), aff'd, 255 B.R. 445 (E.D. Mich. 2000), aff'd and remanded, 280 F.3d 648 (6th Cir. 2002); *In re Rochem, Ltd.*, 58 B.R. 641, 643 (Bankr. D.N.J. 1985) (approving discriminatory treatment of an unliquidated tort claim and trade claims)

[2] *In re Adelphia Commc'ns Corp*, 368 B.R. 140, 247 (Bankr. S.D.N.Y. 2007)

[3] For example, the real property located at 858 Acalanes Road, Lafayette, California 94549, (hereinafter, "the Lafayette Property"), which near the beginning of the case, at the time he settled with the Gardners, the Debtor was willing to sell, along with all his other real property to satisfy his debt [See Dkt. No. 95, p.2; l 14-18], but now claims is his home deserving of a homestead exemption, and which he is no longer willing to sell, but is willing to encumber for a 11.782% interest rate, with no steady income as of the date of his last 341 Hearing on June 1, 2021,

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225];
Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 5

Case: 20-50469   Doc# 228   Filed: 09/01/21   Entered: 09/01/21 12:36:11   Page 5 of 10

pending litigation with the Debtor long after the Class 2(B) claimants have receive their pro rata share of any pot plan dividend devised by the Mordechai Koka, Dale Gardner and Melissa Gardner's Joint Proposed Combined Plan of Reorganization and Disclosure Statement (July 20, 2021) (hereinafter, the "Joint Debtor-Gardner Plan") in the underlying bankruptcy case, which according to that same-said Joint Debtor-Gardner Plan, the Gardners will also participate in that dividend distribution. As such, there is a real conflict of interest between the Gardners and the Class 2(B) creditors that needs to be fully disclosed and addressed *now*, prior to commencement of the voting on the competing plans.

## III.

## THE HANNAS HAVE NOT IMPERMISSIBLY DESIGNATED THE GARDNERS' CLAIM AS UNIMPAIRED; THE GARDNERS' TREATMENT IN THE HANNAS' PLAN IS UNIMPAIRED BECAUSE THE GARDNERS HAVE VOLUNTARILY ELECTED LESSER TREATMENT BY JUDICIAL ADMISSION

**A.    Governing Law**

   **1. In Order to Determine if the Hannas have Impermissibly or *Legally* Designated the Gardners' Claim as Unimpaired, the Court must Analyze the Intersection and Convergence of the three Germaine Sections of the Bankruptcy Code; Sections 1122, 1123 and 1124**

In order to fully determine the proprietary of a particular claim's classification and treatment in a proposed plan, in addition to reviewing the claim pursuant to section 1122 of the Bankruptcy Code, governing the classification of claims or interests, discussed above in detail, sections 1124 and 1123 also come into play and must be reviewed for their impact on the claim and its classification.

Section 1124 describes when a class of claims or interests is impaired. Generally, "a class of claims or interests" is presumed to be impaired under 11 U.S.C. § 1124 "unless, with respect to each claim or interest of such class, the plan . . . leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." 11 U.S.C. § 1124(1) (emphasis added). In other words, unless the rights of each claimholder within a class are left unaltered, the entire class will be impaired.

---

other than from his rental property located in Alameda California, and for reasons that are not clearly articulated. [See Dkt. 172, p4; 13-17.]

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 6

Case: 20-50469    Doc# 228    Filed: 09/01/21    Entered: 09/01/21 12:36:11    Page 6 of 10

However, an exception to that general rule is contained in the introductory clause of 11 U.S.C. § 1124 —"[e]xcept as provided in section 1123(a)(4) of this title." 11 U.S.C. § 1124.

Read together, these sections provide that the agreement or consent by a claimholder to a less favorable treatment than will otherwise be enjoyed by the class, as permitted by 11 U.S.C. § 1123(a)(4), "removes the claim from the presumption of impairment" and "the claim of this creditor is deemed unimpaired under § 1124."[1] Put simply, an agreement to less favorable treatment under 11 U.S.C. § 1123(a)(4) does not create an impairment, ***it removes one***.[2]

**B.     Analysis**

    **1. The Gardners have Self-Selected their Status as Holding an Unimpaired Claim by Designating the Amount they have agreed to be paid by the Debtor in their Joint Proposed Plan with the Debtor, A Judicial Admission**

Here, the Gardners have agreed to receive a 40.66 percent dividend[3] in their Joint Plan with the Debtor; a judicial admission as to their elections of lessor treatment. And inasmuch as the treatment was self-selected by them, the Gardners' claim was neither gerrymandered, discussed above, nor impermissibly made unimpaired by the Hannas in the Hannas' proposed plan because quite frankly, the Hannas simply copied the Gardners' selected treatment right into the Hannas' proposed plan. As such, the Gardners are getting the very treatment they chose of their own free will, thereby making them unimpaired by law; a choice that unfortunately was not afforded the Class 2B creditors, the class the Gardners insist they are part of, in order to have their $1,335,810.91 claim swamp the class and thereby cancel out the voices of the true Class 2B members and relegate their votes to the trash bin in order for Joint Plan proponents to control the outcome of the Debtor's Reorganization – an outcome that if left unchecked, would negate the due process rights of the Class 2(b) creditors.

