

**Entered on Docket**
**September 03, 2021**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes the order of the Court.
Signed: September 3, 2021

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>  Debtor. | Case No.: 20-50469 SLJ<br><br>Chapter 11<br><br>Date: September 2, 2021<br>Time: 1:30 p.m.<br>Ctrm: 9 (Remote) |

## ORDER AFTER HEARING ON APPROVAL OF DISCLOSURE STATEMENT
## (DEBTOR/GARDNERS JOINT PLAN)

The court held a hearing on approval of the disclosure statement portion of the Combined Plan of Reorganization and Disclosure Statement proposed by Debtor and Dale and Melissa Gardner ("Joint Plan") at the above-referenced date and time. Appearances were noted on the record. For the reasons stated on the record, the court indicated it would issue an order detailing the disclosure defects with the Joint Plan. The court found the following errors and/or issues in the Joint Plan:

1. Class 2(a) Small Claims: FTB is listed with a general unsecured claim of $399.51, but FTB filed an amended claim on June 17, 2021, for $0.

ORDER ON DISCLOSURE STATEMENT
-1-

2. Part 3(c) Tax Claims: The Joint Plan lists IRS with a priority claim of $1,670 and FTB with a priority claim of $1,598. But both IRS and FTB filed amended claims for $0 priority claims. The same should be removed from Exhibit 4 Effective Date Feasibility.

3. Part 5(b): This is the vesting provision. Instead of vesting estate property in the Debtor, which is the default in the form plan pursuant to § 1141(b), the Joint Plan changed this section to read "all property of the estate and interests of the Debtor will vest in the *bankruptcy estate*…" (emphasis added). This has significant implications and creates problems:

    A. First, there is an extraneous word or incomplete phrase: The sentence provides all property "will vest in the bankruptcy estate <u>pursuant</u> free and clear of all claims and interests…"

    B. Second, generally the estate terminates upon confirmation because all estate property revests in the debtor under § 1141(b). *See In re Jones*, 420 B.R. 506 (B.A.P. 9th Cir. 2009) (adopting the estate termination approach for chapter 13 cases). Under the Joint Plan, the estate remains, along with all the rights and obligations of maintaining the estate, such as requiring court approval for certain actions.

    C. Third, the Joint Plan does not provide who will manage and oversee the estate post-confirmation. Usually the plan appoints a trustee or an independent agent to represent and administer the estate.

    D. Fourth, the vesting section appears to impermissibly enlarge the estate post-confirmation. By including "all property of the estate and *interests of the Debtor*" in the post-confirmation bankruptcy estate, the latter will include exempt property which has left the estate and postpetition interests of Debtor in addition to those identified in 11 U.S.C. § 1115, as well as prepetition interests of Debtor beyond the scope of 11 U.S.C. § 541(a). *See Rousey v. Jacoway,* 544 U.S. 320, 325 (2005) (exempted interests in property are withdrawn from the bankruptcy estate).

    E. Fifth, "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate."11 U.S.C. § 362(c)(1). By augmenting the post-confirmation estate noted above, the automatic stay will not terminate, as it should,

Case: 20-50469    Doc# 234    Filed: 09/03/21    Entered: 09/03/21 11:52:43    Page 2 of 5

upon confirmation as to property of the estate, but it also covers additional property and interests that are not part of the pre-confirmation estate.

 F. Sixth, the language in Part 6(e) is incompatible with this provision because the unchanged Part 6(e) provides that any creditors whose claims are unimpaired may exercise all of their contractual and legal rights, but the automatic stay appears to bar these actions.

 G. Seventh, by keeping the estate in existence, the last phrase of the vesting provision "subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below" is rendered superfluous because there is nothing to revest.

4. Part 7(j): This new provision provides that all postpetition cash collateral "shall vest in Debtor" free and clear of all liens and interests. It contradicts the vesting provision in Part 5(b) that all property of the estate and interests of Debtor vest in the bankruptcy estate. It also appears that this provision serves to avoid a secured creditor's valid and perfected security interest in cash collateral. I am not sure of the authority for this provision. Moreover, given the allegations that Debtor has been using cash collateral without authorization, which the court has asked Debtor to address, it is unclear how this provision would absolve Debtor before the court has an opportunity to decide whether the allegations are founded.

5. Part 7(k): This is another new provision that contradicts the vesting provision in Part 5(b). It provides for any returned payments to be retained by Debtor, even though according to Part 5(b), these return payments constitute property of the post-confirmation estate.

6. Exhibit 3 Feasibility Analysis: There is no information or evidence to support the $15,000 in gross employment income. Although Debtor has, at various times, mentioned a new job that pays him $15,000, Debtor has provided scant details, such as his employer, the nature and location of the employment, the duration of the employment, etc. This information should be disclosed.

7. Exhibit 6 is a newly created exhibit that is titled "Part 8. Means of Execution of Plan." This section contains substantive and material provisions that should be added to the Joint Plan itself, not included as part of an exhibit.

ORDER ON DISCLOSURE STATEMENT
-3-

8. Part 3(d) and Part 4(a): The Joint Plan lists three residential leases at the Alameda Property, including the lease for Julia Mackenzie, *et al.* Part 3(d) shows her security deposit of $2,750 as a priority claim and Part 4(a) provides that Debtor will assume her lease. However, the declaration filed by Debtor on September 1, 2021, states that Mackenzie has moved out and her security deposit returned.

As indicated at the hearing, Debtor shall make the changes noted above by October 1, 2021. Of course, Debtor can continue to include provisions in the plan's current version but Debtor will need to be prepared to address the court's concerns from a legal perspective.

Objections to the document shall be filed by October 23, 2021. The hearing on approval of the disclosure statement portion of the Joint Plan is continued to November 4, 2021, at 1:30 p.m.

IT IS SO ORDERED.

*** END OF ORDER***

**COURT SERVICE LIST**

**[ECF Recipients]**