LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
JOYCE K. LAU (No. 267839)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852
Lars@fullerlawfirm.net

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA<br><br>Debtor | CASE NO. 20-50469-SLJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENCUMBER REAL PROPERTY**<br><br>Chapter 11<br><br>Date:    Sept. 21, 2021<br>Time:   2:00 PM<br>Court:  Telephone or Video Only*** |

COMES NOW Debtor Mordechai Koka by and through The Fuller Law Firm, P.C. his attorney of record and submits this Memorandum of Points and Authorities in Support of his Motion to encumber real property as follows:

### I.    Background

Debtor filed the herein case on March 10, 2020 to stay the foreclosure sale of his home at 858 Acalanes Rd. Lafayette, CA ("Lafayette Property" hereinafter). The Lafayette Property consists of a single family residence of 1788 square feet built in 1939 together with two accessory

dwelling units (ADUs) on a 25,265 square foot lot. The Lafayette Property has substantial deferred maintenance including the following:

    1.    Foundation- the ground is settling causing foundation problems. The house needs to be jacked up, piers drilled and pier and grade beam foundation poured;

    2.    Plumbing – the house has water flow problems resulting from buildup in the water pipes, some of which are galvanized;

    3.    Electrical – though functional, it is not up to current code;

    4.    Roof – the roof is about 35 years old and leaks in a few places;

    5.    Landscaping – there is virtually no landscaping;

    6.    Stucco – the stucco is cracked and deteriorating;

    7.    Paint – the house needs to be painted inside and outside

    8.    The driveway is functional but gravel

    9.    Tree work; Trees need to be cut and trimmed and trees too close to the house need to be removed;

Zillow.com currently values the Lafayette Property at $1,605,600.[1] Debtor, after consulting with his Realtor, opines The Lafayette Property is not likely to sell for more than $1,550,000.

The Lafayette Property is encumbered by a first deed of trust in favor of HSBC Bank USA, NA as Trustee for Merrill Lynch Mortgage Investor, Inc. Mortgage Pass-through Certificates, MANA Series 2007-AF1. It is currently serviced by Mr. Cooper. Pursuant to Proof of claim No. 4 filed in the herein case on June 19, 2020, the balance of the 1st loan was $965,095.64 inclusive of arrears in the amount of $428,325.78. Debtor is approximately $95,000 post-petition

---

[1] The Joint Debtor/Gardner Plan values the Lafayette Property, for liquidation value purposes, at $1,621,500, the Zillow valuation at the time of drafting.

Memorandum of Points and Authorities in Support of Motion to Encumber Real Property

FULLER LAW FIRM, P.C.
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

delinquent in payments. However, now being employed, Debtor will commence regular payments in Oct. 2021. Hence, the equity is the property is as follows

|  |  |  |
|---|---|---|
| Value |  | 1,550,000 |
| 1st – Mr. Cooper | 965,096 |  |
| 1-st post-petition arrears | 95,000 |  |
|  |  | 1,060,096 |
| Gross Equity |  | $489,904 |

On July 20, 2021 the Gardners and Debtor filed a joint plan ("Joint Plan) which provides for Debtor to turn over the proceeds of sale of real property at 1702 Paru St., Alameda, CA to creditors, but for Debtor to retain his Lafayette Property. In order to cure the arrears on the Lafayette Property, Debtor proposes to place a new second loan on the Lafayette Property with the proceeds used to cure the arrears to Mr. Cooper. As such, the only diminution in equity in the Lafayette Property is the costs of the loan. Regardless, Debtor maintains that the best interest of creditors test is satisfied from the proceeds of the Alameda Property.

El Dorado Consulting, a Wyoming Corporation, as Lender, through Sharron Drake, Legacy Real Estate Services, has agreed to extend new financing secured by a junior deed of trust on the Property in an amount not to exceed $550,000 under various options. Debtor has selected the option of a 3 year loan payable in interest only payments of $5400.15/month representing monthly interest only payments at 11.782%. The cost of the loan is 3.98% of the loan amount. In addition, there is a broker loan fee of .50%, a broker processing fee of $1,000.00, Collateral review of $1,050.00, a underwriting fee of $550.00 a processing fee of $750.00 and recording/lender title endorsement fees of $405.00.

## II. Legal Argument

Debtor is bringing this motion under 11 U.S.C. §363 which provides, in pertinent part as follows:

> The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate… 11 U.S.C. §363 (b)(1)

The instant transaction is not in the ordinary course of debtor's business. Debtor, as Debtor in possession, has standing to request authority to encumber his real property. The authority is requested conditional on confirmation and hence the cost of the financing does not impair the equity in the estate assets in the event of conversion. Here, there are only three ways to deal with the mortgage arrears:

1. <u>Cramdown the loan and capitalize the arrears.</u>

This would be the best option. However, Debtor, though he did not reside in the Lafayette Property on the petition date, maintains that the Lafayette Property is his domicile. The Bankruptcy Code provides that claims secured only by real property constituting the principal residence of the debtor cannot be modified. 11 U.S.C. §1322(b)(2). The anti-modification provisions in Chapter 13 and Chapter 11 should be interpreted in the same way. <u>In re Benafel</u>, 461 B.R. 581, 586 (9th Cir. BAP 2011). It would be bad faith to capitalize the arrears under these facts.

2. <u>Cure the arrears over time</u>.

This would be an attractive option. However, even a seven year cure, the longest a lender is likely to entertain, would have to provide payments of $6,230/month.

3. <u>Sell the Lafayette Property</u>

This option would resolve the arrears issue. However, Debtor and his children would lose their residence and Debtor would realize additional substantial tax liability.

4. <u>Place a 2nd loan on the Property to cure arrears</u>

This is what the joint Plan proposes and given the alternatives, in Debtor's judgment, is the best course of action.

Memorandum of Points and Authorities in Support of Motion to Encumber Real Property

FULLER LAW FIRM, P.C.
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

5. <u>Refinance the entire 1st loan</u>

Since debtor can only qualify for private money, the payments would be cost prohibitive.

WHEREFORE, Debtor prays for an order: (1) authorizing debtor to incur debt with the proceeds used to pay down the existing pre-petition and post-petition arrears on the Property; (2) (2) that confirmation of a plan wherein debtor retains the Lafayette Property be a condition precedent to loan funding.

DATED: Sept. 14, 2021  THE FULLER LAW FIRM, P.C.

By: /s/ *Lars T. Fuller*
LARS T. FULLER
Attorney for Debtor

FULLER LAW FIRM, P.C.
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

Memorandum of Points and Authorities in Support of Motion to Encumber Real Property

Case: 20-50469   Doc# 238   Filed: 09/14/21   Entered: 09/14/21 17:48:39   Page 5 of 5