# EXHIBIT "1"

JaVonne M. Phillips, Esq. SBN 187474
Jennifer C. Wong, Esq. SBN 246725
**McCarthy & Holthus, LLP**
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for
Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007-A, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>Mordechai Koka,<br>aka Moti Koka,<br>dba Green Bay Builders, Inc.,<br><br>Debtor. | Case No. 20-50469 SLJ<br><br>Chapter 11<br><br>**AMENDED STIPULATION FOR PLAN TREATMENT ON FIRST LIEN SECURED BY REAL PROPERTY LOCATED AT 1702 PARU STREET, ALAMEDA, CA 94501**<br><br>[no hearing]<br><br><br>Judge: Stephen L. Johnson |

Case: 20-50469   Doc# 248-1   Filed: 09/20/21   Entered: 09/20/21 10:17:10   Page 2 of 6

Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007-A, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("Secured Creditor") and Mordechai Koka ("Debtor"), by and through their attorneys of record, now enter into the below <u>amended</u> stipulation agreeing to plan treatment for the real property commonly known as 1702 Paru Street, Alameda, CA 94501.

## RECITALS

A. On or about 11/21/2003, Debtor, for valuable consideration, made, executed and delivered a Note secured by a First Deed of Trust both in the amount of $672,000.00 on the property commonly known as 1702 Paru Street, Alameda, CA 94501 ("Subject Property").

B. On 3/10/2020, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California.

C. On 4/16/2020, Secured Creditor filed a Motion to approve the parties' stipulation for adequate protection and plan treatment [Dkt. 36] and it was approved by Bankruptcy Court Order entered on 6/15/2020 [Dkt. 54].

D. The parties have conferred and agreed upon <u>amended</u> treatment of Secured Creditor's first lien secured by the Subject Property for purposes of Debtor's Chapter 11 Plan and those terms are reflected below.

## THE PARTIES HERETO STIPULATE AND AGREE AS FOLLOWS:

1. Secured Creditor holds a fully secured first lien on the Subject Property.

2. **Continuing 8/1/2021, Debtor agrees to make contractual payments to Secured Creditor, including the escrow payment, currently in the amount of $5,519.60** (principal and interest $3,875.02 + taxes $1,257.32 + insurance $268.67 + escrow shortage $118.59). These payments will be applied contractually to the loan as they are received. Debtor is aware this payment may fluctuate and are responsible for confirming that payment with Secured Creditor as needed.

Case: 20-50469    Doc# 248-1    Filed: 09/20/21    Entered: 09/20/21 10:17:10    Page 3 of 6

3. In addition to the current contractual payment due, within thirty (30) days of the effective date, Debtor agrees to cure any and all contractual loan arrears due on the loan.
4. Payments shall be made directly to Secured Creditor, Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 1159, or as otherwise directed.
5. Secured Creditor will continue to impound this loan for taxes and insurance related to the Subject Property and charge a monthly escrow payment in addition to Debtor's monthly principal and interest payment. Debtor is obligated to make the monthly escrow payment in addition to principal and interest payments. Debtor understands that these amounts may fluctuate.
6. All escrow advances will remain due and owing on the loan and will be repaid through the escrow account on this loan.
7. All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.
8. Secured Creditor has relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.
9. In the event of a default on payments to Secured Creditor under the terms of this <u>amended</u> stipulation *prior to the entry of the confirmation order*, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

10. In the event of a default on payments to Secured Creditor under the terms of this <u>amended</u> stipulation *after the entry of the confirmation order*, Secured Creditor may proceed pursuant to the terms of the underlying Note and Deed of Trust, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further Court Order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 Plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this <u>amended</u> stipulation.

11. Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan conflict with the terms of this <u>amended</u> stipulation the terms of this <u>amended</u> stipulation will control. In the event that Debtor's Chapter 11 Plan does not reflect the language of this <u>amended</u> stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of this <u>amended</u> stipulation, or by reference of the filed <u>amended</u> stipulation with docket number.

12. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this <u>amended</u> stipulation, or the terms of this <u>amended</u> stipulation are incorporated into the confirmation order through exact language, attachment of a copy of this <u>amended</u> stipulation, or by reference of the filed <u>amended</u> stipulation with docket number.

///
///
///
///
///
///
///
///

4

Stipulation for Plan Treatment, Case No. 20-50469 SLJ

Case: 20-50469   Doc# 248-1   Filed: 09/20/21   Entered: 09/20/21 10:11:20   Page 5 of 6

13. If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note.

14. The terms of this <u>amended</u> stipulation will supersede the terms of the stipulation for plan treatment entered at Dkt 36 and order entered at Dkt 54.

IT IS SO STIPULATED:

Dated: 9-15-21

_____
Lars Fuller, Esq.
Attorney for Debtor

Dated: 08/20/2021

/s/ Jennifer C. Wong
Jennifer C. Wong, Esq.
McCarthy & Holthus, LLP,
Attorneys for Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007-A, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

Case: 20-50469    Doc# 248-1    Filed: 09/20/21    Entered: 09/20/21 10:17:10    Page 6 of 6