LARS T. FULLER (No. 141270)
SAM TAHERIAN (No. 170953)
THE FULLER LAW FIRM, PC
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA<br><br>Debtor | CASE No. 20-50469-SLJ<br><br>Chapter 11<br>(Subchapter V)<br><br>**OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT CONTAINED IN AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT DATED AS AMENDED OCT. 8, 2021**<br><br>Date: Nov. 4, 2021<br>Time: 1:30 PM<br>Court: Telephonic or Video Only |

COMES NOW Debtor Mordechai Koka and respectfully objects to approval of the disclosure statement aspects in Creditors Amelia and Jeff Hanna's Combined Plan of Reorganization and Disclosure Statement Dated Oct. 8, 2021 as follows:

## I.  INTRODUCTION

The Hannas filed a prior competing plan which required Debtor to vacate his Lafayette Residence and move into one unit of the Alameda tri-plex. Debtor, in the hopes of appeasing the Hannas and mitigating the unnecessary increase in administrative costs to the detriment of the

1
Objection to Approval of Disclosure Statement Contained in Amalia and Jeff Hannas' Proposed Combined Plan of
Reorganization and Disclosure Statement Dated October 8, 2021

estate, conceded and filed a joint plan with the Gardners proposing to sell the Lafayette Property and move into the Alameda Property. Now the Hannas propose a liquidating plan wherein Debtor would lose all his real property, be denied his homestead claim, burden the estate with the tax consequences of sale without any means to pay them, and allow Ms. Whitehead, with no duties to Debtor or the estate, to control all disbursements.

## II. ARGUMENT

### A. THE PLAN VIOLATES THE STIPULATION WITH DEUTSCHE BANK

On April 27, 2020 Debtor, represented by Farsad Law Office, P.C. and Creditor Deutsche Bank, N.A., by and through Kelly Kaufmann entered into a stipulation for plan treatment appearing on the docket as Docket No. 38. The Stipulation provides, among other things, that payments to Deutsche Bank be maintained, including after entry of the confirmation order. The terms of the stipulation are to be included in any plan or confirmation order. The Hannas plan proposes that no payments be made on the Alameda property until it is sold. Hannas would first need to seek relief from the stipulation to allow for such plan treatment.

### B. THE PLAN FAILS TO PROVIDE WHAT WILL HAPPEN IF THE ALAMEDA PROPERTY DOES NOT SELL

The Alameda Property is a white elephant. It has been marketed over a year and though offers have been received, the tenancy issue coupled with the costly repairs impaired closing. There is at least a substantial possibility that The Alameda property will not sell within 90 days and the Plan fails to address the result.

### C. UNFAIR DISCRIMINATION - THE PLAN UNFAIRLY DISCRIMINATES AGAINST MEMBERS OF THE SAME CLASS

2
Objection to Approval of Disclosure Statement Contained in Amalia and Jeff Hannas' Proposed Combined Plan of Reorganization and Disclosure Statement Dated October 8, 2021

Case: 20-50469    Doc# 262    Filed: 10/22/21    Entered: 10/22/21 14:14:41    Page 2 of 5

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95125
(408) 295-5595

The Hannas Plan proposes that the Gardners, who are members of the same general unsecured class as the Hannas, reduce their claim and make a gift of $200,000 to fund an initial cash reserve. There is no legal basis for such demand and treatment. The Gardners claim has been liquidated. The Gardners have not agreed to any such treatment.

D. THE PROPOSED PLAN DENIES DEBTOR THE HOMESTEAD EXEMPTION

The property at 858 Acalanes Rd. Lafayette, CA ("Lafayette Property") consists of a single family residence and two ADU's. Debtor's 2017-2020 tax returns reflects that Debtor resided in the Lafayette Property. At all times relevant to the present, Debtor's adult children reside in the ADUs at the Lafayette Property.[1] At the Subchapter V IDI Debtor stated that he moved out of the Lafayette Property just before the filing of the petition to stay with a friend because of stress and the fear of foreclosure, but always intended to return to the Lafayette Property if it could be saved.

