**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:   (415) 765-1588
Facsimile:    (415) 762-5277
Email:         brent@meyerllp.com

Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>Debtor in Possession. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br>**OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (OCTOBER 8, 2021)**<br><br>Date:       November 4, 2021<br>Time:      1:30 p.m.<br>Location: Telephonic / Videoconference[1]<br>Judge:    Hon. Stephen L. Johnson |

---

[1] Paragraph 10 of General Order 38 (Seventh Amended) provides that "[u]nless otherwise ordered by the presiding judge, all notices of any motion or application filed with the court and served on any party which sets a hearing date for the motion or application must state that the hearing will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video, and include the following language: 'All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.'" See *https://www.canb.uscourts.gov/sites/default/files/generalorders/Seventh AmendedGO38.pdf.*

- 1 -

BK CASE NO. 20-50469-SLJ
OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (OCTOBER 8, 2021)



Creditors Dale Gardner and Melissa Gardner (the "Gardners") hereby object (the "Objection") to approval of the disclosure statement set forth in the *Creditors Amalia and Jeff Hanna's Proposed Combined Plan of Reorganization and Disclosure Statement (October 8, 2021)* (the "Proposed Plan") [Dkt. No. 260] filed in the above-captioned matter.

I. **LEGAL ARGUMENT**

A. **The Hannas Failed to File and Serve a Notice of Hearing for Approval of the Disclosure Statement Set Forth in the Proposed Plan**

Federal Rule of Bankruptcy Procedure 2002(b) provides in relevant part that the Hannas shall provide "the debtor, the trustee, all creditors and indenture trustees *not less than 28 days' notice* by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement or, under §1125(f), to make a final determination whether the plan provides adequate information so that a separate disclosure statement is not necessary." Fed. R. Bankr. P. 2002(b) (emphasis added); see also B.L.R. 9013-1(b)(3) ("[t]he third document, the notice of hearing, shall be docketed separately and state the date, time, and location of the hearing (if any)."

Here, the Hannas failed to file and serve a *Notice of Hearing* for approval of the disclosure statement set forth in the Proposed Plan consistent with the requirements of Federal Rule of Bankruptcy Procedure 2002(b) and Bankruptcy Local Rule 9013-1(b)(3). See CM/ECF *generally*. As such, at this time, the Court should decline any request by the Hannas to consider approval of the disclosure statement set forth in the Proposed Plan.

B. **The Proposed Plan Cannot be Confirmed and Omits Material Information**

Pursuant to section 1125 of the Bankruptcy Code, a disclosure statement shall contain "adequate information", which is information "of a kind, and in sufficient detail" to "enable a hypothetical reasonable informed investor … to make an informed judgment about the plan …." 11 U.S.C. § 1125. The court has an independent obligation to determine if a proposed disclosure statement meets this standard. In re Eastern Main Elec. Cooperative, Inc., 125 B.R. 329, 333 (Bankr. D. Maine 1991); In re Main Street AC, Inc., 234 B.R. 771, 774 (Bankr. N.D. Cal. 1999).

Further, "[i]t is now well accepted that a court may disapprove of a disclosure statement,



BK CASE NO. 20-50469-SLJ  - 2 -

OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (OCTOBER 8, 2021)

Case: 20-50469    Doc# 263    Filed: 10/22/21    Entered: 10/22/21 20:31:09    Page 2 of 4

even if it provides adequate information about a proposed plan, if the plan could not possibly be confirmed." In re Main St. AC, Inc., 234 B.R. at 775 (citing In re Allied Gaming Management, Inc., 209 B.R. 201, 202 (Bankr. W.D. La. 1997); In re Curtis Center Ltd. Partnership, 195 B.R. 631, 638 (Bankr. E.D. Pa. 1996); In re 266 Washington Assocs., 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992); In re Bjolmes Realty Trust, 134 B.R. 1000, 1002 (Bankr. D. Mass. 1991)).

Here, the Proposed Plan contain numerous provisions that violate section 1129(a) of the Bankruptcy Code, which render the Proposed Plan patently unconfirmable. Until the Hannas resolve these significant legal issues with the Proposed Plan, the Court should decline to approve the disclosure statement set forth in the Proposed Plan.

Further, there are at least two significant disclosures that the Hannas fail to include in the Proposed Plan, which are material for creditors "to make an informed judgment about the plan."

First, Class 2 of the Proposed Plan provides in relevant part that "[c]reditors Dale and Mellissa Gardner **_agree_** to make a gift of $200,000.00 to fund an initial cash reserve. That means that the Gardners payout will be reduced to $635,777.90" … [and] … "**_the gifts_** of $200,000.00 from the Gardners to fund an initial cash reserve of the Plan." See Dkt. No. 260, pp. 5-6 (emphasis added).

The Proposed Plan fails to include _any_ disclosure that: (a) the Hannas lack legal authority under the Bankruptcy Code (or other applicable law) to include a mandatory injunction requiring the affirmative cash payment (or gift) _by a creditor_ to fund a Chapter 11 Plan of Reorganization; (b) the Hannas _never_ discussed or otherwise advised the Gardners of the request for a significant "gift" to the estate to fund the Proposed Plan prior to filing; and (c) the Gardners _will not_, under any circumstances whatsoever, consent to provide a gift or otherwise pay $200,000 to fund the estate as set forth in the Proposed Plan. These disclosures are material, as the Proposed Plan is premised in large part on the unlawful provision purporting to require the Gardners to fund the Hannas' efforts to confirm a Chapter 11 Plan of Reorganization.

Second, Section 8(a)(ii) of the Proposed Plan provides that "attorney Selwyn D. Whitehead, Esq. of the Law Offices of Selwyn D. Whitehead shall be designated and appointed as the post-confirmation disbursing agent." See Dkt. No. 260, pp. 13-14.

Case: 20-50469  Doc# 363  Filed: 10/22/21  Entered: 10/22/21 20:31:09  Page 4 of 4

1. However, the Proposed Plan does not disclose: (a) that the proposed Disbursing Agent currently represents the Hannas in this Bankruptcy Case, and as such, almost certainly has a conflict of interest with respect to Debtor, all other creditors, and the bankruptcy estate; (b) whether the proposed Disbursing Agent is a "disinterested person" pursuant to section 101(14) of the Bankruptcy Code, and if not, whether the proposed Disbursing Agent can serve in such role consistent with the terms of the Proposed Plan; and (c) any information related to the qualifications and experience of the proposed Disbursing Agent acting as a fiduciary for an estate (bankruptcy, probate, state-court receiver, trustee, etc.), and in particular, all cases (if any) where the proposed Disbursing Agent has been appointed to liquidate property, disburse funds to creditors, and manage an estate for the benefit of creditors.

These disclosures are material for all creditors to consider when determining how to vote on the Proposed Plan, as the proposed Disbursing Agent has considerable authority and responsibilities under the terms and conditions of the Proposed Plan, as currently drafted.

## II. CONCLUSION

Based on the foregoing, the Gardners respectfully request that the Court enter an order sustaining the Objection in its entirety, declining to approve the disclosure statement set forth in the Proposed Plan, and granting such other and further relief that is just and warranted.

Dated: October 22, 2021                    **MEYER LAW GROUP, LLP**

By: /s/ BRENT D. MEYER
Brent D. Meyer
Attorneys for Creditors
DALE GARDNER and
MELISSA GARDNER



MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 20-50469-SLJ

- 4 -

OBJECTION TO APPROVAL OF DISCLOSURE STATEMENT SET FORTH IN CREDITORS AMALIA AND JEFF HANNA'S PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (OCTOBER 8, 2021)