S<small>ELWYN</small> D. W<small>HITEHEAD</small>, E<small>SQ</small>. (CSB No. 236391)
LAW OFFICES OF SELWYN D. WHITEHEAD
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510) 632-7444
Fax: (510) 856-5180
Email: selwynwhitehead@yahoo.com

J<small>ULYN</small> M. P<small>ARK</small> (CSB No. 213429)
D<small>EIRDRE</small> M. D<small>I</small>G<small>RANDE</small> (CSB No. 199766)
LOCKHART PARK, LLP
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
       ddigrande@lockhartpark.com

Attorneys for Creditors
JEFF HANNA and AMALIA HANNA

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>MORDECHAI KOKA,<br><br>    Debtor-in-Possession. | Case No. 20-50469-SLJ<br><br>Chapter 11<br><br>**CREDITORS JEFF AND AMALIA HANNAS' OBJECTION TO DISCLOSURE STATEMENT ASPECTS OF DEBTOR AND THE GARDNERS' JOINT PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (October 1, 2021)**<br><br>Date: November 4, 2021<br>Time: 1:30 p.m.<br>Location: Telephonic/Videoconference<br>Judge: Hon. Stephen L. Johnson |

    Creditors Jeff Hanna and Amalia Hanna (hereinafter "the Hannas") object to the disclosure statement aspects of the Joint Proposed Combined Plan of Reorganization and Disclosure Statement (hereinafter "the Joint Proposed Plan") [Dkt. No. 257] filed by Debtor Mordechai Koka and creditors Dale Gardner and Melissa Gardner (hereinafter "the Gardners";

- 1 -

together with Debtor "the Joint Plan Proponents") on the following grounds.

## I.

## THE REQUIREMENTS FOR APPROVAL OF THE DISCLOSURE STATEMENT ASPECTS OF THE JOINT PROPOSED PLAN HAVE NOT BEEN MET

Pursuant to 11 U.S.C. Section 1125, a proponent of a plan of reorganization soliciting acceptance of its plan is required to provide "adequate information" to holders of claims and interests. Section 1125 (a)(1) of the code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1) (2013). Essentially, adequate information means all material information that creditors and interest holders affected by a proposed plan need in order to make an informed decision whether to vote for or against a Chapter 11 plan.

Information required in a disclosure statement will vary with each case. Case law addressing what constitutes adequate information under Bankruptcy Code Section 1125(a)(1) has identified a pertinent, but non-exhaustive list of factors that constitute adequate information. *See, e.g., In re Metrocraft Pub. Services, Inc.*, 39 B.R. 567, 568 (Bankr. N. D. Ga. 1984). Additionally, the Region 17 U.S. Trustee has published guidelines (hereinafter "Trustee Guidelines") respecting the contents of disclosure statements, which is similar, but not identical, to those in *Metrocraft*. The following list is not exclusive, but includes items generally recommended for inclusion in a plan disclosure statement:

    1. Purpose of the disclosure statement;
    2. Description of business;

- 2 -

The Hannas' Objection to Disclosure Statement Aspects of Joint Proposed Combined Plan of Reorganization
Case No. 20-50469-SLJ

Case: 20-50469    Doc# 264    Filed: 10/23/21    Entered: 10/23/21 20:16:49    Page 2 of 6

3. Reasons for financial difficulties and corrections made;
4. Historical and current financial information;
5. Material post-petition events;
6. Legal proceedings;
7. Assets;
8. Liabilities;
9. Description of the Plan;
10. Means of effectuating the Plan;
11. Cash requirements and administrative expenses;
12. Liquidation analysis;
13. Projections;
14. Management compensation;
15. Insider claims;
16. Stock issued for debt;
17. Voting; and
18. Signature.

The Joint Proposed Plan has not adequately addressed a number of these items. However, for brevity's sake, the Hannas will focus only on those elements that make the Joint Proposed Plan disclosure statement aspects unreliable and unfit for approval.

**A.  Debtor Has Not Fully Disclosed the Basis of or Substantiated the Amounts Projected to Fund the Unsecured Creditors' Dividends**

The Joint Proposed Plan calls for Debtor to distribute to his unsecured creditors on a pro rata basis approximately 35.34 percent[1] of their claims totaling $1,567,172.77 from a pot of funds in the amount of $553,854.00 generated by (1) the net sales proceeds of the Lafayette Property[2] ($288,380.00); (2) the residual sales proceeds from the already liquidated Napa Property[3] [$73,708.36]; and (3) "if required," the net sales proceeds of the Alameda Property[4] ($188,329.00). [See Dkt. 257, pp. 5, 22-23.]

////

---

[1] $553,854.00/$1,567,172.77=35.34%.
[2] The single-family dwelling located at 858 Acalanes Road, Lafayette, California.
[3] The single-family dwelling located at 3190 Vichy Avenue, Napa, California.
[4] The triplex located at 1702 Paru Street, Alameda, California.

