

The following constitutes the order of the Court.
Signed: November 5, 2021

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br>            Debtor. | Case No.: 20-50469 SLJ<br>Chapter 11<br><br>Date: November 4, 2021<br>Time: 1:30 p.m.<br>Ctrm: 9 (Remote) |

## ORDER DISAPPROVING DISCLOSURE STATEMENT
## (HANNAS' PLAN)

The court held a hearing on approval of the disclosure statement portion of the Combined Plan of Reorganization and Disclosure Statement proposed by Amalia and Jeff Hanna, as amended October 8, 2021 ("Plan") at the above-referenced date and time. Appearances were noted on the record. The court took the matter under submission at the hearing.

The Hannas have again copied almost the entire Joint Plan proposed by Debtor and the Gardners, including all the errors and inconsistencies the court has identified in a separate order addressing the Joint Plan.[1] Many of the provisions in the Joint Plan cannot work for the Hannas'

---
[1] The Plan itself also contains numerous errors and inconsistencies from the modifications made to the provisions copied from the Joint Plan.

Plan because the Joint Plan is premised on cooperation between the proponents. The Hannas' Plan, by contrast, is not. Three provision makes the Hannas' Plan unconfirmable on its face, which means there is no point in going forward with it.

First, the Hannas continue to ignore the stipulation between Debtor and Deutsche Bank, the senior secured creditor on the Alameda Property, despite the Hannas previously having acknowledged the stipulation is controlling. In the simplest terms, the stipulation requires monthly mortgage payments. And, although the stipulation requires only Debtor's plan to incorporate its terms, the requirement to make monthly payments is not limited to a plan proposed by Debtor. The Hannas' Plan provides the Alameda Property will be sold but without making monthly payments pending that sale. So confirmation of the Hannas' Plan would result in a situation in which Deutsche Bank would be entitled to stay relief under a defaulted stipulated term (which requires monthly payments), but that same relief would be barred by a chapter 11 plan (which makes no provision for those payments). This cannot work as a matter of bankruptcy law.

Second, the Plan requires the Gardners to make a gift of $200,000 to fund the Plan, effected by reducing the Gardners' allowed claim by the same amount. The Gardners objected to this provision and expressly stated that they do not consent. The court is not aware of any Code provisions that permit a plan proponent to compel another creditor to fund a plan by reducing its allowed claim and essentially gifting it to the estate. Nor have the Hannas supplied any such authority to the court.

Third, the Hannas propose to have their counsel serve as the disbursing agent under the Plan. The role of the disbursing agent under the Hannas' Plan is to administer the estate pursuant to the Plan terms. But this provision creates a conflict of interest in which the disbursing agent (the Hannas' lawyer) will owe a fiduciary duty to the estate and a fiduciary duty to one particular creditor, her clients, the Hannas. Moreover, the Plan as drafted provides that certain actions can be exercised by the disbursing agent or Debtor, such as the power to waive the finality requirement if the confirmation of the Plan is appealed. *See* Plan, Part 7(a). Since Debtor opposes the Plan, these provisions using the phrase "Disbursing Agent and/or

Debtor" will provide numerous opportunities for the disbursing agent and Debtor to work against each other, creating unimaginable chaos in the process.

The Plan proposed by the Hannas is facially unconfirmable and the proposed disclosure statement and plan are disapproved. Further appearances in this matter will be dropped from the calendar by the courtroom deputy.

IT IS SO ORDERED.

*** END OF ORDER***

**COURT SERVICE LIST**

**[ECF Recipients]**

ORDER DISAPPROVING DISCLOSURE STATEMENT (HANNAS' PLAN)
-4-