1  SELWYN D. WHITEHEAD, ESQ. (CSB No. 236391)
   LAW OFFICES OF SELWYN D. WHITEHEAD
2  4650 Scotia Avenue
   Oakland, CA  94605
3  Tel:  (510) 632-7444
   Fax:  (510) 856-5180
4  Email:  selwynwhitehead@yahoo.com

5  JULYN M. PARK (CSB No. 213429)
   DEIRDRE M. DIGRANDE (CSB No. 199766)
6  LOCKHART PARK, LLP
   5201 Great America Parkway, Suite 320
7  Santa Clara, CA  95054
   Tel:  (408) 416-2929
8  Fax:  (855) 368-1020
   Email:  jpark@lockhartpark.com
9          ddigrande@lockhartpark.com

10 Attorneys for Creditors
   JEFF HANNA and AMALIA HANNA
11

12                    **UNITED STATES BANKRUPTCY COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14                         **SAN JOSE DIVISION**

15

16 In re:                              Case No. 20-50469-SLJ

17 MORDECHAI KOKA,                     Chapter 11

18         Debtor-in-Possession.       **CREDITORS JEFF AND AMALIA
                                       HANNAS' OBJECTION TO THE**
19                                     **DEBTOR'S AND THE GARDNERS' JOINT
                                       PROPOSED COMBINED PLAN OF**
20                                     **REORGANIZATION AND DISCLOSURE
                                       STATEMENT (January 24, 2022)**
21
                                       **CONFIRMATION HEARING:**
22                                     Date:      April 7, 2022
                                       Time:      1:30 p.m.
23                                     Location:  Telephonic/Videoconference
                                       Judge:     Hon. Stephen L. Johnson
24

25         Creditors Jeff Hanna and Amalia Hanna (hereinafter "the Hannas") object to the

26 confirmation of Debtor and creditors Dale and Melissa Gardner's[1] **Amended** Joint Proposed

27 _____

28 [1] Dale and Melissa are hereinafter referred to as "the Gardners" and, together with Debtor, hereinafter referred to as
   "Plan Proponents."                                          1

Case: 20-50469   Doc# 302   Filed: 03/31/22   Entered: 03/31/22 21:24:08   Page 1 of 5

Combined Plan of Reorganization and Disclosure Statement (January 24, 2022) [Dkt. No. 294] (hereinafter "Amended Joint Proposed Plan") on the grounds that, stated succinctly, the Amended Joint Plan is not feasible.

**I.**

**DEBTOR HAS NOT DISCLOSED ACCURATE FINANCIAL INFORMATION, DATA, OR PROJECTIONS NECESSARY TO SUPPORT THE CONFIRM THE AMENDED JOINT PROPOSED PLAN**

**A.      Governing Law**

Pursuant to 11 U.S.C. Section 1125, a proponent of a plan of reorganization soliciting acceptance of its plan is required to provide "adequate information" to holders of claims and interests.  Section 1125 (a)(1) of the code defines "adequate information" as:

> *information of a kind, and in sufficient detail*, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan… ¶

> [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1) (2013) (emphasis added).  Essentially, adequate information means all material information that creditors and interest holders affected by a proposed plan need in order to make an informed decision whether to vote for or against a Chapter 11 plan.

Information required in a disclosure statement varies with each case.  Case law addressing what constitutes adequate information under Bankruptcy Code Section 1125(a)(1) has identified a pertinent, but non-exhaustive list of factors that constitute adequate information. *See, e.g., In re Metrocraft Pub. Services, Inc*., 39 B.R. 567, 568 (Bankr. N. D. Ga. 1984). Additionally, the Region 17 U.S. Trustee has published guidelines (hereinafter "Trustee Guidelines") respecting the contents of disclosure statements, which is similar, but not identical, to those in *Metrocraft*.  The

2

following list is not exclusive, but includes items generally recommended for inclusion in a plan disclosure statement, including: *Historical and current financial information; and Means of effectuating the Plan*, among others.

**B. Debtor Once Again Fails to Disclose How His Personal Income Will Fund the Amended Joint Proposed Plan**

1.      The Debtor continues to file incorrect and/or late Monthly Operating Report, in his most recently filed February 2022 MOR, which was filed on March 28, 2022, just a few days before the last date objections were due, today.

2.      Notwithstanding the Debtor's MORs stating that he has accumulated income from his purported jobs in the amount of $51,400.00, generating an average of **$2,940.70** per month for the 24 MOR reporting periods since the Date of the Order or Relief on March 10, 2020, which would be inadequate income even if correct.  However, the accumulated income amount presented by the Debtor is overstated by $19,355.00 [$70,577 - $51,400.00 = $19,355.00], see below.  It is only in the Debtor's May 2020's, August, September, November and December 2021's and the January and February 2022 MORs that he shows any job-related income, generating for a total of only $51,400.00 since the Date of the Order of Relief, for an average of only **$2,141.66** per month for the 24 MOR reporting periods since the Date of the Order Relief.

