Selwyn D. Whitehead, Esq., (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510).632.7444
Fax: (510).856.5180
Email: selwynwhitehead@yahoo.com

Julyn M. Park (CSB No. 213429)
Deirdre M. Digrande (CSB No. 199766)
**LOCKHART PARK, LLP**
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
     ddigrande@lockhartpark.com

Attorneys for Creditors
**JEFF HANNA and AMALIA HANNA**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | Case No. 20-50469-SLJ |
| | Chapter: 11 |
| MORDECHAI KOKA | **CREDITORS JEFF HANNA AND AMALIA HANNA'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER SETTING BRIEFING SCHEDULE ON MOTION TO ALLOW LATE OBJECTIONS TO CONFIRMATION, DATED JUNE 16, 2022; CERTIFICATE OF SERVICE** |
| Debtor-in-Possession. | |
| | **HEARING HELD:** |
| | Date: June 14, 2022 |
| | Time: 1:30 p.m. |
| | Location: Telephonic/Videoconference |
| | Judge: Hon. Stephen L. Johnson |

1

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469    Doc# 348    Filed: 06/27/22    Entered: 06/27/22 17:38:51    Page 1 of 10

Creditors JEFF HANNA and AMALIA HANNA (hereinafter referred to as "the HANNAS" or "Creditors"), through their undersigned counsel Selwyn D. Whitehead, Esq., (hereinafter, "the Creditors' Counsel") file this Motion for Reconsideration (hereinafter, the "Motion"), of the Order Setting Briefing Schedule [Dkt. No. 345], dated June 16, 2022 (hereinafter referred to as "the Order"), issued by this Honorable Court, and respectfully submit their rationale, as follows:

## I.
## RELEVANT FACTUAL BACKGROUND

On February 1, 2022, Mordechai Koka (hereinafter referred to as "Debtor") along with Dale Gardner and Melissa Gardner (hereinafter collectively referred to as the "Plan Proponents") filed a Joint Proposed Combined Plan of Reorganization and Disclosure Statement under Chapter 11 (hereinafter referred to as the "Plan") and identified each known creditor by name and describe how each claim will be treated if the Plan is confirmed. [See Dkt. No. 294.]

On April 22, 2022, Creditors filed their Supplemental Objection to Additional Evidence offered by Plan Proponents in Support of Confirmation of their Amended Joint Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022) (hereinafter referred to as the "Supplemental Objection"). [See Dkt. No. 302.]

The Continued Plan Confirmation Hearing was set for June 14, 2022. [See Dkt. No. 339.]

In advance of the Plan Confirmation Hearing, and although not required by either the Bankruptcy Code or Local Rules, on June 13, 2022, the Creditors filed their Pre-Confirmation Hearing Statement in the Furtherance and Substantiation of their Continued Objections to the Plan Proponent's Joint Plan [Dkt. No. 344] (hereinafter referred to as "the Statement of Continued Objections"). The Creditors' intent for the filing was to fully appraise the court of the Creditors' position that due to the Plan Proponent's failure to fully meet their burden of proof under the Code to show that the Debtor had addressed and met ALL

2

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469    Doc# 348    Filed: 06/27/22    Entered: 06/27/22 17:38:51    Page 2 of 10

the applicable requirements stated in § 1129(a), the Plan Proponents were faced with the Hobson Choice, of either proceeding to confirmation via § 1129(a)(15(A) or via § 1129(a)(15(B) or not at all. A choice the Creditors submit that this court must enforce. The Creditors also asked the court to determine if the Plan, as filed, is in compliance with § 1129(b)(1), the absolute priority rule.

After filing the Statement of Continued Objections, at the Confirmation Hearing held the next day, the Creditor's Counsel attempted to explain to this court the Creditor's lawful rationale for putting forth their Pre-Confirmation Hearing Statement, but failed. Thereinafter, this court issued its Order on June 16, 2022, entitled *Order Setting Briefing Schedule on Motion to Allow Late Objection to Confirmation* and ordered Creditors to file a motion seeking leave of the court to allow untimely objections on or before June 28, 2022. However, from the Order, just as was stated orally at the Plan Confirmation Hearing, it is apparent that there is some confusion regarding Creditors' Statement of Continued Objections, because, again, the Creditors filed their Statement of Continued Objections [Dkt. No. 344) **only** to fully appraise and clearly articulate to the court in writing that: (a) the Creditors' continued objections were still in play and had not been withdrawn; and (b) based upon those simple facts coupled with the clearly articulated commands of 11 U.S.C. § 1129(a)(15): the Joint Plan as filed was and remains subject to that section of the Code. Therefore, the Creditors file this Motion for Reconsideration.

