**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:  (415) 765-1588
Facsimile:  (415) 762-5277
Email:    brent@meyerllp.com

Attorney for Plan Proponent
DALE GARDNER and
MELISSA GARDNER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>      Debtor. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br>**OPPOSITION TO MOTION FOR RECONSIDERATION OF THE COURT'S ORDER SETTING BRIEFING SCHEDULE ON MOTION TO ALLOW LATE OBJECTIONS TO CONFIRMATION, DATED JUNE 16, 2022 FILED BY CREDITORS JEFF HANNA AND AMALIA HANNA**<br><br>Date:    NONE SCHEDULED<br>Time:<br>Location:  Telephonic / Videoconference<br>Judge:    Hon. Stephen L. Johnson |

Debtor Mordechai Koka ("Debtor") and plan proponents Dale Gardner and Melissa Gardener (the "Gardners") (collectively, the "Plan Proponents") hereby submit this opposition (the "Opposition") to the *Motion for Reconsideration of the Court's Order Setting Briefing Schedule on Motion to Allow Late Objections to Confirmation, Dated June 16, 2022* (the "Motion") [Dkt. No. 348][1] filed by creditors Jeff Hanna and Amalia Hanna (the "Hannas") in the above-captioned matter.

## I. BACKGROUND FACTS

On February 4, 2022, this Court issued an *Order Approving Disclosure Statement Contained in Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022)* (the "Confirmation Hearing Order"), which among other things, set March 31, 2022 as the deadline to file timely objections to confirmation of the proposed *Joint Chapter 11 Plan of Reorganization* (the "Objection Deadline"). See Dkt. No. 295, ¶ 4. Counsel for the Hannas (Selwyn D. Whitehead and Deirdre M. Digrande) both received electronic notice of this order, as both are registered participants of the Court's CM/ECF system. Id.

On March 31, 2022, the Hannas filed an *Objection to Confirmation*, which appears to articulate two specific objections: (1) the Plan Proponents did not disclose adequate information pursuant to section 1125(a)(1); and (2) the Plan is not feasible pursuant to section 1129(a)(11) based on Debtor's monthly disposable income (the "Timely Objection"). See Dkt. No. 302.

On April 7, 2022, the Court held an initial hearing on confirmation of the *Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022)* (the "Plan").

At the conclusion of the hearing, the Court continued the confirmation hearing to May 5, 2022, and in a Docket Text Order required "Debtor to file supplemental declarations by April 15, 2022. Responses by April 22, 2022." (the "Supplemental Response Order"). See CM/ECF *generally*. However, the Court did not issue a sperate order, and more importantly, the Court *did not* extend the deadline (March 31, 2022) for the Hannas to file supplemental objections to confirmation of the Plan. Id. Counsel for the Hannas (Selwyn D. Whitehead and Deirdre M. Digrande) both received electronic

---

[1] There are concerns regarding the procedural propriety of the Motion, given that the Hannas failed to file a *Notice of Hearing* as required by B.L.R. 9013-(b)(3), and given that the Hannas failed to provide any declarations (or other admissible evidence) in support of the extraordinary relief requested in the Motion as required by B.L.R. 9013-1(d).

notice of this docket text, as both are registered participants of the Court's CM/ECF system. Id.

On April 22, 2022, the Hannas filed a *Supplemental Objection to Additional Evidence*, and despite the title of this pleading, the Hannas purport to assert an additional (and untimely) objection to confirmation that the Plan was not proposed in good faith pursuant to section 1129(a)(3) (the "First Late Filed Objection"). See Dkt. No. 320.

After several continuances of the final hearing on confirmation to allow Debtor sufficient time to consummate sale of the Lafyette Property, the Court ultimately scheduled a final hearing on confirmation on June 14, 2022. See Dkt. No. 339.

However, on June 13, 2022, and less than 24 hours prior to the final hearing on confirmation of the Plan, the Hannas filed a *Pre-Confirmation Hearing Statement*, which purports to assert additional late-filed objections to the Plan, including that: (1) the Plan fails to provide for all of Debtor's disposable income pursuant to section 1129(a)(15); (2) the Plan fails to satisfy the requirements of section 1129(a)(8) and 1129(b); and (3) the Plan does not satisfy the absolute priority rule (the "Second Late-Filed Objection"). See Dkt. No. 344.

