Selwyn D. Whitehead, Esq., (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510).632.7444
Fax: (510).856.5180
Email: selwynwhitehead@yahoo.com

Julyn M. Park (CSB No. 213429)
Deirdre M. Digrande (CSB No. 199766)
**LOCKHART PARK, LLP**
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Tel.: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
       ddigrande@lockhartpark.com

Attorneys for Creditors
**JEFF HANNA and AMALIA HANNA**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | Case No. 20-50469-SLJ |
| | Chapter: 11 |
| **MORDECHAI KOKA** | **CREDITORS' REPLY TO PLAN PROPONENTS' OPPOSITION TO CREDITORS' MOTION FOR RECONSIDERATION OF THE ORDER DATED JUNE 16, 2022** |
| Debtor-in-Possession. | |
| | **HEARING:** |
| | Date: August 2, 2022 |
| | Time: 2 p.m. |
| | Place: Telephonic/Videoconference |
| | Judge: Hon. Stephen L. Johnson |

1

Creditors' Reply to Plan Proponents' Opposition to Creditors' Motion for Reconsideration of the Order dated June 16, 2022
Case: 20-50469   Doc# 350   Filed: 07/27/22   Entered: 07/27/22 10:38:59   Page 1 of 8

Creditors JEFF HANNA and AMALIA HANNA (hereinafter collectively referred to as "Creditors") hereby file this Reply to Debtor MORDECHAI KOKA (hereinafter referred to as "Debtor") and Plan Proponents DALE GARDNER and MELISSA GARDENER'S (hereinafter referred to as "Gardners") Opposition to Creditors' Motion for Reconsideration (Doc #349) of the Order Setting Briefing Schedule dated June 16, 2022 (Doc #345) (hereinafter referred to as "Order"), and respectfully show unto the Court as follows:

## I.
## INTRODUCTION

On July 12, 2022, Debtor and Gardners (hereinafter collectively referred to as "Plan Proponents") filed their Opposition (Doc #349) to the Creditors' Motion. Upon reviewing their Opposition, Creditors find that the Opposition is without merit, misleading, and a red herring. This Reply is necessary to apprise the Court of the Creditors' position. By this Reply, no attempt is made to set forth a response to each of the Plan Proponents' contentions, most of which are fully covered by the Creditor's Motion. Only those points requiring additional comment will be raised to assist this Court in resolving the pertinent issues. For the reasons set forth here and in the Creditors' Motion for Reconsideration ("Motion"), Creditors request this Court to grant their Motion and decide the Proponents and Debtor's Joint Plan based upon Creditors' Objections provided under 11 U.S.C. § 1129 et seq.

## II.
## ARGUMENT AND AUTHORITIES

**1. Plan Proponents' Argument Is Red Herring and Without Merit as the Federal Rule of Civil Procedure 59(e) Is Applicable to These Proceedings and the Court's Order to File a Motion to Allow Untimely Objection Is a Clear Error of Law.**

Plan Proponents' argument that "Fed. R. Civ. Proc. 59(e) is not applicable" is misleading and without merit. It is stated in the Creditors' Motion that Rule 59(e) motions are mandatorily required "… to correct a clear error of law or prevent manifest injustice." *(In re Coats-Califf (Bankr.D.S.C. Jan. 8, 2020, No. 19-04310-JW)* 2020 Bankr. LEXIS 149, at *11-13.). If a motion for reconsideration is filed

2

Creditors' Reply to Plan Proponents' Opposition to Creditors' Motion for Reconsideration of the Order dated June 16, 2022
Case: 20-50469    Doc# 350    Filed: 07/27/22    Entered: 07/27/22 10:38:59    Page 2 of 8

within fourteen days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id.* (*In re Garrett-Beck Corp.* (Bankr.S.D.Tex. Aug. 27, 2012, No. 09-37774) 2012 Bankr. LEXIS 3911, at *7-8.)

In this case, Plan Proponents' argument is just a red herring, misleading, and without merit, because Creditors filed their Motion well within fourteen days of the Court's Order. On June 16, 2022, the Court ordered the Creditors to file a motion to allow untimely objections on or before June 28, 2022. However, the Creditors' purpose in filing the Motion is to request the Court to reconsider its Order because it is the Court's statutory duty to consider the Creditors' Objections dated June 13, 2022, filed under 11 U.S.C. § 1129(a) (Doc #344). The Court can consider Creditors' Objections dated June 13, 2022, even without Creditors' motion to allow untimely objections.

