**Entered on Docket**
**July 27, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**The following constitutes the order of the Court.**
**Signed: July 27, 2022**

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.: 20-50469 SLJ |
| | Chapter 11 |
| MORDECHAI KOKA, | |
| Debtor. | |

### ORDER (1) ON MOTION FOR RECONSIDERATION; (2) SETTING BRIEFING SCHEDULE; AND (3) CONTINUING CONFIRMATION HEARING

Creditors Jeff and Amalia Hanna filed a Motion for Reconsideration of the Court's Order Setting Briefing Schedule on Motion to Allow Late Objection to Confirmation ("Motion"), pursuant to Civil Rule 59(e).[1] Dale and Melissa Gardner ("the Gardners"), creditors and joint plan proponents, opposed the Motion.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

## I. BACKGROUND FACTS

The court approved the disclosure statement portion of the Joint Combined Plan of Reorganization and Disclosure Statement ("Joint Plan") proposed by Debtor and Dale and Melissa Gardner (collectively, "Plan Proponents") on February 4, 2022. Creditors Jeff and Amalia Hanna ("the Hannas") filed an objection to the confirmation of the Joint Plan ("First Objection"), asserting that the Joint Plan lacks adequate information, Debtor's income is not supported by evidence, and the Joint Plan is not feasible. At the confirmation hearing on April 7, 2022, the court, for reasons stated on the record, overruled the adequate information objection and the feasibility objection. The court continued the confirmation hearing and ordered Debtor to file additional evidence supporting his income, as well as setting a deadline for filing responses.

Prior to the continued confirmation hearing on May 5, 2022, the Plan Proponents filed additional declarations and a supplemental confirmation brief. The Hannas filed a supplemental objection to confirmation ("Supplemental Objection"), contending that the Joint Plan is not proposed in good faith and is not feasible based on the most recent evidence of income and further, that the evidence of income is inconsistent with prior evidence produced by Debtor. Because the confirmation of the Joint Plan was continued prior to hearing to allow Debtor to complete the sale of his real property, the court did not address the Supplemental Objection. At this point, the deadline to object to confirmation has expired.

One day prior to the continued confirmation hearing on June 14, 2022, the Hannas filed a "Pre-Confirmation Hearing Statement in the Furtherance and Substantiation of Their Continuing Objection to the Confirmation of [the Joint Plan]." ("Pre-hearing Statement"). In the Pre-hearing Statement, the Hannas modified the substance of their objection, now alleging that the Joint Plan does not meet the requirements of § 1129(a)(15) and § 1129(b)(1). As to the latter, the Hannas argued that the Joint Plan discriminates unfairly, is not fair and equitable, and violates the absolute priority rule.

At the hearing, the court noted that the Pre-hearing Statement appears to raise new and untimely confirmation objections. The Hannas responded that the objections raised in the Pre-

ORDER ON MOTION FOR RECONSIDERATION
-2-

hearing Statement are continuing objection points that are simply summation of previous objections. Additionally, the Hannas argued that the § 1129(a)(15) objection is implicit from the fact that the Hannas, as unsecured creditors, have objected to the confirmation of the Joint Plan. The court ordered the Hannas to file a motion to reopen the briefing schedule and explain why these seemingly late objections in the Pre-hearing Statement should be considered. If these late objections were indeed raised in earlier briefs, as the Hannas contended, the order required the Hannas to include the docket number(s) and page number(s) of the earlier briefs where the objections appeared. *See* Order Setting Briefing Schedule on Motion to Allow Late Objection to Confirmation ("Scheduling Order"), entered on June 16, 2022, Docket No. 345.

