**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorney for Plan Proponent
DALE GARDNER and
MELISSA GARDNER

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>      Debtor. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11<br><br>***EX PARTE* APPLICATION FOR AUTHORITY TO SPECIALLY SET HEARING ON MOTION TO STRIKE LATE-FILED OBJECTION TO CONFIRMATION**<br><br>Date:      NONE SCHEDULED<br>Time:<br>Location:  Telephonic / Videoconference<br>Judge:    Hon. Stephen L. Johnson |

Debtor Mordechai Koka ("Debtor") and plan proponents Dale Gardner and Melissa Gardener (the "Gardners") (collectively, the "Plan Proponents") hereby submit this *ex parte* application (the "Application") for authority to specially set a hearing on a Motion to Strike the Late-Filed Objection to Confirmation (the "Motion to Strike") filed by creditors Jeff Hanna and Amalia Hanna (the "Hannas") on September 1, 2022 at 1:30 p.m. to be heard concurrently with the continued hearing on confirmation in the above-captioned matter.

## I. BACKGROUND FACTS

On February 4, 2022, this Court issued an *Order Approving Disclosure Statement Contained in Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022)* (the "Confirmation Hearing Order"), which among other things, set March 31, 2022 as the deadline to file timely objections to confirmation of the proposed *Joint Chapter 11 Plan of Reorganization* (the "Objection Deadline"). See Dkt. No. 295, ¶ 4.

On March 31, 2022, the Hannas filed an *Objection to Confirmation*, which appears to articulate two specific objections: (1) the Plan Proponents did not disclose adequate information pursuant to section 1125(a)(1); and (2) the Plan is not feasible pursuant to section 1129(a)(11) based on Debtor's monthly disposable income (the "Timely Objection"). See Dkt. No. 302.

On April 7, 2022, the Court held an initial hearing on confirmation of the *Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022)* (the "Joint Plan").

At the conclusion of the hearing, the Court continued the confirmation hearing to May 5, 2022, and in a Docket Text Order required "Debtor to file supplemental declarations by April 15, 2022. Responses by April 22, 2022." (the "Supplemental Response Order"). See CM/ECF *generally*. However, the Court did not issue a sperate order, and more importantly, the Court *did not* extend the deadline (March 31, 2022) for the Hannas to file supplemental objections to confirmation of the Plan. Id

On April 22, 2022, the Hannas filed a *Supplemental Objection to Additional Evidence*, and despite the title of this pleading, the Hannas purport to assert an additional (and untimely) objection to confirmation that the Plan was not proposed in good faith pursuant to section 1129(a)(3) (the "First Late Filed Objection"). See Dkt. No. 320.

After several continuances of the final hearing on confirmation to allow Debtor sufficient time

to consummate sale of the Lafayette Property, the Court has now set a final hearing on confirmation on September 1, 2022. See Dkt. No. 351.

## II. LEGAL ARGUMENT

Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," which necessarily includes authority to issue orders related to management of its hearing calendar. 11 U.S.C. § 105(a).

Here, the Court recently set a continued hearing on confirmation of the Joint Plan on September 1, 2022. See Dkt. No. 351. Further, in order to limit the scope of issues to resolve at this Confirmation Hearing, the Plan Proponents anticipate filing the Motion to Strike, as this objection raising the issue of good faith pursuant to section 1129(a)(3) was filed after the Objection Deadline and without authority from the Court. See Dkt. Nos. 295, 320. However, pursuant to the Court's calendar for self-calendaring dates, the next available hearing for motions in Chapter 11 case is not until September 6, 2022, which is after the hearing on Confirmation (on September 1, 2022).

As such, for purposes of judicial economy, to allow all related matters to be resolved at the same hearing, and to avoid further and unnecessary delay, the Plan Proponents request authority from the Court to specially set a hearing on the Motion to Strike on September 1, 2022 at 1:30 p.m. Further, given that the Plan Proponents will have sufficient time to file and serve the Motion to Strike at least 28-days prior to the requested hearing date (September 1, 2022) pursuant to B.L.R. 9014-1(b)(2), at this time, the Plan Proponents are not seeking authority to shorten time for this hearing.

## III. CONCLUSION

Based on the foregoing, the Plan Proponents respectfully request that the Court enter an order granting the Application, authorizing the Plan Proponents to specially set a hearing on the Motion to Strike on September 1, 2022 at 1:30 p.m., and for such other and further relief that is appropriate.

Dated: July 29, 2022                  **MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
    Brent D. Meyer, Esq.
    Attorneys for Plan Proponents
    DALE GARDNER and
    MELISSA GARDNER