**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:  (415) 765-1588
Facsimile:  (415) 762-5277
Email:      brent@meyerllp.com

Attorney for Plan Proponent
DALE GARDNER and
MELISSA GARDNER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | BK Case No.: 20-50469-SLJ |
| MORDECHAI KOKA, | Chapter 11 |
| Debtor. | **MOTION TO STRIKE LATE-FILED OBJECTION TO CONFIRMATION FILED BY JEFF HANNA AND AMALIA HANNA** |
| | Date:     September 1, 2022<br>Time:     1:30 p.m.<br>Location: Telephonic / Videoconference[1]<br>Judge:    Hon. Stephen L. Johnson |

---

[1] Paragraph 10 of General Order 38 (Seventh Amended) provides that "[u]nless otherwise ordered by the presiding judge, all notices of any motion or application filed with the court and served on any party which sets a hearing date for the motion or application must state that the hearing will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video, and include the following language: 'All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.'" See *https://www.canb.uscourts.gov/sites/default/files/generalorders/SeventhAmendedGO38.pdf*

Debtor Mordechai Koka ("Debtor") and plan proponents Dale Gardner and Melissa Gardener (the "Gardners") (collectively, the "Plan Proponents") hereby move (the "Motion") to strike the first late-filed objection to confirmation of the Joint Plan filed by creditors Jeff Hanna and Amalia Hanna (the "Hannas") in the above-captioned matter.

The Motion is based upon the Notice of Motion, this Motion and the supporting points and authorities set forth herein, all other pleadings on file herein, and such other and further arguments and authority as may be presented at the hearing on the Motion.

## I. BACKGROUND FACTS

On February 4, 2022, this Court issued an *Order Approving Disclosure Statement Contained in Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022)* (the "Confirmation Hearing Order"), which among other things, set March 31, 2022 as the deadline to file timely objections to confirmation of the proposed *Joint Chapter 11 Plan of Reorganization* (the "Objection Deadline"). See Dkt. No. 295, ¶ 4.

On March 31, 2022, the Hannas filed an *Objection to Confirmation*, which appears to articulate two specific objections: (1) the Plan Proponents did not disclose adequate information pursuant to section 1125(a)(1); and (2) the Plan is not feasible pursuant to section 1129(a)(11) based on Debtor's monthly disposable income (the "Timely Objection"). See Dkt. No. 302.

On April 7, 2022, the Court held an initial hearing on confirmation of the *Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022)* (the "Joint Plan").

At the conclusion of the hearing, and primarily to ascertain feasibility of the Joint Plan and payments required therein, the Court continued the confirmation hearing to May 5, 2022, and in a Docket Text Order, required "Debtor to file supplemental declarations by April 15, 2022. Responses by April 22, 2022." (the "Supplemental Response Order"). See CM/ECF *generally*. However, the Court did not issue a sperate order, and more importantly, the Court *did not* extend the deadline (March 31, 2022) for the Hannas to file supplemental objections to confirmation of the Joint Plan. Id

On April 22, 2022, the Hannas filed a *Supplemental Objection to Additional Evidence*, and despite the title of this pleading, the Hannas purport to assert an additional (and untimely) objection to confirmation that the Joint Plan was not proposed in good faith pursuant to section 1129(a)(3) (the "First

Late Filed Objection"). See Dkt. No. 320.

After several continuances of the hearing on confirmation to allow Debtor sufficient time to consummate sale of the Lafyette Property, the Court has now set a final hearing on confirmation on September 1, 2022. See Dkt. No. 351.

However, on June 13, 2022, and less than 24 hours prior to the originally scheduled June 14, 2022 hearing on confirmation of the Joint Plan, the Hannas filed a *Pre-Confirmation Hearing Statement*, which purports to assert additional late-filed objections to the Joint Plan, including that: (1) the Joint Plan fails to provide for all of Debtor's disposable income pursuant to section 1129(a)(15); (2) the Joint Plan fails to satisfy the requirements of section 1129(a)(8) and 1129(b); and (3) the Joint Plan does not satisfy the absolute priority rule (the "Second Late-Filed Objection"). See Dkt. No. 344.

On June 14, 2022, the Court held a continued hearing on confirmation of the Plan, but given the significant prejudice caused by the Hannas' Second Late-Filed Objection, the Court determined that the hearing should be continued and the Hannas provided an opportunity to seek an extension of the deadline (March 31, 2022) to file timely objections to the Joint Plan.

Thereafter, on June 16, 2022, the Court issued an *Order Setting Briefing Schedule on Motion to Allow Late Objection to Confirmation*, which among other things, set June 28, 2022 as the deadline for the Hannas to file a timely motion to extend the deadline for allowance of their late-filed objections (the "Briefing Schedule Order"). See Dkt. No. 345.

