Selwyn D. Whitehead, Esq. (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510).632.7444
Fax: (510).856.5180
Email: selwynwhitehead@yahoo.com

Julyn M. Park, Esq. (CSB No. 213429)
Deirdre M. Digrande, Esq. (CSB No. 199766)
**LOCKHART PARK, LLP**
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
       ddigrande@lockhartpark.com

Attorneys for Creditors
**JEFF HANNA and AMALIA HANNA**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| **IN RE:** | Case No. 20-50469-SLJ |
| | Chapter: 11 |
| **MORDECHAI KOKA** | **CREDITORS JEFF HANNA AND AMALIA HANNA'S OPPOSITION TO MORDECHAI KOKA'S MOTION TO STRIKE LATE-FILED OBJECTION; CERTIFICATE OF SERVICE** |
| Debtor-in-Possession. | |
| | Date: September 1, 2022 |
| | Time: 1:30 p.m. |
| | Location: Telephonic/Videoconference |
| | Judge: Hon. Stephen L. Johnson |

Creditors JEFF HANNA and AMALIA HANNA (hereinafter referred to as the "HANNAS" or "Creditors") file this Opposition to Debtor MORDECHAI KOKA'S Motion to Strike Late-Filed Objection ("Motion"), and respectfully show unto the Court as follows:

## I.
## RELEVANT FACTUAL BACKGROUND

On February 1, 2022, Mordechai Koka (hereinafter referred to as "Debtor") along with Dale Gardner and Melissa Gardner (hereinafter referred to as the "Plan Proponents") filed a Joint Proposed Combined Plan of Reorganization and Disclosure Statement under Chapter 11 (hereinafter referred to as "Plan") and identify each known creditor by name and describe how each claim will be treated if the Plan is confirmed.

On April 22, 2022, Creditors filed their Supplemental Objection to Additional Evidence offered by Plan Proponents in Support of Confirmation of their Amended Joint Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022) (hereinafter referred to as "Supplemental Objection"). The Plan Confirmation hearing was scheduled for June 14, 2022.

To appraise the Honorable Court more fully with the Creditors' position and their continued objections, on June 13, 2022, the Creditors filed their Pre-Confirmation Hearing Statement in the furtherance and substantiation of their continued Objections to the Debtor's Plan (Doc #344) (hereinafter referred to as "Continued Objections").

Immediately after filing the Continued Objections, this Honorable Court issued an Order on June 16, 2022, titled 'Order Setting Briefing Schedule on Motion to Allow Late Objection to Confirmation' and ordered Creditors to file a motion to allow untimely objections on or before June 28, 2022. However, from the Order, it likely appears that there is some confusion regarding Creditors' Continued Objections filed on June 13, 2022, because the Creditors filed their Continued Objections (Doc #344) **only** to fully appraise the Court on Creditors' objections which are based upon 11 U.S.C. § 1129 et seq. Thereafter,

on June 27, 2022, Creditors filed the Motion for Reconsideration of the Court's Order Setting Briefing Schedule on Motion to Allow Late Objections to Confirmation, Dated June 16, 2022 ("Motion for Reconsideration") (Doc # 348). On July 27, 2022, this Court issued an Order and denied the Motion for Reconsideration (Doc # 351). In its Order this Court allowed further briefing on section 1129(a)(15) (Doc # 351). Court also states that no other pleadings to pertaining to confirmation shall be filed prior to the next confirmation hearing. On August 4, 2022, Debtor filed the Motion to Strike Late-Filed Objection (Doc. 355). For the reasons mentioned below, Creditors request this Court to deny Debtor's Motion in its entirety.

## II.
## ARGUMENT AND AUTHORITIES

**1. Legal Standard for Motion to Strike.**

Under Federal Rule of Civil Procedure 12(f), "the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). . . . . . "Under Rule 12(f), a motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Laferte v. Murphy Painters, Inc., No. 17-CIV-60376, 2017 U.S. Dist. LEXIS 89672, 2017 WL 2537259, at *1 (S.D. Fla. June 12, 2017) (collecting cases). Thus, despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. Id." (*Canigiani v. Banc of Am. Merch. Servs., LLC* (S.D.Fla. Oct. 3, 2017, No. 17-cv-61270) 2017 U.S.Dist.LEXIS 163481, at *10-11.).

