**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:  (415) 765-1588
Facsimile:   (415) 762-5277
Email:     brent@meyerllp.com

Attorney for Plan Proponent
DALE GARDNER and
MELISSA GARDNER

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | BK Case No.: 20-50469-SLJ |
| MORDECHAI KOKA, | Chapter 11 |
| Debtor. | **REPLY IN SUPPORT OF MOTION TO STRIKE LATE-FILED OBJECTION TO CONFIRMATION FILED BY JEFF HANNA AND AMALIA HANNA** |
| | Date:      September 1, 2022<br>Time:     1:30 p.m.<br>Location: Telephonic / Videoconference[1]<br>Judge:    Hon. Stephen L. Johnson |

---

[1] Paragraph 10 of General Order 38 (Seventh Amended) provides that "[u]nless otherwise ordered by the presiding judge, all notices of any motion or application filed with the court and served on any party which sets a hearing date for the motion or application must state that the hearing will not be conducted in the presiding judge's courtroom but instead will be conducted by telephone or video, and include the following language: 'All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.'" See *https://www.canb.uscourts.gov/sites/default/files/generalorders/SeventhAmendedGO38.pdf*

Debtor Mordechai Koka ("Debtor") and plan proponents Dale Gardner and Melissa Gardener (the "Gardners") (collectively, the "Plan Proponents") hereby submit this reply (the "Reply") in support of the *Motion to Strike Late-Filed Objection to Confirmation Filed by Jeff Hanna and Amalia Hanna* (the "Motion") [Dkt. No. 355] filed in the above-captioned matter.

The Plan Proponents submit that the Motion speaks for itself and justifies the relief requested therein to enforce orders issued by this Court, but in light of the Opposition [Dkt. No. 357] filed by the Hannas, believe that it is warranted to make several observations.

First, curiously, in their Opposition, the Hannas argue that the Motion is untimely and that the Plan Proponents failed to seek relief timely pursuant to Federal Rule of Civil Procedure 12(f). However, in contest matters, such as objections to confirmation, Federal Rule of Civil Procedure 12 is not automatically applicable, and frankly, never should be applicable to the confirmation process. See Fed. R. Bankr. P. 9014 (c) ("Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071").

Second, as set forth in the Motion, section 105(a) provides this Court with inherent authority to regulate practice, enforce orders, and demand compliance with established deadlines in the Bankruptcy Case. See 11 U.S.C. § 105(a). As such, since the First Late-Filed Objection [Dkt. No. 320] was filed 22 days *after* the Objection Deadline and *without leave* of Court, the Plan Proponents submit that the Hannas' late-filed objection should be stricken from the record (just as the Court previously did *sua sponte* with respect to Second Late-Filed Objection [Dkt. No. 344]) to provide integrity and legitimacy to those orders and deadlines established by the Court.

Third, in the Opposition, the Hannas fail to provide any legitimate excuse or justification for filing the First Late-Filed Objection after the Confirmation Deadline (March 31, 2022), and the Hannas also fail to explain why they did not seek relief pursuant to Federal Rule of Civil Procedure 60 to authorize this late-filing. These omissions are telling.

Fourth, despite the Hannas continuing assertion that the Court has an independent duty to ensure compliance with all elements of section 1129, such assertion is misplaced with respect to section 1129(a)(3). Specifically, Federal Rule of Bankruptcy Procedure 3020(b)(2) provides that "[i]f no

objection is *timely filed*, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues." Fed. R. Bankr. P. 3020(b)(2) (emphasis added).

As such, if the Court determines that the First Late-Filed Objection [Dkt. No. 320] was not timely filed, and should be stricken from the record, then pursuant to Federal Rule of Bankruptcy Procedure 3020(b)(2), the Court may determine that the Plan Proponents proposed the Joint Plan in good faith and not by any means forbidden by law without the necessity of holding an unnecessary evidentiary hearing (or receiving evidence) on the issue.

**CONCLUSION**

Based on the foregoing, the Plan Proponents respectfully request that the Court enter an order granting the Motion in its entirety, striking the First Late-Filed Objection from the record, and for such other and further relief that is appropriate under the circumstances.

Dated: August 21, 2022　　　　　　　　　　**MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
　　Brent D. Meyer, Esq.
　　Attorneys for Plan Proponents
　　DALE GARDNER and
　　MELISSA GARDNER

Dated: August 21, 2022　　　　　　　　　　**THE FULLER LAW FIRM, PC**

By: /s/ LARS FULLER
　　Lars Fuller, Esq.
　　Attorneys for Debtor
　　MORDECHAI KOKA