Selwyn D. Whitehead, Esq. (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510) 632-7444
Fax: (510) 856-5180
Email: selwynwhitehead@yahoo.com

Julyn M. Park, Esq. (CSB No. 213429)
Deirdre M. Digrande, Esq. (CSB No. 199766)
**LOCKHART PARK, LLP**
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
ddigrande@lockhartpark.com

Attorneys for Creditors
**JEFF HANNA and AMALIA HANNA**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | Case No. 20-50469-SLJ |
| | Chapter: 11 |
| **MORDECHAI KOKA** | **CREDITORS JEFF HANNA AND AMALIA HANNA'S BRIEF IN RESPONSE TO DEBTOR AND PLAN PROPONENTS' SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF CONFIRMATION OF JOINT COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; CERTIFICATE OF SERVICE** |
| Debtor-in-Possession. | |
| | CONTINUED CONFIRMATION HEARING |
| | Date: September 1, 2022 |
| | Time: 1:30 p.m. |
| | Location: Telephonic/Videoconference |
| | Judge: The Honorable Stephen L. Johnson |

Law Offices of Selwyn D. Whitehead
4650 Scotia Avenue, Oakland, CA 94605
Phone: 510.632.7444

Creditors JEFF HANNA and AMALIA HANNA (hereinafter collectively referred to as the "Creditors" or "Hannas") hereby file this Brief in response to Debtor MORDECHAI KOKA (hereinafter referred to as "Debtor") and Plan Proponents, DALE GARDENER and MELISSA GARDENER'S (hereinafter collectively referred to as "Plan Proponents") Second Supplemental Brief in Support of Confirmation of Reorganization and Disclosure Statement (Doc #358) and respectfully show unto the Honorable Court as follows:

# I
# INTRODUCTION

On June 13, 2022, the Creditors filed their Pre-Confirmation Hearing Statement in the furtherance and substantiation of their continued Objections to the Debtor's Plan (Doc # 344) (hereinafter referred to as "Continued Objections") to fully appraise the Court on Creditors' objections which are based upon 11 U.S.C. § 1129 et seq.

Immediately after filing the Continued Objections, this Honorable Court issued an Order on June 16, 2022, entitled 'Order Setting Briefing Schedule on Motion to Allow Late Objection to Confirmation' and ordered Creditors to file a motion to allow untimely objections on or before June 28, 2022. (Doc #354). Thereafter, on June 27, 2022, Creditors filed a Motion for Reconsideration of the Court's Order Setting Briefing Schedule on Motion to Allow Late Objections to Confirmation. On July 27, 2022, this Court issued an Order denying Creditors' Motion for Reconsideration. In its Order, this Court allowed further briefing on section 1129(a) (15) (Doc # 351).

Subsequently, On August 18, 2022, Debtor and Plan Proponents filed their Second Supplemental Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement. (Doc # 358). In response to that, Creditors are filing this Brief.

# II
# ARGUMENT AND AUTHORITIES

As set forth in the Order dated July 27, 2022, the Court has specifically requested further briefing on whether or not Creditors' Objection under Section 1129(a) (15) is applicable and, if so, how the Joint Plan complies or does not comply with Section 1129(a)(15)?

**A. Applicability of Section 1129(A)(15) To Joint Plan for Confirmation**

Mandatorily, Section 1129 makes it compulsory that "(a) the court **shall confirm a plan only if all of the following requirements are met**" (emphasis bold), which also includes sub-clause (15). It is expressly defined in the code that the Court needs to consider all the parameters mentioned in Section 1129 before confirming a plan. Therefore, from the above-stated line, it is clear that the court has a stated duty that must be satisfied before approving a candidate confirmation plan.

As discussed earlier, "[t]he Court has an "independent duty to ensure that the requirements of 11 U.S.C. § 1129 are satisfied, even if no objections to confirmation have been made." *In re Young Broadcasting Inc.*, 430 B.R. 99, 139 (Bankr. S.D.N.Y. 2010); *Williams v. Hibernia Nat'l Bank (In re Williams)*, 850 F.2d 250, 253 (5th Cir. 1988) (court "has a mandatory independent duty to determine whether the plan has met all of the requirements necessary for confirmation"); *Liberty Nat'l Enterprises. v. Ambanc La Mesa Ltd. P'ship (In re Ambanc La Mesa Ltd. P'ship)*, 115 F.3d 650, 653 (9th Cir. 1997) ("The bankruptcy court had an affirmative duty to ensure that the Plan satisfied all 11 U.S.C. § 1129 requirements for confirmation.")" (*In re Sunnyland Farms, Inc.* (Bankr. D.N.M. Apr. 8, 2015, No. 14-10231-t11) 2015 Bankr. LEXIS 1161, at *9-10.).

Courts have held that "[e]ven in the absence of creditor objections, the Court has an independent duty to determine that the confirmation requirements of 11 USC § 1129 are met." *In re Landscaping Services, Inc.,* 39 B.R. 588, 590 (Bkrtcy. N.C. 1984).

