**Entered on Docket
September 06, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: September 5, 2022

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>Debtor(s). | Case No. 20-50469 SLJ<br>Chapter 11<br><br>**SCHEDULING ORDER**<br>FRBP 7016<br>Fed. R. Civ P. 16 |

## I. TRIAL DATE AND RELATED DEADLINES

On September 1, 2022, the Court held a confirmation hearing on a joint plan of reorganization ("Joint Plan") filed by Debtor and Dale and Melissa Gardner (collectively, "Plan Proponents"). Jeff and Amalia Hanna objected to confirmation on the remaining ground of feasibility. Appearances were noted on the record. Upon due consideration, the Court hereby establishes the following trial schedule on contested confirmation of the Joint Plan:

1. **Trial Date**: Trial will commence on October 13, 2022, at 9:00 a.m., using the video conferencing hearing provider and procedures described herein. The trial is set for 6 hours. Three business days before the trial date counsel shall inform the courtroom deputy (Anna Lee: (408) 278-7517 or anna_e_lee@canb.uscourts.gov) whether the parties have settled.

Scheduling Order 1

2. **Trial Briefs**: Each party shall file a trial brief no later than October 3, 2022. The Plan Proponents' brief shall address all the applicable confirmation requirements, in particular feasibility and § 1129(a)(15) as discussed at the September 1 hearing. The Hannas' brief shall address only the issue of feasibility.

## II. REMOTE TRIAL PROCEDURES

The Court is closed to an in-person trial as a result of the dangers presented by the COVID-19 pandemic. In accordance with Federal Rule of Civil Procedure ("FRCP") 43(a), made applicable by Federal Rule of Bankruptcy Procedure ("FRBP") 9017, for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony by contemporaneous transmission from a location other than the courtroom. The Court finds that the public danger presented by the COVID-19 pandemic merits application of this rule as to all witnesses who may remotely testify at this Trial, through the use of video conferencing technology.

Further, the Court finds that the procedures adopted herein will provide "adequate safeguards" for purposes of FRCP 43(a) and ensure due process of law. These procedures will (i) enable the Court to identify, communicate with, and judge the demeanor of all witnesses in real time, (ii) enable counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the Court in real time, (iii) enable the parties, the witnesses and the Court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the Court deems appropriate.

1. <u>Video Hearing.</u> The Court will utilize Zoom Video Webinar ("Zoom"). Participants in the Trial will be connected with the courtroom using Zoom but will not be physically present in the courtroom. The Court staff will provide a link or URL (internet

Scheduling Order 2

Case: 20-50469    Doc# 364    Filed: 09/05/22    Entered: 09/06/22 08:59:14    Page 2 of 6

address) that enables participation in the video hearing to the list of persons identified by the parties in accordance with Paragraph 3 below.

2. <u>Required Equipment.</u> For purposes of participation in the Trial, each participating attorney and each witness must have simultaneous access to (1) a computer, equipped with a camera, that is capable of receiving and transmitting audio and video using the Court's video hearing provider, or a tablet or smart phone that satisfies the following requirements, (2) Internet browsing software that is adequate to facilitate the Court's video hearing provider, (3) an Internet connection with bandwidth adequate to support the individual's use of the video hearing provider, and (4) Adobe Acrobat Reader for purposes of reviewing exhibits, as directed by counsel or the Court. The computer device must have sufficient video and audio capabilities to allow the speaker to hear and be heard by other participants on a consistent basis. Further, the attorney or witness using it must be situated in a location with wi-fi, cellular, or other service adequate to provide clear audio and video.

3. <u>Prior Notice of Trial Participants.</u> No later than three business days prior to the Trial, the parties shall provide to the courtroom deputy (anna_e_lee@canb.uscourts.gov), and to each other, a list of all attorneys and witnesses who will participate in the Trial, together with an email address and telephone number for each. The telephone number provided should be a number at which the attorney or witness can be reached during the Trial in the event of an interruption of the video feed.

4. <u>Electronic Submission of Trial Exhibits.</u> No later than three business days prior to the Trial, the parties shall provide to the courtroom deputy, each other, and each witness **[If not screen sharing],** a pdf (Adobe Acrobat) file of each exhibit the parties may use at Trial. The parties may distribute these electronic documents by way of a secure link to an FTP or other file sharing service, if necessary. Exhibits to be used solely for rebuttal or impeachment shall be submitted to the courtroom deputy only and identified and marked as such. If rebuttal or impeachment exhibits are required at trial, the courtroom deputy will

Scheduling Order 3

simultaneously transmit them to all counsel and the witness. **[Note: Rebuttal or impeachment exhibits can be provided by email or screen share.]**

Each counsel shall provide a separate, initial pdf file containing a list of the exhibits, identifying each exhibit by exhibit number or letter and a brief description. The pdf files shall be named sequentially. Debtor's exhibits shall be numbered as follows: Ex_1, Ex_2, Ex_3, etc. Creditor's exhibits shall be lettered as follows: Ex_A, Ex_B, Ex_C, etc. Lengthy exhibits should be bookmarked, so as to allow counsel, witness and the court to readily access the relevant portion(s) of the exhibit.

Upon receipt of the electronic documents (or a download link), each attorney and witness **[if not screen sharing]** shall take the steps necessary to ensure that all electronic documents can be successfully opened and are readily available during the Trial.

5. <u>Remote Witness Testimony.</u> Having found "good cause in compelling circumstances" and "adequate safeguards," any witness called to testify at the Trial shall testify by contemporaneous transmission from a different location into the video courtroom (each a "Remote Witness"). The court finds that appearance as a Remote Witness satisfies compliance with a trial subpoena in accordance with FRCP 45(c), made applicable by FRBP 9016.

   a. All Remote Witnesses shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn and testified in open court.

   b. Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video and be seen by the Court.

   c. While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibit submitted by the parties pursuant to Paragraph 4 above [and any

Scheduling Order 4

Case: 20-50469    Doc# 364    Filed: 09/05/22    Entered: 09/06/22 08:59:14    Page 4 of 6

declaration submitted in lieu of direct testimony], and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

6. <u>Courtroom Formalities.</u> Although conducted using video conferencing technology, the Trial constitutes a court proceeding. No person shall record— from any location or by any means—the audio or video of the Trial. The audio recording created and maintained by the Court shall constitute the official record of the Trial. Further, the formalities of a courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

7. <u>Technical Pre-Trial Conference</u>. On **October 11, 2022, at 10:00 a.m.**, the Court will hold a technical pre-trial conference for the purpose of testing the video conferencing technology. All parties and witnesses must participate in the technical pre-trial conference. All participants are admonished not to discuss the substance of the Trial at the technical pre-trial conference, but instead limit their comments to the functionality of the technology and any procedural matters that relating to the technology.

8. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction with respect to all matters arising from or related to this Order.

IT IS SO ORDERED.

**\*\*END OF ORDER\*\***

**COURT SERVICE LIST**

ECF NOTIFICATIONS

Scheduling Order 6