Selwyn D. Whitehead, Esq. (CSB No. 236391)
**LAW OFFICES OF SELWYN D. WHITEHEAD**
4650 Scotia Avenue
Oakland, CA 94605
Tel: (510) 632-7444
Fax: (510) 856-5180
Email: selwynwhitehead@yahoo.com

Julyn M. Park, Esq. (CSB No. 213429)
Deirdre M. Digrande, Esq. (CSB No. 199766)
**LOCKHART PARK, LLP**
5201 Great America Parkway, Suite 320
Santa Clara, CA 95054
Tel: (408) 416-2929
Fax: (855) 368-1020
Email: jpark@lockhartpark.com
ddigrande@lockhartpark.com

Attorneys for Creditors
**JEFF HANNA and AMALIA HANNA**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | Case No. 20-50469-SLJ |
| | Chapter: 11 |
| **MORDECHAI KOKA** | **CREDITORS' TRIAL BRIEF** |
| Debtor-in-Possession. | **CONFIRMATION HEARING/TRIAL** |
| | Date: October 13, 2022 |
| | Time: 9:00 a.m. |
| | Location: Telephonic/Videoconference |
| | Judge: The Honorable Stephen L. Johnson |

Creditors JEFF HANNA and AMALIA HANNA (hereinafter collectively referred to as the "Creditors" or "Hannas") hereby file this Trial Brief and respectfully show unto the Court as follows:

# I
# INTRODUCTION AND RELEVANT FACTS

On February 1, 2022, Mordechai Koka (hereinafter referred to as "Debtor") along with Dale Gardner and Melissa Gardner (hereinafter referred to as the "Plan Proponents") filed a Joint Proposed Combined Plan of Reorganization and Disclosure Statement under Chapter 11 (hereinafter referred to as "Plan") and identified each known creditor by name and describe how each claim will be treated if the Plan is confirmed.

On April 22, 2022, Creditors filed their Supplemental Objection to Additional Evidence offered by Plan Proponents in Support of Confirmation of their Amended Joint Proposed Combined Plan of Reorganization and Disclosure Statement (January 24, 2022). The Plan Confirmation hearing was scheduled for June 14, 2022.

To appraise the Honorable Court more fully with the Creditors' position and their continued objections, on June 13, 2022, the Creditors filed their Pre-Confirmation Hearing Statement in the furtherance and substantiation of their continued Objections to the Debtor's Plan (Doc #344) (hereinafter referred to as "Continued Objections").

Immediately after filing the Continued Objections, the Honorable Court issued an Order on June 16, 2022, titled 'Order Setting Briefing Schedule on Motion to Allow Late Objection to Confirmation' and ordered Creditors to file a motion to allow untimely objections on or before June 28, 2022. (Doc #354). However, from the Order, it likely appears that there is some confusion regarding Creditors' Continued Objections filed on June 13, 2022, because the Creditors filed their Continued Objections (Doc #344) **only** to fully appraise the Court on Creditors' objections which are based upon 11 U.S.C. §

1129 et seq. Therefore, on June 27, 2022, Creditors filed a Motion for Reconsideration of the Court's Order Setting Briefing Schedule on Motion to Allow Late Objections to Confirmation. On July 27, 2022, this Court issued an Order and denied the Motion for Reconsideration. In its Order, this Court allowed further briefing on whether or not Creditors' Objection under Section 1129(a) (11) is applicable and, if so, how the Joint Plan complies or does not comply with Section 1129(a)(11) (Doc # 351).

Subsequently, On August 18, 2022, Debtor and Plan Proponents filed their Second Supplemental Brief in Support of Confirmation of Joint Combined Plan of Reorganization and Disclosure Statement. (Doc # 358). On September 5, 2022, a Scheduling Order was entered by which Creditors were asked to file their Trial Brief on the <u>issue of the feasibility of the Plan</u> on or before October 3, 2022. (Doc # 364). Therefore, Creditors are filing their Trial Brief.

## II
## ARGUMENT AND AUTHORITIES

### A. Debtor's Plan is not Feasible

"A plan must satisfy 11 U.S.C. § 1129(a)(1) to (16) to be confirmed. If a class of creditors rejects the *plan, it can be confirmed only if the standards of 11 U.S.C. § 1129(b) are met." (*In re Lighthouse Lodge, LLC* (Bankr.N.D.Cal. Dec. 14, 2010, No. 09-52610-SLJ) 2010 Bankr. LEXIS 4574, at *17-18.) Section 1129(a)(1) provides that a plan can only be confirmed if it complies with the applicable provisions of this title.

