Arasto Farsad, Esq. (SBN # 273118)
Nancy Weng, Esq. (SBN # 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda Suite 525
San Jose CA 95126
Tel: (408) 641-9966
Fax: (408) 866-7334
Email addresses: farsadlaw1@gmail.com;
nancy@farsadlaw.com

Attorneys for Debtor (former)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MORDECHAI KOKA,<br><br>        Debtor / debtor in possession. | Case No. 20-50469 SLJ<br>Chapter 11<br><br>**FINAL APPLICATION<br>FOR COMPENSATION**<br><br>Date: February 21, 2023<br>Time: 1:30 p.m.<br>Place: Tele / Video Conference (see page 2 of the Notice of Hearing for instructions on how to arrange your appearance)<br><br>**Before: Hon. Stephen L. Johnson<br>(CHIEF JUDGE)** |

TO THE HONORABLE CHIEF JUDGE STEPHEN L JOHNSON, THE UNITED STATES TRUSTEE'S OFFICE FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES IN INTEREST, AND THEIR RESPECTIVE COUNSEL(S) OF RECORD:

    Now Comes the Farsad Law Office, P.C., hereinafter, the "Firm" or "Applicant", and hereby submits its Final Application for Compensation ("Application") in connection with its

1 – Final Application for Compensation

former representation of the Debtor, Mordechai Koka (the "Debtor"), in the above captioned Chapter 11 case. The Firm seeks approval of final compensation totaling $12,35500 with $0.00 costs incurred for post-petition services to the Debtor for the period covering October 20, 2020 to April 20, 2021 (the "Billing Period") for a total award of $12,355.00.

This Application is being submitted pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees (the "Northern District Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Files Under 11 U.S.C. §330 (the "UST Guidelines"), and the Local Bankruptcy Rules for the Northern District of California.

This Application is based upon the instant Application and its Exhibits, the Declaration of Nancy Weng filed concurrently herewith, the pleadings, papers, and records on file in the case, and any evidence or argument that the Court may entertain at the time of the hearing on the Application.

**Employment of the Firm and Order Authorizing Employment of Counsel**

The Debtor retained the Firm on or about February 13, 2020. An order approving employment of the Firm was entered on March 30, 2020 (Docket No. 33). The Firm subsequently substituted out of the case on April 20, 2021 and the Fuller Law Firm was then retained to represent the Debtor.

## I. INTRODUCTION

### A. Statement of Compliance with Rule 2016

No agreement or understanding exists between the Firm (or its members) and any other persons or entities for the sharing of compensation received or to be received for services rendered in connection with this case.

### B. Retainer

The Debtor paid the Firm $12,500.00 plus the court filing fee of $1,717.00. This filing fee was paid to the Court on the date of filing the instant case. As for the $12,500.00 initial

2 – Final Application for Compensation

retainer, the $8,000.00 that remained in the Firm's operational account was applied to the Firm's Interim Fee Application filed on October 20, 2020 (Dkt. No. 87) with Order entered December 2, 2020 at Docket No. 101.

The Firm's Fee Agreement with the Debtor provides that the Firm would apply for further fees and expenses to be paid after Court hearing and approval of its Fee Application(s). Currently, the Firm is holding $0.00 in its operational account(s) / IOLTA.

## II. Narrative

### A. Pre-Bankruptcy Events

The Debtor primarily filed the instant case to deal with significant failed construction business debt(s), as well as mortgage issues / problems with regards to three properties. The Debtor sought to liquidate assets (~2 properties) in order to pay his creditors and move on / retire.

### B. Significant Events In The Bankruptcy Since The Interim Application for Fees was Filed on October 20, 2020.

Debtor and largest unsecured creditor Dale and Melissa Gardner (the "Gardners") attended a BDRP session and entered into a Settlement Agreement ("Settlement Agreement") on or about October 15, 2020 (Dkt. No. 92). The Settlement Agreement was approved by 9019 Motion on November 19, 2020 (Dkt. No. 97). The Debtor did perform some of the terms of the Settlement Agreement (mainly by tendering the $50,000.00 to the Gardners immediately). However, the Debtor failed to sell his Alameda property on time and it threw a huge 'wrench' in the case and the ability to continue with the proposed route / plan.

Due to the subsequent contentiousness of the case (mainly with the Gardners' counsel), and irreconcilable differences with the Debtor (whose specifics cannot be disclosed due to privilege), Farsad Law Office, P.C., substituted out of the case on April 20, 2021 (Dkt. No. 116). Lars Fuller of Fuller Law Firm P.C. then substituted into the case and was able to confirm a Plan recently.