///

///

///

---

[1] *In re K Lunde*, LLC, 513 B.R. 587, 595 n.5 (Bankr. D. Colo. 2014).
[2] *In re Hanish, LLC*, 570 B.R. 4, 20 (Bankr. D.N.H. 2017) (emphasis added).
[3] See Dkt. No. 193; p.5, **Class 2(b). General Unsecured Claims**.; Dale Gardner Melissa Gardner *Amount of Claim*; $1,543,959.77; *Estimated Total Amount to be Paid* $627,812.59; $627,812.49/$1,543,959.77 = 40.66%.

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 7

Case: 20-50469    Doc# 228    Filed: 09/01/21    Entered: 09/01/21 12:36:11    Page 7 of 10

# IV.

# CONCLUSION

Based upon the forgoing, the Hannas respectfully request that the Court overrule the Joint Objections as to the allegations that Hanna's classification and treatment of the Gardners' claim is the result of either gerrymandering and/or some form of impermissible classification. Neither allegation is supported by the facts of the case. To the contrary, the facts and circumstances reveal that the Hannas' classification and treatment of the Gardners' claim is proper.

Therefore, the Hannas request that this Court overrule the Joint Objection and approve of Disclosure Statement Aspects of the Hannas' Proposed Plan and Disclosure Statement after the Hannas review and correct the minor deficiencies contained therein that have been identified by the Office of the United States Trustee on or about August 25, 2021, along with any other deficiencies this court in its wisdom requires.

DATED: September 1, 2021     Respectfully Submitted by:
**LAW OFFICES OF SELWYN D. WHITEHEAD**

By: /s/ *Selwyn D. Whitehead, Esq.*
SELWYN D. WHITEHEAD, Esq.
Attorneys for Creditors
JEFF and AMALIA HANNA

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 8

Case: 20-50469    Doc# 228    Filed: 09/01/21    Entered: 09/01/21 12:36:11    Page 8 of 10

# CERTIFICATE OF SERVICE

I, Selwyn D. Whitehead the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue Oakland, CA 94605. On the date stated below, I served the following document(s):

1. **CREDITORS JEFF AND AMALIA HANNA'S COMBINED REBUTTAL TO THE KOKA-GARDNER OBJECTIONS TO THE DISCLOSURE STATEMENT CONTAINED IN AMALIA AND JEEF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED AUGUST 10, 2021, [DKT NOS. 224 AND 225]; AND,**
2. **THIS CERTIFICATE OF SERVICE**

on each party listed below requesting or requiring special notice in the manner or manners described below:

***VIA THE COURT'S ECF SYSTEM ONLY:***

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / SJjared.a.day@usdoj.gov

Deirdre M. Digrande on behalf of Creditor Amalia Hannaddigrande@lockhartpark.com, ddigrande@yahoo.com

Arasto Farsad on behalf of Defendant Mordechai Kokafarsadecf@gmail.com, farsadecf@ecf.courtdrive.com

Lars T. Fuller on behalf of Debtor Mordechai KokaFullerlawfirmecf@aol.com, Larsfullerecf@aol.com

Christopher Hayes on behalf of Trustee Christopher Hayeschayestrustee@gmail.com, ecf.alert+Hayes@titlexi.com

David S. Hoffman on behalf of Requestor Allan Hulgandshoffmanesq@aol.com

Kelly Marie Kaufmann on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series2007-Abknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

Christopher M. McDermott on behalf of Creditor HSBC Bank USA, National Associationecfcanb@aldridgepite.com, CMM@ecf.inforuptcy.com

Brent D. Meyer on behalf of Creditor Dale Gardnerbrent@meyerllp.com

Office of the U.S. Trustee / SJUSTPRegion17.SJ.ECF@usdoj.gov

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 9

Case: 20-50469   Doc# 228   Filed: 09/01/21   Entered: 09/01/21 12:36:11   Page 9 of 10

1. Edward A. Treder on behalf of Creditor HSBC Bank USA, National Associationndcaecf@BDFGroup.com

2. Nancy Weng on behalf of Defendant Mordechai Kokanancy@farsadlaw.com

3. Selwyn D. Whitehead on behalf of Creditor Amalia Hannaselwynwhitehead@yahoo.com

4. Craig V Winslow on behalf of Plaintiff Dale Gardnercraig@cvwlaw.com

5. Jennifer C. Wong on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007-Abknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

    I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead, for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail and/or electronic service via personal or business email and/or via the Court's ECF System, as indicated above.

    I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of September 2021 at Oakland, Alameda County, California.

/s/ Selwyn D. Whitehead, Esq.
SELWYN D. WHITEHAD, ESQ.

Creditors Jeff and Amalia Hanna's Combined Rebuttal to the Koka-Gardner Objections to the Disclosure Statement Contained in the Combined Plan of Reorganization and Disclosure Statement, Dated August 10, 2021,[Dkt. Nos.224 and 225]; Certificate of Service
KOKA///CASE NO.: 20-50469-SLJKOKA///CASE NO.: 20-50469-SLJ
Page 10

Case: 20-50469    Doc# 228    Filed: 09/01/21    Entered: 09/01/21 12:36:11    Page 10 of 10