California courts have long held that a lack of physical occupancy does not preclude a party from establishing actual residency and claiming the homestead, if the claimant intends to return. See, e.g., Michelman v. Frye, 238 Cal.App.2d 698, 703–04, 48 Cal.Rptr. 142 (1965) Under California law, the relevant factors for determining if a debtor resides in a property are the physical fact of the occupancy of the property and the debtor's intention to live there. Kelley v. Locke, 300 B.R. 11, 21 (9th Cir. BAP 2003) (citing Ellsworth v. Marshall, 196 Cal.App.2d 471, 474, 16 Cal.Rptr. 588 (1961) ). California courts have long held that a lack of physical occupancy does not preclude a party from establishing actual residency and claiming the homestead, if the claimant intends to return. See, e.g., Michelman v. Frye, 238 Cal.App.2d 698, 703–04, 48 Cal.Rptr. 142 (1965). The 9th Circuit has adopted the In re Kelley approach. Diaz v. Kosmala (In re Diaz), 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016).

---

[1] Though the adult children did not pay rent, Debtor's proposed Subchapter V plan projects $3,500 in future rental income from the ADUs.

3

Objection to Approval of Disclosure Statement Contained in Amalia and Jeff Hannas' Proposed Combined Plan of Reorganization and Disclosure Statement Dated October 8, 2021

Case: 20-50469    Doc# 262    Filed: 10/22/21    Entered: 10/22/21 14:14:41    Page 3 of 5

The Court has not yet ruled on the homestead exemption issue. The plan should provide for the alternative.

### E. SELWYN D. WHITEHEAD, WHICH HAS NO DUTIES TO THE ESTATE, SHOULD NOT BE THE DISBURSING AGENT

Selwyn Whitehead represents the Hannas and has fiduciary duties only to the Hannas. She has no duties to the estate or to any other creditors. For Ms. Whitehead to be the disbursing agent is totally inappropriate and for her to bill the estate for her services is equally inappropriate.

### F. FEASIBILITY-THE PLAN IMPOSES ALL TAX CONSEQUENCES OF SALE ON THE ESTATE WITHOUT ANY MEANS FOR PAYMENT

The Hanna plan provides for Debtor to sell all his real property, denies him the homestead exemption to which he believes he is entitled[2], leaves the estate with no assets other than exempt personal property of inconsequential value, but expects the estate to pay the substantial tax consequences of sale with no means to pay them. Debtor estimates that the tax consequences of sale are as follows:

| | |
|---|---|
| Alameda Property | $385,127 |
| Lafayette Property | $180,471 |
| Napa Property | $26,024 |
| Total | $591,622 |

These are administrative expenses to the estate and must be addressed in the plan. Without factoring the taxes into the liquidation analysis or addressing how these will be paid, the plan is not feasible on its face. Though feasibility is a confirmation issue, it is so blatant that it should be addressed at disclosure.

### III. CONCLUSION

---

[2] The Court has not yet ruled on whether Debtor is entitled to the Homestead Exception.

4

Objection to Approval of Disclosure Statement Contained in Amalia and Jeff Hannas' Proposed Combined Plan of Reorganization and Disclosure Statement Dated October 8, 2021

Case: 20-50469　　Doc# 262　　Filed: 10/22/21　　Entered: 10/22/21 14:14:41　　Page 4 of 5

When the instant case was re-designated as a non Sub-chapter V case, Debtor was quick to recognize that absent infusion of "new value" he cannot confirm a plan over the Gardners' objection. The Absolute Priority Rule reigns to Debtor's detriment. But it also reigns to any creditor plan's detriment. Debtor was quick to negotiate a resolution that is deferential to the Gardners desires but within the requirements of 1129(a). Hanna should, but have refused to do the same.

The Gardners have made it very clear that they will not support the Hannas Plan. The Hannas would be far better served to negotiate a compromise than to propose a plan un-confirmable on its face, expend fees without any realistic probability of success all to the detriment of the estate.

The disclosure statement aspects of the Hanna Plan should not be approved.

Respectfully submitted,

Dated: Oct. 22, 2021

                                        THE FULLER LAW FIRM, P.C.

                                        By:  /s/ Lars T. Fuller
                                                LARS T. FULLER
                                                Attorneys for Debtor

5
Objection to Approval of Disclosure Statement Contained in Amalia and Jeff Hannas' Proposed Combined Plan of Reorganization and Disclosure Statement Dated October 8, 2021

Case: 20-50469   Doc# 262   Filed: 10/22/21   Entered: 10/22/21 14:14:41   Page 5 of 5