- 3 -

The Hannas' Objection to Disclosure Statement Aspects of Joint Proposed Combined Plan of Reorganization
Case No. 20-50469-SLJ

Case: 20-50469    Doc# 264    Filed: 10/23/21    Entered: 10/23/21 20:16:49    Page 3 of 6

However, the Joint Plan Proponents have provided no basis to substantiate either the real property valuations or the costs of sales and inasmuch as the Joint Plan Proponents are proposing a liquidated plan, the basis of the amounts expected from the liquidations is required. Specifically, the creditors need to know how the Joint Plan Proponents determined the value of each of the properties because over the course of this case, Debtor has changed positions as to the value, marketability, and conditions of both the Alameda and Lafayette Properties. As such, the unsecured creditors lack the reliable evidence they require to assess the Joint Proposed Plan.

On the other hand, the Hannas' counsel secured the services of an independent property valuation and sales expert Emaia, whose valuations opinion for Lafayette and Alameda Properties have been stated on the record in this matter.[5] In Ms. Emaia's opinion, the Alameda and Lafayette Properties have a value of ~$1,899,000.00 and $2,184,000.00, respectively. She projects that they will yield ~$299,289.00 and ~$952,864.00 in sales revenue, respectively, thereby generating a pot of funds for distribution to the unsecured creditors in the approximate amount of $1,252,153.00. Even without accounting for residue from the sale of the Napa Property, this amount is more than double of that "projected" by the Plan Proponents.

As such and for the reasons stated above, Debtor and his fellow plan proponents, the Gardners, at the very minimum should provide the creditors with more information, including the basis and substantiation of the Joint Proposed Plan's dividend projections. Otherwise, the creditors will not have sufficient information with which to make informed decision about whether to support or reject the Joint Proposed Plan.

**B.     Debtor Has Not Fully Disclosed His Historical, Present, and Projected Financial Information**

The Joint Plan Proponents contend that the Plan is feasible given Debtor's purported gross monthly income of $16,895.00 from his employment as a construction manager and rents received from tenants of the Alameda Property. The Joint Proposed Plan proposes to pay Debtor's monthly living expenses in the amount of $6,887.00 and plan payments in the amount of $6,089.59, leaving the amount of $3,918.41. [See Dkt. No. 257 at p. 24.]

---

[5] See Dkt. Nos. 213 and 213-1, the Valuation Opinions of Ms. Emaia of American Marketing Systems, Inc.

- 4 -

The Hannas' Objection to Disclosure Statement Aspects of Joint Proposed Combined Plan of Reorganization
Case No. 20-50469-SLJ

Case: 20-50469    Doc# 264    Filed: 10/23/21    Entered: 10/23/21 20:16:49    Page 4 of 6

However, whether Debtor is presently and will continue to be employed is questionable. In his declaration in support of the Motion to Encumber Real Property dated June 21, 2021, Debtor claims that he has obtained gainful employment "commencing in late June 2021 with a salary of $15,000/month." [See Dkt. No. 172-1 at p. 2]. In his supplemental declaration dated September 13, 2021[Dkt. No. 238-1], Debtor admits that he is actually earning $12,000.00 per month and states that he is expecting his first paycheck on September 17, 2021. [See Dkt. No. 238-1 at p. 3, ¶ 6.] Since no operating reports have been filed since July 30, 2021 [Dkt. No. 201], there are presently no means to verify Debtor's averments regarding his salary or any other income, including the sums he purportedly receives from renting the Alameda Property. In sum, the Proposed Joint Plan has no back-up mechanism to pay the unsecured creditors from Debtor's ongoing income because it is doubtful that he *has* any ongoing income to make payments of any kind.

**C. Debtor Has Not Disclosed Accurate Financial Information, Data, Valuations, or Projections Relevant to the Creditors' Decision to Accept or Reject the Chapter 11 Plan**

On the whole, the Joint Proposed Plan fails to provide the financial information, data, valuations, and projections necessary for the creditors to decide whether to accept or reject it.

## II.

## CONCLUSION

Few of the requirements for approval of the Disclosure Statement aspects of Joint Proposed Plan have been met; most significantly those that are most germane to placing the value of the assets to be used to fund the Debtor's exit from this bankruptcy are missing. Until all the requirements for the approval of Disclosure Statement aspects of the Joint Proposed Plan have been met the Plan of Reorganization cannot be intelligently or adequately addressed.

Therefore, the Hannas request that this Court deny the approval of Disclosure Statement aspects of Joint Proposed Plan until the Joint Plan Proponents provide sufficient and accurate information correcting the deficiencies detailed above.

////

////

- 5 -

The Hannas' Objection to Disclosure Statement Aspects of Joint Proposed Combined Plan of Reorganization
Case No. 20-50469-SLJ

Case: 20-50469    Doc# 264    Filed: 10/23/21    Entered: 10/23/21 20:16:49    Page 5 of 6

Dated: October 23, 2021                    LAW OFFICES OF SELWYN D.
                                           WHITEHEAD


                                           /s/ *Selwyn D. Whitehead*
                                           Selwyn D. Whitehead
                                           Attorney for Creditors
                                           JEFF HANNA and AMALIA HANNA


Dated: October 23, 2021                    LOCKHART PARK, LLP


                                           /s/ *Deirdre M. Digrande*
                                           Deirdre M. Digrande
                                           Attorneys for Creditors
                                           JEFF HANNA and AMALIA HANNA

- 6 -

The Hannas' Objection to Disclosure Statement Aspects of Joint Proposed Combined Plan of Reorganization
Case No. 20-50469-SLJ

Case: 20-50469    Doc# 264    Filed: 10/23/21    Entered: 10/23/21 20:16:49    Page 6 of 6