3.      Furthermore, because the Debtor's Plan claims that he generates $12,000.00 in job-related income plus $4,895.00 in purported rental income for a total of $16,895.00, from which he must pay $6,887.00 in reoccurring monthly expenses and at least $6,089.59 per months in plan payments to loan servicer; with only $2,141.66 in verifiably job-related income, even if the Debtor's positive cash flow of $4,895.00 from his investment property is correct, the Debtor's total monthly income is only **$7,036.66**, generating total monthly disposable income of **$149.66** from which the Plan payments of $6,089.59 must be supported.  As such, he Debtor's Plan

3

generates **($5,939.93)** and is demonstrably not feasible.

4.      Finally, the Debtor states that he was recently injured and anticipates a partial reduction in his job-related income in December 2021, and perhaps in subsequent months thereafter. However, he claims that he will receive contributions from his children for shortfalls in income (if any) that would be required to make all required payments under the Plan while Debtor is injured.  While the Hannas are sorry to hear that the Debtor was injured and wish him a speedy recovery; the fact of the matter is he has only generated at least $12,000.00 once in this case AND there is no evidence of this record that his children have any income and if they do have income what that income amounts to and if they do have the any income, their commitment to make a contribution and in what amounts.  The Hannas request that the Court take judicial notice that for the more the 24 months the Debtor has been in bankruptcy, there is no proof of the Debtor's children making any financial contributions of any kind or amount in this matter.

**Analysis of the Debtor's job/employment related income since the Order of Relief.**

| MOR Period | Income Re Jobs | Stated Cumulative Income | Actual Cumulative Income |
|---|---|---|---|
| a.  Mar 2020 - *2nAmend* Dkt. #52 | $0.00 | $0.00 | $0.00 |
| b.  Apr 2020 - *Amended,* Dkt. #53 | $0.00 | $0.00 | $0.00 |
| c.  May 2020 | $1,200.00 | $12,910.00 | $1,200.00 |
| d.  June 2020 | $0.00 | $12,910.00 | $1,200.00 |
| e.  July 2020 | $0.00 | $12,910.00 | $1,200.00 |
| f.  Aug 2020 - *Amended,* Dkt. #102 | $0.00 | $12,910.00 | $1,200.00 |
| g.  Sep 2020 - *Amended,* Dkt. #103 | $0.00 | $12,910.00 | $1,200.00 |
| h.  Oct 2020 - *Amended,* Dkt. #104 | $0.00 | $12,910.00 | $1,200.00 |
| i.  Nov 2020 | $0.00 | $12,910.00 | $1,200.00 |
| j.  Dec 2020 | $0.00 | $12,910.00 | $1,200.00 |
| k.  Jan 2021 | $0.00 | $12,910.00 | $1,200.00 |
| l. Feb 2021 | $0.00 | $12,910.00 | $1,200.00 |
| m.  Mar 2021 | $0.00 | $20,555.00 | $1,200.00 |
| n.  Apr 2021 | $0.00 | $20,555.00 | $1,200.00 |

Case: 20-50469    Doc# 302    Filed: 03/31/22    Entered: 03/31/22 21:24:08    Page 4 of 5

| | | | |
|---|---|---|---|
| o.  May 2021 | $0.00 | $20,555.00 | $1,200.00 |
| p.  June 2021 | $0.00 | $20,555.00 | $1,200.00 |
| q.  July 2021 | $0.00 | $20,555.00 | $1,200.00 |
| r.   Aug 2021 | $4,500.00 | $25,055.00 | $5,700.00 |
| s.   Sep 2021 | $14,200 | $39,255.00 | $19,900.00 |
| t.   Oct 2021 | $0.00 | $39,255.00 | $19,900.00 |
| u.  Nov 2021 | $5,000.00 | $39,255.00 | $24,900.00 |
| v.  Dec 2021 | $5,000.00 | $49,255.00 | $29,900.00 |
| w.  Jan 2022 | $10,000.00 | $59,255.00 | $39,900.00 |
| x.  Feb 2022 | $11,500 | $70,775.00 | $51,400.00 |

## II.

## CONCLUSION

Once again, the Plan Proponents have failed to provide complete and accurate financial information essential to confirmation of the Amended Joint Proposed Plan.  Therefore, the Hannas request that the Court in addition to denying approval of the Amended Joint Proposed Plan, also dismiss the case in its entirety.

Dated: March 31, 2022

Respectfully Submitted by,

LAW OFFICES OF SELWYN D. WHITEHEAD

/s/ *Selwyn D. Whitehead*

Selwyn D. Whitehead
Attorney for Creditors
JEFF HANNA and AMALIA HANNA

Dated: March 31, 2022

Respectfully Submitted by,

LOCKHART PARK, LLP

/s/ *Deirdre M. Digrande*

Deirdre M. Digrande
Attorneys for Creditors
JEFF HANNA and AMALIA HANNA

5