For the reasons stated herein, and as argued below, Creditors respectfully request that this court reconsider its Order and allow Creditors' Statement of Continued Objections [Dkt. No. 344) stand as timely filed for its articulated purposes.

## II.
## ARGUMENT AND AUTHORITIES

**1. Legal Standard for Motion for Reconsideration**

3

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469    Doc# 348    Filed: 06/27/22    Entered: 06/27/22 17:38:51    Page 3 of 10

"The Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) ("While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order.") (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir.1998)). A motion to alter or amend, or for reconsideration, may be made under either Fed. R. Civ. P. 59(e) or 60(b), applicable to bankruptcy proceedings under Fed. R. Bankr. P. 9023 and 9024. *Id.* <u>If a motion for reconsideration is filed within fourteen days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion</u>; otherwise, it is treated as a Rule 60(b) motion. *Id.* (*In re Garrett-Beck Corp.* (Bankr.S.D.Tex. Aug. 27, 2012, No. 09-37774) 2012 Bankr. LEXIS 3911, at *7-8.)

Further, "if the order is interlocutory in nature the standard under Rule 9023 is applicable and if the order is final the standard under Rule 9024 applies." (*In re Energy Future Holdings Corp.* (Bankr.D.Del. 2017) 575 B.R. 616, 627-628.). "As such, some courts have held that the court is free to apply whatever standard it deems appropriate to a motion to reconsider an interlocutory order. Nonetheless, in *Calyon New York Branch v. American Home Mortg. Corp.*, this Court held that the standard under Rule 59(e) (made applicable by Fed. R. Bankr. P. 9023) should apply to motions to reconsider or to amend interlocutory orders." *Id*.

USCS Bankruptcy Rule 9023 states as follows:

> Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial<u>, no later than 14 days after entry of judgment</u>. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending." [Emphasis underlined].

4

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469    Doc# 348    Filed: 06/27/22    Entered: 06/27/22 17:38:51    Page 4 of 10

Further, "[a] motion to alter or amend, or for reconsideration, may be made under Federal Rules of Civil Procedure 59(e) or 60(b). Garrett-Beck*, 2012 Bankr. LEXIS 3911, 2012 WL 3727318, at *3." See (*QuarterNorth Energy LLC v. Atl. Mar. Servs. LLC (In re Fieldwood Energy LLC)* (Bankr.S.D.Tex. 2022) 637 B.R. 712, 715.)

In the case at bar, this court entered an interlocutory order on June 16, 2022, and Creditors are filing this Motion within 14 days of the Order; therefore, Creditors' Motion for Reconsideration is timely.

**2. The Court Should Reconsider Its Order Because It Has an Independent Statutory Duty to Determine the Debtors' Plan Confirmation Requirements Provided Under 11 U.S.C. § 1129 *et seq.***

Federal Rules of Civil Procedure, Rule 59(e) motions can be successful in these situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) **to correct a clear error of law or prevent manifest injustice**." [Emphasis bold]. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted)." *(In re Coats-Califf* (Bankr.D.S.C. Jan. 8, 2020, No. 19-04310-JW) 2020 Bankr. LEXIS 149, at *11-13.).

"To establish manifest injustice, [the Movant] must show that it acted with diligence and that it stands to suffer an injury that is 'direct, obvious, and observable,' rather than mere potential prejudice." *Hartford Cas. Ins. Co. v. Farley Assocs. Inc.*, C/A No. 0:13-547-CMC, 2014 U.S. Dist. LEXIS 117810, 2014 WL 4219953, at *5 (D.S.C. Aug. 25, 2014) (citing *Ciralsky v. CIA*, 355 F.3d 661, 359 U.S. App. D.C. 366 (D.C. Cir.2001); *Register v. Cameron and Barkley Co.*, 481 F.Supp.2d 479, 480 (D.S.C. 2007)). It is a high standard to obtain relief pursuant to a clear error of law or to prevent a manifest injustice under Rule 59(e)." *Id.*

The burden of showing that a plan satisfies 11 U.S.C. § 1129 is on the proponent. (*Smith v. Hill*, 232 Mass. 188, 122 N.E. 310, 2 ALR 1667, aff'd, 260 US 592, 594, 67 L. Ed. 419, 43 S. Ct. 219 (1923)).