On June 14, 2022, the Court held a continued hearing on confirmation of the Plan, but given the significant prejudice caused by the Hannas' Second Late-Filed Objection, the Court determined that the hearing should be continued and the Hannas provided an opportunity to seek an extension of the deadline (March 31, 2022) to file timely objections to the Plan.

Thereafter, on June 16, 2022, the Court issued an *Order Setting Briefing Schedule on Motion to Allow Late Objection to Confirmation*, which among other things, set June 28, 2022 as the deadline for the Hannas to file a timely motion to extend the deadline for allowance of their late-filed objections (the "Briefing Schedule Order"). See Dkt. No. 345.

On June 27, 2022, the Hannas filed a *Motion for Reconsideration of the Court's Order Setting Briefing Schedule on Motion to Allow Late Objections to Confirmation, Dated June 16, 2022* (the "Motion"). See Dkt. No. 348.

The Plan Proponents hereby oppose the Motion as follows.

///

///

## II. LEGAL ARGUMENT

### A. Federal Rule of Civil Procedure 59 is Not Applicable to these Proceedings

Pursuant to Federal Rule of Civil Procedure 59(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9023, this Court may alter or amend a judgment previously entered in a proceeding. See Fed. R. Civ. P. 59(e). A motion for reconsideration brought under Rule 59 can be granted based on "one or all of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law." In re Oak Park Calabasas Condo. Ass'n, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) citing McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), cert. denied, 529 U.S. 1082 (2000).

However, "[a] motion to alter or amend a judgment must be filed *no later than 28 days* after the entry of the judgment," (see Fed. R. Civ. P. 59(e) (emphasis added)), which pursuant to Federal Rule of Bankruptcy Procedure 9023, must be filed "*no later than 14 days* after entry of judgment." See Fed. R. Bank. R. 9023 (emphasis added).

Here, the Motion should be denied for two primary reasons.

First, the Hannas filed the Motion on June 27, 2022, which was significantly more than 14 days *after* entry of both the Confirmation Hearing Order (February 4, 2022) and the Supplemental Response Order (April 7, 2022). As such, the Motion is not governed by Federal Rule of Civil Procedure 59 or Federal Rule of Bankruptcy Procedure 9023, which specifically requires that such motion is filed no less than 14 days after entry of the order or judgment. See Fed. R. Bankr. P. 9023.

Second, in the context of these proceedings, Federal Rule of Civil Procedure 59 would only apply to the Briefing Schedule Order (issued on June 16, 2022), but given that the Briefing Schedule Order only established briefing deadlines, but did not otherwise modify or abridge any substantive rights or obligations of the Parties (including the Hannas) with respect to the confirmation process, it is difficult to comprehend how this order must be set aside "to correct a clear error of law or prevent manifest injustice" as asserted in the Motion. See Dkt. No. 348, p. 5, l. 10.

Given the significant discretion that section 105(a) provides this Court to "issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title," issuance of the Briefing Schedule Order that merely established applicable deadlines for filing additional pleadings in advance of the continued hearing on confirmation (August 7, 2022), was not "a clear error of law" and will not result in "manifest injustice" to any party, including the Hannas. Rather, issuance of the Briefing Schedule Order was well within the Court's discretion to regulate proceedings in this case.

Based on the foregoing, the Hannas cannot establish an entitlement to relief pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 7023.

**B.    The Hannas Cannot Satisfy the Standards of Federal Rule of Civil Procedure 60(b)**

Federal Rule of Civil Procedure 60(b) enumerates six categories in which the Court can relieve a party from entry of a final judgment, order, or proceeding. See Fed. R. Bankr. P. 60(b).

Remarkably, in the Motion, the Hannas *do not* cite Federal Rule of Bankruptcy Procedure 60(b), any relevant legal authority, or the applicable legal standard, nor do the Hannas argue that they are entitled to relief from the deadlines set forth in the Confirmation Hearing Order (March 31, 2022) or the Supplemental Response Order (April 22, 2022). See Dkt. No. 348. As such, the Plan Proponents submit that the Hannas have expressly waived all arguments that they are entitled to relief pursuant to Federal Rule of Civil Procedure 60(b) in this matter, and the Hannas should be precluded from advancing such arguments in any supplemental reply brief or at the hearing on the Motion (if any).

However, assuming *argumentum* that the Court allows Debtor to make late-filed arguments regarding relief pursuant to Federal Rule of Civil Procedure 60(b), under the circumstances of this case, the Hannas cannot satisfy their significant burden that they are entitled to such relief.