Plan Proponents intentionally misled the Court by misstating the dates for calculating 14 days to file the Motion for Reconsideration. It is prima facie evident from the caption of Plan Proponents' Opposition that the Creditors' Motion is for reconsidering the Brief Scheduling Order dated June 16, 2022. However, the Plan Proponents have discussed different dates in their Opposition, e.g., February 4, 2022, and April 7, 2022, which are nowhere related to the Creditors' Motion. Thus, the Creditors' Motion is timely filed within 14 days of the Order and appropriately filed under Fed. R. Civ. Proc. 59(e).

Plan Proponents further argued that the Order only established briefing deadlines and did not modify or abridge parties' substantive rights; however, it is again without merit and unsupported by any case law or authority. By contrast, when the Court ordered the Creditors to file a motion to allow untimely objections, the Court refused to consider their Objections by ignoring its statutory duty to consider them even if the Creditors did not file objections. Moreover, as argued in the Creditors' Motion, the Order to file a motion to allow untimely objection is an error of law because the Creditors filed their Continued Objections (Doc #344) only to assist the Honorable Court in fulfilling the Court's statutory duty to

evaluate and confirm the Debtor's Plan according to 11 U.S.C. § 1129 et seq. Courts have held that "[e]ven in the absence of creditor objections, the Court has an independent duty to determine that the confirmation requirements of 11 USC § 1129 are met." *In re Landscaping Services, Inc*., 39 B.R. 588, 590 (Bkrtcy. N.C. 1984). Thus, refusing to consider Creditors' Objection is an error of law, and to correct this error of law and prevent manifest injustice to Creditors, the Court should grant the Creditors' Motion for Reconsideration and vacate its Order. Therefore, Creditors' Motion is appropriate under Rule 59(e), and Rule 60(b) does **not** apply to the present case.

### 2. Creditors' Failure to File Notice of Hearing for Their Motion for Reconsideration Did Not Violate Plan Proponents' Substantial Rights and Is Just a Procedural Error.

In the Opposition, Plan Proponents have stated in a footnote that "Hannas failed to file a Notice of Hearing as required by B.L.R. 9013-(b)(3)." Admittedly, the Creditors inadvertently failed to file a notice of hearing with their Motion as provided by local court rules. The Creditors apologize to the Honorable Court for their inadvertent mistake. It is true that "[l]ocal rules have the "force of law" and are binding upon the parties and upon the court, and a departure from local rules that affects "substantial rights" requires reversal. *Martel v. County of Los Angeles*, 1994 U.S. App. LEXIS 24083 (9th Cir. 1994). [However], **[a] departure is justified [] if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]**." Id. at 21 n.4 (quoting Allen v. United States Fidelity & Guaranty Co.,* 342 F.2d 951, 954 (9th Cir. 1965))." [Emphasis bold]. (*Professional Programs Group v. Department of Commerce* (9th Cir. 1994) 29 F.3d 1349, 1353.)

Federal Rules of Bankruptcy Proceedings provides that "FRBP "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding," with the emphasis on the word "just" here in light of the **general judicial preference to determine matters on the merits rather than on strictly procedural grounds, the court exercises its discretion to address the procedural defect of the Motion not being properly noticed for hearing by ordering and giving Creditor an opportunity**

**to cure the procedural defect of notice of the timely filed Motion by noticing it properly for hearing pursuant to Local Bankruptcy Rule 9013-1(d), and not simply deny the Motion simply on these procedural grounds**. The court will address and reach the merits of the Motion and the arguments in Debtor's opposition at the hearing on the Motion when properly noticed by Creditor if it is still pressing the Motion." (FRBP Rule 1001) (*In re Rubin (Bankr.C.D.Cal*. June 24, 2016, No. 2:16-bk-12936-RK) 2016 Bankr. LEXIS 2391, at *3-4.)

Additionally, the United States Bankruptcy Court for the Central District of California in (*In re Rodriguez* (Bankr.C.D.Cal. Feb. 27, 2017, No. 2:16-bk-26376-RK) 2017 Bankr. LEXIS 543, at *4) provided an opportunity to a debtor to file a notice of hearing and request a hearing on debtor's Motion.