Instead of a motion to allow late filing, the Hannas filed a Motion for Reconsideration of the Scheduling Order, requesting the court to reconsider the Scheduling Order under Civil Rule 59(e), as incorporated by Bankruptcy Rule 9023. They alleged that the court committed an error of law when it concluded that an objection under § 1129(a)(15) must be separately and timely raised by a creditor, when the court has an independent obligation to ensure that the requirements for confirmation have been met. Given the court's independent duty, the Hannas claimed that the Pre-hearing Statement was filed for the sole purpose of assisting the court in fulfilling its statutory duty. They further argued that manifest injustice requires the court to grant the Motion.

The Gardners opposed the Motion, arguing that it is untimely and the Scheduling Order only establishes briefing deadlines and makes no substantive findings. Instead, according to the Gardners, the applicable rule is Civil Rule 60(b), but since the Hannas did not argue Civil Rule 60(b) in their Motion, any relief therein is waived. The Gardners also discussed why the Motion should be denied under Civil Rule 60(b)(1).[2]

---

[2] The Hannas filed an untimely reply on July 27, 2022, when the Scheduling Order required any reply to be filed by July 19, 2022. Nevertheless, the court has reviewed and considered it in making the findings in this Order.

ORDER ON MOTION FOR RECONSIDERATION
-3-

## II. DISCUSSION

### A. Request to Reconsider under Civil Rule 59(e)

Civil Rule 59(e), as incorporated and modified by Bankruptcy Rule 9023, provides that a motion to alter or amend a judgment must be filed no later than 14 days after entry of judgment. Reconsideration under Civil Rule 59(e) is an extraordinary remedy to be used sparingly "in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e) permits reconsideration on the following grounds: "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks omitted).

For purpose of motion to reconsider under Civil Rule 59(e), the term "judgment" includes final judgments and appealable interlocutory orders. Fed.R.Civ.P. 54(a); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989). "An interlocutory appeal is one which stems from a judgment, order, or decree which does not finally determine a cause of action, but instead decides only an intervening matter." *In re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995). "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *Id.*, at 882.

As a preliminary matter, the Motion is timely under Civil Rule 59(e). Despite the Gardners' contention that the Hannas are belatedly seeking reconsideration of the Order Approving Disclosure Statement, entered on February 4, 2022, and the oral briefing order made at the confirmation hearing on April 7, 2022, the Hannas clearly stated in the Motion that they are requesting reconsideration of the Scheduling Order. *See* Motion for Reconsideration, pp. 2:3-4; 3:18-19; 5:5-6. The Scheduling Order was entered on June 16, 2022, and the Hannas filed the Motion on June 27, 2022.

ORDER ON MOTION FOR RECONSIDERATION
-4-

Case: 20-50469    Doc# 351    Filed: 07/27/22    Entered: 07/27/22 13:28:26    Page 4 of 13

However, the Scheduling Order is not a "judgment" within the meaning of Rule 59(e) so that rule has no application here. In the simplest terms, the Scheduling Order does not include any substantive findings, instead providing a scheduled time for the Hannas to explain why the court should not treat the Pre-hearing Statement as an untimely confirmation objection. Notably, the court did not make any final, or even tentative, ruling at the hearing.[3]

Here is the fact: the Hannas filed the Pre-hearing Statement on the eve of the confirmation hearing that was not authorized by a court order or applicable rules which arguably contained an objection that was never mentioned by them before. If that is so, it is sandbagging. So, the court gave the parties an opportunity to argue why the court should consider a pleading that was filed at 6:51p.m. on the day before the continued confirmation hearing. Either the pleading is allowable, or it is not.

The Hannas have missed the point. Their argument is premised on the incorrect conclusion that the court made a mistake in concluding their argument was improper. But the court did not decide any such thing. It simply gave the Hannas the right to explain why the court would consider what is *unquestionably* a late filing which *potentially* includes never-before-discussed legal theories. In other words, the Scheduling Order is meant to flush out the arguments from the parties so the court can decide the very matter that the Hannas now allege amounts to legal error. For these reasons, the request to reconsider the Scheduling Order is denied.