On June 27, 2022, the Hannas filed a *Motion for Reconsideration of the Court's Order Setting Briefing Schedule on Motion to Allow Late Objections to Confirmation, Dated June 16, 2022* (the "Motion to Reconsider"). See Dkt. No. 348.

On July 27, 2022, the Court issued an *Order (1) on Motion for Reconsideration; (2) Setting Briefing Schedule; and (3) Continuing Confirmation Hearing*, which among other things, denied the Motion to Reconsider and struck the Second Late-Filed Objection from the record. See Dkt. No. 351.

The Plan Proponents hereby move to also strike the First Late-Filed Objection from the record.

II. LEGAL ARGUMENT

Federal Rule of Bankruptcy Procedure 3020(b)(1) provides in relevant part that "[a]n objection to confirmation of the plan shall be filed and served on the debtor, the trustee, the proponent of the plan,

| | |
|---|---|
| 1 | any committee appointed under the Code, and any other entity designated by the court, *within a time* |
| 2 | *fixed by the court*." Fed. R. Bankr. P. 3020(b)(1) (emphasis added). |
| 3 | Here, consistent with the requirements of Federal Rule of Bankruptcy Procedure 3020(b)(1), the |
| 4 | Court issued the Confirmation Hearing Order, which among other things, provided that March 31, 2022 |
| 5 | was the deadline to file timely objections to confirmation of the Joint Plan. See Dkt. No. 295, ¶ 4 |
| 6 | ("Objections to confirmation of the Chapter 11 Plan shall be filed with the Court and served on the Plan |
| 7 | Proponent *on or before March 31, 2022*") (emphasis added). |
| 8 | Further, at the April 7, 2022 initial hearing on confirmation, the Court continued the hearing for |
| 9 | the primary purpose of requiring the Plan Proponents to submit additional evidence regarding feasibility, |
| 10 | and in particular, whether there would be sufficient net proceeds of sale from the Lafayette Property to |
| 11 | satisfy the minimum payment ($525,000) to Class 2 claimants. To this end, the Court issued a Docket |
| 12 | Text following the hearing, which provided that "Debtor to file supplemental declarations by April 15, |
| 13 | 2022. Responses by April 22, 2022." See CM/ECF *generally*. However, except for submission of |
| 14 | additional evidence and responses thereto, the Court *did not* re-open the confirmation briefing schedule |
| 15 | and *did not* extend the deadline (March 31, 2022) to file timely objections to confirmation. Id. |
| 16 | On April 22, 2022, the Hannas filed a pleading entitled "*Creditors Jeff and Amalia Hanna's* |
| 17 | *Supplemental Objection to Additional Evidence Offered by Plan Proponents in Support of Confirmation* |
| 18 | *of Their Amended Joint Proposed Combined Plan of Reorganization and Disclosure Statement (January* |
| 19 | *24, 2022)*," and for the first time, purport to object to confirmation of the Joint Plan based on Debtor's |
| 20 | failure to satisfy the good-faith requirement of section 1129(a)(3). See Dkt. No. 320, 2:21-3:18. |
| 21 | However, in the Timely Objection, the Hannas never raised any objection to the Joint Plan based |
| 22 | on good-faith (or lack thereof) pursuant to section 1129(a)(3) (see Dkt. No. 302), and following the |
| 23 | hearing on April 7, 2022, the Court did not extend the deadline to object to confirmation of the Joint |
| 24 | Plan or otherwise authorize the filing of additional objections to confirmation (see CM/ECF *generally*). |
| 25 | As such, since the First Late-Filed Objection was filed on April 22, 2022, substantially after the |
| 26 | deadline (March 31, 2022) to file timely objections to confirmation of the Joint Plan, since the Court did |
| 27 | not extend the Objection Deadline or otherwise authorize the filing of supplemental objections to |
| 28 | confirmation following the initial hearing on confirmation on April 7, 2022, since the Hannas neither |

sought nor obtained authorization to file the First Late-Filed Objection pursuant to Federal Rule of Civil Procedure 60(b) after expiration of the Objection Deadline, and since the Hannas have demonstrated a pattern of filing late-filed objections in this Bankruptcy Case that substantially prejudice all parties in interest, the Court should strike the First Late-Filed Objection from the record and decline to consider the late-filed objection regarding good-faith (or lack thereof) pursuant to section 1129(a)(3) at the continued hearing on confirmation of the Joint Plan on September 1, 2022.

### III. CONCLUSION

Based on the foregoing, the Plan Proponents respectfully request that the Court enter an order granting the Motion in its entirety, striking the First Late-Filed Objection from the record, and for such other and further relief that is appropriate under the circumstances.

Dated: August 4, 2022            **MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
Brent D. Meyer, Esq.
Attorneys for Plan Proponents
DALE GARDNER and
MELISSA GARDNER

Dated: August 4, 2022            **THE FULLER LAW FIRM, PC**

By: /s/ LARS FULLER
Lars Fuller, Esq.
Attorneys for Debtor
MORDECHAI KOKA