**2. Motion to Strike Is Only Permitted in Adversary Proceedings.**

In the Motion, the Debtor asks this Court to strike the Objection to Confirmation based on the Debtor's frivolous allegation that the Creditors' failed to file the Objection to Confirmation in a timely manner. However, the Debtor failed to provide the legal basis for their Motion. A cursory review of the Federal Rules of Bankruptcy Procedure shows that the authority for a motion to strike is contained in

Bankruptcy Rule 7012(b), which applies Rule 12(b) through Rule 12(i) of the Federal Rules of Civil Procedure to adversary proceedings in bankruptcy cases.

Bankruptcy Rule 7012(b) states in pertinent part: "Rule 12(b)-(i) F. R. Civ. P. applies in adversary proceedings." Federal Rule of Civil Procedure 12(f) (incorporated by Bankruptcy Rule 7012(b)), states:

> The court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

"Rule 12(f) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(f) of the Federal Rules of Bankruptcy Procedure, provides that the court may strike from a pleading any insufficient defense on the court's own motion or on a motion filed by a party. Motions to strike are generally disfavored and so should only be applied where the insufficiency of the defense is clearly apparent." (*Shults & Tamm v. Tobey* (In re Hawaiian Telcom Communs., Inc.) (Bankr.D.Haw. 2012) 483 B.R. 217, 219.).

Although many of the Part VII Rules apply to simple contested matters, Bankruptcy Rule 9014, Rule 7012(b) do not apply to contested matters. Thus, there is no statutory basis for the Debtor's Motion in this matter. Assuming arguendo a motion to strike in a contested matter was proper (which is not), the Motion is still not timely. The Rule 12(f) states that when a party makes a motion to strike, "it must be made either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." The Bankruptcy Rules and Local Rules do not provide an opportunity to reply without a court order to an objection. According to Bankruptcy Rule 7012(b), the Motion should have been filed within 21 days after the service of the Objection to Confirmation. The Objection to Confirmation was filed on April 22, 2022, and the Motion was filed on August 4, 2022—more than 90 days after the Debtor was served with the Objection to Confirmation.

It seems patently unfair that the Debtor would be attempting to strictly enforce the timeliness on the Objection to Confirmation but files the Motion more than 90 days after the due date. The Debtor seems to believe that timeliness rules should apply only to other parties in interest in this case, not to him. Thus, the Motion must be denied because it is inappropriate to bring this Motion in a simple contested matter that is not an adversary proceeding. Moreover, even assuming a Motion is appropriate in a simple contested matter, the Debtor failed to bring this Motion within the time parameters set forth by Bankruptcy Rule 7012(b).

**3. Even If This Court Determines the Motion as Valid, the Court Should Deny the Motion Because the Court Has an Independent Statutory Duty to Determine the Debtors' Plan Confirmation Requirements Provided Under 11 U.S.C. § 1129 et seq and the Court Has Continued a Hearing on Creditors' Objections Provided Under 11 U.S.C. § 1129(a)(15).**

Even if this Court determines the Motion as valid, the Court should deny it because while denying Creditors' Motion for Reconsideration, the Court has ordered to continue a hearing on Creditors' objections provided under 11 U.S.C. § 1129(a)(15). More specifically, the Court has ordered, "[t]he confirmation hearing is CONTINUED from August 4, 2022,… to September 1, 2022… the court will consider the Hannas' objection points on feasibility, good faith or lack thereof, and, as applicable, § 1129(a)(15)." Thus, the Court should deny the Motion and allow a hearing on the Creditors' objections to confirmation provided under § 1129(a)(3).

Additionally, "[t]he Court has an "independent duty to ensure that the requirements of 11 U.S.C. § 1129 are satisfied, even if no objections to confirmation have been made." In re Young Broadcasting Inc., 430 B.R. 99, 139 (Bankr. S.D.N.Y. 2010); Williams v. Hibernia Nat'l Bank (In re Williams), 850 F.2d 250, 253 (5th Cir. 1988) (court "has a mandatory independent duty to determine whether the plan has met all of the requirements necessary for confirmation"); Liberty Nat'l Enterprises. v. Ambanc La Mesa Ltd. P'ship (In re Ambanc La Mesa Ltd. P'ship), 115 F.3d 650, 653 (9th Cir. 1997) ("The bankruptcy court had an affirmative duty to ensure that the Plan satisfied all 11 U.S.C. § 1129 requirements for

confirmation.")" (*In re Sunnyland Farms, Inc.* (Bankr.D.N.M. Apr. 8, 2015, No. 14-10231-t11) 2015 Bankr. LEXIS 1161, at *9-10.).