Additionally, in their Second Supplemented Brief, Debtor and Plan Proponents did not object to the applicability of Section 1129(a)(15). By contrast, they admitted the applicability of Section 1129(a)(15) by stating that "…it appears that Section 1129(a) (15) may be triggered simply by the filing of an objection to confirmation by a general unsecured creditor on any ground." Thus, there is no question invoked by the Plan Proponents regarding the applicability of 11 U.S.C. § 1129 (a) (15) to the Debtor and Plan Proponents' Joint Plan, and it is prima facie evident that 11 U.S.C. § 1129 (a) (15) has been automatically triggered by the Hannas to determine the confirmability of the Debtor's plan.

**B. Debtor and Plan Proponents' Plan did not comply with 11 U.S.C. § 1129(a) (15) requirements.**

Section 1129(a) (15) states as follows:

> (15) In a case in which the debtor is an individual and in which the holder of an allowed unsecured claim objects to the confirmation of the plan—
> (A) the value, as of the effective date of the plan, of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
> (B) the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor (as defined in section 1325(b)(2) [11 USCS § 1325(b)(2)]) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer.

"[U]nder § 1129(a)(15), "the value of the property to be distributed under the plan [must] not [be] less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan, or during the period for which the plan provides payments, whichever is longer." 11 U.S.C. § 1129(a)(15)(B). . . . . *See* Sally S. Neely, *How BAPCPA Changes Chapter 11 Cases For Individuals*, SS029 ALI-ABA 625, 674 (West 2011) ("[i]t is important to note that [under] section 1129(a)(15) . . . an individual chapter 11 debtor is required to distribute . . . property *(which need not be post-petition earnings)* under the plan of a value that is not less than his or her 'projected disposable income' calculated

4

Creditors' Brief in Response to Debtor and Plan Proponents Second Supplemental Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement
KOKA///CASE NO.; 20-50469

Case: 20-50469    Doc# 360    Filed: 08/24/22    Entered: 08/24/22 23:12:38    Page 4 of 9

as set forth in section 1129(a)(15)(B).") (emphasis added); *see Baud*, 634 F.3d at 340 (stating that in § 1129(a)(15)(B), "Congress made clear that a Chapter 11 plan of any length may be confirmed as long as the value of the property to be distributed is not less than the projected disposable income of the debtor to be received over five years (or the length of the plan, whichever is longer).")" *In re Johnson*, No. 14-57104, 2016 Bankr. LEXIS 4598, at *47-49 (Bankr. S.D. Ohio Nov. 10, 2016). However, "[w]hat is certain is that, as a matter of law, a "disposable income" plan payment based on § 1129(a)(15)(B) means **actual disposable income**, even though the plan confirmation standard at § 1129(a)(15)(B) focuses on projected disposable income." [Emphasis bold]. (*In re Patel* (Bankr.E.D.Cal. 2020) 621 B.R. 245, 252.).

Section 1129(a)(15) of the Bankruptcy Code mandates that where, as here, (a) the debtor is an individual, and (b) the holder of an allowed unsecured claim objects to the plan; in order for the court of confirming that plan over the claimant(s)' objection(s), the claimants, here the Hannas, must either (1) be paid in full or (2) the Debtor must be able to prove with admissible and relevant and then determined by the court to be reliable, evidence that he can produce the gross monthly income from which all his net disposable income as stated in the plan can be paid to his creditors for no less than five years.

Here, in the Amended Joint Plan currently before this court, the Debtor has claimed that he can generate $12,000 per month in self-employment income. (Pg. 25, Doc #294). However, by contrast, the sworn, and therefore admissible and relevant evidence provided by the Debtor in his Monthly Operating Reports show that he has only been able to generate at least $12,000 **once** during the 26 full months since this case has been active. And although the Debtor has stated that he was injured in December 2021 and anticipated that as a result, he would have a partial reduction in his job-related income; nonetheless, he claimed that he would receive contributions from his children to fill the

shortfalls, if any, in his income during his recovery. However, according to the Debtor's filed Monthly Operating Reports for December 2021 through April 2022, the Debtor made $5,000 in December 2021, Doc # 293, $10,000 in January 2022, Doc #. 296, $11,500 in February 2022, Doc # 302, $5,000 in March 2022, Doc # 322 and $5,909 in April 2022, Doc #. 322, respectively. As such, even if his children did make contributions, those contributions were insufficient in amount to get the Debtor to the $12,000 threshold he established. Furthermore, and again as reported in the Debtor's Monthly Reports, which were presented to this Court under the penalty of perjury, the cumulative, or case to date, amount of the Debtor's self-employment income was only $75,775 through March 31, 2022, see Doc # 322, p. 5 of 13, with an additional amount of $5,909 reported for April 31, 2022, see Doc # 322, p. 9 of 12, for a total cumulative amount of $81,684. And no matter how thick or thin you spread that amount over either the full 26 months or as of the months encompassing the date of the Amended Joint Plan going forward January 24, 2022, through April 30, 2022, four months since the date of the Debtor' Amended Joint Plan, since December 2021($32,409), the average amount of gross monthly income is either [$81,684/26 = $3,141.69] or [$32,409/4 = $8,102.25], either amount woefully inadequate to meet either the Debtor's stated amount needed to meet his reasonable living expenses of $6,887 and therefore generate the $10,008 needed to satisfy the Debtors stated plan payments. [See Doc # 294, p. 25 of 28].