"A party in interest may object to confirmation of a plan."), 1129(a) ("[t]he court shall confirm a plan only if all of the . . . requirements are met . . . ."), … In re Williams, 850 F.2d 250 (5th Cir. 1988) (the court has the mandatory independent duty to determine whether a plan complies with all confirmation requirements, including the cramdown provisions when applicable)" (*In re Save Our Springs (S.O.S.) Alliance, Inc*. (Bankr.W.D.Tex. 2008) 388 B.R. 202, 221.). The burden of showing that

a plan satisfies 11 U.S.C. § 1129 is on the proponent. (*Smith v. Hill*, 232 Mass. 188, 122 N.E. 310, 2 ALR 1667, aff'd, 260 US 592, 594, 67 L. Ed. 419, 43 S. Ct. 219 (1923)). Bankruptcy Code imposes a burden on the Debtor to prove that he has met ALL requirements of 11 U.S.C. § 1129(a), and there are requirements that the court must review and make a finding that the debtor has passed muster, even if no one objects. In the instant case, it is undisputed that the Debtor has the burden to show that his Plan is in compliance with the Bankruptcy Code's requirements to confirm his Plan and that the Court, by this course of action, has abrogated its duty to independently evaluate the Debtor's Plan to make sure it complies.

Section 1129(a)(11)[1] requires a finding that the confirmation of a plan of reorganization is not likely to be followed by the liquidation, or the need for further reorganization of the debtor. In other words, a plan must be feasible to be confirmed. (*Pizza of Hawaii, Inc. v. Shakey's, Inc.*, (In re Pizza of Hawaii, Inc.), 761 F.2d 1374 (9th Cir. 1985)). A plan is feasible if it has a "reasonable probability of success" and is not a "visionary scheme." (*In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986).)

The rationale behind the feasibility requirement of § 1129(a)(11) is to guard against "visionary or speculative plans." (*In re Indianapolis Downs, L.L.C.*, 486 B.R. 286, 298 (Bankr. D. Del. 2013)). In the Plan currently before this court, the Debtor has claimed that he can generate $12,000 per month in self-employment income. (Pg. 25, Doc #294). However, by contrast, the sworn, and therefore admissible and relevant evidence provided by the Debtor in his Monthly Operating Reports show that he has only been able to generate at least $12,000 **once** during the 26 full months since this case has been active. And although the Debtor has stated that he was injured in December 2021 and anticipated that as a result,

---

[1] (a) The court shall confirm a plan only if all of the following requirements are met:
(11) Confirmation … is not likely to be followed by the liquidation or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan

he would have a partial reduction in his job-related income; nonetheless, he claimed that he would receive contributions from his children to fill the shortfalls, if any, in his income during his recovery. However, according to the Debtor's filed Monthly Operating Reports for December 2021 through April 2022, the Debtor made $5,000 in December 2021, Doc # 293, $10,000 in January 2022, Doc #. 296, $11,500 in February 2022, Doc # 302, $5,000 in March 2022, Doc # 322 and $5,909 in April 2022, Doc #. 322, respectively. As such, even if his children did make contributions, those contributions were insufficient in amount to get the Debtor to the $12,000 threshold he established. Furthermore, and again as reported in the Debtor's Monthly Reports, which were presented to this Court under the penalty of perjury, the cumulative, or case to date, amount of the Debtor's self-employment income was only $75,775 through March 31, 2022, see Doc # 322, p. 5 of 13, with an additional amount of $5,909 reported for April 31, 2022, see Doc # 322, p. 9 of 12, for a total cumulative amount of $81,684. And no matter how thick or thin you spread that amount over either the full 26 months or as of the months encompassing the date of the Plan going forward, January 24, 2022, through April 30, 2022, four months since the date of the Debtor' Amended Joint Plan, since December 2021($32,409), the average amount of gross monthly income is either [$81,684/26 = $3,141.69] or [$32,409/4 = $8,102.25], either amount woefully inadequate to meet either the Debtor's stated amount needed to meet his reasonable living expenses of $6,887 and therefore generate the $10,008 needed to satisfy the Debtors stated plan payments. [See Doc # 294, p. 25 of 28].

Further, Debtor did not provide any evidence of his employment. As there is no evidence of his employment, how will he show that he can generate $12,000 per month in employment income? (Pg. 25, Doc #294). By contrast, Debtor's sworn statement alone proves that he will not have the income to contribute to the Plan payments in the foreseeable future. Removing his alleged income from the pot of anticipated funds to pay creditors is fatal to Plan feasibility.

**B. Verifiable Evidence Indicates That Debtor Has No Plans or Means to Reorganize**

As the Debtor will be living in Israel for the foreseeable future, the Debtor obviously has no plans to reorganize. According to the Secretary of State, Debtor's general contracting business, Green Bay Builders, Inc. ("GBB"), was suspended on October 27, 2021, after a period of more than a year's delinquency. Debtor's general contractor license (or the license issued to GBB under Debtor's name) has expired, and there have been at least three separate claims made on GBB's contractor's bond by unsecured creditors in this case[2]. Furthermore, obtaining a contractor's bond would be almost impossible given the determinations made by the California State Contractors License Board (CSLB) of unfair and criminal business practices. Thus even if Debtor wanted to reorganize and do general contracting work again, it is difficult to say that he would attract business with his record of, inter alia, shady dealings and a criminal charge for grand theft in connection with a project for unsecured creditor Daniel Morgan.