3 – Final Application for Compensation

Farsad Law Office represented the Debtor from the filing date on March 10, 2020 until April 27, 2021 (Dkt No. 118), wherein an Order granting the Debtor a substitution of attorney was entered. Therefore, the Firm's services for the instant bankruptcy case ended on April 20, 2021 and the Firm is seeking compensation for the period after its interim fee application to the date of substitution via this Application .

**PROJECT BILLING AND NARRATIVE OF SERVICES RENDERED**

In accordance with the Northern District Guidelines and the Local Rules, the Firm has classified all services performed for which compensation is sought into categories. The Firm has established the following billing categories:

1. Case Administration;
2. Claims and Asset Analysis;
3. Client Communications / Correspondence;
4. Taxes, Accounting, and Monthly Operating Reports;
5. Retention of Professionals (Applications to Employ, etc.);
6. Drafting of Fee Application(s).

**Exhibit A** to the Declaration of Nancy Weng provides a detailed breakdown of the time entries incurred during the Billing Period. The Firm employs a paralegal for document collection and filing, and did not charge for any paralegal or attorney time for administrative services such as copying or filing documents. The Firm also did not charge for any travel time to and from hearings

**A. Case Administration**

Time billed to this category primarily relates to the legal work necessary to keep the case running smoothly in Chapter 11, including drafting Chapter 11 Status Conference Statements, attending the Chapter 11 status conferences, responding to the U.S. Trustee's requests for additional information and reviewing sale of property issues with the Debtor and Realtor employed for the sale of Debtor's Napa property.

4 – Final Application for Compensation

For this billing period, the Firm had to draft and attend the status conferences to keep the Court apprised of the developments in the case, including developments with the settlement with the Gardners and other claimants / as well as deals being negotiated with mortgage lender counsel(s).

    Total Hours:   5                                  Total Fees: $1,750.00

### B. Claims and Asset Analysis

Time billed to this category related to the review and analysis of proofs of claim and asset analysis. Time billed to this category also relates to the legal work necessary to effect a financial work up of the Debtor's assets and properties, including review, analysis, negotiation with secured lenders, review of letters and other correspondence with creditors, and keeping the case moving forward towards potential plan of reorganization.

    Total Hours:  9                                  Total Fees: $3,150.00

### C. Client Communications / Correspondence

Time billed to this category primarily relates to meetings with the Debtor and other counsel concerning the Debtor's finances and debts and the chapter 11 case progress and issues. This also included keeping the Debtor apprised of dates and the status of negotiations with all creditors.

    Total Hours: 14.3.                            Total Fees: $5,005.00

### D. Taxes, Accounting, and Monthly Operating Reports

Time billed to this category relates to assisting in the drafting of Monthly Operating Reports on behalf of the Debtor, as well as financial document (bank statements, mortgage statement(s), etc.) review for the chapter 11 plan of reorganization. This section also includes tax assessment for the Plan. (No actual accounting is done as the Firm does not have an

5 – Final Application for Compensation

accountant on staff, but general assessment that is fairly accurate is done.) As for the MORs, counsel reviewed each monthly operating report prior to filing.

       Total Hours:   5                         Total Fees: $1,750.00

**E. Retention of Professionals (Applications to Employ, etc.)**

     Time billed to this category for this period relates to the preparation of applications to employ professionals in the case on behalf of the Chapter 11 estate. This case needed to employ counsel for the Debtor's criminal case, which the Bankruptcy Court denied. The Debtor needed counsel in that case as the case was based on the claim of one of the claimants in the instant Chapter 11, and so the criminal court and the DA's office (in order to resolve the criminal case) needed Chapter 11 case updates, status, copies of the Plan and a deal was ultimately reached which kept the Debtor out of jail and dismissed all felony counts. **All fees are waived as the Court did not approve employment / Pro Bono.**

       Total Hours:   0                         Total Fees: $0.00

**F. Drafting of Fee Application(s)**

     Time billed to this category primarily relates to the preparation of this Application and represents roughly 5% of the total amount of fees and costs requested in this Application, including any waived fees.

       Total Hours:   1                         Total Fees: $350.00

**G. Costs**

     In addition to the fees incurred, the Firm did not advance any sums for payment of servicing costs for which it requests reimbursement. This included service of the Plan, Order(s) (post approval of the Disclosure Statement), and the Runner Fees for any Chambers Copies submitted.

                                      Total Costs: $0.00

6 – Final Application for Compensation

### III. Client Review of Billing Statements

Pursuant to the Northern District Guidelines, a cover letter for this the Application was sent to the Debtor concurrently with the filing of this Application. This letter invites the Debtor to discuss with the Firm or with the U.S. Trustee's Office any objections, concerns, or questions the Debtor may have with regard to the requested compensation and reimbursement in the instant Application. A copy of this letter is attached to the Declaration of Nancy Weng as **Exhibit B**.