5

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469    Doc# 348    Filed: 06/27/22    Entered: 06/27/22 17:38:51    Page 5 of 10

The Bankruptcy Code imposes a burden on the Debtor to prove that he has met **ALL** requirements of 11 U.S.C. § 1129(a), and there are requirements that the court must review and make a finding of fact that the debtor has passed muster on this accord, **even if no one objects**. In the instant case, it is undisputed that the Debtor has the burden to show that his Plan is in compliance with the Bankruptcy Code's requirements to confirm his Plan and that the court, by this course of action, has abrogated its duties to both (1) hold the Plan Proponents to their burden to put forth relevant and admissible evidence that they have met their burden of proof, which they have not,[1] and (2) then independently evaluate the Debtor's Plan to make sure it is in full compliance.

The Court committed an error of law when it concluded that 11 U.S.C. § 1129(a)(15) is a separate basis to object to a plan that must have been timely made by Creditors. More specifically, the Court erred in concluding that "these appear to be new objection points and not a summary of previous arguments as alleged by the Hannas." However, it is pertinent to mention that 11 U.S.C. § 1129(a)(15) & 1129(b)(1) are matters for the Court that it is required to evaluate and make a finding of fact and conclusion of law as to whether the Debtor has met his burden.

11 U.S.C. § 1129(a)(15) states... "In a case in which the debtor is an individual in which the holder of an allowed unsecured claim objects to the confirmation of the plan... (A) or (B)" must happen." Here, the Debtor is such a debtor, and Creditors are such unsecured creditors.

---

[1] While the Hannas believe a prudent plan proponent would step the court through each and every requirement of § 1129 *et. seq*, including §1129(a)(15); here, the Plan Proponents failed to even mention §1129(a)(15) in either their *Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement (January 24, 2022)* [see Dkt. No. 305.] or their *Supplemental Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement (January 24, 2022)*, [see Dkt. N. 318.]. As such, the Hannas contend that the Plan Proponents' omission is fatal to and bars confirmation without the court's finding that either §1129(a)(15)(A) or (B) must be adhered to. Further, the Hannas had no duty to file an objection with regards this section of the Code, as they had the requisite objections concerning the Debtor' ongoing bad faith and lack of feasibility throughout the pendency of this case that brought §1129(a)(15) into play as a matter of law.

6

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469    Doc# 348    Filed: 06/27/22    Entered: 06/27/22 17:38:51    Page 6 of 10

United States Bankruptcy Court for the District of Vermont has stated that "[w]e are of the opinion that we have an obligation to make a careful study of the plan and make informed judgment as to whether the plan is in the best interest of the creditors. See *United Properties Incorporated v. Emporium Department Stores,* 379 F.2d 55, CA-8, 1967. Other Courts have held that "**Even in the absence of creditor objections, the Court has an independent duty to determine that the confirmation requirements of 11 USC § 1129 are met**." *In re Landscaping Services, Inc.,* 39 B.R. 588, 590 (Bkrtcy. N.C. 1984). We hold that the Court has a mandatory duty to determine whether the plan has met all the requirements for confirmation with or without creditor participation, with or without creditor objection, and with or without creditor approval. **This independent duty to review is derived from 11 USC § 105(a) and mandated by the language of 11 USC § 1129**. Compare *In re Nolen Tool Company,* 50 B.R. 488 (Bankr. W.D.Ark. 1985); *In re Coastal Equities, Inc.,* 33 B.R. 898 (Bkrtcy. S.D.Cal. 1983). Additionally, no proponent of any plan or any argument should ever assume that because no objections are raised the plan will be reviewed in a cursory manner or not reviewed at all by the Court." [Emphasis added]. See *In re Trail's End Lodge, Inc.* (Bankr.D Ver. Nov 19, 1985, No. 84-120) 54 B.R. 898*; 1985 Bankr. LEXIS 4950, at **12-13.), wherein that court states, "Debtor in its motion asserts that it did not present evidence regarding the plan and its constituent components because no objection had been filed. This reasoning is erroneous. The burden of showing that a plan satisfies 11 USC § 1129 is on the proponent. The burden is that of producing evidence, satisfactory to the Court, that the plan 11 USC § 1129.