Further, a cursory review of Federal Rule of Civil Procedure 60(b) demonstrates that (b)(1) is the only conceivable sub-section that could remotely be applicable to these proceedings. However, given that counsel for the Hannas is a Bankruptcy Law Certified Specialist by the State Bar of California, under these circumstances, it is highly unlikely that the Hannas could satisfy any element of the "excusable neglect" standard set forth in Federal Rule of Civil Procedure 60(b)(1).

Pursuant to Federal Rule of Civil Procedure 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons … mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

For purposes of Federal Rule of Civil Procedure 60(b)(1), the test for determining "excusable neglect" is well established: it is "at bottom, an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Such an analysis requires the weighing or balancing of relevant factors, including the following four: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395; Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004).

"In Pincay an *en banc* panel of the Ninth Circuit rejected the concept that certain types of culpable conduct (such as an attorney relying on a paralegal to interpret and abide by a court rule instead of reading and complying with the rule himself) are 'per se' not excusable neglect. In so holding, the panel noted that the 'real question' is 'whether there [is] enough in the context of [the] case to bring a determination of excusable neglect within the [trial] court's discretion.'" In re Pac. Gas & Elec. Co., 331 B.R. 915, 918 (Bankr. N.D. Cal. 2005) *citing* (Pincay, 389 F.3d at 859)).

      1.      **Danger of Prejudice to Debtor and the Plan Proponents**. Allowing the Hannas to assert three new objections less than 24 hours before the final hearing on confirmation would substantially prejudice Debtor and the Plan Proponents, and if sanctioned, creates a slippery slope and incentivizes gamesmanship in future confirmation hearings.

Here, Debtor and the Plan Proponents are "entitled to finality" with respect to the Confirmation Hearing Order, and all deadlines set forth therein. See In re Pac. Gas & Elec. Co., 331 B.R. 915, 918 (Bankr. N.D. Cal. 2005) (Montali, J.) (first Pioneer factor weighed against reconsideration because debtor was "entitled to finality").

Further, the Court has continued the confirmation hearing on multiple occasions to narrow the scope of issues for confirmation, and now delaying these proceedings even further (to allow the Hannas sufficient time to prosecute these new late-filed objections) would cause significant prejudice and unfairly raise the ever-increasing cost of litigation to Debtor and the Plan Proponents. In addition, the required delay necessary to adjudicate these late-filed objections would unfairly delay distributions to all creditors of the estate, as counsel for Debtor currently holds in excess of $530,000 available for

prompt distribution to Class 2 Claimants (including the Hannas).

To the extent that the Hannas seriously considered prosecuting the objections set forth in the Second Late-Filed Objection, they could have easily advised the Court at the multiple hearings of their intention to file supplemental objections, or could have utilized the procedures set forth in Federal Rule of Civil Procedure 60(b) much earlier than 24 hours before the hearing on confirmation, and the Court may have made appropriate accommodations.

Based on the foregoing, this factor weighs against granting the Hannas any relief.

    **2.**    **The Length of Delay.**  The length of delay here is substantial, and therefore, also weighs in favor of the Debtor and the Plan Proponents.  Courts measure the length of delay from the date of the missed deadline to the date that movant requested relief under Civil Rule 60(b).  See Souliotes v. City of Modesto, 2017 U.S. Dist. LEXIS 8326, at *7–8 (E.D. Cal. 2017) (finding "the length of delay to be considered in this case should include the time that elapsed following Plaintiff's failure to file an opposition to Defendants' motion to dismiss" and that a 52-day delay was "significant" and "weigh[ed] against granting" relief) (citing Harvest v. Castro, 531 F.3d 737, 747 (9th Cir. 2008) (finding that a 64-day delay was "substantial" and cut against finding of "excusable neglect")).

Here, the Hannas filed the Motion more than two-and-a-half months *after* the March 31, 2022 deadline to file timely objections to confirmation of the Plan.  See Dkt. No. 348.  Courts in the Ninth Circuit have held that even a two-month delay is "substantial" and supports denying the motion.  See Nations, 851 F. App'x at 34 (delay of "roughly two months" was "substantial"); Harvest, 531 F.3d at 747 (64-day delay was "substantial," weighing against a finding of "excusable neglect" under Civil Rule 60(b)(1)); Souliotes, 2017 U.S. Dist. LEXIS 8326, at *8 (52-day delay was "significant" and "weigh[ed] against granting" relief).

Based on the foregoing, this factor weighs against granting the Hannas any relief.