In the present case, the Court pre-set a hearing for August 2, 2022, and Plan Proponents already filed their Opposition to the Motion on July 12, 2022, which is well before the hearing. Plan Proponents adequately got an opportunity to oppose the Creditors' Motion and apprise the Court of their position. Therefore, Creditors' failure to file a Notice of Hearing does not affect any Plan Proponents' substantial rights. Notwithstanding, if the Honorable Court determines that Creditors' failure to file a Notice of Hearing affects Plan Proponents' substantial rights, the Court may allow the Creditors to cure the procedural defect by filing a notice of hearing.

### III.
### CONCLUSION

Creditors' Motion is appropriately filed under Fed. R. Civ. Proc. Rule 59(e) and their failure to file a Notice of Hearing does not affect Plan Proponents' substantial rights. Therefore, Creditors JEFF HANNA and AMALIA HANNA respectfully request this Court to grant their Motion for Reconsideration and vacate the Order Setting Briefing Schedule dated June 16, 2022 (Doc #345). The Creditors further request this Court to decide the Plan Proponents' Joint Plan based upon Creditors' Objections provided under 11 U.S.C. § 1129 et seq.

| | | |
|---|---|---|
| 1 | Dated: July 27, 2022 | Respectfully Submitted, |
| 2 | | **LAW OFFICES OF SELWYN D. WHITEHEAD** |
| 3 | | _/s/ Selwyn D. Whitehead_ |
| 4 | | SELWYN D. WHITEHEAD, ESQ. |
| 5 | | *Attorney for Creditors* |
| 6 | | JEFF HANNA and AMALIA HANNA |

# CERTIFICATE OF SERVICE

I, Selwyn D. Whitehead, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue, Oakland, CA 94605. On the date stated below, I served the following document(s):

**CREDITORS' REPLY TO PLAN PROPONENTS' OPPOSITION TO CREDITORS' MOTION FOR RECONSIDERATION OF THE ORDER DATED JUNE 16, 2022.**

on each party listed below requesting or requiring special notice in the manner or manners described below:

***VIA THE COURT'S ECF SYSTEM ONLY:***

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / sjjared.a.day@usdoj.gov

Deirdre M. Digrande on behalf of Creditor Amalia Hanna / ddigrande@lockhartpark.com, ddigrande@yahoo.com

Arasto Farsad on behalf of Defendant Mordechai Koka / farsadecf@gmail.com, farsadecf@ecf.courtdrive.com

Lars T. Fuller on behalf of Debtor Mordechai Koka / Fullerlawfirmecf@aol.com, Larsfullerecf@aol.com

Christopher Hayes on behalf of Trustee Christopher Hayes / chayestrustee@gmail.com, ecf.alert+Hayes@titlexi.com

David S. Hoffman on behalf of Requestor Allan Hulgan / dshoffmanesq@aol.com

Kelly Marie Kaufmann on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series2007 – Abknotice@maccarthyholthus.com, kraftery@ecf.courtdrive.com

Christopher M. McDermott on behalf of Creditor HSBC Bank USA, National Association / ecfcanb@aldridgepite.com, CMM@ecf.inoruptcy.com

Brent D. Meyer on behalf of Creditor Dale / Gardnerbrent@meyerllp.com

Office of the U.S. Trustee / SJUSTPRegion17.SJ.ECF@usdoj.gov

Edward A. Treder on behalf of Creditor HSBC Bank USA, National Associationndcaecf@BDFGroup.com

Nancy Weng on behalf of Defendant Mordechai Koka / nancy@farsadlaw.com

Selwyn D. Whitehead on behalf of Creditor Amalia Hanna / selwynwhitehead@yahoo.com

7

Creditors' Reply to Plan Proponents' Opposition to Creditors' Motion for Reconsideration of the Order dated June 16, 2022
Case: 20-50469    Doc# 350    Filed: 07/27/22    Entered: 07/27/22 10:38:59    Page 7 of 8

1  Craig V. Winslow on behalf of Plaintiff Dale Gardner / craig@cvwlaw.com

2  Jennifer C. Wong on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee
3  for the Impac CMB Trust Series 2007 – Abknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

   I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead for the collection and processing of correspondence for mailing with the United States Postal Service, and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail and/or electronic service via personal or business email and/or via the Court's ECF System, as indicated above.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed this 27th day of July 2022 at Oakland, Alameda County, California.

   /s/ Selwyn D. Whitehead
   SELWYN D. WHITEHEAD, ESQ.