---

[3] The Hannas alleged that the court erred "in concluding that 'these appear to be new objection points and not a summary of previous arguments as alleged by the Hannas.'" The Hannas took the quotation out of context from the Scheduling Order. The full sentence of the statement is: "As the court stated at the hearing, these appear to be new objection points and not a summary of previous arguments as alleged by the Hannas." This is neither a conclusion nor a final ruling. The Scheduling Order results from the colloquy between the court and the Hannas' counsel at the hearing at which time the Hannas argued that the points made in the Pre-hearing Statement are "continuing objections" from earlier pleadings. The court disagreed but as set forth in the Scheduling Oder, the court gave the Hannas an opportunity to point out precisely where the points in the Pre-hearing Statements were previously raised.

B. The Pre-hearing Statement is Not Authorized and is Stricken

The court must decide if the Pre-hearing statement was authorized even if the Hannas completely failed to address the point as the court asked them to do. The court finds it was not authorized.

First, no Bankruptcy Rule, local rule, or court order authorized the filing of the Pre-hearing Statement, especially one filed on the evening before the confirmation hearing. Second, by filing such a late pleading, fairness dictates that the Plan Proponents be given an opportunity to respond, which means a continuance and further delay for confirmation. Third, by not identifying the Pre-hearing Statement as an objection, the Hannas make an end-run around the deadline to file confirmation objections, thereby making confirmation and related issues a moving target.

It should be clear to all that if the court accepts the Hannas' arguments, they would appear to be able to file yet another "pre-hearing statement" before the next confirmation hearing or even before an evidentiary hearing. Raising new legal issues seriatim creates a free-for-all confirmation process with endless "statements" and responses. No responsible court would tolerate such practice.

The Hannas' argument that they are simply assisting the court in discharging its duties is weak tea at best. By definition, the court's duty to evaluate the confirmation requirements is "independent." The very purpose of the Pre-hearing Statement to "assist" the court in this endeavor by asserting sundry disguised (and late) objections would convert the court into an instrumentality of the Hannas' creation.

Lastly, this unsolicited assistance from the Hannas creates an appearance of bias and lack of impartiality in the court's supposedly independent evaluation of the confirmation requirements.

Based on the Hannas' characterization and the face of the Pre-hearing Statement itself, the Pre-hearing Statement is not an objection to confirmation. *See* 9 COLLIER ON BANKRUPTCY, ¶ 3020.02 (16th 2022) ("An objection to confirmation should be clearly denominated as such."). As the Motion makes clear that the Pre-hearing Statement is only to assist and apprise the court

of the confirmation issues identified therein, the Hannas clearly do not intend to prosecute these points. As a statement to assist the court, it is not authorized by the Bankruptcy Code, Bankruptcy Rules, local rules, or court order. It is also prejudicial to the Plan Proponents who did not have an opportunity to respond, let alone adequately reviewed it, when it was filed less than 24 hours prior to the hearing. For this and other reasons discussed above, the Pre-hearing Statement is stricken.

### C. The Court's Duty to Evaluate § 1129(a)(15) Is Limited

The Hannas argued that because they objected to confirmation and triggered § 1129(a)(15), the court must run this point to ground in the same way that a formal objection would be litigated. Specifically, the Hannas argued that (1) the court has an independent duty to assure that all requirements for confirmation are satisfied and the Pre-Hearing Statement is meant to "assist" the court to fulfill its statutory duty; and (2) § 1129(a)(15) is triggered by the Hannas' previous confirmation objections and does not need to be separately raised by the Hannas. Not so. And these two contentions require clarification to be understood in context.