United States Bankruptcy Court for the District of Vermont has stated, "[w]e are of the opinion that we have an obligation to make a careful study of the plan and make informed judgment as to whether the plan is in the best interest of the creditors. See *United Properties Incorporated v. Emporium Department Stores,* 379 F.2d 55, CA-8, 1967. Other Courts have held that "[e]ven in the absence of creditor objections, the Court has an independent duty to determine that the confirmation requirements of 11 USC § 1129 are met." *In re Landscaping Services, Inc.,* 39 B.R. 588, 590 (Bkrtcy. N.C. 1984). We hold that the Court has a mandatory duty to determine whether the plan has met all the requirements for confirmation with or without creditor participation, with or without creditor objection, and with or without creditor approval. This independent duty to review is derived from 11 USC § 105(a) and mandated by the language of 11 USC § 1129. Compare *In re Nolen Tool Company,* 50 B.R. 488 (Bankr. W.D.Ark. 1985). Thus, the Court should deny the Motion in its entirety.

## III.
## CONCLUSION AND PRAYER

Motion must be denied because it is inappropriate to bring this Motion in a simple contested matter that is not an adversary proceeding. Even assuming a Motion is appropriate in a simple contested matter, the Debtor failed to bring the Motion within the time parameters set forth by Bankruptcy Rule 7012(b). Moreover, the Court has an Independent Statutory Duty to Determine the Debtors' Plan Confirmation Requirements Provided Under 11 U.S.C. § 1129 et seq.

WHEREFORE, Creditors JEFF HANNA and AMALIA HANNA respectfully request this Court to deny Debtor's Motion to Strike in its entirety; consider the Objection to Confirmation and grant such other and further relief as this Court deems just and proper.

| | | |
|---|---|---|
| 1 | August 18, 2022 | Respectfully Submitted, |
| 2 | | **LAW OFFICES OF SELWYN D. WHITEHEAD** |
| 3 | | _/s/_ **_Selwyn D. Whitehead_** |
| 4 | | SELWYN D. WHITEHEAD, ESQ. |
| 5 | | *Attorney for Creditors* |
| 6 | | JEFF HANNA and AMALIA HANNA |

# CERTIFICATE OF SERVICE

I, Selwyn D. Whitehead, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue, Oakland, CA 94605. On the date stated below, I served the following document(s):

**CREDITORS JEFF HANNA AND AMALIA HANNA'S OPPOSITION TO MORDECHAI KOKA'S MOTION TO STRIKE LATE-FILED OBJECTION**

on each party listed below requesting or requiring special notice in the manner or manners described below:

*VIA THE COURT'S ECF SYSTEM ONLY:*

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / sjjared.a.day@usdoj.gov

Deirdre M. Digrande on behalf of Creditor Amalia Hanna / ddigrande@lockhartpark.com, ddigrande@yahoo.com

Arasto Farsad on behalf of Defendant Mordechai Koka / farsadecf@gmail.com, farsadecf@ecf.courtdrive.com

Lars T. Fuller on behalf of Debtor Mordechai Koka / Fullerlawfirmecf@aol.com, Larsfullerecf@aol.com

Christopher Hayes on behalf of Trustee Christopher Hayes / chayestrustee@gmail.com, ecf.alert+Hayes@titlexi.com

David S. Hoffman on behalf of Requestor Allan Hulgan / dshoffmanesq@aol.com

Kelly Marie Kaufmann on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series2007 – Abknotice@maccarthyholthus.com, kraftery@ecf.courtdrive.com

Christopher M. McDermott on behalf of Creditor HSBC Bank USA, National Association / ecfcanb@aldridgepite.com, CMM@ecf.inforuptcy.com

Brent D. Meyer on behalf of Creditor Dale / Gardnerbrent@meyerllp.com

Office of the U.S. Trustee / SJUSTPRegion17.SJ.ECF@usdoj.gov

Edward A. Treder on behalf of Creditor HSBC Bank USA, National Associationndcaecf@BDFGroup.com

Nancy Weng on behalf of Defendant Mordechai Koka / nancy@farsadlaw.com

Selwyn D. Whitehead on behalf of Creditor Amalia Hanna / selwynwhitehead@yahoo.com

Craig V. Winslow on behalf of Plaintiff Dale Gardner / craig@cvwlaw.com

Jennifer C. Wong on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007 – Abknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

    I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead, for the collection and processing of correspondence for mailing with the United States Postal Service and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail and/or electronic service via personal or business email and/or via the Court's ECF System, as indicated above.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this 18th day of August 2022 at Oakland, Alameda County, California.

                                    /s/ **Selwyn D. Whitehead**
                                      SELWYN D. WHITEHEAD, ESQ.