Inasmuch as there is nothing on this record showing how the Debtor will meet the requirements of section 1129(a)(15)(B), instead, in their Second Supplemental Brief, they made calculations other than what they mentioned in and substantiated by their Joint Plan. It is also noteworthy that the Court has already recognized the record that the fact Debtor has no reliable income and is preparing to leave the Court's jurisdiction (Doc # 323); the only way section 1129(a)(15) can be satisfied here is via section 1129(a)(15)(A). The Amended Joint Plan must be further amended to state that the Hannas shall receive the **full value** of their allowed claim in the amount of $84,941.50.

6
Creditors' Brief in Response to Debtor and Plan Proponents Second Supplemental Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement
KOKA///CASE NO.; 20-50469

Case: 20-50469    Doc# 360    Filed: 08/24/22    Entered: 08/24/22 23:12:38    Page 6 of 9

As such, unless the Amended Joint Plan is further amended to be in conformance with the Bankruptcy Code and the facts and case law as stated above, its confirmation must be denied.

## III
## CONCLUSION

For the foregoing reasons, 11 U.S.C. § 1129(a)(15) is applicable to the present case. The Debtor and Plan Proponents' Joint Plan does not comply with 11 U.S.C. § 1129(a)(15).

WHEREFORE, Creditors JEFF HANNA and AMALIA HANNA respectfully request that this Court consider the Creditors' Objections against MORDECHAI KOKA, DALE GARDENER, and MELISSA GARDENER'S Joint Plan and to grant such other and further relief as this Court deems just and proper.

DATED: August 24, 2022,   Respectfully Submitted,

**LAW OFFICES OF SELWYN D. WHITEHEAD**

 */s/ Selwyn D. Whitehead*
SELWYN D. WHITEHEAD, ESQ.
*Attorney for Creditors*
JEFF HANNA and AMALIA HANNA

# CERTIFICATE OF SERVICE

I, Selwyn D. Whitehead, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue, Oakland, CA 94605. On the date stated below, I served the following document(s):

**CREDITORS' BRIEF IN RESPONSE TO DEBTOR AND PLAN PROPONENTS' SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF CONFIRMATION OF JOINT COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; CERTIFICATE OF SERVICE**

on each party listed below requesting or requiring special notice in the manner or manners described below:

*VIA THE COURT'S ECF SYSTEM ONLY:*

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / sjjared.a.day@usdoj.gov

Deirdre M. Digrande on behalf of Creditor Amalia Hanna / ddigrande@lockhartpark.com, ddigrande@yahoo.com

Arasto Farsad on behalf of Defendant Mordechai Koka / farsadecf@gmail.com, farsadecf@ecf.courtdrive.com

Lars T. Fuller on behalf of Debtor Mordechai Koka / Fullerlawfirmecf@aol.com, Larsfullerecf@aol.com

Christopher Hayes on behalf of Trustee Christopher Hayes / chayestrustee@gmail.com, ecf.alert+Hayes@titlexi.com

David S. Hoffman on behalf of Requestor Allan Hulgan / dshoffmanesq@aol.com

Kelly Marie Kaufmann on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series2007 – Abknotice@maccarthyholthus.com, kraftery@ecf.courtdrive.com

Christopher M. McDermott on behalf of Creditor HSBC Bank USA, National Association / ecfcanb@aldridgepite.com, CMM@ecf.inforuptcy.com

Brent D. Meyer on behalf of Creditor Dale / Gardnerbrent@meyerllp.com

Office of the U.S. Trustee / SJUSTPRegion17.SJ.ECF@usdoj.gov

Edward A. Treder on behalf of Creditor HSBC Bank USA, National Associationndcaecf@BDFGroup.com

8

Creditors' Brief in Response to Debtor and Plan Proponents Second Supplemental Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement
KOKA///CASE NO.; 20-50469

Case: 20-50469    Doc# 360    Filed: 08/24/22    Entered: 08/24/22 23:12:38    Page 8 of 9

1  Nancy Weng on behalf of Defendant Mordechai Koka / nancy@farsadlaw.com

2  Selwyn D. Whitehead on behalf of Creditor Amalia Hanna / selwynwhitehead@yahoo.com

3  Craig V. Winslow on behalf of Plaintiff Dale Gardner / craig@cvwlaw.com

4  Jennifer C. Wong on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee
5  for the Impac CMB Trust Series 2007 – Abknotice@mccarthyholthus.com,
6  jwong@ecf.courtdrive.com

　　　　I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead for the collection and processing of correspondence for mailing with the United States Postal Service, and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail and/or electronic service via personal or business email and/or via the Court's ECF System, as indicated above.

　　　　I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　　　Executed this 24th day of August 2022 at Oakland, Alameda County, California.

　　　　　　　　　　　　　　　　　　*/s/ Selwyn D. Whitehead*
　　　　　　　　　　　　　　　　　　SELWYN D. WHITEHEAD, ESQ.