### III
### CONCLUSION

Plan Proponents have proposed a plan of reorganization and not one of liquidation; as such, the Debtor is required to prove the Plan's feasibility for the foreseeable future and not just on the confirmation date. Here, Debtor proposes to make a "down payment" of only $10,000 to the unsecured creditors, two of which are also Plan Proponents (the Gardners) and will get the lion's share of $8,204.65 (Pg. 5, Doc #294). The remaining creditors will have to share a pittance of $1,795.35. This is another example of the Debtor's cavalier attitude towards the creditors he has demonstrably harmed. These acts render the Plan untenable and unrealistic.

---

[2] Among them are the Hannas, Daniel Morgan, and possibly the Gardners. Debtor produced the CSLB's investigative report Mr. Morgan's claim following the 341(a) creditors meeting. The CSLB referred the matter to the Santa Clara County District Attorney with the recommendation that charged be charged with violation of Penal Code § 487b (grand theft) for accepting payment of $60,000 for building materials that were never delivered. Debtor was charged but the disposition of his case is unknown

Debtor's Plan was filed in bad faith, as have many of his actions, inactions, and false statements regarding his sources of income during the pendency of this case. The Debtor's lack of income makes him ineligible to meet his burden of proving the Plan is confirmable. The Debtor's longstanding inability to put forth provable variable income virtually mandates that he must encumber the Alameda Property to make Plan payments. This madness, for want of a better term, must end now as the only way the Plan can be logically implemented is through liquidation, i.e., the forced sale of Alameda Property, which will give the non-plan-proponent unsecured and nearly homeless creditors some modicum of relief. *In re Save Our Springs (S.O.S.) Alliance, Inc, supra,* the Court found that the "Debtor has failed to sustain its burden of showing that the First Amended Plan is feasible." Similarly, in the present case, the Debtor has failed to meet his burden to show the feasibility of the Plan.

WHEREFORE, Creditors JEFF HANNA and AMALIA HANNA respectfully request this Court to deny the confirmation of the Plan.

**DATED**: October 3, 2022,   Respectfully Submitted,

**LAW OFFICES OF SELWYN D. WHITEHEAD**

 */s/* **Selwyn D. Whitehead**
SELWYN D. WHITEHEAD, ESQ.
*Attorney for Creditors*
JEFF HANNA and AMALIA HANNA

# CERTIFICATE OF SERVICE

I, Selwyn D. Whitehead, the undersigned, declare:

I am employed in the City of Oakland, County of Alameda, California. I am over the age of 18 years and not a party to this action. My business address is 4650 Scotia Avenue, Oakland, CA 94605. On the date stated below, I served the following document(s):

**CREDITORS' TRIAL BRIEF**

on each party listed below requesting or requiring special notice in the manner or manners described below:

*VIA THE COURT'S ECF SYSTEM ONLY:*

Jared A. Day on behalf of U.S. Trustee Office of the U.S. Trustee / sjjared.a.day@usdoj.gov

Deirdre M. Digrande on behalf of Creditor Amalia Hanna / ddigrande@lockhartpark.com, ddigrande@yahoo.com

Arasto Farsad on behalf of Defendant Mordechai Koka / farsadecf@gmail.com, farsadecf@ecf.courtdrive.com

Lars T. Fuller on behalf of Debtor Mordechai Koka / Fullerlawfirmecf@aol.com, Larsfullerecf@aol.com

Christopher Hayes on behalf of Trustee Christopher Hayes / chayestrustee@gmail.com, ecf.alert+Hayes@titlexi.com

David S. Hoffman on behalf of Requestor Allan Hulgan / dshoffmanesq@aol.com

Kelly Marie Kaufmann on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series2007 – Abknotice@maccarthyholthus.com, kraftery@ecf.courtdrive.com

Christopher M. McDermott on behalf of Creditor HSBC Bank USA, National Association / ecfcanb@aldridgepite.com, CMM@ecf.inforuptcy.com

Brent D. Meyer on behalf of Creditor Dale / Gardnerbrent@meyerllp.com

Office of the U.S. Trustee / SJUSTPRegion17.SJ.ECF@usdoj.gov

Edward A. Treder on behalf of Creditor HSBC Bank USA, National Associationndcaecf@BDFGroup.com

Nancy Weng on behalf of Defendant Mordechai Koka / nancy@farsadlaw.com

Selwyn D. Whitehead on behalf of Creditor Amalia Hanna / selwynwhitehead@yahoo.com

8
Creditors' Trial Brief
KOKA///CASE NO.; 20-50469

Case: 20-50469   Doc# 365   Filed: 10/03/22   Entered: 10/03/22 17:05:12   Page 8 of 9

Craig V. Winslow on behalf of Plaintiff Dale Gardner / craig@cvwlaw.com

Jennifer C. Wong on behalf of Creditor Deutsche Bank National Trust Company, as Indenture Trustee for the Impac CMB Trust Series 2007 – Abknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

     I am readily familiar with the business practices of the Law Offices of Selwyn D. Whitehead for the collection and processing of correspondence for mailing with the United States Postal Service, and that correspondence is deposited with the United States Postal Service that same day in the ordinary course of business by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail and/or electronic service via personal or business email and/or via the Court's ECF System, as indicated above.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed this 3rd day of October 2022 at Oakland, Alameda County, California.

                                */s/* **Selwyn D. Whitehead**
                                SELWYN D. WHITEHEAD, ESQ.