### Notice of this Application and Hearing

A Notice of Hearing on this Application will be served upon the Debtor, the U.S. Trustee's Office for the Northern District of California, and all other parties requesting special notice in this case.

### Evaluation of Requests for Compensation

Pursuant to Bankruptcy Code Section 330, the Court may award to a professional person reasonable compensation for actual, necessary services rendered, and reimbursement for actual necessary expenses incurred. As set forth above, the fees for which the Firm requests compensation are for actual and necessary services rendered. In determining the amount of allowable fees under Bankruptcy Code Section 330(a), courts are to be guided by the same "general principles" as are to be applied in determining awards under the federal fee-shifting statutes, with "some accommodation to the peculiarities of bankruptcy matters." Burgess v. Klenske (In re Manoa Finance Co., Inc.), 853 F.2d 687, 691 (9th Cir. 1988).

In assessing the propriety of an award of attorneys' fees, twelve factors relevant to determining such fees were identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), a Title VII class action case under the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., and Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976):

    (1) the time and labor required,
    (2) the novelty and difficulty of the questions,
    (3) the skill requisite to perform the service properly,

7 – Final Application for Compensation

(4) the preclusion of other employment by the professional due to acceptance of the case,

(5) the customary fee,

(6) whether fee is fixed or contingent,

(7) time limitations imposed by the client or the circumstances,

(8) the amount involved and the results obtained,

(9) the experience, reputation, and ability of the professionals,

(10) the undesirability of the case,

(11) the nature and length of the professional relationship with the client, and

(12) awards in similar cases. See American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America), 544 F.2d 1291 (5th Cir. 1977) (Johnson criteria applicable in bankruptcy cases.)

The time for which compensation is sought is detailed in **Exhibit A** attached to the Declaration of Nancy Weng. The services and time expenditures are reasonable in light of the labor required in this case. The firm charges for its professional services are based upon the time, nature, extent, and value of such services and the cost of comparable services in the area for professionals of like skill and experience. The compensation the Firm seeks by way of this Application is the customary compensation sought by the Firm under similar circumstances.

## Section 330(a)(3) Factors

Bankruptcy Code Section 330(a)(3) sets forth five (5) factors to be considered by the Court. (11 U.S.C. § 330(a)(3).) Although several of these factors (such as the time involved, the timeliness of the firm's performance, and the complexity of the case) were addressed above, the Firm believes two of the five factors should be discussed separately again here.

First, Bankruptcy Code Section 330(a)(3)(C) requires that the professional services be necessary to the administration of and/or beneficial at the time at which the service was rendered toward completion of the case. The Firm believes the facts of this case make it evident that the Firm's services were both necessary and beneficial even if the Firm subsequently substituted out. As stated above, the Firm provided advice, counsel and direction to the Debtor.

8 – Final Application for Compensation

Second, Bankruptcy Code Section 330(a)(3)(E) requires the compensation to be reasonable based on customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

### RESPONSIBLE PERSONNEL (Nancy Weng and Arasto Farsad)

Nancy Weng, the primary attorney working on this case, is a California lawyer licensed for approximately fourteen years. Nancy Weng's $350.00 per hour rate is reasonable in the area for services of attorneys of like skill and experience, and is commensurate with counterparts engaged in non-bankruptcy specialties of the law.

Arasto Farsad, the lead member of the Firm, has been a practicing bankruptcy attorney in the Northern, Eastern, Central and Southern Districts of California since 2010, and has successfully overseen hundreds of Chapter 7 and Chapter 13 cases to discharge / completion. Mr. Farsad has also confirmed roughly 50 Chapter 11 cases. Mr. Farsad's $350.00 per hour rate should also be deemed reasonable in the area for services for attorneys of like skill and experience and is also commensurate with other reasonably experienced local counsel(s).

Taking into consideration the time and labor required, the novelty and difficulty of the issues, the skills required to perform the legal services properly, the preclusion of other employment by the Firm due to the acceptance of the case, and the customary fee(s) for similarly experienced counsel, the fees (and costs) requested should be deemed reasonable and awarded.

### CONCLUSION

Wherefore, the Firm prays that the Court, after the noticed hearing on this Application, award the Firm with its requested final compensation in this case of: $12,005.00 (of this amount, $0.00 are costs.). The Firm respectfully requests Order from the Court for the Debtor to pay the remaining $12,055.00 in attorney's fees to the Firm.

9 – Final Application for Compensation

Respectfully submitted,

Executed on **January 23, 2023**, at **San Jose**, California

FARSAD LAW OFFICE, P.C.
*/s/ Nancy Weng, Esq.*
Nancy Weng
Attorneys for Debtor (former)

10 – Final Application for Compensation