Thus, it is prima facie evident that the Order giving the briefing schedule to file a motion to allow untimely objection **is an error of law** because the Creditors filed their Statement of Continued Objections [Dkt. No. 344) **only** to assist the Honorable Court in fulfilling the Court's statutory duty to evaluate and confirm the Debtor's Plan based upon 11 U.S.C. § 1129 *et seq*. whereas here, the Plan Proponents did not

7

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469    Doc# 348    Filed: 06/27/22    Entered: 06/27/22 17:38:51    Page 7 of 10

even discuss the pertinent sections of the Code and neither the court nor the Plan Proponent can shift the burden of proof as to the compliance with § 1129(a)(15) onto the Hannas by mandating that they file an objection thereto. Therefore, to correct an error of law and prevent manifest injustice to Creditors, the Court should grant the Creditors' Motion for Reconsideration and vacate its Order.

### III.
### CONCLUSION

The Court has committed an error of law in entering the Order setting briefing schedule and ordering the Creditors to file a motion to allow untimely objections. Therefore, Creditors JEFF HANNA and AMALIA HANNA respectfully request that this Court grant their Motion for Reconsideration and decide whether the Proponent's Joint Plan is in compliance with 11 U.S.C. § 1129 et seq., using the Creditors' already timely filed Objections and the Creditors' Statement of Continued Objections as the tool to assist the court, as it was intended.

However, if this Court chooses to deny the Creditors' Motion for Reconsideration, the Creditors respectfully request that this Court to allow them sufficient time to file their motion to allow objections the court has gleaned.

June 27, 2022                                                       Respectfully Submitted,
                                                                          **LAW OFFICES OF SELWYN D. WHITEHEAD**

                                                            _/s/_ ***Selwyn D. Whitehead***
                                                         SELWYN D. WHITEHEAD, ESQ.
                                                         Attorney for Creditors
                                                         JEFF HANNA and AMALIA HANNA

8

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469     Doc# 348     Filed: 06/27/22     Entered: 06/27/22 17:38:51     Page 8 of 10

# CERTIFICATE OF SERVICE

I, Selwyn D. Whitehead, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue, Oakland, CA 94605. On the date stated below, I served the following document(s):

**CREDITORS JEFF HANNA AND AMALIA HANNA'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER SETTING BRIEFING SCHEDULE ON MOTION TO ALLOW LATE OBJECTIONS TO CONFIRMATION, DATED JUNE 16, 2022; CERTIFICATE OF SERV ICE**

on each party listed below requesting or requiring special notice in the manner or manners described below:

***VIA THE COURT'S ECF SYSTEM ONLY:***

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / sjjared.a.day@usdoj.gov

Deirdre M. Digrande on behalf of Creditor Amalia Hanna / ddigrande@lockhartpark.com, ddigrande@yahoo.com

Arasto Farsad on behalf of Defendant Mordechai Koka / farsadecf@gmail.com, farsadecf@ecf.courtdrive.com

Lars T. Fuller on behalf of Debtor Mordechai Koka / Fullerlawfirmecf@aol.com, Larsfullerecf@aol.com

Christopher Hayes on behalf of Trustee Christopher Hayes / chayestrustee@gmail.com, ecf.alert+Hayes@titlexi.com

David S. Hoffman on behalf of Requestor Allan Hulgan / dshoffmanesq@aol.com

Kelly Marie Kaufmann on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series2007 – Abknotice@maccarthyholthus.com, kraftery@ecf.courtdrive.com

Christopher M. McDermott on behalf of Creditor HSBC Bank USA, National Association / ecfcanb@aldridgepite.com, CMM@ecf.inoruptcy.com

Brent D. Meyer on behalf of Creditor Dale / Gardnerbrent@meyerllp.com

Office of the U.S. Trustee / SJUSTPRegion17.SJ.ECF@usdoj.gov

Edward A. Treder on behalf of Creditor HSBC Bank USA, National Associationndcaecf@BDFGroup.com

1. Nancy Weng on behalf of Defendant Mordechai Koka / nancy@farsadlaw.com

2. Selwyn D. Whitehead on behalf of Creditor Amalia Hanna / selwynwhitehead@yahoo.com

3. Craig V. Winslow on behalf of Plaintiff Dale Gardner / craig@cvwlaw.com

4. Jennifer C. Wong on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007 – Abknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead, for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail and/or electronic service via personal or business email and/or via the Court's ECF System, as indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 27 day of June 2022 at Oakland, Alameda County, California.

/s/ **Selwyn D. Whitehead**
SELWYN D. WHITEHEAD, ESQ.

Creditors Jeff Hanna and Amalia Hanna's Motion for Reconsideration of the Court's Order dated June 16, 2022 Entered by the Honorable Judge Stephen L. Johnson

Case: 20-50469    Doc# 348    Filed: 06/27/22    Entered: 06/27/22 17:38:51    Page 10 of 10