    **3.**    **The Reason for the Delay.**  In the Motion, the Hannas fail to articulate *any* justification or reason for the delay in filing the Second Late-Filed Objection, and as such, it is merely conjecture why the Hannas waited until June 13, 2022, nearly two-and-half-months *after* the Objection Deadline (March 31, 2022), to assert for the first time, three new objections to confirmation.

Further, given that the Hannas were duly served with the Confirmation Hearing Order, and given

that the Hannas actually filed the Timely Objection by the applicable deadline (March 31, 2022), lack of service (or failure to read their mail) clearly is not a justification for the late filings.

Rather, under the circumstances, it appears that the Second Late-Filed Objection was filed on the eve of the confirmation hearing as a stall tactic or because the Hannas recently became aware of new potential objections to assert against confirmation of the Plan, or potentially both. However, neither of these potential excuses entitle the Hannas to relief under Federal Rule of Civil Procedure 60(b)(1).

Based on the foregoing, this factor weighs against granting the Hannas any relief.

    **4.**  <u>**Whether the Hannas Acted in Good Faith.**</u> Under the circumstances, it is difficult to believe that the Hannas have acted in good faith. Specifically, without any rational basis or explanation, the Hannas have opposed each and every motion, application, disclosure statement, and plan filed by the Plan Proponents in this case, although the Plan provides a significantly higher dividend (in much less time) than they would receive in a liquidation under Chapter 7. <u>See</u> Dkt. No. 294.

Further, although the Hannas inexplicitly declined to submit a ballot (and all other creditors that submitted a ballot voted in favor of the Plan), less than 24 hours prior to the final hearing on confirmation of the Plan, the Hannas elected to file a *"Pre-Confirmation Hearing Statement,"* which for the very first time, asserted 3 new objections to confirmation, without leave of Court. Under the circumstances, and given the timing of the filing, it is axiomatic that the *Pre-Confirmation Hearing Statement* was filed simply as a delay tactic and to prejudice the Plan Proponents.

As such, there is no legitimate argument that the Hannas have acted in good faith in prosecuting the bankruptcy case or in filing the Second Late-Filed Objection.

Based on the foregoing, this factor weighs against granting the Hannas any relief.

Assuming *argumentum* that the Hannas actually moved this Court for relief pursuant to Federal Rule of Civil Procedure 60(b)(1) in the Motion, they cannot establish an entitlement to relief thereunder.

  **C.**  **The Hannas Concede that the Second Late-Filed Objection are New Objections**

The Briefing Schedule Order provides that "[i]f the Hannas contend that some or all of the arguments were raised in previous objections, they shall include the docket number(s) and page number(s) of the pleadings where these arguments first appeared." <u>See</u> Dkt. No. 345, ¶ 1.

However, in the Motion, the Hannas fail to provide any pinpoint citation (or any argument) that

the new objections set forth in the Second Late-Filed Objection were previously raised in the Timely Objection (Dkt. No. 302) or the First Late-Filed Objection (Dkt. No. 320). As such, the Hannas tactically admit that each argument set forth in the Second Late-Filed Objection is a new objection and not merely a recitation of prior arguments that were included in timely filed pleadings with the Court.

Based on the foregoing, the Hannas should be precluded from asserting objections to confirmation that the Plan: (1) fails to provide for all of Debtor's disposable income pursuant to section 1129(a)(15); (2) fails to satisfy the requirements of section 1129(a)(8) and 1129(b); and (3) does not satisfy the absolute priority rule, as these are all new arguments, which were raised for the first time in the Second Late-Filed Objection, which were asserted less than 24 hours before the final hearing on confirmation of the Plan, and which were filed without authority or leave from this Court.

### III. CONCLUSION

Based on the foregoing, the Court should enter an order denying the Motion in its entirety, precluding the Hannas from asserting any of the new objections set forth in the First Late-Filed Objection and the Second Late-Field Objection (including at the continued confirmation hearing on August 7, 2022), striking in their entirety the First Late-Filed Objection and the Second Late-Field Objection, and for such other and further relief that is just and proper under the circumstances.

Respectfully submitted,

Dated: July 12, 2022     **MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
    Brent D. Meyer, Esq.
    Attorneys for Plan Proponents
    DALE GARDNER and
    MELISSA GARDNER

Dated: July 12, 2022     **THE FULLER LAW FIRM, PC**

By: /s/ LARS FULLER
    Lars Fuller, Esq.
    Attorneys for Debtor
    MORDECHAI KOKA