The first concept is that in the Ninth Circuit, the bankruptcy court has an independent duty to ensure that the requirements for confirmation have been met, whether or not a creditor objects. *In re Ambanc La Mesa Ltd. P'ship*, 115 F.3d 650, 653 (9th Cir. 1997); *In re Dynamic Brokers, Inc.*, 293 B.R. 489, 499 (B.A.P. 9th Cir. 2003). The proponent of a plan has the burden of proving by a preponderance of the evidence that the requirements for confirmation have been met. *In re Ambanc La Mesa Ltd. P'ship*, 115 F.3d 650, 653 (9th Cir. 1997); *In re Arnold & Baker Farms*, 177 B.R. 648, 654 (B.A.P. 9th Cir. 1994); 11 U.S.C. §§ 1129(a)(1) & (a)(2). If no objection to confirmation is timely filed, the court may, without taking evidence, determine that the plan was proposed in good faith and not by any means forbidden by law. Fed. R. Bankr. P. 3020(b)(2). In the absence of an objection to confirmation, the court generally will permit the plan proponent to demonstrate that the confirmation requirements have been satisfied by making an offer of proof instead of having an evidentiary hearing. BLR 3020-1(d); *see, e.g., In re Sidrian*, 2009 WL 3627932, at *1 (Bankr. N.D. Cal. Oct. 29, 2009).

The second concept is objecting to confirmation. Bankruptcy Rule 3020(b), which implements § 1128,[4] provides that an objection to confirmation must be filed within the time fixed by the court. Fed. R. Bankr. P. 3020(b)(1). An objection to confirmation gives rise to a contested matter governed by Bankruptcy Rule 9014. Fed. R. Bankr. P. 3020(b)(1). And pursuant to BLR 3020-1(e), the plan proponent and any party objecting to confirmation must meet and confer prior to the confirmation hearing regarding the disputed issues.

Applying these concepts to § 1129(a)(15) is the work of a journeyman. Section 1129(a)(15) is applicable only when the debtor is an individual and "the holder of an allowed secured claim objects to the confirmation of the plan." 11 U.S.C. § 1129(a)(15). Courts have applied § 1129(a)(15) when the holder of an allowed unsecured claim objected to confirmation of the plan on other grounds. *See, e.g., In re Villalobos*, 2014 WL 930495, at *13 (B.A.P. 9th Cir. Mar. 10, 2014) (applying § 1129(a)(15) even though IRS, the holder of an allowed unsecured claim, objected to confirmation on other grounds); *In re Shat,* 424 B.R. 854, 857 n. 4 (Bankr. D. Nev. 2010), abrogated by *Zachary v. Cal. Bank & Trust*, 811 F.3d 1191 (9th Cir. 2016), on other grounds ("Section 1129(a)(15) does not apply in this case because the dissenting creditor did not [ ] file or otherwise assert any objection to the Plan.").

Thus assuming § 1129(a)(15) has been triggered by an objection premised on other grounds-but not specifically raised in a confirmation objection-the court's independent duty is to make certain that the plan proponent has satisfied the conditions of that section by a preponderance of the evidence. On the other hand, if an objection under § 1129(a)(15) is raised, it becomes a contested matter under Bankruptcy Rule 9014 and an evidentiary hearing may be necessary, depending on the nature of the objection.

Here, the Hannas have filed a general unsecured claim (Amended POC No. 9-2), which is deemed allowed given that no objection has been filed thereto, and have objected to confirmation in their First Objection and Supplemental Objection. However, none of the points raised in the First Objection and Supplemental Objection pertains to § 1129(a)(15). *See In re*

---

[4] Section 1128(b) provides that "[a] party in interest may object to confirmation of a plan."

ORDER ON MOTION FOR RECONSIDERATION
-8-

Case: 20-50469    Doc# 351    Filed: 07/27/22    Entered: 07/27/22 13:28:26    Page 8 of 13

*Crowe*, 2021 WL 2212005, at *10 (Bankr. D. Ariz. June 1, 2021) (unsecured creditor objected to confirmation but "did not preserve a § 1129(a)(15) objection;" however, because he also joined in the unsecured creditors committee's objection, which included a § 1129(a)(15) objection, the unsecured creditor was deemed to have a § 1129(a)(15) objection). Assuming § 1129(a)(15) has been triggered but without a § 1129(a)(15)-specific objection, the court only has to satisfy itself that Debtor has met the requirements of § 1129(a)(15) by a preponderance of the evidence.[5]

### D. The Applicability of Section 1129(a)(15)

In the context of confirmation, however, that is not the end of the analysis. The Plan Proponents did not discuss the Joint Plan's compliance with § 1129(a)(15) in either their Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement (DKT 305) or the Supplemental Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement (DKT 318). In fact, both briefs are silent on the issue of whether § 1129(a)(15) has been triggered or not.[6] The court recognizes that the issue was improperly raised by the Hannas in the Pre-hearing Statement, but it goes to a key confirmation

---

[5] The Hannas argued that by requiring them to file a confirmation objection, the court improperly shifts the burden of proof for confirmation from the Plan Proponents to the Hannas. The Hannas did not provide any authority to support this argument. To the contrary, it is the Hannas who are misallocating the burden of proof. "[F]or those creditors who object, it is up to that objecting party to produce evidence to establish the validity of the objection before the ultimate burden of proving that all the requirements of Section 1129(a) have been met is shifted to the plan proponent." *In re Art & Architecture Books of the 21st Century*, 2016 WL 1118743, at *7 (Bankr. C.D.Cal. Mar. 18, 2016) (internal quotation marks and citations omitted). If the Hannas had filed an objection, they would have to prosecute the objection by providing arguments why the Plan Proponents failed to meet its burden for confirmation and producing evidence in an evidentiary hearing if facts are disputed. Instead, the Hannas' position is that they would "assist" the court by informing it which of the confirmation requirements have not been met and it becomes the court's duty to litigate with the Plan Proponents outside the context of a contested matter. Furthermore, accepting the Hannas' logic would mean that they have no burden of proving the points raised in their First Objection and Supplemental Objection because the court will take their place in a contested matter as both the trier and gatherer of fact.

[6] If § 1129(a)(15) has not been triggered, the court would not have an independent duty to evaluate compliance with it.

ORDER ON MOTION FOR RECONSIDERATION
-9-

Case: 20-50469    Doc# 351    Filed: 07/27/22    Entered: 07/27/22 13:28:26    Page 9 of 13

issue that the court will have to address one way or the other when it decides the Joint Plan's compliance with applicable provisions of the Bankruptcy Code. Therefore, the court will order the Plan Proponents to file a second supplemental brief on the limited issue of § 1129(a)(15). The Hannas will be given an opportunity to respond. While the court generally addresses the uncontested confirmation requirements after resolving any confirmation objections, if § 1129(a)(15) is in play, any factual disputes as to Debtor's projected disposable income will likely overlap with the feasibility and lack of good faith objections made by the Hannas and may be resolved in one evidentiary hearing.[7]

E.   Section 1129(b)(1) is Inapplicable

The Hannas' points under § 1129(b)(1), which include arguments that the Joint Plan discriminates unfairly, is not fair and equitable, and violates the absolute priority rule, were not raised as proper objections because they appear only in the Pre-hearing Statement, which is being stricken. But, even assuming they are valid objections, the court overrules them as a matter of law.

A bankruptcy court may confirm a non-consensual plan if, among other requirements, the plan "does not discriminate unfairly, and is fair and equitable, *with respect to each class of claims or interests that is impaired under, and has not accepted, the plan*. 11 U.S.C. § 1129(b)(1) (emphasis added). For a non-accepting unsecured creditor class, "fair and equitable" includes satisfying the absolute priority rule. 11 U.S.C. § 1129(b)(2)(B)(ii). Thus, to confirm a Chapter 11 plan over the objections of a dissenting unsecured class, § 1129(b) prohibits court approval unless the proposed plan complies with one of two alternatives: (1) the unsecured claims are paid in full, or (2) the absolute priority rule is satisfied. 11 U.S.C. § 1129(b)(2)(B).

---

[7] The Gardners stated in the Background Facts section of their opposition that the good faith argument was untimely raised by the Hannas in the Supplemental Objection. The court makes no determination on this issue. If the Gardners want a ruling on this issue, they should file a separate motion.

ORDER ON MOTION FOR RECONSIDERATION
-10-

The Hannas are general unsecured creditors who are treated in Class 2 of the Joint Plan. But Class 2, an impaired class, has affirmatively voted in favor of the Joint Plan.[8] Therefore, § 1129(b)(1) does not apply to Class 2, which includes the Hannas, and the absolute priority rule is inapplicable. *See Zachary v. Cal. Bank & Trust*, 811 F.3d at 1194 (9th Cir. 2016) ("The [absolute priority] rule provides that a *dissenting class* of unsecured creditors must be provided for in full before any junior class can receive or retain any property under a reorganization plan." (emphasis added)); *In re Arden Properties, Inc.*, 248 B.R. 164, 173 (Bankr. D. Ariz. 2000) ("In this case there was only one class of unsecured claims, and it accepted the plan, so neither § 1129(b)(1) nor § 1129(b)(2)(B) came into play."); *In re Sundance Self Storage-El Dorado LP*, 2012 WL 8255484, at *5 (Bankr. E.D. Cal. Apr. 12, 2012) ("The class of unsecured claims (Class 5) has voted to accept the Modified Plan. Thus, there is no absolute priority problem."); *In re Roberts Rocky Mountain Equip. Co., Inc.*, 76 B.R. 784, 790 (Bankr. D. Mont. 1987) ("The fair and equitable test, and thus the absolute priority rule, is satisfied in this case [because] the class of unsecured creditors have not dissented to the Plan, but have accepted the Plan."). In short, the Hannas' § 1129(b)(1) objection is moot because it is unnecessary to "cramdown" Class 2 since it has voted to accept the Joint Plan.[9]

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The Motion for Reconsideration is DENIED and the Pre-hearing Statement is STRICKEN.

---

[8] The Hannas did not cast a ballot accepting or rejecting the Joint Plan.

[9] The only class of impaired claims that has rejected the Joint Plan is Class 1C, which provides treatment for secured creditor Citibank. Given Class C's rejection, the Plan Proponents bear the burden of proving that the requirements of § 1129(b)(1) are satisfied as to Class 1C only. Since Class 1C is a class of secured creditors, what is "fair and equitable" is prescribed by § 1129(b)(2)(A), which is different than the requirements for cramming down a class of unsecured creditors in § 1129(b)(2)(B).

ORDER ON MOTION FOR RECONSIDERATION
-11-

2. A second supplemental round of briefing shall be filed on the limited issue of § 1129(a)(15), specifically whether § 1129(a)(15) is applicable and if so, how the Joint Plan complies or does not comply with it.[10] The briefing schedule is as follows:
   a. The Plan Proponents shall file their brief by August 18, 2022.
   b. The Hannas, or any other party who wants to respond, shall file their responsive brief by August 25, 2022. No discovery is authorized on this point, however, as the briefing is only intended to assist the court in its legal determinations.
3. Except as provided in this Order, the Bankruptcy Code, the Bankruptcy Rules, or the local rules, **no other pleadings pertaining to confirmation shall be filed prior to the next confirmation hearing**.
4. The confirmation hearing is CONTINUED from August 4, 2022, at 1:30 p.m. to **September 1, 2022, at 1:30 p.m.** At that time, the court will consider the Hannas' objection points on feasibility, good faith or lack thereof, and, as applicable, § 1129(a)(15). To the extent there are factual disputes, the confirmation hearing will be treated as trial setting conference.

*** END OF ORDER***

---

[10] Confirmation issues other than § 1129(a)(15) raised in the briefs will not be considered.

**COURT SERVICE LIST**

ECF Notifications

ORDER ON MOTION FOR RECONSIDERATION